1  JAMIE LYNN GALLIAN
   16222 Monterey Lane Unit 376
2  Huntington Beach, CA 92649
   (714-321-3449
3  jamiegallian@gmail.com

4  Defendant, IN PRO SE

## UNITED STATES BANKRUPTCY COURT DISTRICT OF

## CALIFORNIA SANTA ANA DIVISION

| | |
|---|---|
| In re JAMIE LYNN GALLIAN,<br>Debtor | Case No. 8:21-bk-11710-SC |
| JEFFREY I. GOLDEN, CHAPTER 7 TRUSTEE, | Adv. No. 8:23-ap-01064-SC |
| | Hon. Scott C. Clarkson |
| **Plaintiff** | Chapter 7 |
| vs. | **ANSWER TO COMPLAINT FOR:** |
| Jamie Lynn Gallian, an individual; J-Sandcastle Co LLC; J-Pad, LLC; Steven D. Gallian, an individual; Brian J. Gallian, an individual; Justin D. Barclay, an individual; Ronald J. Pierpont, an individual; Robert J. McLelland, an individual; Minor Gallian, an individual | • CHAPTER 7 TRUSTEE'S COMPLAINT: (1) TO AVOID AND RECOVER FRAUDULENT TRANSFERS; (2) TO AVOID AND RECOVER POSTPETITION TRANSFERS; (3) FOR DECLARATORY RELIEF; (4) FOR BREACH OF CONTRACT; (5) FOR MONEY HAD AND RECEIVED; AND (6) UNJUST ENRICHMENT<br>• **TURNOVER OF PROPERTY PURSUANT TO 11 USC § 542;**<br>• **FRAUDULENT CONVEYANCE UNDER 11 USC § 544 & CALIFORNIA CIVIL CODE § 3439 et seq;**<br>• **RECOVERY OF A PREFERENCE UNDER 11 USC § 550;**<br>• **PRESERVATION OF THE TRANSFER FOR THE BENEFIT OF THE ESTATE PURSUANT TO 11 USC § 551** |
| **Defendant(s).** | |
| vs.<br>Sandra L. Bradley, an individual; Sandra L. Bradley, Trustee of the Sandra L. Bradley Trust; Sandra L. Bradley, Administrator of the Estate of Charles J. Bradley, Jr.; Houser Company, A California general partnership; Craig Houser, an individual; Houser Brothers Co., A California limited partnership DBA Rancho Del Rey Mobilehome Estates | *Status Conference Hearing Date*<br>Date: 9-26-2023<br>Time: 1:30PM<br>Place: 411 W Fourth St., Santa Ana, CA<br>Courtroom: 5c |
| **Cross-Defendants** | |

**TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY JUDGE, AND PLAINTIFF JEFFREY I. GOLDEN, CHAPTER 7 TRUSTEE OF THE JAMIE LYNN GALLIAN, INDIVIDUAL, CHAPTER 7 BANKRUPTCY, HIS ATTORNEY OF RECORD, ALL CROSS DEFENDANTS, AND INTERESTED PARTIES.**

COME NOW DEFENDANT JAMIE LYNN GALLIAN, AN INDIVIDUAL (hereinafter the "Defendant" and in answer to the *Complaint For:Turnover of Property Pursuant to 11 USC § 542; Fraudulent Conveyance under 11 USC § 544 & California Civil Code § 3439 et Seq; Recovery of a Preference under 11 USC § 550; & Preservation of the Transfer for the Benefit of the Estate Pursuant to 11 USC § 551* (hereinafter the *"Complaint"* of Plaintiff JEFFREY I. GOLDEN, CHAPTER 7 TRUSTEE (hereinafter the "Plaintiff" of the JAMIE LYNN GALLIAN Chapter 7 bankruptcy (hereinafter the "Debtor", Case No. 8:21-bk-11710-SC, admits, denies and alleges as follows:

<u>TIMELINESS OF ANSWER</u>

Pursuant to this Court's Summons [Doc-3], the deadline for filing a responsive pleading is 8-02-2023. Hence, this Answer is timely.

PRELIMINARY POSITION OF DEFENDANT

On or about 11-23-2009, Defendant, Jamie Lynn Gallian received an alleged inheritence from her deceased father's estate [Estate of Charles James Bradley, Jr] commonly referred to as 4476 Alderport Drive, Unit 53, Huntington Beach, CA 92649.  Due to defendant's employment as a United Airlines Boston based Flight Attendant, Debtor was scheduled as a working crew-member on an airplane flown into the second tower of the World Trade Center. The second plane, United Airlines Flight 175, struck the South Tower of the World Trade Center at 9:03 a.m.  The plane was hijacked and used by terrorists as a guided missile.  Aircraft under attack taken over by terrorists on 9/11, it was not "if" another attack would occur, but "when".  Defendant was a working crew member returning to Boston on a delayed flight from Denver the night before. Defendant did not have enough hours of rest returning to Boston to work UA 175.  Crew scheduling notified and replaced Defendant with another reserve flight attendant. The entire crew of United Flight 175 was killed the next morning, but for Defendant's late return to Boston, she would also be dead.  Defendant, a single mother of three sons, Justin, Brian & Steven.  Debtor asked her step-mother Sandra Bradley, her father's widow, who orchestrated the inheritance to Defendant, to place title of the Alderport home in her name because if another terrorist attack were to occur and Defendant was killed, Defendant wanted her three sons to have their mother's estate.

On November 23, 2009, Sandra Bradley placed title to the Alderport home in her name as Sandra Bradley, a Widow, recorded in the Official Records. Clerk Recorder, County of Orange  Sandra Bradley, the only family member of Defendant and grandmother to Defendant's three sons, was instructed in the event of Defendant's death,  the Alderport home was for the benefit of Defendant's three sons. Sandra Bradley agreed to abide by Defendant's wishes.  Unbeknowst to the Defendant in or about May 2010, Sandra  Bradley transferred title to the Alderport home belonging to Defendant, to the "Sandra L. Bradley Trust dated October 17, 2001". However, the real property was  never transferred to Sandra L Bradley's Trust dated October 17, 2001.  Instead a Grant Deed was recorded in the name of Houser Bros Co.  Houser Bros Co was listed as the owner of 4476 Alderport Dive, Unit 53 Huntington Beach, CA with the Co. of Orange Tax Assessor even. The property was never titled in or to the Sandra L. Bradley Trust dated October 17, 2001.  The Alderport Property was originally purchased for Defendant on or about November 23, 2009 for approximately $235,000.00. In 2016, improvements were made to the "separate property" of the unit not involving the structural integrity of the common building.  The HOA BOD required a written application to construct a patio "Cover" over an existing cement slab, for protection from the sun for Gallian and her animals.  The HOA approved the application submitted  in writing for the separate property improvements through the Property Management Company, Elite Management on or about April 11, 2016. Sandra Bradley was required to submit her notarized signature agreeing to the terms of the April 11, 2016 Letter of Approval . Approximately 5 months after the City of Huntington Beach made their final inspection and signed off on the separate property patio cover, the HOA Management Company demanded Gallian remove the separate property patio cover over an existing cement patio for sun protection. Thereafter, on March 2, 2017, the HOA sent Bradley, as the Member of the HOA for the property a request to participate in ADR.  Instead of answering the HOA ADR request, Bradley transferred title of the property by Intrafamily Gift Transfer to Gallian recorded on March 23, 2017.  Just about eighteen days later, on April 11, 2017, the HOA  initiated an unverified civil complaint against Bradley and Gallian, OSCS 30-2017-00913985.  Over 1000 Register of Actions were filed over 2 years.  On March 2, 2018, the parties participated in a Mandatory Settlement Conference with the Honorable James L, Crandall.  The parties reached a settlement with the terms placed on the record.

Given the above, at best, the Defendant received a gift of a homestead she lived in as her personal residence since 2009. Per the terms of the 3/2/2018 Settlement Agreement witb tbe Gables HOA, Gallian agreed to sell her residence. On 10/31/18, Gallian sold her Gables residence, approved by Lessor BS Investors in writing by Counsel Gorden May, Esq. and invested the proceeds from the sale of exempt property into another homestead debtors current residence Space 376 home in Rancho Del Rey located in Unit 4, Lot 2,Tract 10542.

Additionally, at the time Defendant Executed the 11/16/2018 Security Agreement and Promissory Note with a separate entity, the Debtor was not insolvent, and the did not render her insolvent. In 2018, the Debtor received approximately $445,000.00, and could have paid the Gables 12/4/2018 unsecured money judgment $46,138.00 in unsecured debt.

## GENERAL DENIAL

Defendant generally denies each and every allegation of Plaintiff's *Complaint*.

## SPECIFIC DENIALS

Answering paragraphs 2, 5, 6, 7, 8, 9, 10, 12, 13, 15, 16, 17, 20b, 20d, 20e, 21, 22, 33, 34, 37, of the *Complaint*, Defendant admits the allegations contained therein.

Answering paragraphs 3, 4, 18, 20, 20c, 25, 27, of the *Complaint*, Defendant denies generally and specifically each and every allegation contained therein.

Answering paragraphs 1, 11, 14, 19, 20a, 23, 24, 26, 28, 29, 30, 31, 32, 35, 36, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, of the *Complaint*, Defendant lacks information or belief sufficient to answer the allegations, and therefore denies generally and specifically each and every allegation contained therein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiff's *Complaint* is so vague, ambiguous, confusing and convoluted that Defendant cannot reasonably be required to frame a responsive pleading to them.

### SECOND AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiff's *Complaint* failed to state facts sufficient to constitute a cause of action against Defendant.

### THIRD AFFIRMATIVE DEFENSE

First, there is no such code section California Civil Code § 3439(a)(1). Defendant alleges that Plaintiff's cause of action for fraudulent conveyance under California Civil Code § 3439.04(a)(1)(2) is barred as against Defendant because the transfer of the Property to Defendant was made in good faith, with no intent to hinder, delay, or defraud any creditor of the Debtor, who was not engaged or was about to engage in a business or a transaction for which the remaining assets of the Debtor were unreasonably small in relation to the business or transaction, and were not intended to incur, or believed or reasonably should have believed that she would incur, debts beyond her ability to pay as they became due.[1]

### FOURTH AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiff's cause of action for fraudulent conveyance under California Civil Code §3439.05 is barred as against Defendant because the Debtor received reasonably equivalent value in exchange for the transfer, and because the Transfer did not render the Debtor insolvent (thereby precluding a constructive fraudulent transfer).[2]

### FIFTH AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiff's causes of action for recovery of fraudulent transfers of the Property under 11 U.S.C. § 550 is barred as against Defendant because Defendant indeed received the transfer of the Property in good faith and returned reasonably equivalent value (satisfaction or

---

[1] **California Civil Code § 3439.04(a)(1)(2)** provides; (a) A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation as follows: (1) With actual intent to hinder, delay, or defraud any creditor of the debtor; (2) Without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor either: (A) Was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; (B) Intended to incur, or believed or reasonably should have believed that he or she would incur, debts beyond his or her ability to pay as they became due.

[2] **California Civil Code § 3439.05** provides: (a) A transfer made or obligation incurred by a debtor is voidable as to a creditor whose claim arose before the transfer was made or the obligation was incurred if the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation.

-5-

securing of a present or antecedent debt) to the Debtor pursuant to 11 U.S.C. § 550(b)(1).[3]

## SIXTH AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiff's causes of action for recovery of fraudulent transfers of the Property under 11 U.S.C. § 542(a) is barred as against Defendant because the debt may be offset under section 553 of this title against a claim against the debtor, pursuant to 11 U.S.C. § 542(b).[4]

## SEVENTH AFFIRMATIVE DEFENSE

To the extent Defendant(s) returns any portion of the transfers, Debtor and or Defendants reserve the right to file a Proof of Claim pursuant to 11 U.S.C. § 502(h) that provides: "A claim arising from the recovery of property under section 522, 550, or 553 of this title shall be determined, and shall be allowed under subsection (a), (b), or (c) of this section, or disallowed under subsection (d) or (e) of this section, the same as if such claim had arisen before the date of the filing of the petition" and *Busseto Foods, Inc. v. Laizure (In re Laizure)*, 548 F.3d 693, 696 (9th Cir. 2008) (citing *Verco Indus. v. Spartan Plastics (In re Verco Indus.*), 704 F.2d 1134, 1139 (9th Cir. 1983)).

WHEREFORE, Defendant prays that the Court issue the following judgment:

1. That the Plaintiff takes nothing by his *Complaint*, and that said *Complaint* be dismissed with prejudice;
2. The Court award Defendant costs and reasonable fees in an amount which will be ascertained at trial.
3. The Court sanction Plaintiff for filing and maintaining this frivolous lawsuit in an amount which will be ascertained at trial; and
4. For such other and further relief as the Court may deem just and proper.

---

[3] **11 U.S.C. § 550(b)(1)** provides: (b)The trustee may not recover under section [1] (a)(2) of this section from (1) a transferee that takes for value, including satisfaction or securing of a present or antecedent debt, in good faith, and without knowledge of the voidability of the transfer avoided.

[4] **11 U.S.C. § 542(b)** provides: (b)Except as provided in subsection (c) or (d) of this section, an entity that owes a debt that is property of the estate and that is matured, payable on demand, or payable on order, shall pay such debt to, or on the order of, the trustee, except to the extent that such debt may be offset under section 553 of this title against a claim against the debtor.

1 | Date: August 2, 2023    Respectfully submitted,

2

3    *Jamie Lynn Gallian*

4    JAMIE LYNN GALLIAN,
     DEFENDANT, IN PRO SE

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
Judith Croghan 16222 Monterey Lane, Unit 372, Huntington Beach, CA 92649

A true and correct copy of the foregoing document entitled: **ANSWER TO COMPLAINT FOR: TURNOVER OF PROPERTY PURSUANT TO 11 USC § 542; FRAUDULENT CONVEYANCE UNDER 11 USC § 544 & CALIFORNIA CIVIL CODE § 3439 ET SEQ; RECOVERY OF A PREFERENCE UNDER 11 USC § 550; & PRESERVATION OF THE TRANSFER FOR THE BENEFIT OF THE ESTATE PURSUANT TO 11 USC § 551** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On 8/2/2023, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

 United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov

☐XX    Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On _____ I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒    Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on 1/12/2021, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐    Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 8/2/2023 | Judith Croghan | *Judith Croghan* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                **F 9013-3.1.PROOF.SERVICE**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: CONTINUED:
    - **ATTORNEY FOR CREDITOR AND PLAINTIFF HOUSER BROS. CO.:** Bradford Barnhardt bbarnhardt@marshackhays.com, bbarnhardt@ecf.courtdrive.com, kfrederick@ecf.courtdrive.com
    - **ATTORNEY FOR TRUSTEE JEFFREY I GOLDEN (TR):** Aaron E DE Leest adeleest@DanningGill.com, danninggill@gmail.com; adeleest@ecf.inforuptcy.com
    - **ATTORNEY FOR CREDITOR AND PLAINTIFF THE HUNTINGTON BEACH GABLES HOMEOWNERS' ASSOCIATION:** Robert P Goe kmurphy@goeforlaw.com, rgoe@goeforlaw.com; goeforecf@gmail.com
    - **TRUSTEE JEFFREY I GOLDEN (TR):** Jeffrey I Golden (TR lwerner@wgllp.com, jig@trustesolutions.net; kadele@wgllp.com
    - **ATTORNEY FOR CREDITOR AND PLAINTIFF HOUSER BROS. CO. and CREDITOR HOUSER BROS. CO. DBA RANCHO DEL REY MOBILE HOME ESTATES:** D Edward Hays ehays@marshackhays.com, ehays@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com; cmendoza@marshackhays.com; cmendoza@ecf.courtdrive.com
    - **ATTORNEY FOR TRUSTEE JEFFREY I GOLDEN (TR):** Eric P Israel eisrael@DanningGill.com, danninggill@gmail.com; eisrael@ecf.inforuptcy.com
    - **ATTORNEY FOR CREDITOR AND PLAINTIFF HOUSER BROS. CO. and CREDITOR HOUSER BROS. CO. DBA RANCHO DEL REY MOBILE HOME ESTATES:** Laila Masud lmasud@marshackhays.com, lmasud@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com
    - **U.S. TRUSTEE:** United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                          F 9013-3.1.PROOF.SERVICE