Robert McLelland

16222 Monterey Lane Unit 376

Huntington Beach, CA 92649

(310)729-1340 bobwentsurfing@yahoo.com

Defendant, IN PRO SE

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF CALIFORNIA

SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>JAMIE LYNN GALLIAN<br><br>Debtor.<br><br>JEFFREY I. GOLDEN, CHAPTER 7 TRUSTEE,<br><br>Plaintiff.<br><br>vs.<br><br>STEVEN GALLIAN; BRIAN GALLIAN; JUSTIN BARCLAY; RONALD PIERPONT; ROBERT MCLELLAND; MINOR GALLIAN; J-SANDCASTLE CO., LLC; J-PAD LLC;<br><br>Defendant. | Case No. 8:21-bk-11710-SC<br><br>Adv. No. 8:23-ap-01064-SC<br><br>Hon. SCOTT C. CLARKSON<br><br>Chapter 7<br><br>**ANSWER TO COMPLAINT FOR: CHAPTER 7 TRUSTEE'S COMPLAINT: (1) TO AVOID AND RECOVER FRAUDULENT TRANSFERS; (2) TO AVOID AND RECOVER POSTPETITION TRANSFERS; (3) FOR DECLARATORY RELIEF; (4) FOR BREACH OF CONTRACT; (5) FOR MONEY HAD AND RECEIVED; AND (6) UNJUST ENRICHMENT**<br><br>*Status Conference Hearing Date*<br>Date:<br>Time:<br>Place: 411 W Fourth St., Santa Ana, CA<br>Courtroom: 5C |

**TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY JUDGE, AND PLAINTIFF JEFFREY I. GOLDEN, CHAPTER 7 TRUSTEE OF THE JAMIE LYNN GALLIAN CHAPTER 7 BANKRUPTCY, AND TO HIS ATTORNEY OF RECORD:**

COME NOW DEFENDANT ROBERT MCLELLAND (hereinafter the "Defendant") and in answer to the *Complaint For: Turnover of Property Pursuant to 11 USC § 542; Fraudulent Conveyance under 11 USC § 544 & California Civil Code § 3439 et Seq; Recovery of a Preference under 11 USC § 550; & Preservation of the Transfer for the Benefit of the Estate Pursuant to 11 USC § 551* (hereinafter the "*Complaint*") of Plaintiff JEFFREY I. GOLDEN, CHAPTER 7 TRUSTEE (hereinafter the "Plaintiff") of the JAMIE LYNN GALLIAN Chapter 7 bankruptcy (hereinafter the "Debtor"), Case No. 8:21-bk-11710-SC, admits, denies and alleges as follows:

## TIMELINESS OF ANSWER

Pursuant to this Court's Summons Issued on Defendant [Doc-6], the deadline for filing a responsive pleading is 8-18-2023. Hence, this Answer is timely.

## GENERAL DENIAL

Defendant generally denies each and every allegation of Plaintiff's *Complaint*.

## SPECIFIC DENIALS

Answering paragraphs 2, 3, 5, 6, 7, 8, 9, 10, 12, 13, of the *Complaint*, Defendant admits the allegations contained therein.

Answering paragraphs 4, of the *Complaint*, Defendant denies generally and specifically each and every allegation contained therein.

Answering paragraphs 1, 11, 14, 15, 16, 17, 18, 19, 20a-e, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 6: .''49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, of the *Complaint*, Defendant lacks information or belief sufficient to answer the allegations, and therefore denies generally and specifically each and every allegation contained therein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiff's *Complaint* is so vague, ambiguous, confusing and convoluted that Defendant cannot reasonably be required to frame a responsive pleading to them.

### SECOND AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiff's *Complaint* failed to state facts sufficient to constitute a cause of action against Defendant.

securing of a present or antecedent debt) to the Debtor pursuant to 11 U.S.C. § 550(b)(1).[3]

## THIRD AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiff's causes of action for recovery of fraudulent transfers of the Property under 11 U.S.C. § 542(a) is barred as against Defendant because the debt may be offset under section 553 of this title against a claim against the debtor, pursuant to 11 U.S.C. § 542(b).[4]

## FOURTH AFFIRMATIVE DEFENSE

To the extent Defendant returns any portion of the transfers, Defendant reserves the right to file a Proof of Claim pursuant to 11 U.S.C. § 502(h) that provides: "A claim arising from the recovery of property under section 522, 550, or 553 of this title shall be determined, and shall be allowed under subsection (a), (b), or (c) of this section, or disallowed under subsection (d) or (e) of this section, the same as if such claim had arisen before the date of the filing of the petition" and *Busseto Foods, Inc. v. Laizure (In re Laizure)*, 548 F.3d 693, 696 (9th Cir. 2008) (citing *Verco Indus. v. Spartan Plastics (In re Verco Indus.)*, 704 F.2d 1134, 1139 (9th Cir. 1983)).

WHEREFORE, Defendant prays that the Court issue the following judgment:

1. That the Plaintiff takes nothing by his *Complaint*, and that said *Complaint* be dismissed with prejudice;
2. The Court award Defendant costs and reasonable fees.
3. For such other and further relief as the Court may deem just and proper.

---

[3] **11 U.S.C. § 550(b)(1)** provides: (b)The trustee may not recover under section [1] (a)(2) of this section from (1) a transferee that takes for value, including satisfaction or securing of a present or antecedent debt, in good faith, and without knowledge of the voidability of the transfer avoided.

[4] **11 U.S.C. § 542(b)** provides: (b)Except as provided in subsection (c) or (d) of this section, an entity that owes a debt that is property of the estate and that is matured, payable on demand, or payable on order, shall pay such debt to, or on the order of, the trustee, except to the extent that such debt may be offset under section 553 of this title against a claim against the debtor.

1 | DATED: August 18, 2023 | *Robert McLelland*
  |                         | *Robert McLelland*

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

P.O. Box 2471, Santa Ana, CA 92707

.

A true and correct copy of the foregoing document entitled: **ANSWER TO COMPLAINT FOR: TURNOVER OF PROPERTY PURSUANT TO 11 USC § 542; FRAUDULENT CONVEYANCE UNDER 11 USC § 544 & CALIFORNIA CIVIL CODE § 3439 ET SEQ; RECOVERY OF A PREFERENCE UNDER 11 USC § 550; & PRESERVATION OF THE TRANSFER FOR THE BENEFIT OF THE ESTATE PURSUANT TO 11 USC § 551** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On 8/18/2023, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒   Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On         I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐   Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on 1/12/2021, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐   Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 8/18/2023 | Linda Lopez |  | *Linda Lopez* |
|---|---|---|---|
| *Date* | *Printed Name* |  | *Signature*   Lindamatrix07@yahoo.com |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: CONTINUED:
    - **ATTORNEY FOR TRUSTEE JEFFREY I GOLDEN (TR):** Aaron E DE Leest adeleest@DanningGill.com, danninggill@gmail.com; adeleest@ecf.inforuptcy.com
    - **ATTORNEY FOR CREDITOR and PLAINTIFF THE HUNTINGTON BEACH GABLES HOMEOWNERS ASSOCIATION:** Robert P Goe kmurphy@goeforlaw.com, rgoe@goeforlaw.com; goeforecf@gmail.com
    - **TRUSTEE JEFFREY I GOLDEN (TR):** Jeffrey I Golden (TR lwerner@wgllp.com, jig@trustesolutions.net; kadele@wgllp.com
    - **ATTORNEY FOR PLAINTIFF HOUSER BROS. CO.:** D Edward Hays ehays@marshackhays.com, ehays@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com; cmendoza@marshackhays.com; cmendoza@ecf.courtdrive.com
    - **ATTORNEY FOR CREDITOR and PLAINTIFF THE HUNTINGTON BEACH GABLES HOMEOWNERS ASSOCIATION:** Brandon J Iskander biskander@goeforlaw.com, kmurphy@goeforlaw.com
    - **ATTORNEY FOR TRUSTEE JEFFREY I GOLDEN (TR):** Eric P Israel eisrael@DanningGill.com, danninggill@gmail.com; eisrael@ecf.inforuptcy.com
    - **ATTORNEY FOR PLAINTIFF HOUSER BROS. CO.:** Laila Masud lmasud@marshackhays.com, lmasud@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com
    - **ATTORNEY FOR DEFENDANT RANDALL L NICKEL:** Mark A Mellor mail@mellorlawfirm.com, mellormr79158@notify.bestcase.com
    - **INTERESTED PARTY COURTESY NEF:** Valerie Smith claims@recoverycorp.com
    - **U.S. TRUSTEE:** United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                               **F 9013-3.1.PROOF.SERVICE**