1  ERIC P. ISRAEL (State Bar No. 132426)
   *eisrael@DanningGill.com*
2  AARON E. DE LEEST (State Bar No. 216832)
   *adeleest@DanningGill.com*
3  DANNING, GILL, ISRAEL & KRASNOFF, LLP
   1901 Avenue of the Stars, Suite 450
4  Los Angeles, California 90067-6006
   Telephone: (310) 277-0077
5  Facsimile: (310) 277-5735

6  Attorneys for Plaintiff Jeffrey I. Golden,
   Chapter 7 Trustee

7

8              UNITED STATES BANKRUPTCY COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10                   SANTA ANA DIVISION

11

12  In re                              Case No. 8:21-bk-11710-SC

13  JAMIE LYNN GALLIAN,                 Chapter 7

14          Debtor.

15  ─────────────────────────────
    JEFFREY I. GOLDEN, Chapter 7 Trustee,   Adv. No. 8:23-ap-01064-SC
16
            Plaintiff,                  **PLAINTIFF'S NOTICE OF MOTION
17                                       AND MOTION TO STRIKE DEBTOR'S
        vs.                              ANSWER; MEMORANDUM OF POINTS
18                                       AND AUTHORITIES; AND REQUEST
    J-SANDCASTLE CO., LLC; J-PAD LLC;    FOR JUDICIAL NOTICE IN SUPPORT
19  STEVEN D. GALLIAN; BRIAN J.          THEREOF**
    GALLIAN; JUSTIN BARCLAY; RONALD
20  J. PIERPONT; ROBERT J. MCLELLAND;    Date:  September 12, 2023
    AND E. J. GALLIAN,                   Time:  1:30 p.m.
21                                       Place: Courtroom 5C
            Defendants.                         411 W. Fourth Street
22                                              Santa Ana, California

23

24

25

26

27

28

1725486.3  27064                      1

1    TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY

2    JUDGE, JAMIE LYNN GALLIAN, AND ALL INTERESTED PARTIES:

3    PLEASE TAKE NOTICE THAT on September 12, 2023, at 1:30 p.m., or as soon thereafter

4    the matter may be heard, in Courtroom 5C of the United States Bankruptcy Court, Santa Ana

5    Division, 411 W. Fourth Street Santa Ana, California, Plaintiff Jeffrey I. Golden, Chapter 7 Trustee

6    (the "Plaintiff" or "Trustee"), for the estate of Jamie Lynn Gallian (the "Debtor"), will and hereby

7    moves the Court for entry of an order striking the Debtor's answer filed in the within adversary

8    proceeding (the "Motion").

9    The Motion is made on the grounds that the Debtor is not a named defendant in this

10    adversary proceeding and hence as a non-party may not respond to the Trustee's complaint.

11    PLEASE TAKE FURTHER NOTICE that any response or opposition to the Motion must

12    be in the form as required by Local Bankruptcy Rule 9013-1(f) and filed with the Clerk of the

13    above-entitled Court no later than 14 days prior to the hearing date set forth above, and a copy

14    served on the Trustee's general counsel, Aaron E. de Leest, Danning, Gill, Israel & Krasnoff, 1901

15    Avenue of the Stars, Suite 450, Los Angeles, California 90067-6006.  A copy of any response must

16    also be served on the Office of the United States Trustee, 411 W. Fourth Street, Suite 7160, Santa

17    Ana, CA 92701.  Pursuant to Local Bankruptcy Rule 9013-1(h), the Court may treat failure to

18    timely file documents consent to the relief requested in the Motion.

20    DATED:  August 21, 2023          DANNING, GILL, ISRAEL & KRASNOFF, LLP

22          By:    /s/ Aaron E. de Leest
23          AARON E. DE LEEST
          Attorneys for Plaintiff Jeffrey I. Golden,
24          Chapter 7 Trustee

1725486.3  27064                    2

# I.

## SUMMARY OF ARGUMENT

Plaintiff Jeffrey I. Golden, the Chapter 7 Trustee (the "Plaintiff" or "Trustee") for the estate of Jamie Lynn Gallian (the "Debtor"), seeks an order striking the Debtor's answer to the Trustee's complaint in the within adversary proceeding on the grounds that the Debtor is not a party to the Trustee's adversary proceeding and, as a non-party, cannot answer or otherwise respond.  Thus, because Debtor is not a party to adversary proceeding she cannot participate and her answer should be stricken.  The Trustee respectfully requests that the Court enter an order striking the Debtor's answer in its entirety.

# II.

## FACTUAL BACKGROUND

On July 9, 2021 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code").

Jeffrey I. Golden was appointed and continues to serve as Chapter 7 Trustee for the bankruptcy estate.

On or about June 30, 2023, the Trustee filed his Complaint: (1) to Avoid and Recover Fraudulent Transfers; (2) to Avoid and Recover Postpetition Transfers; (3) for Declaratory Relief; (4) for Breach of Contract; (5) for Money had and Received; and (6) for Unjust Enrichment" against J-Sandcastle Co., LLC, J-Pad LLC, Steven D. Gallian, Brian J. Gallian, Justin Barclay, Ronald J. Pierpont, Robert J. Mclelland, and E. J. Gallian (*docket no. 1*) (the "Complaint"), commencing Adversary Proceeding No. 8:23-ap-01064-SC (the "Adversary Proceeding").

The Debtor is not a party or named defendant to the Complaint, and the Complaint seeks no relief against the Debtor.  A true and correct copy of the Complaint is attached as Exhibit "1" hereto.

On or about August 2, 2021, the Debtor, as an individual, filed her Answer to the Complaint (*docket no. 13*) (the "Answer").  A true and correct copy of the Answer is attached as Exhibit "2" hereto.

1    The Debtor's Answer includes an erroneous caption purporting to include the Debtor as a

2    defendant, individually, and include additional cross-defendants.  However, as set forth above, the

3    Complaint did not name the Debtor as a defendant.  The Debtor's Answer also does not include any

4    cross-claims relating to the alleged additional cross-defendants.  To the extent that the Debtor is

5    alleging cross-claims in the Answer, they should also be stricken along with her Answer for the

6    reasons set forth in this Motion.

7

8                                              **III.**

9                                    **LEGAL ARGUMENT**

10    Pursuant to Rule 7012(a) of the Federal Rules of Bankruptcy Procedure ("FRBP"), if a

11    complaint is duly served, "the defendant shall serve an answer within 30 days after the issuance of

12    the summons, except when a different time is prescribed by the court."

13    Rule 12(f) of the Federal Rules of Civil Procedure ("FRCP"), made applicable by FRBP

14    7012(b), provides as follows:

15    The court may strike from a pleading an insufficient defense or any
      redundant, immaterial, impertinent, or scandalous matter. The court
16    may act:

17           (1) on its own; or

18           (2) on motion made by a party either before responding to the
             pleading or, if a response is not allowed, within 21 days after
19           being served with the pleading.

20    Here, the Debtor is not a defendant in the Trustee's Complaint and not a party to the

21    Trustee's Adversary Proceeding.  Rule 7012(a) of the FRBP provides that only "the defendant"

22    may file and serve an answer.  It does not authorize a non-party to do so.  Thus, the Debtor's

23    Answer must be stricken in its entirety under FRCP Rule 12(f) because it is immaterial and

24    impertinent.  In addition, if the Debtor were allowed to participate in the Adversary Proceeding by

25    answering the Complaint, it would prejudice the Trustee and force him to litigate with an individual

26    against whom his Complaint does not seek or require any relief.  Furthermore, as a non-party, the

27    Debtor lacks any standing to participate in the Adversary Proceeding.  *See In re Latimer*, 918 F.2d

28    136, 137 (10th Cir. 1990) (non-party debtor lacks standing to participate in adversary proceeding),

1   *cert. denied*, 112 S. Ct. 186 (1991).  Accordingly, the Debtor's Answer must be stricken in its

2   entirety.

3

4                          **IV.**

5                    **CONCLUSION**

6       For the reasons stated above, Houser Bros. requests an order:

7      1)  Granting this Motion;

8      2)  Striking Debtor's Answer in its entirety; and

9      3)  Awarding such further relief as this Court deems just and proper.

10

11   DATED:  August 21, 2023          DANNING, GILL, ISRAEL & KRASNOFF, LLP

12

13                   By:     */s/ Aaron E. de Leest*

14                        AARON E. DE LEEST

15                        Attorneys for Plaintiff Jeffrey I. Golden,
Chapter 7 Trustee

## <u>REQUEST FOR JUDICIAL NOTICE</u>

Jeffrey I. Golden, the Chapter 7 trustee herein (the "Trustee"), respectfully requests that the Court take judicial notice of the facts stated herein:

1.    On July 9, 2021, Jaime Lynn Gallian (the "Debtor") filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Code").

2.    Jeffrey I. Golden was thereafter appointed and now serves as the Chapter 7 trustee (the "Trustee") for the Debtor's bankruptcy estate.

3.    On or about June 30, 2023, the Trustee filed his Complaint: (1) To Avoid and Recover Fraudulent Transfers; (2) To Avoid and Recover Postpetition Transfers; (3) For Declaratory Relief; (4) For Breach of Contract; (5) For Money had and Received; and (6) Unjust Enrichment" against J-Sandcastle Co., LLC, J-Pad LLC, Steven D. Gallian, Brian J. Gallian, Justin Barclay, Ronald J. Pierpont, Robert J. Mclelland, and E. J. Gallian (docket no. 1) (the "Complaint"), commencing Adversary Proceeding No. 8:23-ap-01064-SC.

4.    The Debtor is not a party or named defendant to the Complaint and the Complaint does not seek any relief against the Debtor.  A true and correct copy of the Complaint is attached as Exhibit "1" hereto.

5.    On or about August 2, 2021, the Debtor filed her Answer to the Complaint (docket no. 13) (the "Answer").  A true and correct copy of the Answer is attached as Exhibit "2" hereto.


DATED:  August 21, 2023                    DANNING, GILL, ISRAEL & KRASNOFF, LLP



                                         By:    _____/s/ Aaron E. de Leest_____
                                                AARON E. DE LEEST
                                                Attorneys for Plaintiff Jeffrey I. Golden,
                                                Chapter 7 Trustee

EXHIBIT 1

ERIC P. ISRAEL (State Bar No. 132426)
*eisrael@DanningGill.com*
AARON E. DE LEEST (State Bar No. 216832)
*adeleest@DanningGill.com*
DANNING, GILL, ISRAEL & KRASNOFF, LLP
1901 Avenue of the Stars, Suite 450
Los Angeles, California 90067-6006
Telephone: (310) 277-0077
Facsimile: (310) 277-5735

Attorneys for Plaintiff Jeffrey I. Golden,
Chapter 7 Trustee

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SANTA ANA DIVISION

| | |
|---|---|
| In re | Case No. 8:21-bk-11710-SC |
| JAMIE LYNN GALLIAN, | Chapter 7 |
| Debtor. | Adv. No. |
| JEFFREY I. GOLDEN, Chapter 7 Trustee, | CHAPTER 7 TRUSTEE'S COMPLAINT: (1) TO AVOID AND RECOVER FRAUDULENT TRANSFERS; (2) TO AVOID AND RECOVER POSTPETITION TRANSFERS; (3) FOR DECLARATORY RELIEF; (4) FOR BREACH OF CONTRACT; (5) FOR MONEY HAD AND RECEIVED; AND (6) UNJUST ENRICHMENT |
| Plaintiff, | |
| vs. | |
| J-SANDCASTLE CO., LLC; J-PAD LLC; STEVEN D. GALLIAN; BRIAN J. GALLIAN; JUSTIN BARCLAY; RONALD J. PIERPONT; ROBERT J. MCLELLAND; AND E. J. GALLIAN, | Date:      [SEE SUMMONS] Time:      [SEE SUMMONS] Place:     [SEE SUMMONS] |
| Defendants. | |

Plaintiff alleges:

## <u>JURISDICTION</u>

1.     This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(b) and 1334(b).  This action is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (E), (H), (K), and (O).  This adversary proceeding is brought pursuant to 11 U.S.C. §§ 542, 544, 548, 549, 550 and 551 and Rule 7001 of the Federal Rules of Bankruptcy Procedure.  This

1719769.2  27064

1

**EXHIBIT 1**

08

1  adversary proceeding arises in and under and relates to the bankruptcy case under Chapter 7 of the

2  Bankruptcy Code (the "Code") entitled *In Jamie Lynn Gallian,* Case No. 8:21-bk-11710-SC (the

3  "Bankruptcy Case"), which is presently pending before the United States Bankruptcy Court for the

4  Central District of California, Santa Ana Division.  Plaintiff consents to and the Court can and

5  should enter a final judgment herein.  If and to the extent that the Court determines that it lacks

6  jurisdiction or authority to enter a final judgment, Plaintiff requests that the Court submit findings

7  of fact and conclusions of law for consideration by the District Court.

8

9  **PARTIES**

10  2.  Plaintiff in this adversary proceeding is Jeffrey I. Golden, the Chapter 7 trustee

11  ("Plaintiff" or the "Trustee") of the bankruptcy estate of Jamie Lynn Gallian, the debtor in the

12  Bankruptcy Case (the "Debtor").  Plaintiff brings this adversary proceeding solely in his capacity

13  as the Chapter 7 Trustee of the Debtor's bankruptcy estate.

14  3.  Plaintiff is informed and believes, and based thereon alleges, that J-Sandcastle Co.,

15  LLC ("J-Sandcastle") was a California limited liability company, with its principal place of

16  business located in in the County of Orange, State of California.  The Debtor is the sole member

17  and manager of J-Sandcastle.

18  4.  Plaintiff is informed and believes, and based thereon alleges, that J-Pad LLC ("J-

19  Pad") was a California limited liability company, with its principal place of business located in in

20  the County of Orange, State of California.  The Debtor is the sole member and manager of J-Pad.

21  5.  Plaintiff is informed and believes, and based thereon alleges, that Steven D. Gallian

22  is an individual residing in the County of Orange, State of California.  Plaintiff is further informed

23  and believes that Steven D. Gallian is the Debtor's son.

24  6.  Plaintiff is informed and believes, and based thereon alleges, that Brian J. Gallian is

25  an individual residing in the County of Orange, State of California.  Plaintiff is further informed

26  and believes that Brian J. Gallian is the Debtor's son.

27

28

1719769.2  27064

2

09

Case 8:23-ap-01064-SC    Doc 17    Filed 06/30/23    Entered 06/30/23 16:54:34    Desc
Main Document    Page 10 of 36

7.      Plaintiff is informed and believes, and based thereon alleges, that E. J. Gallian is an individual residing in the County of Orange, State of California.  Plaintiff is further informed and believes that E. J. Gallian is the Debtor's granddaughter.

8.      Plaintiff is informed and believes, and based thereon alleges, that Justin Barclay is an individual residing in the County of Orange, State of California.  Plaintiff is further informed and believes that Justin Barclay is the Debtor's son.

9.      Plaintiff is informed and believes, and based thereon alleges, that Ronald J. Pierpont is an individual residing in the County of Orange, State of California.  Plaintiff is further informed and believes that Ronald J. Pierpont is the Debtor's ex-husband.

10.     Plaintiff is informed and believes, and based thereon alleges, that Robert J. McLelland is an individual residing in the County of Orange, State of California.  Plaintiff is further informed and believes that Robert J. McLelland is the Debtor's roommate.

11.     Plaintiff is further informed and believes, and based thereon alleges, that J-Sandcastle, J-Pad, Steven Gallian, Brian Gallian, Justin Barclay, and Ronald Pierpont are all "insiders" of the Debtor pursuant to § 101(31) of the Code.

## GENERAL ALLEGATIONS

12.     On or about July 9, 2021 (the "Petition Date"), the Debtor commenced this case by filing a voluntary petition for relief under Chapter 7 of the Code.

13.     Jeffrey I. Golden thereafter accepted appointment as the Chapter 7 trustee for the Debtor's bankruptcy estate and continues to serve in that capacity for the benefit of creditors.

The J-Sandcastle Transfer

14.     Up to and until about October 31, 2018, the Debtor lived at 4476 Alderport Drive, Unit 53, Huntington Beach, CA 92649 ("Alderport Property"), which she received as a gift in 2017 from her stepmother, Sandra Bradley ("Ms. Bradley").  The Debtor always held title to the Alderport Property in her own name.

15.     On or about October 31, 2018, the Debtor sold the Alderport Property to Randall Nickell for $379,000, which he paid for in two cashier's checks payable to the Debtor, individually.

1719769.2  27064

3

10

16.     The Debtor deposited the funds from Mr. Nickell for the Alderport Property into a Chase Bank account in her name.

17.     Thereafter, the Debtor used $185,000 of the proceeds from the sale of the Alderport Property to purchase a manufactured home located at 16222 Monterey Lane, Space #376, Huntington Beach, CA 92649 (the "Property") from Lisa Ryan.

18.     The Debtor paid Ms. Ryan the first $10,000 on November 1, 2018, and the $175,000 balance of the purchase price for the Property on November 17, 2018.

19.     Even though the Debtor paid for the Property with proceeds of her Alderport Property deposited into a bank account in her own name, the Debtor transferred title to, and the beneficial interest in, the Property to J-Sandcastle.

20.     At the time Debtor transferred the Property to J-Sandcastle, she was being sued in multiple actions and judgments were later entered against her as follows:

     a.     On November 8, 2018, in Case No. 30-2017-00913985, the Orange County Superior Court ("OCSC") granted a motion by the Huntington Beach Gables Homeowners Association ("HOA") for attorney's fees against the Debtor, and on December 4, 2018, the OCSC entered an order on the motion, which reflected that the HOA had been awarded $46,138 of attorney's fees against the Debtor, plus interest.

     b.     On May 6, 2019, in Case No. 30-2017-00913985, the HOA obtained judgment against the Debtor in excess of $315,000.

     c.     On September 27, 2018, in Case No. 30-2017-00962999, the OCSC imposed $3,070 of sanctions against the Debtor.

     d.     On March 21, 2019, in Case No. 30-2017-00962999, the HOA obtained a money judgment against the Debtor for $9,265.

     e.     To date, the Debtor has paid approximately $1,295 on account of all these judgments and orders.

21.     On November 1, 2018, Ms. Ryan executed a "Notice of Sale or Transfer" for the Property with the Debtor, "Jamie Lynn Gallian," identified as the "Purchaser/New Owner."

22.     On November 15, 2018, however, Ms. Ryan whited-out the Debtor's name and

1  replaced it with "J-Sandcastle Co, LLC Its Manager Jamie L. Gallian," pursuant to a discussion the

2  Debtor and Ms. Ryan had on that day (the "First J-Sandcastle Transfer").

3      23.    The fully executed "Notice of Sale or Transfer" of the Property reflecting that J-

4  Sandcastle was the owner of the Property was transmitted to the California Department of Housing

5  and Community Development (the "HCD"), which handles the registering and titling of

6  manufactured and mobilehomes, on or about November 20, 2018 (the "Second J-Sandcastle

7  Transfer").  The First J-Sandcastle Transfer and Second J-Sandcastle Transfer are, collectively, the

8  "J-Sandcastle Transfers".

9      24.    J-Sandcastle paid no consideration to the Debtor for the J-Sandcastle Transfers or in

10  connection with receiving title to and the beneficial interest in the Property. J-Sandcastle did not

11  have any business other than its ownership of the Property.

12      25.    On the Petition Date, title to the Property remained with J-Sandcastle, and not the

13  Debtor.

14      26.    On or about July 28, 2021 (postpetition), however, the Debtor caused J-Sandcastle

15  to transfer title to herself personally.  Accordingly, as of August 10, 2021, the HCD records were

16  changed to reflect that the Property's registered owner was "Jamie Lynn Gallian".  By receiving

17  this transfer from J-Sandcastle, the Debtor is a subsequent transferee that did not take for value, in

18  good faith, and without knowledge of the voidability of the initial fraudulent transfer to J-

19  Sandcastle.

20      The J-Pad Transfers

21      27.    At about the time that the Debtor purchased the Property, she sought to conceal the

22  equity in the Property by granting a lien for $225,000 on the Property in favor of J-Pad.

23      28.    Accordingly, on November 16, 2018, the Debtor, as the sole member of J-

24  Sandcastle the "borrower", executed a secured promissory note in the amount of $225,000 in favor

25  of J-Pad.  The secured promissory note is secured by a separate security agreement dated

26  November 16, 2018, reflecting a security interest in the Property between J-Sandcastle and J-Pad

27  (the "First J-Pad Transfer").

28      29.    In addition, on November 16, 2018, the Debtor, individually as the "borrower", also

1719769.2  27064                          5

1    executed a secured promissory note in the amount of $225,000 in favor of J-Pad.  The secured

2    promissory note with the Debtor also purports to be secured by a separate security agreement dated

3    November 16, 2018, between the Debtor and J-Pad (the "Second J-Pad Transfer").  It is unknown if

4    the separate security agreement exists.

5        30.    Notwithstanding that the secured promissory notes were for $225,000, J-Sandcastle

6    did not advance or loan any money to J-Pad at any point in time.  The Debtor, however, advanced

7    $175,000 to J-Pad at about the time of the First J-Pad Transfer, with the balance of $50,000 coming

8    from the Debtor later (collectively, the "Third J-Pad Transfer").

9        31.    Despite the two secured promissory notes, the $225,000 was not owed to J-Pad.

10   Rather, the $225,000 was owed by J-Pad to the Debtor (who had in fact advanced the funds from

11   her personal accounts).

12       32.    On January 14, 2019, the Debtor individually and through J-Pad filed not less than

13   three UCC-1 Financing Statements with the California Secretary of State listing J-Pad as the

14   secured party and the collateral as the Property (collectively, the "Fourth J-Pad Transfer"). A UCC

15   filing failed to perfect liens against the Property.

16       33.    Thereafter, on August 20, 2020, the Debtor signed a "Statement to Encumber" that

17   was submitted to the HCD to add the Debtor's ex-husband, Ronald J. Pierpont, and J-Pad as

18   lienholders on the certificate of title for the Property (the "Fifth J-Pad Transfer").

19       34.    Thereafter, as of February 24, 2021, the certificate of title to the Property reflected

20   that Mr. Pierpont and J-Pad were the "legal owners" (i.e., the lienholders) on the Property.

21       35.    On or about July 9, 2021, however, Mr. Pierpont submitted a signed "Lien

22   Satisfied" form to the HCD removing Mr. Pierpont and J-Pad as the lienholders on the Property.

23       36.    Thereafter, as of August 3, 2021, the certificate of title to the Property did not reflect

24   any "legal owners" (i.e., lienholders) on the Property.

25       37.    On or about August 6, 2021 (postpetition), the Debtor, individually, signed and

26   submitted a "Statement of Facts" to the HCD stating that the legal owner of the Property was J-Pad

27   and that J-Pad perfected its lien on January 14, 2019 (the "Sixth J-Pad Transfer").

28       38.    The Debtor also submitted with the August 6, 2021, Statement of Facts a "Statement

1   to Encumber" purportedly signed on January 14, 2019, reflecting that the "legal owner" of the

2   Property was only J-Pad (the "Seventh J-Pad Transfer").

3         39.     The First, Second, Third, Fourth, Fifth, Sixth, and Seventh J-Pad Transfers are

4   collectively referred to as the "J-Pad Transfers".

5         40.     J-Pad paid no consideration for the J-Pad Transfers.

6        <u>The Steven and Brian Gallian Transfers</u>

7         41.     On August 20, 2020, the Debtor, as the member of J-Sandcastle, signed a

8   "Statement to Encumber" that was submitted to the HCD to add her sons Steven Gallian and Brian

9   Gallian as legal owners (i.e., lienholders) on the certificate of title for the Property (the "First

10   Steven and Brian Transfer").

11         42.     In addition, on December 4, 2020, the Debtor, as the member of J-Pad, filed a UCC

12   Financing Statement Amendment (UCC3) with the California Secretary of State listing Steven and

13   Brian Gallian as additional secured parties with respect to the Property (the "Second Steven and

14   Brian Transfer").  The UCC filings failed to perfect liens against the Property. The First Steven and

15   Brian Transfer and the Second Steven and Brian Transfer are collectively, the "Steven and Brian

16   Transfers".

17         43.     Steven and Brian Gallian paid no consideration for the Steven and Brian Transfers.

18        <u>Additional Postpetition Liens</u>

19         44.     In addition to the UCC Financing Statement Amendment (UCC3) filed on

20   December 4, 2020, with respect to Steven and Brian Gallian, on September 8, 2021, September 12,

21   2021, and September 24, 2021, the Debtor, individually and/or through J-Pad or J-Sandcastle,

22   purported to perfect or create additional liens on the Property in favor of J-Pad, Steven Gallian,

23   Brian Gallian, Justin Barclay, Ronald J. Pierpont, Robert J. McLelland, and E. J. Gallian by filing

24   multiple UCC Financing Statement Amendments (UCC3) with the California Secretary of State

25   listing J-Pad, Steven Gallian, Brian Gallian, Justin Barclay, Mr. Pierpont, Robert J. Mclelland, and

26   E. J. Gallian as additional secured parties (collectively, the "Postpetition Transfers"). The UCC

27   filings failed to perfect liens against the Property.

28         45.     J-Pad, Steven Gallian, Brian Gallian, Justin Barclay, Mr. Pierpont, Robert J.

1   McLelland, and E. J. Gallian paid no consideration for Postpetition Transfers or to be added as

2   additional secured parties with respect to the Property.

3         46.     The J-Sandcastle Transfers, J-Pad Transfers, Steven and Brian Transfers, and the

4   Postpetition Transfers are collectively referred to as the "Transfers".

5         47.     The Trustee is informed and believes, and based thereon alleges, that on the Petition

6   Date, there existed in this case one or more creditors holding unsecured claims allowable under

7   § 502 of the Code or that are not allowable only under § 502(e), that could have avoided the

8   Transfers under applicable law.

9

10                                       **FIRST CLAIM FOR RELIEF**

11   **(To Avoid and Recover Fraudulent Transfers under 11 U.S.C. §§ 544(b) and/or 548 and 550,**

12                     **and California Civil Code §§ 3439.04, 3439.07 and 3439.08)**

13                                   **(Against All Defendants)**

14         48.     Plaintiff refers to and incorporates herein by reference each and every allegation

15   contained in paragraphs 1 through 47, inclusive, of this Complaint as though fully set forth herein.

16         49.     Plaintiff is informed and believes, and based thereon alleges, that the Debtor made

17   the Transfers with the actual intent to hinder, delay, or defraud one or more of her creditors.

18         50.     Pursuant to 11 U.S.C. §§ 544 and/or 548, California Civil Code § 3439.04(a), and

19   other applicable law, Plaintiff is entitled to avoid the Transfers as not being perfected or as

20   fraudulent.

21         51.     Pursuant to Section 550(a) of the Bankruptcy Code, Plaintiff may recover the

22   Transfers from the initial transferees and any subsequent transferees.

23         52.     Specifically, Plaintiff may recover the Property from J-Sandcastle, or the value

24   thereof, plus interest thereon at the maximum legal rate.

25         53.     Additionally, Plaintiff may recover the Third J-Pad Transfer (i.e., $225,000) from J-

26   Pad, plus interest thereon at the maximum legal rate.

27         54.     Pursuant to the provisions of § 550 and § 551 of the Bankruptcy Code, all avoided

28   Transfers, including title to and liens against the Property, are preserved for the benefit of the

1    Debtor's estate.

2

3                            **SECOND CLAIM FOR RELIEF**

4    **(To Avoid and Recover Fraudulent Transfers under 11 U.S.C. §§ 544(b) and/or 548 and 550,**

5                    **and California Civil Code §§ 3439.05, 3439.07 and 3439.08)**

6                              **(Against All Defendants)**

7         55.    Plaintiff refers to and incorporates herein by reference each and every allegation

8    contained in paragraphs 1 through 47, inclusive, of this Complaint as though fully set forth herein.

9         56.    Plaintiff is informed and believes, and based thereon alleges, that the Debtor

10   received less than a reasonably equivalent value in exchange for the Transfers.

11        57.    Plaintiff is informed and believes, and based thereon alleges, that at the time the

12   Transfers were made, the Debtor was either insolvent or became insolvent as a result of the

13   Transfers.

14        58.    Pursuant to Sections 544(b) and/or 548 of the Bankruptcy Code, California Civil

15   Code California Civil Code §§ 3439.05 and 3439.07, and other applicable law, Plaintiff is entitled

16   to avoid the Transfers as not being properly perfected or as fraudulent.

17        59.    Pursuant to Section 550(a) of the Bankruptcy Code, Plaintiff may recover the

18   Transfers from the initial transferees and any subsequent transferees.

19        60.    Specifically, Plaintiff may recover the Property from J-Sandcastle, or the value

20   thereof, plus interest thereon at the maximum legal rate.

21        61.    Additionally, Plaintiff may recover the Third J-Pad Transfer (i.e., $225,000) from J-

22   Pad, plus interest thereon at the maximum legal rate.

23        62.    Pursuant to the provisions of § 550 and § 551 of the Bankruptcy Code, all avoided

24   Transfers, including title to and liens against the Property, are preserved for the benefit of the

25   Debtor's estate.

26

27

28

1719769.2  27064                              9

### THIRD CLAIM FOR RELIEF

**(To Avoid and Recover Fraudulent Transfers under 11 U.S.C. §§ 544(b) and/or 548 and 550, and California Civil Code §§ 3439.04(a), 3439.07, and 3439.08)**

**(Against all Defendants)**

63.     Plaintiff refers to and incorporates herein by reference each and every allegation contained in paragraphs 1 through 47, inclusive, and paragraph 56, of this Complaint as though fully set forth herein.

64.     Plaintiff alleges that at the time of the Transfers, the Debtor was engaged, or was about to engage, in business or a transaction or transactions for which her remaining assets were unreasonably small in relation to the business or transaction.

65.     Pursuant to Sections 544(b) and/or 548 of the Bankruptcy Code, California Civil Code California Civil Code §§ 3439.05 and 3439.07, and other applicable law, Plaintiff is entitled to avoid the Transfers as either not being properly perfected or as fraudulent.

66.     Pursuant to Section 550(a) of the Bankruptcy Code, Plaintiff may recover the Transfers from the initial transferees and any subsequent transferees.

67.     Specifically, Plaintiff may recover the Property from J-Sandcastle, or the value thereof, plus interest thereon at the maximum legal rate.

68.     Additionally, Plaintiff may recover the Third J-Pad Transfer (i.e., $225,000) from J-Pad, plus interest thereon at the maximum legal rate.

69.     Pursuant to the provisions of § 550 and § 551 of the Bankruptcy Code, all avoided Transfers, including title to and liens against the Property, are preserved for the benefit of the Debtor's estate.

### FOURTH CLAIM FOR RELIEF

**(To Avoid and Recover Fraudulent Transfers under 11 U.S.C. §§ 544(b) and/or 548 and 550, and California Civil Code §§ 3439.04(a), 3439.07, and 3439.08)**

**(Against all Defendants)**

70.     Plaintiff refers to and incorporates herein by reference each and every allegation

1  contained in paragraphs 1 through 47, inclusive, and paragraph 56, of this Complaint as though

2  fully set forth herein.

3      71.    Plaintiff alleges that the Debtor intended to incur, or believed or reasonably should

4  have believed that she would incur, debts that would be beyond her ability to pay as such debts

5  became due.

6      72.    Pursuant to Sections 544(b) and/or 548 of the Bankruptcy Code, California Civil

7  Code California Civil Code §§ 3439.04(a) and 3439.07, and other applicable law, Plaintiff is

8  entitled to avoid the Transfers as either not being properly perfected or as fraudulent.

9      73.    Pursuant to Section 550(a) of the Bankruptcy Code, Plaintiff may recover the

10 Transfers from the initial transferees and any subsequent transferees.

11     74.    Specifically, Plaintiff may recover the Property from J-Sandcastle, or the value

12 thereof, plus interest thereon at the maximum legal rate.

13     75.    Additionally, Plaintiff may recover the Third J-Pad Transfer (i.e., $225,000) from J-

14 Pad, plus interest thereon at the maximum legal rate.

15     76.    Pursuant to the provisions of § 550 and § 551 of the Bankruptcy Code, all avoided

16 Transfers, including title to and liens against the Property, are preserved for the benefit of the

17 Debtor's estate.

18

19                 **FIFTH CLAIM FOR RELIEF**

20     **(To Avoid and Recover Postpetition Transfers under 11 U.S.C. § 549(a))**

21               **(Against All Defendants)**

22     77.    Plaintiff hereby incorporates by this reference all of his allegations in Paragraphs

23 1 through 76, inclusive, of this Complaint as though fully set forth herein.

24     78.    The Sixth J-Pad Transfer, Seventh J-Pad Transfer, and the Postpetition Transfers

25 were not authorized under the Bankruptcy Code or by the Court.

26     79.    Pursuant to § 549 of the Code, the Trustee is entitled to avoid the Sixth J-Pad

27 Transfer, Seventh J-Pad Transfer, and the Postpetition Transfers.

28     80.    Pursuant to the provisions of § 550 and § 551 of the Bankruptcy Code, any liens

1719769.2  27064

11

1 relating to Sixth J-Pad Transfer, Seventh J-Pad Transfer, and the Postpetition Transfers are

2 preserved for the benefit of the Debtor's estate.

3

4 **SIXTH CLAIM FOR RELIEF**

5 **(For Declaratory Relief)**

6 **(Against All Defendants)**

7     81.    Plaintiff hereby incorporates by this reference all of his allegations in Paragraphs

8 1 through 80, inclusive, of this Complaint as though fully set forth herein.

9     82.    An actual controversy exists in that Plaintiff contends that the Defendants do not

10 have valid, perfected, and unavoidable liens on the Property.

11     83.    Pursuant to 11 U.S.C. § 544(a)(2) and other applicable law, the Trustee is entitled to

12 a judgment determining that the Defendants do not have valid, perfected, and unavoidable liens on

13 the Property.

14

15 **SEVENTH CLAIM FOR RELIEF**

16 **(For Turnover – 11 U.S.C. § 542)**

17 **(Against all Defendants)**

18     84.    Plaintiff refers to and incorporates herein by reference each and every allegation

19 contained in paragraphs 1 through 83, inclusive, of this Complaint as though fully set forth herein.

20     85.    Upon avoidance, recovery, and preservation, the Property will be property of the

21 Debtor's bankruptcy estate.

22     86.    The Trustee may use, sell, or lease the Property under 11 U.S.C. § 363.

23     87.    Pursuant to 11 U.S.C. § 542, the Trustee is entitled to the turnover by the

24 Defendants of the Property.

25

26

27

28

1719769.2  27064

12

19

## EIGHTH CLAIM FOR RELIEF

### (For Breach of Contract)

### (Against J-Pad)

88.     Plaintiff refers to and incorporates herein by reference each and every allegation contained in paragraphs 1 through 87, inclusive, of this Complaint as though fully set forth herein.

89.     Plaintiff alleges that the Debtor loaned $225,000 to J-Pad.

90.     Plaintiff alleges that the Debtor performed all of the terms and obligations on her part to be performed with respect to the terms of such loan.

91.     Plaintiff alleges that J-Pad has defaulted under the terms of the loan including, without limitation, its failure to repay all amounts owed.

92.     As of the date hereof, the outstanding principal balance owed to the Debtor by J-Pad is $225,000, plus interest.

## NINTH CLAIM FOR RELIEF

### (To Avoid Unjust Enrichment)

### (Against J-Pad)

93.     Plaintiff refers to and incorporates herein by reference each and every allegation contained in paragraphs 1 through 92, inclusive, of this Complaint as though fully set forth herein.

94.     Plaintiff alleges that as a result of the J-Pad Transfers, J-Pad has been unjustly enriched, so that Plaintiff is entitled to recover from J-Pad money, in a sum of not less than $225,000, plus interest.

## TENTH CLAIM FOR RELIEF

### (To Avoid Unjust Enrichment)

### (Against J-Pad)

95.     Plaintiff refers to and incorporates herein by reference each and every allegation contained in paragraphs 1 through 94, inclusive, of this Complaint as though fully set forth herein

96.     J-Pad owes the Debtor the principal sum of $225,000 for money had and received

1719769.2  27064

13

1    by J-Pad from the Debtor.

2        97.      The Trustee is entitled to recover damages from J-Pad in the sum of not less than

3    $225,000, plus interest.

4

5        WHEREFORE, the Plaintiff prays for judgment against the Defendants as follows:

6    ON THE FIRST THROUGH FOURTH CLAIMS FOR RELIEF:

7        1.      For judgment in favor of the Plaintiff and against the Defendants avoiding the

8    Transfers;

9        2.      For a judgment in favor of the Plaintiff and against all transferees for the Trustee to

10    recover the transferred property;

11        3.      For a judgment in favor of the Plaintiff and against J-Sandcastle for the Trustee to

12    recover the Property from J-Sandcastle;

13        4.      For a judgment in favor of the Plaintiff and against J-Pad for the Trustee to recover

14    the Third J-Pad Transfer (i.e., $225,000) from J-Pad;

15        5.      For a judgment in favor of the Plaintiff and against the Defendants preserving any

16    avoided Transfers, including title to and liens against the Property, for the benefit of the Debtor's

17    estate.

18        6.      For an award of interest at the legal rate on all sums awarded to Plaintiff from

19    and after the date of the Transfers.

20    ON THE FIFTH CLAIM FOR RELIEF:

21        7.      For judgment in favor of the Plaintiff and against the Defendants avoiding and

22    recovering the Sixth J-Pad Transfer, Seventh J-Pad Transfer, and the Postpetition Transfers;

23        8.      For a judgment in favor of the Plaintiff and against the Defendants preserving any

24    liens relating to the J-J-Pad Transfers, Steven and Brian Transfers, and the Postpetition Transfers

25    for the benefit of the Debtor's estate.

26    ON THE SIXTH CLAIM FOR RELIEF:

27        9.      For a judgment determining that the Defendants do not have valid liens on the

28    Property.

ON THE SEVENTH CLAIM FOR RELIEF:

      10.    For a judgment for turnover of the Property to the Trustee.

ON THE EIGHTH, NINTH, AND TENTH CLAIMS FOR RELIEF:

      11.    For the sum of $225,000, together with interest thereon as allowed by contract and law.

ON ALL CLAIMS FOR RELIEF:

      12.    For costs of suit incurred herein; and

      13.    For all other and further relief as the Court deems just and proper.

DATED:  June 30, 2023            DANNING, GILL, ISRAEL & KRASNOFF, LLP

By:       /s/ Aaron E. de Leest
             AARON E. DE LEEST
             Attorneys for Plaintiff Jeffrey I. Golden, Chapter 7 Trustee

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| **PLAINTIFFS**<br>JEFFREY I. GOLDEN, Chapter 7 Trustee | **DEFENDANTS** J-SANDCASTLE CO., LLC; J-PAD LLC; STEVEN D. GALLIAN; BRIAN J. GALLIAN; JUSTIN BARCLAY; RONALD J. PIERPONT; ROBERT J. MCLELLAND; AND E. J. GALLIAN |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>DANNING, GILL, ISRAEL & KRASNOFF, LLP<br>1901 AVENUE OF THE STARS, SUITE 450<br>LOS ANGELES, CA 90067-6006      310-277-0077 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor        ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor      ☐ Other<br>☒ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor        ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor      ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

(1)TO AVOID AND RECOVER FRAUDULENT TRANSFERS; (2) TO AVOID AND RECOVER POSTPETITION TRANSFERS; (3) FOR DECLARATORY RELIEF; (4) FOR BREACH OF CONTRACT; (5) FOR MONEY HAD AND RECEIVED; AND (6) UNJUST ENRICHMENT

| NATURE OF SUIT |
|---|

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☑ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☑ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation
  (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☑ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☑ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 225,000 |
| Other Relief Sought | |

23

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>JAMIE LYNN GALLIAN | BANKRUPTCY CASE NO.<br>8:21-bk-11710-SC | |
| DISTRICT IN WHICH CASE IS PENDING<br>CENTRAL | DIVISION OFFICE<br>SANTA ANA | NAME OF JUDGE<br>SCOTT C. CLARKSON |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY<br>PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>/s/ Aaron E. de Leest | | |
| DATE<br><br>JUNE 30, 2023 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br><br>Aaron E. de Leest | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

EXHIBIT 2

1  JAMIE LYNN GALLIAN
   16222 Monterey Lane Unit 376
2  Huntington Beach, CA 92649
   (714-321-3449
3  jamiegallian@gmail.com

4  Defendant, IN PRO SE

5

6          UNITED STATES BANKRUPTCY COURT DISTRICT OF

7                CALIFORNIA SANTA ANA DIVISION

8  In re JAMIE LYNN GALLIAN,

9          Debtor                          Case No. 8:21-bk-11710-SC

10 JEFFREY I. GOLDEN, CHAPTER 7            Adv. No. 8:23-ap-01064-SC
   TRUSTEE,
11                                         Hon. Scott C. Clarkson
           **Plaintiff**
12                                         Chapter 7
   vs.
13                                         **ANSWER TO COMPLAINT FOR:**
   Jamie   Lynn   Gallian,   an  individual;   • CHAPTER 7 TRUSTEE'S COMPLAINT: (1) TO AVOID
14 J-Sandcastle Co LLC; J-Pad, LLC; Steven      AND RECOVER FRAUDULENT TRANSFERS; (2) TO
   D. Gallian, an individual; Brian J. Gallian,  AVOID AND RECOVER POSTPETITION
15 an   individual;   Justin   D.   Barclay,   an  TRANSFERS; (3) FOR DECLARATORY RELIEF; (4)
   individual; Ronald J. Pierpont, an individual;  FOR BREACH OF CONTRACT; (5) FOR MONEY HAD
16 Robert   J.   McLelland,   an   individual;   AND RECEIVED; AND (6) UNJUST ENRICHMENT
   Minor Gallian, an individual             •    **TURNOVER OF PROPERTY PURSUANT TO**
17                                               **11 USC § 542;**
                                           •    **FRAUDULENT CONVEYANCE UNDER 11**
18         **Defendant(s).**                    **USC § 544 & CALIFORNIA CIVIL CODE §**
                                               **3439 et seq;**
19 vs.                                      •    **RECOVERY OF A PREFERENCE UNDER 11**
   Sandra L. Bradley, an individual; Sandra L.   **USC § 550;**
20 Bradley, Trustee of the Sandra L. Bradley  •    **PRESERVATION OF THE**
   Trust;  Sandra L. Bradley, Administrator of    **TRANSFER FOR THE BENEFIT OF THE**
21 the Estate of Charles J. Bradley, Jr.; Houser  **ESTATE PURSUANT TO 11 USC § 551**
   Company, A California general partnership;
22 Craig Houser, an individual;  Houser      *Status Conference Hearing Date*
   Brothers Co., A California limited        Date: 9-26-2023
23 partnership DBA Rancho Del Rey            Time: 1:30PM
   Mobilehome Estates                        Place: 411 W Fourth St., Santa Ana, CA
24         **Cross-Defendants**             Courtroom: 5c
25
26     **TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY**

27 **JUDGE, AND PLAINTIFF JEFFREY I. GOLDEN, CHAPTER 7 TRUSTEE OF THE JAMIE**

28 **LYNN GALLIAN, INDIVIDUAL,  CHAPTER 7 BANKRUPTCY, HIS ATTORNEY OF**

   **RECORD, ALL CROSS DEFENDANTS, AND INTERESTED PARTIES.**

**EXHIBIT 2**                                                        26

1    COME NOW DEFENDANT JAMIE LYNN GALLIAN, AN INDIVIDUAL (hereinafter

2    the "Defendant" and in answer to the *Complaint For:Turnover of Property Pursuant to 11 USC §*

3    *542; Fraudulent Conveyance under 11 USC § 544 & California Civil Code § 3439 et Seq;*

4    *Recovery of a Preference under 11 USC § 550; & Preservation of the Transfer for the Benefit of*

5    *the Estate Pursuant to 11 USC § 551* (hereinafter the *"Complaint"* of Plaintiff JEFFREY I.

6    GOLDEN, CHAPTER 7 TRUSTEE (hereinafter the "Plaintiff" of the JAMIE LYNN GALLIAN

7    Chapter 7 bankruptcy (hereinafter the "Debtor", Case No. 8:21-bk-11710-SC, admits, denies and

8    alleges as follows:

9    TIMELINESS OF ANSWER

10    Pursuant to this Court's Summons [Doc-3], the deadline for filing a responsive pleading is

11    8-02-2023. Hence, this Answer is timely.

12                              PRELIMINARY POSITION OF DEFENDANT

13    On or about 11-23-2009, Defendant, Jamie Lynn Gallian received an alleged inheritence

14    from her deceased father's estate [Estate of Charles James Bradley, Jr] commonly referred to as

15    4476 Alderport Drive, Unit 53, Huntington Beach, CA 92649.  Due to defendant's employment as

16    a United Airlines Boston based Flight Attendant, Debtor was scheduled as a working crew-

17    member on an airplane flown into the second tower of the World Trade Center. The second plane,

18    United Airlines Flight 175, struck the South Tower of the World Trade Center at 9:03 a.m.  The

19    plane was hijacked and used by terrorists as a guided missile.  Aircraft under attack taken over by

20    terrorists on 9/11, it was not "if" another attack would occur, but "when".  Defendant was a

21    working crew member returning to Boston on a delayed flight from Denver the night before.

22    Defendant did not have enough hours of rest returning to Boston to work UA 175.  Crew

23    scheduling notified and replaced Defendant with another reserve flight attendant. The entire crew

24    of United Flight 175 was killed the next morning, but for Defendant's late return to Boston, she

25    would also be dead.  Defendant, a single mother of  three sons, Justin, Brian & Steven.  Debtor

26    asked her step-mother Sandra Bradley, her father's widow, who orchestrated the inheritence to

27    Defendant, to place title of the Alderport home in her name because if another terrorist attack were

28    to occur and Defendant was killed, Defendant wanted her three sons to have their mother's estate.

1  On November 23, 2009, Sandra Bradley placed title to the Alderport home in her name as Sandra

2  Bradley, a Widow, recorded in the Official Records. Clerk Recorder, County of Orange  Sandra

3  Bradley, the only family member of Defendant and grandmother to Defendant's three sons, was

4  instructed in the event of Defendant's death,  the Alderport home was for the benefit of Defendant's

5  three sons. Sandra Bradley agreed to abide by Defendant's wishes.  Unbeknowst to the Defendant in

6  or about May 2010, Sandra  Bradley transferred title to the Alderport home belonging to Defendant,

7  to the "Sandra L. Bradley Trust dated October 17, 2001". However, the real property was  never

8  transferred to Sandra L Bradley's Trust dated October 17, 2001.  Instead a Grant Deed was recorded

9  in the name of Houser Bros Co.  Houser Bros Co was listed as the owner of 4476 Alderport Dive,

10  Unit 53 Huntington Beach, CA with the Co. of Orange Tax Assessor even. The property was never

11  titled in or to the Sandra L. Bradley Trust dated October 17, 2001.  The Alderport Property was

12  originally purchased for Defendant on or about November 23, 2009 for approximately $235,000.00.

13  In 2016, improvements were made to the "separate property" of the unit not involving the structural

14  integrity of the common building.  The HOA BOD required a written application to construct a patio

15  "Cover" over an existing cement slab, for protection from the sun for Gallian and her animals.  The

16  HOA approved the application submitted  in writing for the separate property improvements through

17  the Property Management Company, Elite Management on or about April 11, 2016. Sandra Bradley

18  was required to submit her notarized signature agreeing to the terms of the April 11, 2016 Letter of

19  Approval . Approximately 5 months after the City of Huntington Beach made their final inspection

20  and signed off on the separate property patio cover, the HOA Management Company demanded

21  Gallian remove the separate property patio cover over an existing cement patio for sun protection.

22  Thereafter, on March 2, 2017, the HOA sent Bradley, as the Member of the HOA for the property a

23  request to participate in ADR.  Instead of answering the HOA ADR request, Bradley transferred

24  title of the property by Intrafamily Gift Transfer to Gallian recorded on March 23, 2017.  Just about

25  eighteen days later, on April 11, 2017, the HOA  initiated an unverified civil complaint against

26  Bradley and Gallian, OSCS 30-2017-00913985.  Over 1000 Register of Actions were filed over 2

27  years.  On March 2, 2018, the parties participated in a Mandatory Settlement Conference with the

28  Honorable James L, Crandall.  The parties reached a settlement with the terms placed on the record.

-3-

Given the above, at best, the Defendant received a gift of a homestead she lived in as her personal residence since 2009.  Per the terms of the 3/2/2018 Settlement Agreement witb tbe Gables HOA, Gallian agreed to sell her residence.  On 10/31/18, Gallian sold her Gables residence, approved by Lessor BS Investors in writing by Counsel Gorden May, Esq. and invested the proceeds from the sale of exempt property into another homestead debtors current residence Space 376 home in Rancho Del Rey located in Unit 4, Lot 2,Tract 10542.

Additionally, at the time Defendant Executed the 11/16/2018 Security Agreement and Promissory Note with a separate entity, the Debtor was not insolvent, and the  did not render her insolvent. In 2018, the Debtor received approximately $445,000.00, and could have paid the Gables 12/4/2018 unsecured money judgment $46,138.00 in unsecured debt.

GENERAL DENIAL

Defendant generally denies each and every allegation of Plaintiff's *Complaint*.

SPECIFIC DENIALS

Answering paragraphs  2, 5, 6, 7, 8, 9, 10, 12, 13, 15, 16, 17, 20b, 20d, 20e, 21, 22, 33, 34, 37, of the *Complaint*, Defendant admits the allegations contained therein.

Answering paragraphs 3, 4, 18, 20, 20c, 25, 27, of the *Complaint*, Defendant denies generally and specifically each and every allegation contained therein.

Answering paragraphs 1, 11, 14, 19, 20a, 23,  24, 26, 28, 29, 30, 31, 32, 35, 36, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97,  of the *Complaint*, Defendant lacks information or belief sufficient to answer the allegations, and therefore denies generally and specifically each and every allegation contained therein.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

Defendant alleges that Plaintiff's *Complaint* is so vague, ambiguous, confusing and convoluted that Defendant cannot reasonably be required to frame a responsive pleading to them.

**SECOND AFFIRMATIVE DEFENSE**

Defendant alleges that Plaintiff's *Complaint* failed to state facts sufficient to constitute a cause of action against Defendant.

-4-

## THIRD AFFIRMATIVE DEFENSE

1    First, there is no such code section California Civil Code § 3439(a)(1). Defendant alleges

2    that Plaintiff's cause of action for fraudulent conveyance under California Civil Code §

3    3439.04(a)(1)(2) is barred as against Defendant because the transfer of the Property to Defendant

4    was made in good faith, with no intent to hinder, delay, or defraud any creditor of the Debtor, who

5    was not engaged or was about to engage in a business or a transaction for which the remaining

6    assets of the Debtor were unreasonably small in relation to the business or transaction, and were

7    not intended to incur, or believed or reasonably should have believed that she would incur, debts

8    beyond her ability to pay as they became due.[1]

9                              ## FOURTH AFFIRMATIVE DEFENSE

10    Defendant alleges that Plaintiff's cause of action for fraudulent conveyance under

11    California Civil Code §3439.05  is barred as against Defendant because the Debtor received

12    reasonably equivalent value in exchange for the transfer, and because the Transfer did not render

13    the Debtor insolvent (thereby precluding a constructive fraudulent transfer).[2]

14                              ## FIFTH AFFIRMATIVE DEFENSE

15    Defendant alleges that Plaintiff's causes of action for recovery of fraudulent transfers of the

16    Property under 11 U.S.C. § 550 is barred as against Defendant because Defendant indeed received

17    the transfer of the Property in good faith and returned reasonably equivalent value (satisfaction or

18

19    _____

20    [1] **California Civil Code § 3439.04(a)(1)(2)** provides; (a) A transfer made or obligation
incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after
21    the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the
obligation as follows: (1) With actual intent to hinder, delay, or defraud any creditor of the debtor;
22    (2) Without receiving a reasonably equivalent value in exchange for the transfer or obligation, and
the debtor either: (A) Was engaged or was about to engage in a business or a transaction for which
23    the remaining assets of the debtor were unreasonably small in relation to the business or transaction;
(B) Intended to incur, or believed or reasonably should have believed that he or she would incur,
24    debts beyond his or her ability to pay as they became due.

25    [2] **California Civil Code § 3439.05** provides: (a) A transfer made or obligation incurred by a

26    debtor is voidable as to a creditor whose claim arose before the transfer was made or the obligation
was incurred if the debtor made the transfer or incurred the obligation without receiving a reasonably
27    equivalent value in exchange for the transfer or obligation and the debtor was insolvent at that time
or the debtor became insolvent as a result of the transfer or obligation.
28

-5-

1    securing of a present or antecedent debt) to the Debtor pursuant to 11 U.S.C. § 550(b)(1).[3]

2

### SIXTH AFFIRMATIVE DEFENSE

3          Defendant alleges that Plaintiff's causes of action for recovery of fraudulent transfers of

4    the Property under 11 U.S.C. § 542(a) is barred as against Defendant because the debt may be

5    offset under section 553 of this title against a claim against the debtor, pursuant to 11 U.S.C. §

6    542(b).[4]

### SEVENTH AFFIRMATIVE DEFENSE

7

8          To the extent Defendant(s) returns any portion of the transfers, Debtor and or Defendants

9    reserve the right to file a Proof of Claim pursuant to 11 U.S.C. § 502(h) that provides: "A claim

10    arising from the recovery of property under section 522, 550, or 553 of this title shall be

11    determined, and shall be allowed under subsection (a), (b), or (c) of this section, or disallowed

12    under subsection (d) or (e) of this section, the same as if such claim had arisen before the date of

13    the filing of the petition" and *Busseto Foods, Inc. v. Laizure (In re Laizure)*, 548 F.3d 693, 696

14    (9th Cir. 2008) (citing *Verco Indus. v. Spartan Plastics (In re Verco Indus.*), 704 F.2d 1134, 1139

15    (9th Cir. 1983)).

         WHEREFORE, Defendant prays that the Court issue the following judgment:

16    1.     That the Plaintiff takes nothing by his *Complaint*, and that said *Complaint* be dismissed

17          with prejudice;

18    2.     The Court award Defendant costs and reasonable fees in an amount which will be

19          ascertained at trial.

20    3.     The Court sanction Plaintiff for filing and maintaining this frivolous lawsuit in an amount

21          which will be ascertained at trial; and

22    4.     For such other and further relief as the Court may deem just and proper.

23

---

24          [3] **11 U.S.C. § 550(b)(1)** provides: (b)The trustee may not recover under section [1] (a)(2) of

25 this section from (1) a transferee that takes for value, including satisfaction or securing of a present or antecedent debt, in good faith, and without knowledge of the voidability of the transfer avoided.

26          [4] **11 U.S.C. § 542(b)** provides: (b)Except as provided in subsection (c) or (d) of this section,

27 an entity that owes a debt that is property of the estate and that is matured, payable on demand, or payable on order, shall pay such debt to, or on the order of, the trustee, except to the extent that such

28 debt may be offset under section 553 of this title against a claim against the debtor.

1    Date:  August 2, 2023                     Respectfully submitted,

2

3                                              _Jamie Lynn Gallian_

4                                              JAMIE LYNN GALLIAN,
                                               DEFENDANT, IN PRO SE
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
Judith Croghan 16222 Monterey Lane, Unit 372, Huntington Beach, CA 92649

A true and correct copy of the foregoing document entitled: **ANSWER TO COMPLAINT FOR: TURNOVER OF PROPERTY PURSUANT TO 11 USC § 542; FRAUDULENT CONVEYANCE UNDER 11 USC § 544 & CALIFORNIA CIVIL CODE § 3439 ET SEQ; RECOVERY OF A PREFERENCE UNDER 11 USC § 550; & PRESERVATION OF THE TRANSFER FOR THE BENEFIT OF THE ESTATE PURSUANT TO 11 USC § 551** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On 8/2/2023, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

 United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov

☐XX   Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:  On        I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒   Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on 1/12/2021, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

_____

_____

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 8/2/2023 | Judith Croghan | *Judith Croghan* |
| --- | --- | --- |
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: CONTINUED:
   - **ATTORNEY FOR CREDITOR AND PLAINTIFF HOUSER BROS. CO.**: Bradford Barnhardt
     bbarnhardt@marshackhays.com, bbarnhardt@ecf.courtdrive.com, kfrederick@ecf.courtdrive.com
   - **ATTORNEY FOR TRUSTEE JEFFREY I GOLDEN (TR)**: Aaron E DE Leest adeleest@DanningGill.com,
     danninggill@gmail.com; adeleest@ecf.inforuptcy.com
   - **ATTORNEY FOR CREDITOR AND PLAINTIFF THE HUNTINGTON BEACH GABLES HOMEOWNERS'
     ASSOCIATION**: Robert P Goe kmurphy@goeforlaw.com, rgoe@goeforlaw.com; goeforecf@gmail.com
   - **TRUSTEE JEFFREY I GOLDEN (TR)**: Jeffrey I Golden (TR lwerner@wgllp.com, jig@trustesolutions.net;
     kadele@wgllp.com
   - **ATTORNEY FOR CREDITOR AND PLAINTIFF HOUSER BROS. CO. and CREDITOR HOUSER BROS. CO.
     DBA RANCHO DEL REY MOBILE HOME ESTATES**: D Edward Hays ehays@marshackhays.com,
     ehays@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com; cmendoza@marshackhays.com;
     cmendoza@ecf.courtdrive.com
   - **ATTORNEY FOR TRUSTEE JEFFREY I GOLDEN (TR)**: Eric P Israel eisrael@DanningGill.com,
     danninggill@gmail.com; eisrael@ecf.inforuptcy.com
   - **ATTORNEY FOR CREDITOR AND PLAINTIFF HOUSER BROS. CO. and CREDITOR HOUSER BROS. CO.
     DBA RANCHO DEL REY MOBILE HOME ESTATES**: Laila Masud lmasud@marshackhays.com,

     lmasud@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com
   - **U.S. TRUSTEE**: United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**

34

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 1901 Avenue of the Stars, Suite 450, Los Angeles, CA 90067-6006.

A true and correct copy of the foregoing document entitled (*specify*): PLAINTIFF'S NOTICE OF MOTION AND MOTION TO STRIKE DEBTOR'S ANSWER; MEMORANDUM OF POINTS AND AUTHORITIES; AND REQUEST FOR JUDICIAL NOTICE IN SUPPORT THEREOF will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)</u>**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On August 21, 2023 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page.

**2.  <u>SERVED BY UNITED STATES MAIL</u>**:  On <u>August 21, 2023</u> , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by causing to be placed a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒ Service information continued on attached page.

**3. <u>SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL</u>** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| August 21, 2023 | Beverly Lew | /s/ Beverly Lew |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

ADDITIONAL SERVICE INFORMATION (if needed):

## 1. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")

Bradford Barnhardt on behalf of Interested Party Courtesy NEF
bbarnhardt@marshackhays.com, bbarnhardt@ecf.courtdrive.com,kfrederick@ecf.courtdrive.com

Aaron E. DE Leest on behalf of Plaintiff Jeffrey I. Golden
adeleest@DanningGill.com, danninggill@gmail.com;adeleest@ecf.inforuptcy.com

Robert P Goe on behalf of Interested Party The Huntington Beach Gables Homeowners Association
kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com

Jeffrey I Golden (TR)
lwerner@go2.law, jig@trustesolutions.net;kadele@go2.law;C205@ecfcbis.com

D Edward Hays on behalf of Interested Party Courtesy NEF
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com

United States Trustee (SA)
ustpregion16.sa.ecf@usdoj.gov

## 2. SERVED BY U.S. MAIL

Debtor
Jamie Lynn Gallian
16222 Monterey Ln Unit 376
Huntington Beach, CA 92649

The Honorable Scott C. Clarkson
U.S. Bankruptcy Court
411 W. Fourth Street, Suite 5130
Santa Ana, CA  92701

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.