| Attorney or Party Name, Address, Telephone & FAX Numbers, State Bar Number & Email Address | FOR COURT USE ONLY |
|---|---|
| AARON E. DE LEEST (State Bar No. 132426)<br>adeleest@DanningGill.com<br>SHANTAL MALMED (State Bar No. 351496)<br>smalmed@DanningGill.com<br>DANNING, GILL, ISRAEL & KRASNOFF, LLP<br>1901 Avenue of the Stars, Suite 450<br>Los Angeles, California 90067-6006<br>Telephone (310) 277-0077<br>Facsimile (310) 277-5735 | |
| ☐ *Plaintiff(s) appearing without attorney*<br>☒ *Attorney for Plaintiff(s)* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

| In re:<br>JAMIE LYNN GALLIAN, | CASE NUMBER: 8:21-bk-11710-SC |
|---|---|
| | ADVERSARY NUMBER: 8:23-ap-01064-SC |
| | CHAPTER: 7 |
| Debtor(s). | |
| JEFFREY I. GOLDEN, Chapter 7 Trustee, | **PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT UNDER LBR 7055-1** |
| Plaintiff(s), | |
| vs. | DATE: 05/07/2024<br>TIME: 1:30 pm<br>COURTROOM: 5C<br>ADDRESS: 411 W. Fourth Street<br>Santa Ana, California 92701 |
| J-SANDCASTLE CO., LLC; J-PAD LLC; STEVEN D. GALLIAN; BRIAN J. GALLIAN; JUSTIN BARCLAY; RONALD J. PIERPONT; ROBERT J. MCLELLAND; AND E.J. GALLIAN | |
| Defendant(s). | |

**TO THE DEFENDANT, DEFENDANT'S ATTORNEY AND OTHER INTERESTED PARTIES:**

1. Name of Defendant(s) against whom default judgment is sought (*specify name*): J-PAD LLC
_____

2. Plaintiff filed the complaint in the above-captioned proceeding on (*specify date*): 06/30/2023

3. The Summons and Complaint were served on Defendant by ☐ personal service ☒ mail service
on the following date (*specify date*): 07/06/2023

4. A true and correct copy of the completed return of summons form is attached.

---

*"Bankruptcy Code" and "11 U.S.C." refer to the United States Bankruptcy Code, Title 11 of the United States Code.*
*"FRBP" refers to the Federal Rules of Bankruptcy Procedure. "LBR" and "LBRs" refer to the Local Bankruptcy Rule(s) of this court.*

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

5.  The time for filing an answer or other response expired on (*specify date*): 08/02/2023

6.  No answer or other response has been filed or served by Defendant.

7.  The default of Defendant:

    a.  ☐ Has not yet been entered, but is requested

    b.  ☒ Was entered on (*specify date*): 08/22/2023

8.  **A Status Conference:**

    a.  ☐ Is scheduled for (*specify date, time, and place*): _____
        _____

    b.  ☒ Was held on (*specify date, time, and place*): 11/26/2023 at 1:30 pm, Courtroom 5C, 411 W.
        Fourth Street, Santa Ana, California 92701

9.  As proof that Plaintiff is entitled to the relief requested in the complaint, Plaintiff:

    a.  ☒ Relies on the complaint and attached documents.

    b.  ☒ Attaches the following documents to establish a *prima facie* case:

        (1) ☒ Declaration of (*specify*): Shantal Malmed

        (2) ☐ Declaration of (*specify*): _____

        (3) ☒ Other (*specify*): Request for Judicial Notice

10. As further support for entry of a default judgment, Plaintiff submits a memorandum of points and authorities (optional).

11. **DECLARATION OF NON-MILITARY STATUS (**Servicemembers Civil Relief Act, 50 U.S.C. chapter 50 (§§ 3901-4043)).  The undersigned party or counsel declares under penalty of perjury, with respect to each Defendant against whom a default judgment is sought by this motion:

    a.  ☒ Defendant is not currently in military service.  The facts that support this statement are as follows (*see the court's website for information about how to verify non-military status*):
        The Plaintiff has received no notice from the Defendant claiming that it is currently in military service and knows of no facts that support this claim.

    b.  ☐ Defendant is currently in military service.  The facts that support this statement are as follows (*if this box is checked, the plaintiff must attach a supplement to this motion addressing the requirements in 50 U.S.C. § 3931(b)(2) to appoint an attorney for the Defendant before entering a judgment*):

    c.  ☐ I am unable to determine whether or not Defendant is in military service.  The facts that support this statement are as follows (*if this box is checked, the plaintiff must attach a supplement to this motion addressing the bond requirement in 50 U.S.C. § 3931(b)(3)*):

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2017*                                          Page 2                                          **F 7055-1.2.DEFAULT.JMT.MOTION**

12.  Defaulting party is not an infant or incompetent party.


Plaintiff requests that this court enter a default judgment in favor of Plaintiff.  A copy of the lodged proposed default judgment is attached as Exhibit A.


Date:  __4/5/2024_____

Respectfully submitted,

Danning, Gill, Israel & Krasnoff, LLP
_____
Printed name of law firm


 /s/ Shantal Malmed
_____
Signature

Shantal Malmed
_____
Name of Attorney for Plaintiff or Plaintiff

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2017                                    Page 3                          **F 7055-1.2.DEFAULT.JMT.MOTION**

# **TABLE OF CONTENTS**

**Page**

I.  STATEMENT OF FACTS ...................................................................................................4

    A.    Bankruptcy Background ...........................................................................4

    B.    Denial of Debtor's Discharge .................................................................4

    C.    Adversary Proceeding and Complaint .....................................................4

    D.    Allegations and Facts ...............................................................................5

        1.    J-Pad Transfers .........................................................................7

        2.    J-Pad Postpetition Transfers ....................................................8

II.  ARGUMENT ...................................................................................................................9

    A.    A Default Judgment Should be Entered against the Defendant Because It's Default Has Been Entered ...................................................9

    B.    The Standard on a Motion for Default Judgment ........................................9

    C.    The *Eitel v. McCool* Factors Favor Granting Default Judgment ..............................10

        1.    The possibility of prejudice to the Plaintiff ..................................11

        2.    The merits of the plaintiff's substantive claim ...............................11

        3.    The sufficiency of the complaint .....................................................16

        4.    The sum of money at stake in the action .........................................16

        5.    The possibility of a dispute concerning material facts ..................17

        6.    Whether the default was due to excusable neglect .......................17

III.  CONCLUSION..............................................................................................................17

DECLARATION OF SHANTAL MALMED ........................................................................18

REQUEST FOR JUDICIAL NOTICE ..................................................................................20

1

# TABLE OF AUTHORITIES

**Page**

2

3

## CASES

4

*Burns v. Radovich*
    77 Cal. App. 2d 697, 176 P.2d 77 (Cal. 1947) ................................................................ 13

5

*Cripps v. Life Ins. Co. of N. America*
    980 F.2d 1261 (9th Cir. 1992) .................................................................................... 10

6

7

*Doe v. Qi*
    349 F. Supp. 2d 1258 (N.D. Cal. 2004)........................................................................ 10

8

*Eitel v. McCool*
    782 F.2d 1470 (9th Cir. 1986) ......................................................................... 10, 11, 16

9

10

*Geddes v. United Financial Group*
    559 F.2d 557 (9th Cir. 1977) ...................................................................................... 9, 10

11

*Hyman v. Porter (In re Porter)* 37 B.R. 56 (Bankr. E.D. Va. 1984) ..................................... 13, 14

12

*In re Acequia*
    34 F.3d 800 (9th Cir. 1994) ...................................................................................... 13

13

14

*In re Allen*
    217 B.R. 952 (Bankr.M.D. Fla.1998) ......................................................................... 16

15

*In re JTS Corp.*
    617 F.3d 1102 (9th Cir. 2010) ................................................................................. 11

16

17

*In re Kranich*
    53 B.R. 821 (Bankr. M.D. Fla. 1985) ......................................................................... 13

18

*In re Montross*
    209 B.R. 943 (B.A.P. 9th Cir. 1997) ......................................................................... 16

19

20

*In re Mora*
    199 F.3d 1024 (9th Cir. 1999) ................................................................................. 16

21

*In re Sherman*
    67 F.3d 1348 (8th Cir. 1995) .................................................................................... 13

22

23

*In re United Energy Corp.*
    944 F.2d 589 (9th Cir. 1991) .................................................................................... 11

24

*Kaisha v. Dodson*
    423 B.R. 888 (N.D. Cal. 2010) ................................................................................. 15

25

26

*Max Sugarman Funeral Home, Inc. v. A.D.B. Investors*
    926 F.2d 1248 (1st Cir. 1991) .................................................................................. 13

27

28

*PepsiCo, Inc. v. California Sec. Cans*
    238 F. Supp. 2d 1172 (C.D. Cal. 2002) ...................... 16

*United States v. May*
    600 F. Supp. 339 (S.D. Cal. 1984) ........................ 15

*Walters v. Statewide Concrete Barrier, Inc.*
    No. C 04-2559 JSW, 2006 WL 2527776, 4 (N.D. Cal. Aug. 30, 2006) .............. 16

## STATUTES

11 U.S.C. § 101(31) ........................................... 13

11 U.S.C. § 544 .............................................. 11

11 U.S.C. § 549(a) ........................................... 16

11 U.S.C. § 550 .............................................. 11

11 U.S.C. § 550(a) ........................................... 16

11 U.S.C. § 550(a)(1) ........................................ 16

Cal. Civ. Code § 3439.04 ..................................... 13

Cal. Civ. Code § 3439.04(a)(1) ........................... 11, 12

Cal. Civ. Code § 3439.04(b) .............................. 12, 13

## OTHER AUTHORITIES

10A Charles Alan Wright, et al., *Federal Practice And Procedure: Civil* § 2688 (3d 1998) ......... 10

James Wm. Moore, *Moore's Federal Practice* § 55.32[1][a] (3rd ed. 2012) .................. 9

## RULES

Fed. R. Bankr. P. 7008 ....................................... 10

Fed. R. Bankr. P. 7055 ........................................ 9

Fed. R. Civ. P. 55 ............................................ 9

Fed. R. Civ. P. 55(b)(2) ...................................... 9

Fed. R. Civ. P. 8(b)(6) ...................................... 10

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

## STATEMENT OF FACTS

**A.    Bankruptcy Background**

On or about July 9, 2021 (the "Petition Date"), Jamie Lynn Gallian (the "Debtor") commenced this case by filing a voluntary petition for relief under Chapter 7 of the Code.  A copy of the Debtor's Chapter 7 petition is attached as Exhibit 1 to the Request for Judicial Notice ¶ 3.

Jeffrey I. Golden thereafter accepted appointment as the Chapter 7 trustee for the Debtor's bankruptcy estate and continues to serve in that capacity for the benefit of creditors.

**B.    Denial of Debtor's Discharge**

On October 18, 2021, Houser Bros. Co ("Houser") filed a complaint against the Debtor and initiated *Houser Bros. Co. v. Gallian*, Adv. Proc. No. 8:21-ap-01097-SC (the "Houser Lawsuit").[1]

The Houser Lawsuit went to trial on April 26, 2023 (Houser Lawsuit, *docket no. 68*).[2]

On May 23, 2023, the Court entered its memorandum of decision after trial (the "Houser Memorandum Decision") (Houser Lawsuit, *docket no. 81*).[3]

On July 7, 2023, the Court entered judgment denying the Debtor's discharge pursuant to 11 U.S.C. §§ 727(a)(2)(A), (a)(4), and (a)(5) (Houser Lawsuit, *docket no. 100*).[4]

**C.    Adversary Proceeding and Complaint**

On June 30, 2023, the Trustee initiated this adversary proceeding by filing a *Complaint: (1) to Avoid and Recover Fraudulent Transfers; (2) to Avoid and Recover Postpetition Transfers; (3) for Declaratory Relief; (4) for Breach of Contract; (5) for Money Had and Received; and (6) Unjust Enrichment* (the "Complaint") against J-Pad LLC (the "Defendant" or "J-Pad"), J-Sandcastle Co., LLC, Ronald J. Pierpoint, Steven D. Gallian, Brian J. Gallian, Justin Barclay,

---

[1] Request for Judicial Notice ¶ 4.

[2] Request for Judicial Notice ¶ 8.

[3] Request for Judicial Notice ¶ 9.

[4] Request for Judicial Notice ¶ 12.

1  Robert J. McLelland, and E. J. Gallian (*adv. docket no. 1*).  A copy of the Complaint is attached to

2  the Request for Judicial Notice as Exhibit 13.

3       The *Summons and Notice of Status Conference in Adversary Proceeding [LBR 7004-1]* (the

4  "Summons") was served by mail on the Defendant on July 6, 2023 (*adv. docket nos. 3, 5 and 6*).  A

5  copy of the Summons and proof of service thereof is attached to the Request for Judicial Notice as

6  Exhibit 14.

7       The deadline for the Defendant to file and serve a written response to the Complaint was

8  August 2, 2023.  No answer or other responsive pleading has been filed or served by the Defendant.

9       On August 22, 2023, the Court entered default against the Defendant (*adv. docket nos. 29,*

10  *30, and 31*).  A copy of the Notice of Entry of Default thereof is attached to the Request for Judicial

11  Notice as Exhibit 16.

12  **D.    <u>Allegations and Facts</u>**

13       J-Pad was a California limited liability company, with its principal place of business located

14  in in the County of Orange, State of California. The Debtor is the sole member and manager of J-

15  Pad.  Complaint ¶ 4.[5]

16       Up to and until about October 31, 2018, the Debtor lived at 4476 Alderport Drive, Unit 53,

17  Huntington Beach, CA 92649 ("Alderport Property"), which she received as a gift in 2017 from her

18  stepmother, Sandra Bradley ("Ms. Bradley").  The Debtor always held title to the Alderport

19  Property in her own name.  Complaint ¶ 14.

20       On or about October 31, 2018, the Debtor sold the Alderport Property to Randall Nickell

21  for $379,000, which he paid for in two cashier's checks payable to the Debtor, individually.

22  Complaint ¶ 15.

23       The Debtor deposited the funds from Mr. Nickell for the Alderport Property into a Chase

24  Bank account in her name.  Complaint ¶ 16.

25

26

27  _____

[5] See Trial Transcript, case no. 8:21-bk-11710, Houser Lawsuit, docket no. 72, pages 104, 135-136
28  (Debtor testified she is the member and 100% owner).

1767984.12  27064                                    5

1       Thereafter, the Debtor used $185,000 of the proceeds from the sale of the Alderport

2  Property to purchase a manufactured home located at 16222 Monterey Lane, Space #376,

3  Huntington Beach, CA 92649 (the "Property") from Lisa Ryan.  Complaint ¶ 17.[6]

4       The Debtor paid Ms. Ryan the first $10,000 on November 1, 2018, and the $175,000

5  balance of the purchase price for the Property on November 17, 2018.  Complaint ¶ 18.

6       Even though the Debtor paid for the Property with proceeds from the sale of her Alderport

7  Property deposited into a bank account in her own name, the Debtor transferred title to, and the

8  beneficial interest in, the Property to J-Sandcastle.  Complaint ¶ 19.[7]

9       At the time Debtor transferred the Property to J-Sandcastle, she was being sued in multiple

10  actions and judgments were later entered against her as follows (Complaint ¶ 20 (a)-(e)):

11     (a)    On November 8, 2018, in Case No. 30-2017-00913985, the Orange County Superior

12  Court ("OCSC") granted a motion by the Huntington Beach Gables Homeowners Association

13  ("HOA") for attorney's fees against the Debtor, and on December 4, 2018, the OCSC entered an

14  order on the motion, which reflected that the HOA had been awarded $46,138 of attorney's fees

15  against the Debtor, plus interest.[8]

16     (b)    On May 6, 2019, in Case No. 30-2017-00913985, the HOA obtained judgment

17  against the Debtor in excess of $315,000.

18     (c)    On September 27, 2018, in Case No. 30-2017-00962999, the OCSC imposed $3,070

19  of sanctions against the Debtor.

20     (d)    On March 21, 2019, in Case No. 30-2017-00962999, the HOA obtained a money

21  judgment against the Debtor for $9,265.

22     (e)    To date, the Debtor has paid approximately $1,295 on account of all these

23  judgments and orders.

24

25  [6] See Exhibit 12 to the Request for Judicial Notice, page 267.  See also Trial Transcript, case no.

26  8:21-bk-11710, Houser Lawsuit, docket no. 72, pages 22-23.

27  [7] See Exhibit 12 to the Request for Judicial Notice, page 267.

28  [8] See Request for Judicial Notice ¶ 2.

1.    **J-Pad Transfers**

At about the time that the Debtor purchased the Property, she sought to conceal the equity in the Property by granting a lien for $225,000 on the Property in favor of J-Pad.  Complaint ¶ 27.[9]

On November 16, 2018, the Debtor, as the sole member of J-Sandcastle, executed a secured promissory note in the amount of $225,000 between J-Pad and J-Sandcastle.  J-Pad was the lender and J-Sandcastle was the borrower.[10] The secured promissory note is secured by a separate security agreement dated November 16, 2018, reflecting a security interest in the Property between J-Sandcastle and J-Pad (the "First J-Pad Transfer") (the "First J-Pad Transfer").  Complaint ¶ 28.[11]

On January 14, 2019, the Debtor individually and through J-Pad filed not less than three UCC-1 Financing Statements with the California Secretary of State listing J-Pad as the secured party and the collateral as the Property (collectively, the "Fourth J-Pad Transfer").  A UCC filing failed to perfect liens against the Property.  Complaint ¶ 32.[12]

Thereafter, on August 20, 2020, the Debtor signed a "Statement to Encumber" that was submitted to the HCD to add the Debtor's ex-husband, Ronald J. Pierpont, and J-Pad as lienholders on the certificate of title for the Property (the "Fifth J-Pad Transfer").  Complaint ¶ 33.[13]

---

[9] See Exhibit 12 to the Request for Judicial Notice, page 268.

[10] See Exhibit 12 to the Declaration of Shantal Malmed, page 268.

[11] See Exhibit 12 to the Request for Judicial Notice, page 268.  In addition, in the Houser Memorandum Decision, the Court found that "in late 2018, [the Debtor] also executed a promissory note and security agreement on the mobile home by and between two entities that she managed, J-Sandcastle and J-Pad, LLC. ("J-Pad"). J-Sandcastle was the borrower and J-Pad the lender. The agreement required J-Sandcastle to pay J-Pad $225,000 for a purported loan; however, J-Pad did not loan any money to J-Sandcastle. Trial Transcript, Dk. 72, Pg. 66. [the Debtor] herself made the loan to J-Sandcastle, though the loan was initially in the amount of $175,000 Defendant did not fund the balance of the $225,000 loan until approximately 6 months later." Exhibit 12 to the Request for Judicial Notice, page 268 (lns. 15-22).  See also Exhibit 11 to the Request for Judicial Notice at page 254 (lns. 22-25) and page 255 (lns. 1-5).

[12] See Exhibit 3 to the Declaration of Shantal Malmed.

[13] See Exhibit 4 to the Declaration of Shantal Malmed, page 109.

1767984.12  27064                                    7

Thereafter, as of February 24, 2021, the certificate of title to the Property reflected that Mr. Pierpont and J-Pad were the "legal owners" (i.e., the lienholders) on the Property.  Complaint ¶ 34.[14]

On or about July 9, 2021, however, Mr. Pierpont submitted a signed "Lien Satisfied" form to the HCD removing Mr. Pierpont and J-Pad as the lienholders on the Property.[15]  Complaint ¶ 35.

### 2.   J-Pad Postpetition Transfers

Thereafter, as of August 3, 2021, the certificate of title to the Property did not reflect any "legal owners" (i.e., lienholders) on the Property.  Complaint ¶ 36.[16]

On or about August 6, 2021 (postpetition), the Debtor, individually, signed and submitted a "Statement of Facts" to the HCD stating that the legal owner of the Property was J-Pad and that J-Pad perfected its lien on January 14, 2019 (the "Sixth J-Pad Transfer").  Complaint ¶ 37.[17]

The Debtor also submitted with the August 6, 2021, Statement of Facts a "Statement to Encumber" purportedly signed on January 14, 2019, reflecting that the "legal owner" of the Property was only J-Pad (the "Seventh J-Pad Transfer").  Complaint ¶ 38.[18]

The First, Fourth, Fifth, Sixth, and Seventh J-Pad Transfers are collectively referred to as the "J-Pad Transfers".

J-Pad paid no consideration for the J-Pad Transfers.  Complaint ¶ 40.[19]

On September 8, 2021, September 12, 2021, and September 24, 2021, the Debtor, individually and/or through J-Pad or J-Sandcastle, purported to perfect or create additional liens on the Property in favor of J-Pad, Steven Gallian, Brian Gallian, Justin Barclay, Ronald J. Pierpont, Robert J. McLelland, and E. J. Gallian by filing multiple UCC Financing Statement Amendments

---

[14] See Exhibit 5 to the Declaration of Shantal Malmed, page 124, 128, and 130.

[15] See Exhibit 5 to the Declaration of Shantal Malmed, page 132.

[16] See Exhibit 6 to the Declaration of Shantal Malmed, page 148.

[17] See Exhibit 6 to the Declaration of Shantal Malmed, page 151.

[18] See Exhibit 6 to the Declaration of Shantal Malmed, page 152.

[19] See Exhibit 12 to the Request for Judicial Notice, page 268.

1  (UCC3) with the California Secretary of State listing J-Pad, Steven Gallian, Brian Gallian, Justin

2  Barclay, Mr. Pierpont, Robert J. Mclelland, and E. J. Gallian as additional secured parties

3  (collectively, the "Postpetition Transfers"). The UCC filings failed to perfect liens against the

4  Property.  Complaint ¶ 44.[20]

5       The Sixth J-Pad Transfer, the Seventh J-Pad Transfer and the Postpetition Transfers stated

6  in Complaint ¶ 37-38 and ¶ 44 are collectively referred to as the "J-Pad Postpetition Transfers".

7  **II.**

8  **ARGUMENT**

9  **A.     A Default Judgment Should be Entered against the Defendant Because It's Default**

10  **Has Been Entered**

11       Rule 7055 of the Federal Rules of Bankruptcy Procedure provides that Fed. R. Civ. P. 55

12  applies in adversary proceedings.  Rule 55 of the Federal Rules of Civil Procedure governs the

13  entry of default and default judgment.  With respect to the entry of default judgment, Rule 55(b)(2)

14  provides that a judgment by default may be entered by the Court against a defendant who has been

15  defaulted, that the party entitled to such judgment by default shall apply to the Court, and that no

16  judgment by default shall be entered against an infant or an incompetent person unless represented

17  in the action by a general guardian, conservator, or other fiduciary who has appeared.

18       The entry of a default judgment against the Defendant is appropriate because default has

19  been entered against it due to its failure to plead or otherwise defend in response to the Complaint.

20  **B.     The Standard on a Motion for Default Judgment**

21       "The effect of an entry of default, if not set aside, is to establish the liability of the

22  defaulting party as a basis for default judgment.  After defaulting, a party has no right to dispute the

23  issue of liability."  James Wm. Moore, *Moore's Federal Practice* § 55.32[1][a] (3rd ed. 2012).

24  "On a motion for default judgment, the well-pleaded facts in the complaint relating to liability are

25  taken as true."  *Id.* (citing *Geddes v. United Financial Group*, 559 F.2d 557, 560 (9th Cir. 1977)).

26  Once a party's default has been entered, the factual allegations in the complaint, except those

27

28  _____

[20] See Exhibit 7 to the Declaration of Shantal Malmed.

1   concerning damages, are deemed to have been admitted by the non-responding party.  Fed. R. Civ.

2   P. 8(b)(6); *Geddes,* 559 F.2d at 560 (stating the general rule that "upon default[,] the factual

3   allegations of the complaint, except those relating to the amount of damages, will be taken as

4   true").  Despite this fact, the court must still "consider whether the unchallenged facts constitute a

5   legitimate cause of action," since a party in default does not admit mere conclusions of law."  10A

6   Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice And Procedure: Civil*

7   § 2688 (3d 1998) (footnote omitted); *Cripps v. Life Ins. Co. of N. America*, 980 F.2d 1261, 1267

8   (9th Cir. 1992) ("[N]ecessary facts not contained in the pleadings, and claims which are legally

9   insufficient, are not established by default"); *Doe v. Qi*, 349 F. Supp. 2d 1258, 1272 (N.D. Cal.

10  2004) ("[Although] the factual allegations of [the] complaint together with other competent

11  evidence submitted by the moving party are normally taken as true . . . this Court must still review

12  the facts to insure that the Plaintiffs have properly stated claims for relief").  Also, Federal Rule of

13  Civil Procedure 8(b)(6), made applicable herein by Federal Rule of Bankruptcy Procedure 7008,

14  provides that "[a]n allegation – other than one relating to the amount of damages – is admitted if a

15  responsive pleading is required and the allegation is not denied."

16      Nevertheless, it is within the Court's discretion whether to enter a default judgment.  The

17  Ninth Circuit has instructed that the following factors be considered: the possibility of prejudice to

18  the plaintiff; the merits of the plaintiff's substantive claim; the sufficiency of the complaint; the

19  sum of money at stake in the action; the possibility of a dispute concerning material facts; whether

20  the default was due to excusable neglect; and the strong policy favoring decisions on the merits.

21  *Eitel v. McCool,* 782 F.2d 1470, 1471-72 (9th Cir. 1986).

22  **C.    The *Eitel v. McCool* Factors Favor Granting Default Judgment**

23      *Eitel* provided various factors that the Court should consider in ruling on a motion for

24  default judgment.  *Eitel*, 782 F.2d at 1471.  The Ninth Circuit has instructed that courts consider

25  the following factors in deciding whether to enter default judgment: (1) the possibility of

26  prejudice to plaintiff; (2) the merits of plaintiff's substantive claims; (3) the sufficiency of the

27  complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute

28

1  concerning the material facts; (6) whether defendant's default was the product of excusable

2  neglect; and (7) the strong public policy favoring decisions on the merits. *Id.*, at 1471-72.

3    **1.    The possibility of prejudice to the Plaintiff**

4    Absent a default judgment, the Plaintiff will be unable to avoid and preserve any liens that

5  were created by the J-Pad Transfers and the J-Pad Postpetition Transfers.  The Plaintiff believes

6  that avoiding and preserving the liens is in the best interest of the estate and its creditors and will

7  permit the Trustee to administer the property for the benefit of the estate and creditors.

8    **2.    The merits of the plaintiff's substantive claim**

9    The Complaint alleges ten claims for relief.  The first four claims for relief are based on

10  recovery of fraudulent or voidable transfers.  The fifth claim is for avoidance and recovery of

11  postpetition transfers, and the sixth claim is for declaratory relief, the seventh claim is for turnover

12  and the eight claim is for breach of contract and the ninth and tenth claims are for unjust

13  enrichment.  The Plaintiff only seeks relief against the Defendant as to the first and fifth claims for

14  relief.  If the requested relief is granted, the Plaintiff intends to dismiss his remaining claims against

15  the Defendant.

16    **(a)    Fraudulent or Avoidable Claims**

17    A trustee or debtor in possession may avoid a fraudulent transfer of property if that transfer

18  is avoidable under applicable state law or federal law. 11 U.S.C. § 544;  *In re JTS Corp.*, 617 F.3d

19  1102, 1111 (9th Cir. 2010) (citing *In re United Energy Corp.,* 944 F.2d 589, 593 (9th Cir. 1991)).

20  11 U.S.C. § 550 provides that "to the extent that a transfer is avoided under section 544...[or]

21  548...the trustee may recover, for the benefit of the estate, the property transferred, or, if the court

22  orders, the value of such property."

23    **i.    The Fraudulent J-Pad Transfers are Avoidable Under California**

24    **Civil Code § 3439.04(a)(1) – First Claim for Relief**

25    California Civil Code § 3439.04(a)(1), made applicable by 11 U.S.C. § 544, provides that

26    (a) A transfer made or obligation incurred by a debtor is fraudulent as
      to a creditor, whether the creditor's claim arose before or after the
27    transfer was made or the obligation was incurred, if the debtor made
      the transfer or incurred the obligation as follows:

28

(1) With actual intent to hinder, delay, or defraud any creditor of the debtor.

Cal. Civ. Code § 3439.04(a)(1).

Here, the Trustee pled in the Complaint, and the Debtor's schedules and the Court's Claims Register further reveal, that there are actual creditors that were harmed by the J-Pad Transfers.[21]

In determining actual intent to hinder, delay or defraud, Cal. Civ. Code § 3439.04(b) provides that consideration may be given, among other factors, to any of the following:

(1)     Whether the transfer or obligation was to an insider.

(2)     Whether the debtor retained possession or control of the property transferred after the transfer.

(3)     Whether the transfer or obligation was disclosed or concealed.

(4)     Whether before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit.

(5)     Whether the transfer was of substantially all the debtor's assets.

(6)     Whether the debtor absconded.

(7)     Whether the debtor removed or concealed assets.

(8)     Whether the value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred.

(9)     Whether the debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred.

(10)    Whether the transfer occurred shortly before or shortly after a substantial debt was incurred.

(11)    Whether the debtor transferred the essential assets of the business to a lienholder who transferred the assets to an insider of the debtor.

Cal. Civ. Code § 3439.04(b).

---

[21] See Exhibits "8," "9," and "10" to the Request for Judicial Notice.

1    According to the 1986 Legislative Committee Comment of the California Assembly to Civil

2    Code § 3439.04, the presence of one or more of these badges of fraud does not create a

3    presumption of fraud, but is evidence from which an inference of fraudulent intent may be drawn.

4    *See also Burns v. Radovich*, 77 Cal. App. 2d 697, 176 P.2d 77, 81 (Cal. 1947) ("Indicia of fraud

5    when considered separately may be insufficient to establish fraud but, when considered together,

6    by their number and association may suffice as strong evidence of fraudulent intent").  Courts have

7    recognized that the existence of several badges of fraud can constitute conclusive evidence of

8    actual intent to defraud, absent "significantly clear" evidence of a legitimate supervening purpose.

9    *See, e.g.*, *In re Acequia*, 34 F.3d 800, 804 (9th Cir. 1994), quoting *Max Sugarman Funeral Home,*

10   *Inc. v. A.D.B. Investors*, 926 F.2d 1248, 1254 (1st Cir. 1991); *accord In re Sherman*, 67 F.3d 1348,

11   1354 (8th Cir. 1995); *see also In re Kranich*, 53 B.R. 821, 823 (Bankr. M.D. Fla. 1985).  Once a

12   trustee establishes indicia of fraud, the burden shifts to the transferee to prove some "legitimate

13   supervening purpose" for the transfers at issue.  *In re Acequia*, 34 F.3d 800, 806 (9th Cir. 1994).

14   In the case at bar, there are a number of badges of fraud that lead to the conclusion of such

15   fraudulent intent in the J-Pad Transfers.  These badges include:

16   **A)    J-Pad is an Insider of the Debtor**

17   Section 3439.04(b) does not define the term "insider."  However, the definition of "insider"

18   under the Bankruptcy Code, for an individual, includes a "corporation of which the debtor is a

19   director, officer, or person in control." 11 U.S.C. § 101(31).  The Bankruptcy Code further provides

20   that the definition of "corporation" includes unincorporated limited liability companies.  *See* 11

21   U.S.C. § 101(9)(A)(4).  In addition, where a transfer is between related parties, the transfer is

22   subject to close scrutiny and gives rise to a presumption of actual fraudulent intent if the transfer is

23   without adequate consideration.  *See Hyman v. Porter (In re Porter)*, 37 B.R. 56, 60-61 (Bankr.

24   E.D. Va. 1984).

25   In the case at bar, as alleged in the Complaint, the Debtor is the member and manager of the

26

27

28

1   Defendant.  See Complaint ¶ 4.[22]  Therefore, the Defendant was an insider of the Debtor at the time

2   the J-Pad Transfers were made.  The presumption of fraudulent intent establishes the Trustee's

3   prima facie case and shifts the burden of proof to establish the absence of fraudulent intent to the

4   Debtor.  *Hyman*, 37 B.R. at 60-61.

5               **B)      The J-Pad Transfers Were Made for No Consideration**

6          In addition to the above, the transfers at issue were made with no consideration, as alleged

7   in the Complaint (Complaint ¶ 40).  As discussed above, the Defendant did not provide any

8   consideration for the J-Pad Transfers.

9               **C)      The Debtor Retained Possession or Control of the
                          Property**

10
          The Debtor also retained possession and control of the Property following the transfers.

11
    The Debtor's control is seen in the Debtor's ongoing residence of the Property, including on the

12
    Petition Date.[23]

13
                **D)      The Debtor Concealed Assets**

14
          The Debtor was the manager and member of the Defendant transferee.  The Debtor

15
    concealed her equity interest in the Property by granting the liens to J-Pad, and others as alleged in

16
    the Complaint, and further claiming in her schedules that J-Pad (i.e. the Defendant) had a $175,000

17
    lien on the Property.[24]  Furthermore, this Court has already found that the Debtor made the J-Pad

18
    Transfers with the actual intent to defraud the Debtor's creditors, stating in the Houser

19
    Memorandum Decision that:

20
                     facts were presented to the Court demonstrating that [the Debtor]
21                   further concealed her equity in the property through the granting of
                     liens to her business entities and family members…for example, in
22                   late 2018, [the Debtor] also executed a promissory note and security
                     agreement on the mobile home by and between two entities that she
23                   managed, J-Sandcastle and J-Pad, LLC. ("J-Pad").  J-Sandcastle was
                     the borrower and J-Pad the lender.  The agreement required J-
24                   Sandcastle to pay J-Pad $225,000 for a purported loan; however, J-

25  _____
    [22]  See Trial Transcript, case no. 8:21-bk-11710, Houser Lawsuit, docket no. 72, pages 104, 135-
26  136 (Debtor testified she is the member and 100% owner).

27  [23] See Exhibit 1 to the Request for Judicial Notice, page 24.

28  [24] See Exhibit 1 to the Request for Judicial Notice, page 43.

Pad did not loan any money to J-Sandcastle….[the Debtor] herself
made the loan to J-Sandcastle, though the loan was initially in the
amount of $175,000 [the Debtor] did not fund the balance of the loan
until approximately 6 months later…None of the foregoing
information regarding the timing of funding, or source of funding,
was reflected in the executed documents. In her petition, [the Debtor]
scheduled J-Pad as a secured creditor, continuing the ongoing
concealment of her true interest in the loan…[25]

Additionally, the HOA Lawsuit was still pending when the Debtor caused the First J-Pad

Transfer, and the Fourth J-Pad Transfer to be executed in favor of the Defendant.  On May 6, 2019,

the HOA obtained the HOA Judgment against the Debtor in the amount of judgment in excess of

$315,000.  The J-Pad Transfers were made to conceal the equity in the Property from the HOA and

with actual intent to hinder, delay and defraud the Debtor's creditors, including the HOA.

### E) The Debtor Had Been Sued Before the J-Pad Transfers Were Made

Courts have found fraudulent intent where a lawsuit was imminent at the time of the subject

transfer.  *United States v. May*, 600 F. Supp. 339, 342 (S.D. Cal. 1984); *see also Kaisha v. Dodson*,

423 B.R. 888, 901 (N.D. Cal. 2010).

The Debtor's Statement of Financial Affairs reflect that the Debtor was the defendant in

*Huntington Beach Gables Homeowners Association vs. Jamie Lynn Gallian*, Case No. 30-20170-

00962999-CU-HR-CJC, filed on April 11, 2017.[26]  The Debtor was also one of the defendants in

*Huntington Beach Gables Homeowners Association vs. Sandra Bradley et al.*, Case No. 30-2017-

00913985-CU-CO-CJC, filed on December 22, 2017.  The Debtor made the J-Pad Transfers on

November 16, 2018, January 14, 2019, August 20, 2020, December 4, 2020, July 9, 2021, August

3, 2021, August 6, 2021, September 8, 2021, September 12, 2021, and September 24, 2021,

respectively.  The Debtor executed the J-Pad Transfers after the Debtor had been sued in the

aforementioned lawsuits.  Accordingly, the lawsuits establish that the J-Pad Transfers were made

by the Debtor with actual intent to hinder, delay, or defraud the Debtor's creditors.

---

[25] See Exhibit 12 to the Request for Judicial Notice, page 268 (lns. 12-22) and page 269 (lns. 1-3).

[26] See Exhibit 1 to the Request for Judicial Notice at page 66.

  **(b)**  **Avoidance and Recovery of J-Pad Postpetition Transfers – Fifth Claim**

    **for Relief**

   11 U.S.C. § 549(a) of the Code permits the trustee to avoid a postpetition transfer of estate property, and section 550(a)(1) permits a trustee to recover the amount of the avoidable transfer from the initial transferee. 11 U.S.C. §§ 549(a), 550(a); *In re Montross*, 209 B.R. 943, 947–48 (B.A.P. 9th Cir. 1997). If a trustee seeks to recover a postpetition transfer under section 549, the trustee must show that a postpetition transfer occurred. *In re Allen*, 217 B.R. 952, 955 (Bankr.M.D. Fla.1998); *In re Mora*, 199 F.3d 1024, 1026 (9th Cir. 1999). The trustee must also show that the transfer was not authorized by either the bankruptcy court or the Code. 11 U.S.C. § 549(a). *In re Mora*, 199 F.3d 1024, 1026 (9th Cir. 1999).

   Here, the Petition Date was July 9, 2021 and the J-Pad Postpetition Transfers were all executed on August 6, 2021, September 8, 2021, September 12, 2021, and September 24, 2021, and respectively. Debtor caused the J-Pad Postpetition Transfers to occur after the Petition Date and the J-Pad Postpetition Transfers were all executed after the Petition Date. The Court did not enter any court orders on the docket authorizing the J-Pad Postpetition Transfers. Thus, the Trustee may avoid and preserve the J-Pad Postpetition Transfers. 11 U.S.C. § 549(a).

   **3.**  **The sufficiency of the complaint**

   The well-pleaded facts in the Complaint as to liability are taken as true.

   **4.**  **The sum of money at stake in the action**

   The fourth *Eitel* factor balances "the amount of money at stake in relation to the seriousness of the [d]efendant[s'] conduct." *PepsiCo, Inc. v. California Sec. Cans*, 238 F. Supp. 2d 1172, 1176 (C.D. Cal. 2002); *Eitel* 782 F.2d at 1471-72. This determination requires an examination of the recovery sought in light of the subject conduct to determine whether the remedy requested is appropriate. *Walters v. Statewide Concrete Barrier, Inc.*, No. C 04-2559 JSW, 2006 WL 2527776, 4 (N.D. Cal. Aug. 30, 2006) ("If the sum of money at issue is reasonably proportionate to the harm caused by the defendant's actions, then default judgment is warranted").

   The Trustee's first claim for relief, relating to the First, Fourth, Fifth, Sixth and Seventh J-Pad Transfers, and the fifth claim for relief, relating to the Post-Petition Transfers (as to J-Pad), the

1    Trustee does not seek recovery of a sum certain.  Instead, the Trustee seeks to avoid and preserve

2    the liens that the Debtor placed on the Property in favor of the Defendant – J-Pad.  Therefore, the

3    recovery sought (i.e. avoiding and preserving the liens on the Property) is directly related to the

4    harm caused to the Debtor's creditors by the fraudulent and post-petition transfers thereof.

5         **5.**    **The possibility of a dispute concerning material facts**

6         Because the Defendant has failed to respond to the Complaint, the well-pleaded facts in the

7    Complaint as to liability are to be taken as true.  The Trustee has also provided additional evidence

8    herewith to support his claims against the Defendant.

9         **6.**    **Whether the default was due to excusable neglect**

10        After filing the Complaint, the Plaintiff served the Summons on the Defendant by mail.

11   The deadline for the Defendant to file and serve a written response to the Complaint was August 2,

12   2023.  No answer or other responsive pleading has been timely filed or served by the Defendant.

13        The Defendant has had ample time to timely answer the Complaint and failed to do so.  The

14   Defendant has defaulted.  The entry of default allows the Plaintiff to avoid the transfers at issue,

15   avoid and preserve the liens on the Property, and recover the sum of $225,000 from J-Pad for the

16   benefit of the estate and its creditors.

17        Based upon the above, the *Eitel* factors have been satisfied, and the Court should grant

18   entry of default judgment.

19                                    **III.**

20                               **CONCLUSION**

21        WHEREFORE, the Plaintiff requests that the Court grant its Motion in its entirety and enter

22   default judgment against the Defendant as requested herein.  The Plaintiff requests such other and

23   further relief that this Court may deem just and proper.

24   DATED:  April 5, 2024              DANNING, GILL, ISRAEL & KRASNOFF, LLP

25

26                          By:    _/s/ Shantal Malmed_____
                                   SHANTAL MALMED
27                                 Attorneys for Jeffrey I. Golden, Chapter 7 Trustee

28

1767984.12  27064                        17

## DECLARATION OF SHANTAL MALMED

I, Shantal Malmed, declare as follows:

1. I am an attorney duly admitted to practice before this Court. I am associated with Danning, Gill, Israel & Krasnoff, LLP, attorneys of record for Jeffrey I. Golden, Chapter 7 Trustee. I have personal knowledge of the facts set forth herein, and if called as a witness, I could and would competently testify thereto. I make this declaration in support of the Trustee's Motion for Default Judgment Against J-Pad LLC.

2. A true and correct copy of the secured promissory note executed by the Debtor on November 16, 2018 is attached hereto as Exhibit "2."

3. True and correct copies of the UCC-1 Financing Statements obtained from the California Secretary of State, filed on January 14, 2019 and purporting to create or perfect liens on the property located at 16222 Monterey Lane, Space #376, Huntington Beach, CA 92649 (the "Property") are attached hereto, collectively, as Exhibit "3."

4. A true and correct copy of the February 1, 2021 Transaction Report of the Property obtained from the California Department of Housing and Community Development (the "HCD") is attached hereto as Exhibit "4."

5. A true and correct copy of the July 14, 2021 Transaction Report of the Property obtained from the HCD is attached hereto as Exhibit "5."

6. A true and correct copy of the August 10, 2021 Transaction Report of the Property obtained from the HCD is attached hereto as Exhibit "6."

7. True and correct copies of the UCC-3 Financing Statements obtained from the California Secretary of State, filed on December 14, 2020, September 8, 2021 and December 12,

1  2021 and purporting to create or perfect liens on the Property are attached hereto, collectively, as

2  Exhibit "7."

3

4      I declare under penalty of perjury under the laws of the State of California that the

5  foregoing is true and correct.

6      Executed on this 5th day of April, 2024, at Los Angeles, California.

7

8  _____

9  Shantal Malmed

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1767984.11  27064                          19

**<u>REQUEST FOR JUDICIAL NOTICE</u>**

Jeffrey I. Golden, Chapter 7 Trustee (the "Trustee" or the "Plaintiff") hereby respectfully requests that the Court take judicial notice of the following facts pursuant to Fed. R. Evid. 201(d):

1.      On April 11, 2017, the Debtor was sued by the Huntington Beach Gables Homeowners Association ("HOA") in Case No. 30-2017-00913985 (the "HOA Lawsuit").

2.      On November 8, 2018, the Orange County Superior Court ("OCSC") granted a motion by the HOA for attorney's fees against the Debtor, and on December 4, 2018, the OCSC entered an order on the motion, which reflected that the HOA had been awarded $46,138 of attorney's fees against the Debtor, plus interest.  On May 6, 2019, the HOA obtained judgment against the Debtor in excess of $315,000 ("HOA Judgment").

3.      On or about July 9, 2021 (the "Petition Date"), Jamie Lynn Gallian (the "Debtor") commenced this case by filing a voluntary petition for relief under Chapter 7 of the Code.  A true and correct copy of the Debtor's Chapter 7 petition and schedules are attached hereto as Exhibit "1."

4.      On October 18, 2021, Houser Bros. Co ("Houser") filed a complaint against the Debtor and initiated *Houser Bros. Co. v. Gallian*, Adv. Proc. No. 8:21-ap-01097-SC (the "Houser Lawsuit"), seeking denial of the Debtor's discharge.

5.      On October 25, 2022, claimant The Huntington Beach Gables Homeowner's Association filed claim no. 1 in 8:21-bk-11710-SC.  A true and correct copy of the proof of claim is attached hereto as Exhibit "8."

6.      On October 25, 2022, claimant Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates filed claim no. 2 in 8:21-bk-11710-SC.  A true and correct copy of the proof of claim is attached hereto as Exhibit "9."

7.      On October 25, 2022, claimants Janine Jasso, Jennifer Paulin, Lori Burrett, Lee Gragnano, Lindy Beck, and Ted Phillips filed claim no. 4 in 8:21-bk-11710-SC.  A true and correct copy of the proof of claim is attached hereto as Exhibit "10."

8.      Houser and the Debtor went to trial in the Houser Lawsuit on April 26, 2023 (Houser Lawsuit, docket no. 68).  The trial transcript in the Houser Lawsuit was entered as Houser

1   Lawsuit, docket no. 72.  A true and correct copy of relevant pages of the trial transcript are attached

2   hereto as Exhibit "11."

3       9.      On May 23, 2023, the Court entered an order denying the Debtor's motion to amend

4   and vacate hearing and the memorandum decision after trial in the Houser Lawsuit (the "Houser

5   Memorandum Decision") (Houser Lawsuit, docket no. 81).  A true and correct copy of the Houser

6   Memorandum Decision is attached hereto as Exhibit "12."

7       10.     On June 30, 2023, the Trustee initiated this adversary proceeding by filing a

8   *Complaint: (1) to Avoid and Recover Fraudulent Transfers; (2) to Avoid and Recover Postpetition*

9   *Transfers; (3) for Declaratory Relief; (4) for Breach of Contract; (5) for Money Had and Received;*

10  *and (6) Unjust Enrichment* against J-Pad Co., LLC (the "Defendant") and several other defendants.

11  A true and correct copy of the June 30, 2023 Complaint underlying this action is attached hereto as

12  Exhibit "13."

13      11.     A *Summons and Notice of Status Conference in Adversary Proceeding [LBR 7004-*

14  *1]* (the "Summons") was served by mail on the Defendant on July 6, 2023.  A true and correct copy

15  of the Summons and proof of service is attached hereto as Exhibit "14."

16      12.     On July 7, 2023, the Court entered judgment in *Houser Bros. Co. v. Gallian* (Adv.

17  Proc. No. 8:21-ap-01097-SC) denying the Debtor's discharge pursuant to 11 U.S.C. §§

18  727(a)(2)(A), (a)(4), and (a)(5).  A true and correct copy of the judgment (Houser Lawsuit, docket

19  no. 100) is attached hereto as Exhibit "15."

20      13.     The deadline for the Defendant to file and serve a written response to the Complaint

21  was August 2, 2023.  No answer or other responsive pleading has been timely filed or served by the

22  Defendant.

23      14.     On August 22, 2023, the Court entered default against the Defendant.  A copy of the

24  Notice That Clerk Has Entered Default Against the Defendant is attached hereto as Exhibit "16."

25  DATED:  April 5, 2024                    DANNING, GILL, ISRAEL & KRASNOFF, LLP

26                                           By: _____

27                                               SHANTAL MALMED
                                                 Attorneys for Jeffrey I. Golden, Chapter 7 Trustee

28

21

# EXHIBIT 1

Fill in this information to identify your case:

United States Bankruptcy Court for the:

CENTRAL DISTRICT OF CALIFORNIA

Case number (if known) _____

Chapter you are filing under:

■ Chapter 7
☐ Chapter 11
☐ Chapter 12
☐ Chapter 13

FILED

JUL - 9 2021

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

☐ Check if this is an
amended filing

## Official Form 101
# Voluntary Petition for Individuals Filing for Bankruptcy

**04/20**

The bankruptcy forms use *you* and *Debtor 1* to refer to a debtor filing alone. A married couple may file a bankruptcy case together—called a *joint case*—and in joint cases, these forms use *you* to ask for information from both debtors. For example, if a form asks, "Do you own a car," the answer would be *yes* if either debtor owns a car. When information is needed about the spouses separately, the form uses *Debtor 1* and *Debtor 2* to distinguish between them. In joint cases, one of the spouses must report information as *Debtor 1* and the other as *Debtor 2*. The same person must be *Debtor 1* in all of the forms.

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

| Part 1: | Identify Yourself |
| --- | --- |

|  | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
| --- | --- | --- |
| **1. Your full name**<br><br>Write the name that is on your government-issued picture identification (for example, your driver's license or passport).<br><br>Bring your picture identification to your meeting with the trustee. | **Jamie**<br>First name<br><br>**Lynn**<br>Middle name<br><br>**Gallian**<br>Last name and Suffix (Sr., Jr., II, III) | _____<br>First name<br><br>_____<br>Middle name<br><br>_____<br>Last name and Suffix (Sr., Jr., II, III) |
| **2. All other names you have used in the last 8 years**<br>Include your married or maiden names. | **Jamie L Gallian** |  |
| **3. Only the last 4 digits of your Social Security number or federal Individual Taxpayer Identification number (ITIN)** | **xxx-xx-3936** |  |

Debtor 1    **Jamie Lynn Gallian** _____    Case number *(if known)* _____

| | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
|---|---|---|

**4.** **Any business names and Employer Identification Numbers (EIN) you have used in the last 8 years**

Include trade names and *doing business as* names

About Debtor 1:

■ I have not used any business name or EINs.

Business name(s)
_____

EIN
_____

About Debtor 2 (Spouse Only in a Joint Case):

☐ I have not used any business name or EINs.

Business name(s)
_____

EIN
_____

---

**5.** **Where you live**

**16222  Monterey  Ln. SP#376
Huntington  Beach,  CA  92649**
Number, Street, City, State & ZIP Code

**Orange**
County

**If your mailing address is different from the one above, fill it in here.** Note that the court will send any notices to you at this mailing address.

_____
Number, P.O. Box, Street, City, State & ZIP Code

If Debtor 2 lives at a different address:

_____
Number, Street, City, State & ZIP Code

_____
County

**If Debtor 2's mailing address is different from yours, fill it in here.** Note that the court will send any notices to this mailing address.

_____
Number, P.O. Box, Street, City, State & ZIP Code

---

**6.** **Why you are choosing *this district* to file for bankruptcy**

*Check one:*

■ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.

☐ I have another reason.
Explain. (See 28 U.S.C. § 1408.)

_____

*Check one:*

☐ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.

☐ I have another reason.
Explain. (See 28 U.S.C. § 1408.)

_____

---

24

Debtor 1    **Jamie Lynn Gallian**                                      Case number *(if known)* _____

| **Part 2:** | **Tell the Court About Your Bankruptcy Case** |

**7. The chapter of the Bankruptcy Code you are choosing to file under**

*Check one.* (For a brief description of each, see *Notice Required by 11 U.S.C. § 342(b) for Individuals Filing for Bankruptcy (Form 2010)).* Also, go to the top of page 1 and check the appropriate box.

■ Chapter 7
☐ Chapter 11
☐ Chapter 12
☐ Chapter 13

**8. How you will pay the fee**

■ **I will pay the entire fee when I file my petition.** Please check with the clerk's office in your local court for more details about how you may pay. Typically, if you are paying the fee yourself, you may pay with cash, cashier's check, or money order. If your attorney is submitting your payment on your behalf, your attorney may pay with a credit card or check with a pre-printed address.

☐ **I need to pay the fee in installments.** If you choose this option, sign and attach the *Application for Individuals to Pay The Filing Fee in Installments* (Official Form 103A).

☐ **I request that my fee be waived** (You may request this option only if you are filing for Chapter 7. By law, a judge may, but is not required to, waive your fee, and may do so only if your income is less than 150% of the official poverty line that applies to your family size and you are unable to pay the fee in installments. If you choose this option, you must fill out the *Application to Have the Chapter 7 Filing Fee Waived* (Official Form 103B) and file it with your petition.

**9. Have you filed for bankruptcy within the last 8 years?**

■ No.
☐ Yes.

| District | _____ | When | _____ | Case number | _____ |
| District | _____ | When | _____ | Case number | _____ |
| District | _____ | When | _____ | Case number | _____ |

**10. Are any bankruptcy cases pending or being filed by a spouse who is not filing this case with you, or by a business partner, or by an affiliate?**

■ No
☐ Yes.

| Debtor | _____ | | | Relationship to you | _____ |
| District | _____ | When | _____ | Case number, if known | _____ |
| Debtor | _____ | | | Relationship to you | _____ |
| District | _____ | When | _____ | Case number, if known | _____ |

**11. Do you rent your residence?**

■ No.    Go to line 12.
☐ Yes.   Has your landlord obtained an eviction judgment against you?

   ☐ No. Go to line 12.

   ☐ Yes. Fill out *Initial Statement About an Eviction Judgment Against You* (Form 101A) and file it as part of this bankruptcy petition.

Debtor 1    **Jamie Lynn Gallian**                                          Case number *(if known)*

---

| **Part 3:** | **Report About Any Businesses You Own as a Sole Proprietor** |

**12. Are you a sole proprietor of any full- or part-time business?**

A sole proprietorship is a business you operate as an individual, and is not a separate legal entity such as a corporation, partnership, or LLC.

If you have more than one sole proprietorship, use a separate sheet and attach it to this petition.

■ No.    Go to Part 4.

☐ Yes.    Name and location of business

_____
Name of business, if any

_____

_____
Number, Street, City, State & ZIP Code

*Check the appropriate box to describe your business:*

☐    Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐    Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐    Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐    Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐    None of the above

---

**13. Are you filing under Chapter 11 of the Bankruptcy Code, and are you a *small business debtor or a debtor* as defined by 11 U.S.C. § 1182(1)?**

For a definition of *small business debtor*, see 11 U.S.C. § 101(51D).

*If you are filing under Chapter 11, the court must know whether you are a small business debtor or a debtor choosing to proceed under Subchapter V so that it can set appropriate deadlines.* If you indicate that you are a small business debtor or you are choosing to proceed under Subchapter V, you must attach your most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

■ No.    I am not filing under Chapter 11.

☐ No.    I am filing under Chapter 11, but I am NOT a small business debtor according to the definition in the Bankruptcy Code.

☐ Yes.    I am filing under Chapter 11, I am a small business debtor according to the definition in the Bankruptcy Code, and I do not choose to proceed under Subchapter V of Chapter 11.

☐ Yes.    I am filing under Chapter 11, I am a debtor according to the definition in § 1182(1) of the Bankruptcy Code, and I choose to proceed under Subchapter V of Chapter 11.

---

| **Part 4:** | **Report if You Own or Have Any Hazardous Property or Any Property That Needs Immediate Attention** |

**14. Do you own or have any property that poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety? Or do you own any property that needs immediate attention?**

*For example, do you own perishable goods, or livestock that must be fed, or a building that needs urgent repairs?*

■ No.

☐ Yes.    What is the hazard?    _____

If immediate attention is needed, why is it needed?    _____

Where is the property?    _____

_____
Number, Street, City, State & Zip Code

---

Debtor 1    **Jamie Lynn Gallian**                                        Case number *(if known)*

| | | |
|---|---|---|
| **15. Tell the court whether you have received a briefing about credit counseling.**<br><br>The law requires that you receive a briefing about credit counseling before you file for bankruptcy. You must truthfully check one of the following choices. If you cannot do so, you are not eligible to file.<br><br>If you file anyway, the court can dismiss your case, you will lose whatever filing fee you paid, and your creditors can begin collection activities again. | **About Debtor 1:**<br>*You must check one:*<br><br>■ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**<br><br>Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.<br><br>☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**<br><br>Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.<br><br>☐ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**<br><br>To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.<br><br>Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy. If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.<br><br>Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.<br><br>☐ **I am not required to receive a briefing about credit counseling because of:**<br><br>   ☐ **Incapacity.**<br>   I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.<br><br>   ☐ **Disability.**<br>   My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.<br><br>   ☐ **Active duty.**<br>   I am currently on active military duty in a military combat zone.<br><br>If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver credit counseling with the court. | **About Debtor 2 (Spouse Only in a Joint Case):**<br>*You must check one:*<br><br>☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**<br><br>Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.<br><br>☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**<br><br>Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.<br><br>☐ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**<br><br>To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.<br><br>Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy.<br><br>If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.<br><br>Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.<br><br>☐ **I am not required to receive a briefing about credit counseling because of:**<br><br>   ☐ **Incapacity.**<br>   I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.<br><br>   ☐ **Disability.**<br>   My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.<br><br>   ☐ **Active duty.**<br>   I am currently on active military duty in a military combat zone.<br><br>If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver of credit counseling with the court. |

Debtor 1   **Jamie Lynn Gallian**                                          Case number *(if known)* _____

---

| Part 6: | Answer These Questions for Reporting Purposes |
|---|---|

**16.** What kind of debts do you have?

**16a.**   **Are your debts primarily consumer debts?** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

☐ No. Go to line 16b.

■ Yes. Go to line 17.

**16b.**   **Are your debts primarily business debts?** *Business debts* are debts that you incurred to obtain money for a business or investment or through the operation of the business or investment.

☐ No. Go to line 16c.

☐ Yes. Go to line 17.

**16c.**   State the type of debts you owe that are not consumer debts or business debts

---

**17.** Are you filing under Chapter 7?

☐ No.   I am not filing under Chapter 7. Go to line 18.

Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available for distribution to unsecured creditors?

■ Yes.   I am filing under Chapter 7. Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available to distribute to unsecured creditors?

■ No

☐ Yes

---

**18.** How many Creditors do you estimate that you owe?

| | | |
|---|---|---|
| ■ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than100,000 |
| ☐ 200-999 | | |

---

**19.** How much do you estimate your assets to be worth?

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50  million | ☐ $1,000,000,001 - $10 billion |
| ■ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

---

**20.** How much do you estimate your liabilities to be?

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50  million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ■ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

---

| Part 7: | Sign Below |
|---|---|

**For you**

I have examined this petition, and I declare under penalty of perjury that the information provided is true and correct.

If I have chosen to file under Chapter 7, I am aware that I may proceed, if eligible, under Chapter 7, 11,12, or 13 of title 11, United States Code. I understand the relief available under each chapter, and I choose to proceed under Chapter 7.

If no attorney represents me and I did not pay or agree to pay someone who is not an attorney to help me fill out this document, I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I understand making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

X _~Jamie L Gallian~_                              X _____

**Jamie Lynn Gallian**                                  Signature of Debtor 2
Signature of Debtor 1

Executed on   **7/9/2021**                          Executed on _____
MM / DD / YYYY                                      MM / DD / YYYY

---

Debtor 1    **Jamie Lynn Gallian**                                    Case number (if known) _____

---

**For your attorney, if you are represented by one**

**If you are not represented by an attorney, you do not need to file this page.**

I, the attorney for the debtor(s) named in this petition, declare that I have informed the debtor(s) about eligibility to proceed under Chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each chapter for which the person is eligible. I also certify that I have delivered to the debtor(s) the notice required by 11 U.S.C. § 342(b) and, in a case in which § 707(b)(4)(D) applies, certify that I have no knowledge after an inquiry that the information in the schedules filed with the petition is incorrect.

_____    Date    _____
Signature of Attorney for Debtor                           MM / DD / YYYY

_____

_____
Firm name

_____
Number, Street, City, State & ZIP Code

Contact phone  _____    Email address  _____

_____
Bar number & State

---

Debtor 1 _____   Case number (if known) _____
First Name    Middle Name    Last Name

**For you if you are filing this bankruptcy without an attorney**

**If you are represented by an attorney, you do not need to file this page.**

The law allows you, as an individual, to represent yourself in bankruptcy court, but **you should understand that many people find it extremely difficult to represent themselves successfully. Because bankruptcy has long-term financial and legal consequences, you are strongly urged to hire a qualified attorney.**

To be successful, you must correctly file and handle your bankruptcy case. The rules are very technical, and a mistake or inaction may affect your rights. For example, your case may be dismissed because you did not file a required document, pay a fee on time, attend a meeting or hearing, or cooperate with the court, case trustee, U.S. trustee, bankruptcy administrator, or audit firm if your case is selected for audit. If that happens, you could lose your right to file another case, or you may lose protections, including the benefit of the automatic stay.

You must list all your property and debts in the schedules that you are required to file with the court. Even if you plan to pay a particular debt outside of your bankruptcy, you must list that debt in your schedules. If you do not list a debt, the debt may not be discharged. If you do not list property or properly claim it as exempt, you may not be able to keep the property. The judge can also deny you a discharge of all your debts if you do something dishonest in your bankruptcy case, such as destroying or hiding property, falsifying records, or lying. Individual bankruptcy cases are randomly audited to determine if debtors have been accurate, truthful, and complete. **Bankruptcy fraud is a serious crime; you could be fined and imprisoned.**

If you decide to file without an attorney, the court expects you to follow the rules as if you had hired an attorney. The court will not treat you differently because you are filing for yourself. To be successful, you must be familiar with the United States Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the local rules of the court in which your case is filed. You must also be familiar with any state exemption laws that apply.

Are you aware that filing for bankruptcy is a serious action with long-term financial and legal consequences?

☒ No
☐ Yes

Are you aware that bankruptcy fraud is a serious crime and that if your bankruptcy forms are inaccurate or incomplete, you could be fined or imprisoned?

☒ No
☐ Yes

Did you pay or agree to pay someone who is not an attorney to help you fill out your bankruptcy forms?

☒ No
☐ Yes. Name of Person_____.
Attach *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119).

By signing here, I acknowledge that I understand the risks involved in filing without an attorney. I have read and understood this notice, and I am aware that filing a bankruptcy case without an attorney may cause me to lose my rights or property if I do not properly handle the case.

✗ _____   ✗ _____
Signature of Debtor 1                Signature of Debtor 2

Date    7/9/2021                     Date _____
MM / DD / YYYY                       MM / DD / YYYY

Contact phone _____   Contact phone _____

Cell phone  714-321-3449             Cell phone _____

Email address _____   Email address _____

# STATEMENT OF RELATED CASES
## INFORMATION REQUIRED BY LBR 1015-2
## UNITED STATES BANKRUPTCY COURT, CENTRAL DISTRICT OF CALIFORNIA

1. A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor, his/her spouse, his or her current or former domestic partner, an affiliate of the debtor, any copartnership or joint venture of which debtor is or formerly was a general or limited partner, or member, or any corporation of which the debtor is a director, officer, or person in control, as follows: (Set forth the complete number and title of each such of prior proceeding, date filed, nature thereof, the Bankruptcy Judge and court to whom assigned, whether still pending and, if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A/B that was filed with any such prior proceeding(s).)

**None.**

2. (If petitioner is a partnership or joint venture) A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor or an affiliate of the debtor, or a general partner in the debtor, a relative of the general partner, general partner of, or person in control of the debtor, partnership in which the debtor is a general partner, general partner of the debtor, or person in control of the debtor as follows: (Set forth the complete number and title of each such prior proceeding, date filed, nature of the proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending and, if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A/B that was filed with any such prior proceeding(s).)

**None.**

3. (If petitioner is a corporation) A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor, or any of its affiliates or subsidiaries, a director of the debtor, an officer of the debtor, a person in control of the debtor, a partnership in which the debtor is general partner, a general partner of the debtor, a relative of the general partner, director, officer, or person in control of the debtor, or any persons, firms or corporations owning 20% or more of its voting stock as follows: (Set forth the complete number and title of each such prior proceeding, date filed, nature of proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending, and if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A/B that was filed with any such prior proceeding(s).)

**None.**

4. (If petitioner is an individual) A petition under the Bankruptcy Reform Act of 1978, including amendments thereof, has been filed by or against the debtor within the last 180 days: (Set forth the complete number and title of each such prior proceeding, date filed, nature of proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending, and if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A/B that was filed with any such prior proceeding(s).)

**8:03-bk-1856-JB; Chapter 7; Central District of California - Santa Ana; Filed 08/04/2003; Discharged 11/17/2003**

I declare, under penalty of perjury, that the foregoing is true and correct.

Executed at **Santa Ana**_____, California.

Date: _____**7/9/2021**_____

Jamie Lynn Gallian
Signature of Debtor 1

Signature of Debtor 2

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

Fill in this information to identify your case:

| | |
|---|---|
| Debtor 1 | **Jamie Lynn Gallian** |
| | First Name          Middle Name          Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name          Middle Name          Last Name |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA |
| Case number | |
| (if known) | |

☐ Check if this is an
amended filing

## Official Form 106Sum
## Summary of Your Assets and Liabilities and Certain Statistical Information    12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Fill out all of your schedules first; then complete the information on this form. If you are filing amended schedules after you file your original forms, you must fill out a new *Summary* and check the box at the top of this page.

### Part 1:    Summarize Your Assets

| | **Your assets**<br>Value of what you own |
|---|---|
| 1.  **Schedule A/B: Property** (Official Form 106A/B)<br>1a. Copy line 55, Total real estate, from Schedule A/B.......................................................... | $             235,000.00 |
| 1b. Copy line 62, Total personal property, from Schedule A/B................................................. | $               19,634.34 |
| 1c. Copy line 63, Total of all property on Schedule A/B.......................................................... | $             254,634.34 |

### Part 2:    Summarize Your Liabilities

| | **Your liabilities**<br>Amount you owe |
|---|---|
| 2.  *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 106D)<br>2a. Copy the total you listed in Column A, *Amount of claim*, at the bottom of the last page of Part 1 of *Schedule D...* | $             561,789.00 |
| 3.  *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 106E/F)<br>3a. Copy  the total claims from Part 1 (priority unsecured claims) from line 6e of *Schedule E/F*................................. | $                      0.00 |
| 3b. Copy  the total claims from Part 2 (nonpriority unsecured claims) from line 6j of *Schedule E/F*........................... | $             427,177.76 |
| **Your total liabilities** | $             988,966.76 |

### Part 3:    Summarize Your Income and Expenses

| | |
|---|---|
| 4.  *Schedule I: Your Income* (Official Form 106I)<br>Copy your combined monthly income from line 12 of *Schedule I*................................................................. | $                 1,000.00 |
| 5.  *Schedule J: Your Expenses* (Official Form 106J)<br>Copy your monthly expenses from line 22c of *Schedule J*.......................................................... | $                 2,676.00 |

### Part 4:    Answer These Questions for Administrative and Statistical Records

6.  **Are you filing for bankruptcy under Chapters 7, 11, or 13?**

☐ No. You have nothing to report on this part of the form. Check this box and submit this form to the court with your other schedules.

■ Yes

7.  **What kind of debt do you have?**

■ **Your debts are primarily consumer debts.** *Consumer debts* are those "incurred by an individual primarily for a personal, family, or household purpose." 11 U.S.C. § 101(8). Fill out lines 8-9g for statistical purposes. 28 U.S.C. § 159.

☐ **Your debts are not primarily consumer debts.** You have nothing to report on this part of the form. *Check this box* and submit this form to the court with your other schedules.

| | |
|---|---|
| Official Form 106Sum | **Summary of Your Assets and Liabilities and Certain Statistical Information** |

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com
Best Case Bankruptcy

32

Debtor 1    **Jamie Lynn Gallian**                                          Case number *(if known)* _____

8.  **From the *Statement of Your Current Monthly Income*:** Copy your total current monthly income from Official Form
    122A-1 Line 11; **OR,** Form 122B Line 11; **OR,** Form 122C-1 Line 14. ............................................... $ _____ 1,000.00

9.  **Copy the following special categories of claims from Part 4, line 6 of *Schedule E/F*:**

| From Part 4 on *Schedule E/F*, copy the following: | Total claim |
|---|---|
| 9a. Domestic support obligations (Copy line 6a.) | $ 0.00 |
| 9b. Taxes and certain other debts you owe the government. (Copy line 6b.) | $ 0.00 |
| 9c. Claims for death or personal injury while you were intoxicated. (Copy line 6c.) | $ 0.00 |
| 9d. Student loans. (Copy line 6f.) | $ 0.00 |
| 9e. Obligations arising out of a separation agreement or divorce that you did not report as priority claims. (Copy line 6g.) | $ 0.00 |
| 9f. Debts to pension or profit-sharing plans, and other similar debts. (Copy line 6h.) | +$ 0.00 |
| 9g. **Total.** Add lines 9a through 9f. | $ 0.00 |

| Fill in this information to identify your case and this filing: | | |
|---|---|---|
| Debtor 1 | **Jamie Lynn Gallian** | |
| | First Name / Middle Name / Last Name | |
| Debtor 2 (Spouse, if filing) | First Name / Middle Name / Last Name | |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA | |
| Case number | | ☐ Check if this is an amended filing |

# Official Form 106A/B
# Schedule A/B: Property                                          12/15

In each category, separately list and describe items. List an asset only once. If an asset fits in more than one category, list the asset in the category where you think it fits best. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

**Part 1:    Describe Each Residence, Building, Land, or Other Real Estate You Own or Have an Interest In**

1. Do you own or have any legal or equitable interest in any residence, building, land, or similar property?

☐ No. Go to Part 2.
■ Yes. Where is the property?

## Located on APN 178-011-16, Space No. 376

1.1

**16222 Monterey Ln Space #376**
Street address, if available, or other description

**Huntington Beach   CA   92649-0000**
City        State    ZIP Code

**Orange**
County
**Personal Residence of Debtor since 11/1/2018
2014 Skyline Custom Villa Manufactured Home
Decal No. LBM1081
Serial Number AC7V710394GB 56'x15'2"
Serial Number AC7V710394GA 60'x15'2"**

**What is the property?** Check all that apply
☐ Single-family home
☐ Duplex or multi-unit building
☐ Condominium or cooperative
■ Manufactured or mobile home
☐ Land
☐ Investment property
☐ Timeshare
☐ Other _____

**Who has an interest in the property?** Check one
■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

Other information you wish to add about this item, such as local property identification number: **LPT APN 891-569-62**

**Registered Title with HCD Debtor's single member LLC, J-Sandcastle Co, LLC**

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| **$235,000.00** | **$235,000.00** |

Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.
**Fee simple**

☐ Check if this is community property (see instructions)

2. Add the dollar value of the portion you own for all of your entries from Part 1, including any entries for pages you have attached for Part 1. Write that number here....................................................................=>

| |
|---|
| **$235,000.00** |

**Part 2:    Describe Your Vehicles**

Do you own, lease, or have legal or equitable interest in any vehicles, whether they are registered or not? Include any vehicles you own that someone else drives. If you lease a vehicle, also report it on *Schedule G: Executory Contracts and Unexpired Leases.*

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

Debtor 1    **Jamie Lynn Gallian**                                                    Case number *(if known)* _____

### 3. Cars, vans, trucks, tractors, sport utility vehicles, motorcycles

☐ No

■ Yes

| 3.1 | Make: | **Kia** | Who has an interest in the property? Check one | Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.* |
|---|---|---|---|---|

Make: **Kia**

Model: **Sportage**

Year: **2020**

Approximate mileage: _____

Other information:

**Location: 16222 Monterey Ln #376, Huntington Beach CA 92649 (LEASE)**

Who has an interest in the property? Check one

■ Debtor 1 only

☐ Debtor 2 only

☐ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

☐ Check if this is community property
(see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| **$0.00** | **$0.00** |

### 4. Watercraft, aircraft, motor homes, ATVs and other recreational vehicles, other vehicles, and accessories
*Examples:* Boats, trailers, motors, personal watercraft, fishing vessels, snowmobiles, motorcycle accessories

■ No

☐ Yes

**5** Add the dollar value of the portion you own for all of your entries from Part 2, including any entries for pages you have attached for Part 2. Write that number here.................................................................=>

| **$0.00** |
|---|

**Part 3:**   Describe Your Personal and Household Items

Do you own or have any legal or equitable interest in any of the following items?

Current value of the portion you own?
Do not deduct secured claims or exemptions.

### 6. Household goods and furnishings
*Examples:* Major appliances, furniture, linens, china, kitchenware

☐ No

■ Yes. Describe.....

| Location: 16222 Monterey Ln #376, Huntington Beach CA 92649 | $4,500.00 |
|---|---|

### 7. Electronics
*Examples:* Televisions and radios; audio, video, stereo, and digital equipment; computers, printers, scanners; music collections; electronic devices including cell phones, cameras, media players, games

■ Yes. Describe    **Wall Television, Computer, Printer.**                                                                        $ 500.00

☐ No.

**Location: 16222 Monterey Ln #376, Huntington Beach CA 92649**

### 8. Collectibles of value
*Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; stamp, coin, or baseball card collections; other collections, memorabilia, collectibles

■ No

☐ Yes. Describe.....

### 9. Equipment for sports and hobbies
*Examples:* Sports, photographic, exercise, and other hobby equipment; bicycles, pool tables, golf clubs, skis; canoes and kayaks; carpentry tools; musical instruments

■ No

☐ Yes. Describe.....

### 10. Firearms
*Examples:* Pistols, rifles, shotguns, ammunition, and related equipment

■ No

☐ Yes. Describe.....

Debtor 1    **Jamie Lynn Gallian**    Case number *(if known)*

**11. Clothes**
*Examples:* Everyday clothes, furs, leather coats, designer wear, shoes, accessories

☐ No

☑ Yes. Describe.....

| Location: 16222 Monterey Ln #376, Huntington Beach CA 92649 | $1,000.00 |
|---|---|

**12. Jewelry**
*Examples:* Everyday jewelry, costume jewelry, engagement rings, wedding rings, heirloom jewelry, watches, gems, gold, silver

☑ Yes. Describe

☐ No

**20 year old Movado Wrist-watch 40th birthday gift; Costume jewelry from Mother and Grandmother Misc/ sized rings, various non-gold chains and bracelets, earrings.**    $1,000.00

Location: 16222 Monterey Ln #376, Huntington Beach CA 92649

**13. Non-farm animals**
*Examples:* Dogs, cats, birds, horses

☑ Yes. Describe

☐ No.

**5-year old Rescued Wired Terrier Dog-White "Ammie"**

Location: 16222 Monterey Ln #376, Huntington Beach CA 92649

**14. Any other personal and household items you did not already list, including any health aids you did not list**

☑ No

☐ Yes. Give specific information.....

**15. Add the dollar value of all of your entries from Part 3, including any entries for pages you have attached for Part 3. Write that number here** ..........................................................................

| $7,000.00 |
|---|

**Part 4:    Describe Your Financial Assets**

Do you own or have any legal or equitable interest in any of the following?

Current value of the portion you own?
Do not deduct secured claims or exemptions.

**16. Cash**
*Examples:* Money you have in your wallet, in your home, in a safe deposit box, and on hand when you file your petition

☑ No

☐ Yes...................................................................

**17. Deposits of money**
*Examples:* Checking, savings, or other financial accounts; certificates of deposit; shares in credit unions, brokerage houses, and other similar institutions. If you have multiple accounts with the same institution, list each.

☐ No

☑ Yes.......................

Institution name:

| | | | |
|---|---|---|---|
| 17.1 | Checking and savings | J-Sandcastle Co LLC - Chase - Un-cashed Tendered Space 376 Rent Checks | $ 8,050.00 |
| | | Alliant Credit Union (Personal) Stimulus Ck | $ 4,048.34 |

**18. Bonds, mutual funds, or publicly traded stocks**
*Examples:* Bond funds, investment accounts with brokerage firms, money market accounts

☑ No

☐ Yes..................    Institution or issuer name:

**19. Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and joint venture**

☐ No

☑ Yes. Give specific information about them...................

Name of entity:    % of ownership:

**J-Sandcastle Co., LLC - Debtor's single member LLC
(Purpose is to hold Registered title with HCD, to Debtor's primary residence)   LBM1081**    100    %    $0.00

---

Official Form 106A/B    Schedule A/B: Property    page 3

Debtor 1    **Jamie Lynn Gallian**                                          Case number *(if known)*

J-Pad, LLC
**(Debtor owns 1/3 interest in LLC; only purpose
is to hold a note and UCC-1 filing on Debtor's
primary residence) LBM1081**                    33.33      %                      $0.00

20. **Government and corporate bonds and other negotiable and non-negotiable instruments**
  *Negotiable instruments* include personal checks, cashiers' checks, promissory notes, and money orders.
  *Non-negotiable instruments* are those you cannot transfer to someone by signing or delivering them.
  ■ No
  ☐ Yes. Give specific information about them.
              Issuer name:

21. **Retirement or pension accounts**
  *Examples:* Interests in IRA, ERISA, Keogh, 401(k), 403(b), thrift savings accounts, or other pension or profit-sharing plans
  ☐ No
  ■ Yes. List each account separately.
              Type of account:          Institution name:

              **IRA**                    **Fidelity**                                      $7,400.00

22. **Security deposits and prepayments**
  Your share of all unused deposits you have made so that you may continue service or use from a company
  *Examples:* Agreements with landlords, prepaid rent, public utilities (electric, gas, water), telecommunications companies, or others
      No
  ⊠ Yes. .....................                          Houser Bros Co. dba Rancho Del Rey Mobilehome Estates
                          Institution name or individual:    Ground Lease Deposit (Ryan) Agreement Space 376 - 1/1/2006    **$ 686.00**

23. **Annuities** (A contract for a periodic payment of money to you, either for life or for a number of years)
  ■ No
  ☐ Yes.............          Issuer name and description.

24. **Interests in an education IRA, in an account in a qualified ABLE program, or under a qualified state tuition program.**
  26 U.S.C. §§ 530(b)(1), 529A(b), and 529(b)(1).
  ■ No
  ☐ Yes.............          Institution name and description. Separately file the records of any interests.11 U.S.C. § 521(c):

25. **Trusts, equitable or future interests in property (other than anything listed in line 1), and rights or powers exercisable for your benefit**
  ■ No
  ☐ Yes. Give specific information about them...

26. **Patents, copyrights, trademarks, trade secrets, and other intellectual property**
  *Examples:* Internet domain names, websites, proceeds from royalties and licensing agreements
  ■ No
  ☐ Yes. Give specific information about them...

27. **Licenses, franchises, and other general intangibles**
  *Examples:* Building permits, exclusive licenses, cooperative association holdings, liquor licenses, professional licenses
  ■ No
  ☐ Yes.  Give specific information about them...

**Money or property owed to you?**                                  Current value of the
                                                                    portion you own?
                                                                    Do not deduct secured
                                                                    claims or exemptions.

28. **Tax refunds owed to you**
  ■ No
  ☐ Yes. Give specific information about them, including whether you already filed the returns and the tax years.......

29. **Family support**
  *Examples:* Past due or lump sum alimony, spousal support, child support, maintenance, divorce settlement, property settlement
  ■ No

Official Form 106A/B                              Schedule A/B: Property                              page 4

Debtor 1    **Jamie Lynn Gallian**                                           Case number *(if known)* _____

☐ Yes. Give specific information......

**30. Other amounts someone owes you**
   *Examples:* Unpaid wages, disability insurance payments, disability benefits, sick pay, vacation pay, workers' compensation, Social Security
   benefits; unpaid loans you made to someone else

   ■ No
   ☐ Yes. Give specific information..

**31. Interests in insurance policies**
   *Examples:* Health, disability, or life insurance; health savings account (HSA); credit, homeowner's, or renter's insurance

   ■ No
   ☐ Yes. Name the insurance company of each policy and list its value.

   | Company name: | Beneficiary: | Surrender or refund value: |
   |---|---|---|

**32. Any interest in property that is due you from someone who has died**
   If you are the beneficiary of a living trust, expect proceeds from a life insurance policy, or are currently entitled to receive
   property because someone has died.

   No
   ☒ Yes. Give specific information..

   Father, DOD 6/17/2000, Charles J. Bradley, Jr.  Probate OCSC
   30-2017-00915711                                                         $ unknown

**33. Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment**
   *Examples:* Accidents, employment disputes, insurance claims, or rights to sue

   No
   ■ Yes. Describe each claim.........

   Personal Injury: Against HOA Date of Injury 8/5/2018;  Severe nerve injury to
   top of left foot and left wrist injury; occurred in the HOA common area of APN
   178-771-03, located on  APN 178-011-16,                                    $ unknown

**34. Other contingent and unliquidated claims of every nature, including counterclaims of the debtor and rights to set off claims**

   ☐ No
   ■ Yes. Describe each claim.........

   Personal injury claims against Huntington Beach Gables
   Homeowner's Association and Ind. Jesus Jasso Jr.;
   DOI: 8/5/2018; Case No.: 30-2020-01153679                                  $ unknown

   Potential insurance bad faith claim against Mercury
   Insurance Failure to Indemnify; No lawsuit filed yet.
   Related to Case No(s).: 30-2017-00913985, 30-2017-00962999                 $ unknown

   Real estate failure to disclose, claim against previous
   homeowner Sandra Bradley; DOI: 04/11/2017; No lawsuit
   filed yet.                                                                 $ unknown

   Houser Bros Co GP dba Rancho Del Rey Mobilehome Estates
   Retaliation; Trespassing/Unlawful Entry; Wrongful Eviction;
   Forcible Detainer; Cruelty to an animal causing death.
   Failure to offer and execute rental agreement.                            $ unknown

**35. Any financial assets you did not already list**

   ■ No
   ☐ Yes. Give specific information..

**36. Add the dollar value of all of your entries from Part 4, including any entries for pages you have attached**
   **for Part 4. Write that number here** ........................................................................................    **$20,184.34**

**Part 5:** Describe Any Business-Related Property You Own or Have an Interest In. List any real estate in Part 1.

**37. Do you own or have any legal or equitable interest in any business-related property?**

   ■ No. Go to Part 6.
   ☐ Yes.  Go to line 38.

Official Form 106A/B                              Schedule A/B: Property                                    page 5

Debtor 1    **Jamie Lynn Gallian**

Case number *(if known)* _____

| Part 6 | **Describe Any Farm- and Commercial Fishing-Related Property You Own or Have an Interest In.** |
|---|---|
|  | If you own or have an interest in farmland, list it in Part 1. |

**46.  Do you own or have any legal or equitable interest in any farm- or commercial fishing-related property?**

☑ No. Go to Part 7.

☐ Yes.  Go to line 47.

| Part 7: | **Describe All Property You Own or Have an Interest in That You Did Not List Above** |
|---|---|

**53.  Do you have other property of any kind you did not already list?**

*Examples:* Season tickets, country club membership

☑ No

☐ Yes. Give specific information.........

**54.  Add the dollar value of all of your entries from Part 7. Write that number here** ....................................

| | **$0.00** |
|---|---|

| Part 8: | **List the Totals of Each Part of this Form** |
|---|---|

| | | |
|---|---|---|
| **55.  Part 1: Total real estate, line 2** ...................................................................... | | **$235,000.00** |
| **56.  Part 2: Total vehicles, line 5** | **$0.00** | |
| **57.  Part 3: Total personal and household items, line 15** | **$ 7,000.00** | |
| **58.  Part 4: Total financial assets, line 36** | **$ 20,184.34** | |
| **59.  Part 5: Total business-related property, line 45** | **$0.00** | |
| **60.  Part 6: Total farm- and fishing-related property, line 52** | **$0.00** | |
| **61.  Part 7: Total other property not listed, line 54**                 + | **$0.00** | |
| **62.  Total personal property. Add lines 56 through 61...** | **$27,184.34** | Copy personal property total   **$27,184.34** |

**63.  Total of all property on Schedule A/B. Add line 55 + line 62**

| | **$262,184.34** |
|---|---|

Official Form 106A/B                    Schedule A/B: Property                    page 6

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

Fill in this information to identify your case:

| Debtor 1 | **Jamie Lynn Gallian** | | |
|---|---|---|---|
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse if, filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the:    CENTRAL DISTRICT OF CALIFORNIA

Case number
(if known)

☐ Check if this is an
amended filing

## Official Form 106C
# Schedule C: The Property You Claim as Exempt
4/19

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Using the property you listed on *Schedule A/B: Property* (Official Form 106A/B) as your source, list the property that you claim as exempt. If more space is needed, fill out and attach to this page as many copies of *Part 2: Additional Page* as necessary. On the top of any additional pages, write your name and case number (if known).

For each item of property you claim as exempt, you must specify the amount of the exemption you claim. One way of doing so is to state a specific dollar amount as exempt. Alternatively, you may claim the full fair market value of the property being exempted up to the amount of any applicable statutory limit. Some exemptions—such as those for health aids, rights to receive certain benefits, and tax-exempt retirement funds—may be unlimited in dollar amount. However, if you claim an exemption of 100% of fair market value under a law that limits the exemption to a particular dollar amount and the value of the property is determined to exceed that amount, your exemption would be limited to the applicable statutory amount.

**Part 1:    Identify the Property You Claim as Exempt**

1.  **Which set of exemptions are you claiming?** *Check one only, even if your spouse is filing with you.*

    ■ You are claiming state and federal nonbankruptcy exemptions.  11 U.S.C. § 522(b)(3)

    ☐ You are claiming federal exemptions.  11 U.S.C. § 522(b)(2)

2.  **For any property you list on Schedule A/B that you claim as exempt, fill in the information below.**

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own<br>Copy the value from *Schedule A/B* | Amount of the exemption you claim<br>*Check only one box for each exemption.* | Specific laws that allow exemption |
|---|---|---|---|
| **Location: 16222 Monterey Ln #376, Huntington Beach CA 92649**<br>Line from *Schedule A/B*: **6.1** | $7,000.00 | ■   $,000.00<br>☐  100% of fair market value, up to any applicable statutory limit | C.C.P. § 704.020 |
| **Checking and savings: Alliant Credit= Union          Stimulous Cks**<br>Line from *Schedule A/B*: **17.1** | $4,048.34 | ■   $4,048.34<br>☐  100% of fair market value, up to any applicable statutory limit | 11 U.S.C. § 541(b)(11) |
| **Checking and savings: Chase Bank**<br>Line from *Schedule A/B*: **17.1**<br>**8 months uncashed rent checks tendered to Houser Bros. dba Rancho Del Rey MHE/Fidelity 401K** | $8,050.00 | ■   $8,050<br>☐  100% of fair market value, up to any applicable statutory limit | C.C.P. § 704.070 |
| **J-Sandcastle Co., LLC - Debtor's single member LLC**<br>**(Purpose is to hold Registered title with HCD to Debtor's primary residence)**<br>**100 % ownership**<br>Line from *Schedule A/B*: **19.1** | $0.00 | ■   $0.00<br>☐  100% of fair market value, up to any applicable statutory limit | C.C.P. § 704.060 |

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com

Debtor 1    **Jamie Lynn Gallian**                                    Case number (if known) _____

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own<br>Copy the value from *Schedule A/B* | Amount of the exemption you claim<br>*Check only one box for each exemption.* | Specific laws that allow exemption |
|---|---|---|---|
| **J-Pad, LLC**<br>**(Debtor owns 1/3 interest in LLC; only purpose is to hold a note and UCC-1 filing on Debtor's primary residence)**<br>**33.33 % ownership**<br>Line from *Schedule A/B*: **19.2** | $0.00 | ■ $0.00<br>☐ 100% of fair market value, up to any applicable statutory limit | **C.C.P. § 704.060** |
| **IIRA: Fidelity IRA**<br>Line from *Schedule A/B*: **21.1** | $7400.00 | ■ 100%<br>☐ 100% of fair market value, up to any applicable statutory limit | **C.C.P. § 704.115(a)(1) & (2), (b)** |
| **Personal injury claims against Huntington Beach Gables Homeowner's Association and Jesus Jasso Jr.; DOI: 8/5/2018; Case No.: 30-2020-01153679**<br>Line from *Schedule A/B*: **34.1** | unknown $0.00 | ■ 100%<br>☐ 100% of fair market value, up to any applicable statutory limit | **C.C.P. § 704.140** |
| **Potential insurance bad faith claim against Mercury Insurance related to claim against Huntington Beach Gables Homeowner's Association; No lawsuit filed yet. Related to Case Nos.: 30-2017-00913985, 30-2017-00962999**<br>Line from *Schedule A/B*: **34.2** | unknnown $0.00 | ■ 100%<br>☐ 100% of fair market value, up to any applicable statutory limit | **C.C.P. § 704.140** |
| **Real estate fraud; Failure to disclose, claim against Sandra Bradley; DOI: 04/11/2017; No lawsuit filed yet.** Line from *Schedule A/B*: **34.3** | unknown $0.00 | ■ 100%<br>☐ 100% of fair market value, up to any applicable statutory limit | **C.C.P. § 704.140** |
| **Restitution claim against Jesus Jasso Jr. from PC §242 OCDA Case no.: 19WM09951**<br>Line from *Schedule A/B*: **34.4** | Unknown $0.00 | ■ 100%<br>☐ 100% of fair market value, up to any applicable statutory limit | **C.C.P. § 704.140** |

3.  **Are you claiming a homestead exemption of more than $170,350?**
    (Subject to adjustment on 4/01/22 and every 3 years after that for cases filed on or after the date of adjustment.)

    ■ No
    ☐ Yes. Did you acquire the property covered by the exemption within 1,215 days before you filed this case?
        ☐ No
        ☐ Yes

| Fill in this information to identify your case: | |
|---|---|
| Debtor 1 | **Jamie Lynn Gallian** |
| | First Name          Middle Name          Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name          Middle Name          Last Name |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA |
| Case number (if known) | |

☐ Check if this is an amended filing

## Official Form 106D
## Schedule D: Creditors Who Have Claims Secured by Property

12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, number the entries, and attach it to this form. On the top of any additional pages, write your name and case number (if known).

**1. Do any creditors have claims secured by your property?**

☐ No. Check this box and submit this form to the court with your other schedules. You have nothing else to report on this form.

☑ Yes. Fill in all of the information below.

### Part 1:    List All Secured Claims

**2. List all secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim. If more than one creditor has a particular claim, list the other creditors in Part 2. As much as possible, list the claims in alphabetical order according to the creditor's name.

| | | Column A<br>Amount of claim<br>Do not deduct the<br>value of collateral. | Column B<br>Value of collateral<br>that supports this<br>claim | Column C<br>Unsecured<br>portion<br>If any |
|---|---|---|---|---|
| **2.1  Houser Bros. Co.** | Describe the property that secures the claim: | $0.00 | $235,000.00 | $0.00 |

Creditor's Name
**DBA Rancho Del Rey
Mobilehome Estates
16222 Monterey Ln
Huntington Beach, CA
92649**

Describe the property that secures the claim:
16222 Monterey Ln #376 Huntington Beach, CA 92649  Orange County Registered HCD Title held by Debtor's single member LLC - J-Sandcastle Co, LLC

Number, Street, City, State & Zip Code

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.

☑ Debtor 1 and another (J-Sandcastle Co, LLC)
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a community debt

**Nature of lien.** Check all that apply.

☐ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☑ Other (including a right to offset)  **Unexpired term of 80-yr. Ground Leasehold - Tract No. 10542, Unit 4, Space 376.**

Date debt was incurred    **11/1/2018 ongoing**    Last 4 digits of account number    **0376**

Debtor 1  **Jamie Lynn Gallian**

First Name        Middle Name        Last Name

Case number (if known) _____

| 2.2 | **J-Pad, LLC** | Describe the property that secures the claim: | $175,000.00 | $235,000.00 | $0.00 |
|---|---|---|---|---|---|

**Creditor's Name**

4519 Ponderosa Way
Yorba Linda, CA 92886

Number, Street, City, State & Zip Code

**Ron Pierpont**

**Creditor's Name**

4519 Ponderosa Way
Yorba Linda, CA 92886

**Who owes the debt?** Check one.

- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ Check if this claim relates to a community debt

Date debt was incurred  **1/14/2019; 8/20/2020.**

**Describe the property that secures the claim:**

16222 Monterey Ln #376 Huntington Beach, CA 92649  Orange County, HCD Title held by Debtor's single member LLC - J-Sandcastle Co, LLC

**As of the date you file, the claim is:** Check all that apply.

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Nature of lien.** Check all that apply.

- ☑ An agreement you made (such as mortgage or secured car loan)  **Manufactured Home Financing Note**
- ☐ Statutory lien (such as tax lien, mechanic's lien)
- ☐ Judgment lien from a lawsuit
- ■ Other (including a right to offset)  **UCC-1 File No. 19-7691905279  Filing Date: 1/14/2019; Encumbrance; HCD Lien perfected 8/20/2020, Ronald J. Pierpont (Loan WJC 8/7/2019, 1/27/2020)**

Last 4 digits of account number  **LBM1081**

| 2.3 | **Kia Motors Finance** | Describe the property that secures the claim: | $4,186.00 | $0.00 | $4,186.00 |
|---|---|---|---|---|---|

Creditor's Name

PO Box 20815
Fountain Valley, CA 92728

Number, Street, City, State & Zip Code

**Who owes the debt?** Check one.

- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ Check if this claim relates to a community debt

Date debt was incurred  _____

**Describe the property that secures the claim:**

2020 Kia Sportage
Location: 16222 Monterey Ln #376, Huntington Beach CA 92649 (LEASE)

**As of the date you file, the claim is:** Check all that apply.

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Nature of lien.** Check all that apply.

- ☐ An agreement you made (such as mortgage or secured car loan)
- ☐ Statutory lien (such as tax lien, mechanic's lien)
- ☐ Judgment lien from a lawsuit
- ■ Other (including a right to offset)  **Auto Lease**

Last 4 digits of account number  **9742**

| 2.4 | **Orange County Tax Assessor** | Describe the property that secures the claim: | $0.00 | $235,000.00 | $0.00 |
|---|---|---|---|---|---|

Creditor's Name

P.O. Box 149
Santa Ana, CA 92702

Number, Street, City, State & Zip Code

**Who owes the debt?** Check one.

- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ Check if this claim relates to a community debt

Date debt was incurred  _____

**Describe the property that secures the claim:**

16222 Monterey Ln #376 Huntington Beach, CA 92649  Orange County Title held by Debtor's single member LLC - J-Sandcastle Co, LLC, APN 891-569-62

**As of the date you file, the claim is:** Check all that apply.

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Nature of lien.** Check all that apply.

- ☐ An agreement you made (such as mortgage or secured car loan)
- ☐ Statutory lien (such as tax lien, mechanic's lien)
- ☐ Judgment lien from a lawsuit
- ■ Other (including a right to offset)  **Property Taxes**

Last 4 digits of account number  **Decal LBM 1081; APN: 891-569-62**

Official Form 106D        Additional Page of **Schedule D: Creditors Who Have Claims Secured by Property**        page 2 of 4

Debtor 1   **Jamie Lynn Gallian**

    First Name          Middle Name         Last Name             Case number (if known) _____

| 2.5 | **The Huntington Beach Gables Homeowners Association** | Describe the property that secures the claim: | $319,653.59 | $235,000.00 | $241,319.59 |
|---|---|---|---|---|---|

Creditor's Name

c/o Epsten Grinnell & Howell, APC
10200 Willow Creek Road, Ste 100
San Diego, CA 92131;
c/o Feldsott & Lee
~~23161 Mill Creek Drive Ste 300~~
~~Laguna Hills, CA 92653~~
Number, Street, City, State & Zip Code

**16222 Monterey Ln #376 Huntington Beach, CA 92649  Orange County HCD Title held by Debtor's single member LLC - J-Sandcastle Co, LLC**

As of the date you file, the claim is: Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.
☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a community debt

**Nature of lien.** Check all that apply.
☐ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☑ Judgment lien from a lawsuit
☐ Other (including a right to offset) _____
              EJ-1

Date debt was incurred   **May 6, 2019**   Last 4 digits of account number   **OCJC** 30-2017-00913985

| 2.6 | **The Huntington Beach Gables Homeowners Association** | Describe the property that secures the claim: | $9,265.00 | $235,000.00 | $9,265.00 |
|---|---|---|---|---|---|

Creditor's Name

c/o Epsten Grinnell & Howell, APC
10200 Willow Creek Road, Ste 100
San Diego, CA 92131;
c/o Feldsott & Lee
23161 Mill Creek Drive Ste 300
Laguna Hills, CA 92653

_____
Number, Street, City, State & Zip Code

**16222 Monterey Ln #376 Huntington Beach, CA 92649  Orange County HCD Title held by Debtor's single member LLC - J-Sandcastle Co, LLC**

As of the date you file, the claim is: Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.
☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a community debt

**Nature of lien.** Check all that apply.
☐ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☑ Judgment lien from a lawsuit
☐ Other (including a right to offset) _____
      EJ-001 2019000148568 - filed OC REC. 5/3/2019

Date debt was incurred   **March 21, 2019**   Last 4 digits of account number   **OCJC** 30-2017-00962999

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com         Best Case Bankruptcy

44

Debtor 1    **Jamie Lynn Gallian**
    First Name      Middle Name      Last Name           Case number (if known)

| 2.7 | Huntington Beach Gables Homeowners Association | | $53,684.41 | $235,000.00 | $53,684.41 |
|---|---|---|---|---|---|

Creditor's Name:
**Jasso; Gragnano; Phillips; Beck; Paulin; Burrett.**
c/o Gordon Rees Scully & Mansukhani
633 W 5th Street, 52nd Floor
Los Angeles, CA 90071
c/o Epsten Grinnell & Howell, APC
10200 Willow Creek Road, Ste 100
San Diego, CA 92131;
    Number, Street, City, State & Zip Code

**Describe the property that secures the claim:**

16222 Monterey Ln #376 Huntington
Beach, CA 92649  Orange County HCD
Title held by Debtor's single member
LLC - J-Sandcastle Co, LLC

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent

☐ Unliquidated

☐ Disputed

**Nature of lien.** Check all that apply.

☐ An agreement you made (such as mortgage or secured car loan)

☐ Statutory lien (such as tax lien, mechanic's lien)

☐ Judgment lien from a lawsuit

■ Other (including a right to offset)   **Judgment Lien (JL1)**  File # U200003862424 -7/26/2020

**Who owes the debt?** Check one.

■ Debtor 1 only

☐ Debtor 2 only

☐ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

☐ Check if this claim relates to a community debt

Date debt was incurred    Dec. 4, 2018          Last 4 digits of account number    OCJC 30-2017-00913985

Add the dollar value of your entries in Column A on this page. Write that number here:    $561,789.00

If this is the last page of your form, add the dollar value totals from all pages.
Write that number here:    $561,789.00

**Part 2:    List Others to Be Notified for a Debt That You Already Listed**

Use this page only if you have others to be notified about your bankruptcy for a debt that you already listed in Part 1. For example, if a collection agency is trying to collect from you for a debt you owe to someone else, list the creditor in Part 1, and then list the collection agency here. Similarly, if you have more than one creditor for any of the debts that you listed in Part 1, list the additional creditors here. If you do not have additional persons to be notified for any debts in Part 1, do not fill out or submit this page.

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com          Best Case Bankruptcy

45

Fill in this information to identify your case:

| | |
|---|---|
| Debtor 1 | **Jamie Lynn Gallian** |
| | First Name · Middle Name · Last Name |
| Debtor 2 (Spouse if, filing) | |
| | First Name · Middle Name · Last Name |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA |
| Case number (if known) | |

☐ Check if this is an amended filing

## Official Form 106E/F
## Schedule E/F: Creditors Who Have Unsecured Claims 12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY claims and Part 2 for creditors with NONPRIORITY claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on Schedule A/B: Property (Official Form 106A/B) and on Schedule G: Executory Contracts and Unexpired Leases (Official Form 106G). Do not include any creditors with partially secured claims that are listed in Schedule D: Creditors Who Have Claims Secured by Property. If more space is needed, copy the Part you need, fill it out, number the entries in the boxes on the left. Attach the Continuation Page to this page. If you have no information to report in a Part, do not file that Part. On the top of any additional pages, write your name and case number (if known).

### Part 1: List All of Your PRIORITY Unsecured Claims

1. **Do any creditors have priority unsecured claims against you?**

☑ No. Go to Part 2.

☐ Yes.

### Part 2: List All of Your NONPRIORITY Unsecured Claims

3. **Do any creditors have nonpriority unsecured claims against you?**

☐ No. You have nothing to report in this part. Submit this form to the court with your other schedules.

☑ Yes.

4. **List all of your nonpriority unsecured claims in the alphabetical order of the creditor who holds each claim.** If a creditor has more than one nonpriority unsecured claim, list the creditor separately for each claim. For each claim listed, identify what type of claim it is. Do not list claims already included in Part 1. If more than one creditor holds a particular claim, list the other creditors in Part 3. If you have more than three nonpriority unsecured claims fill out the Continuation Page of Part 2.

| | | |
|---|---|---|
| **4.1** | **BS Investors, LP** **G/HB** Nonpriority Creditor's Name **18201 Von Karmen Ste. 450** **Irvine, CA 92612** Number Street City State Zip Code | Total claim |

Last 4 digits of account number **0376**

When was the debt incurred? **11/1/2018-present**

Total claim: **Unknown**

**Who incurred the debt? Check one.**

☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim is for a community debt

**Is the claim subject to offset?**

☑ No
☐ Yes

**As of the date you file, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
☑ Other. Specify **OCSC Filed 1/2/2019 30-2019-0101423**

**Debtor 1** **Jamie Lynn Gallian**                                   Case number *(if known)* _____

| 4.2 | Gordon Rees Scully & Mansukhani |
|---|---|

Nonpriority Creditor's Name

**633 W 5th Street, 52nd Floor**
**Los Angeles, CA 90071**
Number Street City State Zip Code

**Who incurred the debt? Check one.**

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

■ No
☐ Yes

**Last 4 digits of account number** _____          **Unknown**

**When was the debt incurred?**  **12/4/2018; 5/6/2019**

**As of the date you file, the claim is: Check all that apply**

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify  **OCSC Case No. 30-2017-00913985   Huntington  Beach Gables Homeowners Association; Lee Gragnano; Ted Phillips; Lindy Beck; Janine Jasso; Jennifer Paulin; Lori Burrett**

| 4.3 | Houser Bros. Co. |
|---|---|

Nonpriority Creditor's Name

**dba Rancho Del Rey Mobile Home Estates**
**17610 Beach Blvd Ste. 32**
**Huntington Beach, CA 92647**
Number Street City State Zip Code

**Who incurred the debt? Check one.**

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

■ No
☐ Yes

**Last 4 digits of account number**  **0376**          **Unknown**

**When was the debt incurred?**  **11/1/2018-present**

**As of the date you file, the claim is: Check all that apply**

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify  **Unlawful Detainer Lawsuit Filed 1/2/2019 OCSC 30-2019-01041423**

| 4.4 | **Internal Revenue Service** |
|---|---|

Nonpriority Creditor's Name

**PO Box 7346**
**Philadelphia, PA 19101-7346**
Number Street City State Zip Code

**Who incurred the debt? Check one.**

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

■ No
☐ Yes

**Last 4 digits of account number** _____          **$3,361.00**

**When was the debt incurred?** _____

**As of the date you file, the claim is: Check all that apply**

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
☐ Other. Specify  **Income Taxes**

Debtor 1 **Jamie Lynn Gallian**
Case number (if known) _____

| 4.5 | **James H Casello** | Last 4 digits of account number _____ | **Unknown** |

Nonpriority Creditor's Name
**Casello & Lincoln, Attorneys at Law**
**525 N Cabrillo Park Drive Ste 104**
**Santa Ana, CA 92701**

When was the debt incurred? _____

Number Street City State Zip Code

**Who incurred the debt? Check one.**

As of the date you file, the claim is: Check all that apply

☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim is for a community debt

Is the claim subject to offset?
☑ No
☐ Yes

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**
☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
☑ Other. Specify **Misc. Debt.**

---

| 4.6 | **Janine Jasso c/o Huntington Beach Gables Homeowners Association** | Last 4 digits of account number _____ | **$46,138.00** |

Nonpriority Creditor's Name:
**Gordon Rees Scully & Mansukhani**
**633 W 5th Street, 52nd Floor**
**Los Angeles, CA 90071**

When was the debt incurred? **12/4/2018**

Number Street City State Zip Code

**Who incurred the debt? Check one.**

As of the date you file, the claim is: Check all that apply

☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim is for a community debt

Is the claim subject to offset?
☑ No
☐ Yes

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**
☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
☑ Other. Specify **EJ-1 2018000467142, FILED 12/14/18 OC CLK REC**
**OCSC Case No. 30-2017-00913985 Huntington Beach Gables Homeowners Association; Lee Gragnano, Ted Phillips, Lindy Beck, Janine Jasso, Jennifer Paulin, Lori Burrett**

---

| 4.7 | **Jennifer Ann Paulin c/o Huntington Beach Gables Homeowners Association:** | Last 4 digits of account number _____ | **$0.00** |

Nonpriority Creditor's Name:
**c/o Gordon Rees Scully & Mansukhani**
**633 W 5th Street, 52nd Floor**
**Los Angeles, CA 90071**

When was the debt incurred? _____

Number Street City State Zip Code

**Who incurred the debt? Check one.**

As of the date you file, the claim is: Check all that apply

☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim is for a community debt

Is the claim subject to offset?
☑ No
☐ Yes

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**
☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
☑ Other. Specify **EJ-1 2018000467142, FILED 12/14/18 OC CLK REC; OCSC Case No. 30-2017-00913985 Huntington Beach Gables Homeowners Association;**

---

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com          Best Case Bankruptcy

48

Debtor 1    **Jamie Lynn Gallian**    Case number *(if known)* _____

| 4.8 | Lee S Gragnano c/o Huntington Beach Gables Homeowners Association | Last 4 digits of account number _____ | $0.00 |

Nonpriority Creditor's Name
c/o Gordon Rees Scully & Mansukhani
633 W 5th Street, 52nd Floor
Los Angeles, CA 90071

Number Street City State Zip Code

**Who incurred the debt? Check one.**

☐ Debt 1 only *(filled)*
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**
☐ No
☐ Yes

When was the debt incurred?    _____

As of the date you file, the claim is: Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
☑ Other. Specify  EJ-1 2018000467142, FILED 12/14/18 OC CLK REC;   OCSC Case No. 30-2017-00913985  Huntington Beach Gables Homeowners Association;

---

| 4.9 | Lindy Beck c/o Huntington Beach Gables Homeowners Association | Last 4 digits of account number _____ | $0.00 |

Nonpriority Creditor's Name
c/o Gordon Rees Scully & Mansukhani
633 W 5th Street, 52nd Floor
Los Angeles, CA 90071

Number Street City State Zip Code

**Who incurred the debt? Check one.**

☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**
☑ No
☐ Yes

When was the debt incurred?    _____

As of the date you file, the claim is: Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
☑ Other. Specify  EJ-1 2018000467142, FILED 12/14/18 OC CLK REC;   OCSC Case No. 30-2017-00913985  Huntington Beach Gables Homeowners Association;

---

| 4.10 | Lisa Ryan | Last 4 digits of account number _____ | $8,743.02 |

Nonpriority Creditor's Name

20949 Lassen St. Apt 208
Chattsworth, CA 91311

Number Street City State Zip Code

**Who incurred the debt? Check one.**

☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**
☑ No
☐ Yes

When was the debt incurred?    **10-18-2018**

As of the date you file, the claim is: Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
☑ Other. Specify  30-2018-01013582  Misc Debt

---

Debtor 1    **Jamie Lynn Gallian**                                                          Case number *(if known)* _____

| 4.1 1 | **Lori Burrett Huntington Beach Gables Homeowners Association** | Last 4 digits of account number _____ | **$0.00** |

Nonpriority Creditor's Name
**c/o Gordon Rees Scully & Mansukhani
633 W 5th Street, 52nd Floor**
**Los Angeles, CA 90071**
Number Street City State Zip Code

**Who incurred the debt?** Check one.
- ☑ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another    ☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**
- ☑ No
- ☐ Yes

When was the debt incurred? _____

As of the date you file, the claim is: Check all that apply
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Type of NONPRIORITY unsecured claim:**
- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ☑ Other. Specify   **EJ-1 2018000467142, FILED 12/14/18 OC CLK REC;   OCSC Case No. 30-2017-00913985, Huntington  Beach Gables Homeowners Association**

---

| 4.1 2 | **Nationwide Reconveyance, LLC** | Last 4 digits of account number _____ | **$0.00** |

Nonpriority Creditor's Name
**c/o Feldsott & Lee
23161 Mill Creek Drive Ste 300**
**Lagina Hills, CA 92653**
Number Street City State Zip Code

**Who incurred the debt?** Check one.
- ☑ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**
- ☑ No
- ☐ Yes

When was the debt incurred? _____

As of the date you file, the claim is: Check all that apply
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Type of NONPRIORITY unsecured claim:**
- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ☑ Other. Specify   **Lawsuit - Case No  30-2020-01163055-CU-OR-CJC**

---

| 4.1 3 | **Patricia C. Ryan** | Last 4 digits of account number _____ | **Unknown** |

Nonpriority Creditor's Name
**20949 Lassen St. Apt 208**
**Chattsworth, CA 91311**
Number Street City State Zip Code

**Who incurred the debt?** Check one.
- ☑ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**
- ☑ No
- ☐ Yes

When was the debt incurred? _____

As of the date you file, the claim is: Check all that apply
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Type of NONPRIORITY unsecured claim:**
- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ☑ Other. Specify   **Lawsuit  -  Houser v Ryan UD**

---

Debtor 1   **Jamie Lynn Gallian**                                          Case number (if known) _____

| 4.1 4 | **Rancho Bernard Condominium Management** | | | Last 4 digits of account number _____ | | **$0.00** |

Nonpriority Creditor's Name

**dba Elite Community Management
c/o Gordon Rees Scully Mansukhani
5 Park Plaza Ste 1100
Irvine, CA 92614**

When was the debt incurred?   _____

Number Street City State Zip Code

**Who incurred the debt? Check one.**

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

■ No
☐ Yes

**As of the date you file, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify   **Lawsuit   Case No. 30-2020-01163055**

---

| 4.1 5 | **Randall Nickell** | | | Last 4 digits of account number _____ | | **Unknown** |

Nonpriority Creditor's Name

**4476 Alderport Dr
Huntington Beach, CA 92649**

When was the debt incurred?   _____

Number Street City State Zip Code

**Who incurred the debt? Check one.**

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

■ No
☐ Yes

**As of the date you file, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify   **Lawsuit - Case No
30-2020-01163055-CU-OR-CJC**

---

| 4.1 6 | **Orange County Superior Court Bench Citation  (Civil C-33)** | | | Last 4 digits of account number   **17-00913985** | | **$5,000.00** |

Nonpriority Creditor's Name

**c/o Feldsott & Lee
23161 Mill Creek Drive Ste 300
Laguna Hills, CA 92653**

When was the debt incurred?   **7/8/2021**

Number Street City State Zip Code

**Who incurred the debt? Check one.**

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

■ No
☐ Yes

**As of the date you file, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
☐ Other. Specify   **MISC DEBT Collection Case 30-2017-00913985**

---

Debtor 1  **Jamie Lynn Gallian**                                          Case number *(if known)*

| 4.1 7 | **People of the State Of California 18WM05278** | Last 4 digits of account number _____ | **$ 13,229.24** |
|---|---|---|---|

Nonpriority Creditor's Name
**West Justice Center
8141 13th Street
Westminster, CA 91683**

Number Street City State Zip Code
**Who incurred the debt?** Check one.
■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a community debt**
**Is the claim subject to offset?**
■ No
☐ Yes

When was the debt incurred? _____

**As of the date you file, the claim is:** Check all that apply
☐ Contingent
☐ Unliquidated
☐ Disputed
**Type of NONPRIORITY unsecured claim:**
☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify  Misc. Debt - 2021000348287  Filed 05/27/2021; OC Clerk Recorder

---

| 4.1 8 | **Superior Default Services Inc** | Last 4 digits of account number _____ | **$0.00** |
|---|---|---|---|

Nonpriority Creditor's Name
**c/o Feldsott & Lee
23161 Mill Creek Drive Ste 300
Laguna Hills, CA 92653**

Number Street City State Zip Code
**Who incurred the debt?** Check one.
■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a community debt**
**Is the claim subject to offset?**
■ No
☐ Yes

When was the debt incurred? _____

**As of the date you file, the claim is:** Check all that apply
☐ Contingent
☐ Unliquidated
☐ Disputed
**Type of NONPRIORITY unsecured claim:**
☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify  Lawsuit 30-2020-01163055

---

| 4.1 9 | **The Huntington Beach Gables** | Last 4 digits of account number _____ | **$319,653.59** |
|---|---|---|---|

Nonpriority Creditor's Name
**Homeowners Association
c/o Epsten Grinnell & Howell, APC
10200 Willow Creek Road, Ste 100
San Diego, CA 92131**

Number Street City State Zip Code
**Who incurred the debt?** Check one.
■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a community debt**
**Is the claim subject to offset?**
■ No
☐ Yes

When was the debt incurred?  5/6/2019

**As of the date you file, the claim is:** Check all that apply
☐ Contingent
☐ Unliquidated
☐ Disputed
**Type of NONPRIORITY unsecured claim:**
☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify   EJ-001 2019000165259, FILED 05/16/2019 OC CLERK RECORDER; OCSC No. 30-2017-00913985; Huntington Beach Gables Homeowners Association;

---

Debtor 1 **Jamie Lynn Gallian**  Case number *(if known)* _____

---

| 4.20 | **The Huntington Beach Gables** | Last 4 digits of account number _____ | | $9,265.00 |

Nonpriority Creditor's Name
**Homeowners Association**
**c/o Epsten Grinnell & Howell, APC**
**10200 Willow Creek Road, Ste 100**
**San Diego, CA 92131**
Number Street City State Zip Code

When was the debt incurred?  **March 21, 2019**

Who incurred the debt? Check one.

As of the date you file, the claim is: Check all that apply

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a community debt**

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**
☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts

Is the claim subject to offset?

■ No
☐ Yes

■ Other. Specify **EJ-001 2019000148568, FILED 05/03/2019 OC CLERK RECORDER; OCSC Case No. 30-2017-00962999, Huntington Beach Gables Homeowners Association**

---

| 4.21 | **The Huntington Beach Gables** | Last 4 digits of account number _____ | | $3,070.00 |

Nonpriority Creditor's Name
**Homeowners Association**
**c/o Epsten Grinnell & Howell APC**
**10200 Willow Creek Road, Ste 100 San Diego, CA 92131**
Number Street City State Zip Code

When was the debt incurred?  **September 27, 2018**

Who incurred the debt? Check one.

As of the date you file, the claim is: Check all that apply

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a community debt**

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**
☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts

Is the claim subject to offset?

■ No
☐ Yes

■ Other. Specify **EJ-001 2018000435011, FILED 11/19/2018 OC CLERK RECORDER; OCSC No. 30-2017-00913985, Huntington Beach Gables Homeowners Association**

---

| 4.22 | **Ted Phillips c/o Huntington Beach Gables Homeowners Association** | Last 4 digits of account number _____ | | $0.00 |

Nonpriority Creditor's Name
**c/o Gordon Rees Scully & Mansukhani**
**633 W 5th Street, 52nd Floor**
**Los Angeles, CA 90071**
Number Street City State Zip Code

When was the debt incurred?  _____

Who incurred the debt? Check one.

As of the date you file, the claim is: Check all that apply

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a community debt**

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**
☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts

Is the claim subject to offset?

■ No
☐ Yes

■ Other. Specify **EJ-001 2018000467142, FILED 12/14/2018 OC CLERK RECORDER; OCSC No. 30-2017-00913985, Huntington Beach Gables Homeowners Association**

---

Debtor 1    **Jamie Lynn Gallian**                                    Case number (if known)

| 4.2 3 | **The Huntington Beach Gables Homeowners Association** | Last 4 digits of account number _____ | **Unknown** |

Nonpriority Creditor's Name
c/o Feldsott & Lee
23161 Mill Creek Drive Ste 300
Laguna Hills, CA 92653

Number Street City State Zip Code

**Who incurred the debt? Check one.**
■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**
■ No
☐ Yes

When was the debt incurred? _____

**As of the date you file, the claim is:** Check all that apply
☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**
☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify  **OCSC CX Complaint Lawsuit 30-2020-01163055  Filed (11/9/2020) Nickel  vs.  Huntington  Beach Gables Homeowners Association**

| 4.2 4 | **United Airlines** | Last 4 digits of account number  **10092** | **$9,572.91** |

Nonpriority Creditor's Name
PO Box 0675
Carol Stream, IL 60132-0675

Number Street City State Zip Code

**Who incurred the debt? Check one.**
■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**
■ No
☐ Yes

When was the debt incurred? _____

**As of the date you file, the claim is:** Check all that apply
☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**
☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify  **Misc Debt COBRA**

| 4.2 5 | **US Bank NA** | Last 4 digits of account number  6482 | **$9,145.00** |

Nonpriority Creditor's Name
PO Box 64799
Saint Paul, MN 55164

Number Street City State Zip Code

**Who incurred the debt? Check one.**
■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**
■ No
☐ Yes

When was the debt incurred? _____

**As of the date you file, the claim is:** Check all that apply
☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**
☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify  **Collection**

---

**Part 3:    List Others to Be Notified About a Debt That You Already Listed**

5. **Use this page only if you have others to be notified about your bankruptcy, for a debt that you already listed in Parts 1 or 2. For example, if a collection agency is trying to collect from you for a debt you owe to someone else, list the original creditor in Parts 1 or 2, then list the collection agency here. Similarly, if you have more than one creditor for any of the debts that you listed in Parts 1 or 2, list the additional creditors here. If you do not have additional persons to be notified for any debts in Parts 1 or 2, do not fill out or submit this page.**

Debtor 1   **Jamie Lynn Gallian**                                                    Case number (if known) _____

| Name and Address | |
|---|---|
| **Feldsott & Lee**<br>**23161 Mill Creek Drive Ste 300**<br>**Laguna Hills, CA 92653** | On which entry in Part 1 or Part 2 did you list the original creditor?<br>Line **4.23** of (Check one):   ☐ Part 1: Creditors with Priority Unsecured Claims<br>■ Part 2: Creditors with Nonpriority Unsecured Claims<br><br>Last 4 digits of account number |
| **Feldsott & Lee**<br>**23161 Mill Creek Drive Ste 300**<br>**Laguna Hills, CA 92653** | On which entry in Part 1 or Part 2 did you list the original creditor?<br>Line **4.12** of (Check one):   ☐ Part 1: Creditors with Priority Unsecured Claims<br>■ Part 2: Creditors with Nonpriority Unsecured Claims<br><br>Last 4 digits of account number |
| **Feldsott & Lee**<br>**23161 Mill Creek Drive Ste 300**<br>**Laguna Hills, CA 92653** | On which entry in Part 1 or Part 2 did you list the original creditor?<br>Line **4.18** of (Check one):   ☐ Part 1: Creditors with Priority Unsecured Claims<br>☐ Part 2: Creditors with Nonpriority Unsecured Claims<br><br>Last 4 digits of account number |
| **Gorden G May**<br>**Grant, Genovese & Baratta, LLP**<br>**2030 Main Street, Ste. 1600**<br>**irvine, CA 92614** | On which entry in Part 1 or Part 2 did you list the original creditor?<br>Line **4.1** of (Check one):   ☐ Part 1: Creditors with Priority Unsecured Claims<br>☐ Part 2: Creditors with Nonpriority Unsecured Claims<br><br>Last 4 digits of account number |
| **Gordon Rees Scully & Mansukhani**<br>**5 Park Plaza Ste. 1100**<br>**Irvine, CA 92614** | On which entry in Part 1 or Part 2 did you list the original creditor?<br>Line **4.14** of (Check one):   ☐ Part 1: Creditors with Priority Unsecured Claims<br>■ Part 2: Creditors with Nonpriority Unsecured Claims<br><br>Last 4 digits of account number |
| **Gordon Rees Scully & Mansukhani**<br>**633 W 5th Street, 52nd Floor**<br>**Los Angeles, CA 90071** | On which entry in Part 1 or Part 2 did you list the original creditor?<br>Line **4.2** of (Check one):   ☐ Part 1: Creditors with Priority Unsecured Claims<br>**4.6; 4.7; 4.8; 4.9; 4.11; 4.22**  ■ Part 2: Creditors with Nonpriority Unsecured Claims<br><br>Last 4 digits of account number |
| **Mark Mellor**<br>**Mellor Law Firm**<br>**6800 Indiana Avenue Ste. 220**<br>**Riverside, CA 92506** | On which entry in Part 1 or Part 2 did you list the original creditor?<br>Line **4.15** of (Check one):   ☐ Part 1: Creditors with Priority Unsecured Claims<br>■ Part 2: Creditors with Nonpriority Unsecured Claims<br><br>Last 4 digits of account number |
| **Vivian J. Alston**<br>**Alston, Alston, & Diebold**<br>**27201 Puerta Real, Ste. 300**<br>**Mission Viejo, CA 92691** | On which entry in Part 1 or Part 2 did you list the original creditor?<br>Line **4.3** of (Check one):   ☐ Part 1: Creditors with Priority Unsecured Claims<br>■ Part 2: Creditors with Nonpriority Unsecured Claims<br><br>Last 4 digits of account number |

**Part 4:    Add the Amounts for Each Type of Unsecured Claim**

6. **Total the amounts of certain types of unsecured claims. This information is for statistical reporting purposes only. 28 U.S.C. §159. Add the amounts for each type of unsecured claim.**

| | | | | | Total Claim |
|---|---|---|---|---|---|
| **Total claims from Part 1** | 6a. | **Domestic support obligations** | 6a. | $ | 0.00 |
| | 6b. | **Taxes and certain other debts you owe the government** | 6b. | $ | 0.00 |
| | 6c. | **Claims for death or personal injury while you were intoxicated** | 6c. | $ | 0.00 |
| | 6d. | **Other.** Add all other priority unsecured claims. Write that amount here. | 6d. | $ | 0.00 |
| | 6e. | **Total Priority.** Add lines 6a through 6d. | 6e. | $ | 0.00 |

| | | | | | Total Claim |
|---|---|---|---|---|---|
| **Total claims from Part 2** | 6f. | **Student loans** | 6f. | $ | 0.00 |
| | 6g. | **Obligations arising out of a separation agreement or divorce that you did not report as priority claims** | 6g. | $ | 0.00 |
| | 6h. | **Debts to pension or profit-sharing plans, and other similar debts** | 6h. | $ | 0.00 |

Official Form 106 E/F                 Schedule E/F: Creditors Who Have Unsecured Claims                 Page 10 of 11

Debtor 1    **Jamie Lynn Gallian**                              Case number (if known) _____

| | | | | |
|---|---|---|---|---|
| 6i. | **Other.** Add all other nonpriority unsecured claims. Write that amount here. | 6i. | $ | 427,177.76 |
| 6j. | **Total Nonpriority.** Add lines 6f through 6i. | 6j. | $ | 427,177.76 |

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com                                              Best Case Bankruptcy

| Fill in this information to identify your case: | |
|---|---|
| Debtor 1 | **Jamie Lynn Gallian** |
| | First Name          Middle Name          Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name          Middle Name          Last Name |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA |
| Case number (if known) | |

☐ Check if this is an amended filing

# Official Form 106G
## Schedule G: Executory Contracts and Unexpired Leases
12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the additional page, fill it out, number the entries, and attach it to this page. On the top of any additional pages, write your name and case number (if known).

1. **Do you have any executory contracts or unexpired leases?**
   ■ No. Check this box and file this form with the court with your other schedules. You have nothing else to report on this form.
   ☐ Yes. Fill in all of the information below even if the contacts of leases are listed on *Schedule A/B:Property* (Official Form 106 A/B).

2. **List separately each person or company with whom you have the contract or lease. Then state what each contract or lease is for (for example, rent, vehicle lease, cell phone).** See the instructions for this form in the instruction booklet for more examples of executory contracts and unexpired leases.

| Person or company with whom you have the contract or lease<br>Name, Number, Street, City, State and ZIP Code | State what the contract or lease is for |
|---|---|
| **2.1** **Kia Motors**<br>Name<br>**P.O. Box 20815**<br>Number    Street<br>**Fountain Valley, CA 92708**<br>City          State          ZIP Code | **Kia Sportage Car Lease** |
| **2.2** **Robert P. Warmington Co**<br>Name<br>**3090 Pullman St.**<br>Number    Street<br>**Costa Mesa, CA 92626**<br>City          State          ZIP Code | **Unexpired Ground Leasehold Located on APN 178-011-01, Unit 4, Tract 10542, Space 376. Expires 12/31/2059** |
| **2.3** **BS Investors, LP**<br>Name<br>**18201 Von Karman Ste. 450**<br>Number    Street<br>**Irvine, CA    92612**<br>City          State          ZIP Code | **Unexpired Ground Leasehold Located on APN 178-011-01. Unit 4, Tract 10542, Space 376. Expires 12/31/2059** |
| **2.4** **Houser Bros Co dba Rancho Del Rey Mobilehome Estates**<br>Name<br>**16222 Monterey Ln**<br>Number    Street<br>**Huntington Beach CA 92649**<br>City          State          ZIP Code | **Unexpired Ground Leasehold, Located on APN 178-011-01. Unit 4, Tract 10542, Space 376. Expires 12/31/2059** |
| **2.5**<br>Name<br><br>Number    Street<br><br>City          State          ZIP Code | |

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com          Best Case Bankruptcy

| Fill in this information to identify your case: | |
|---|---|
| Debtor 1 | **Jamie Lynn Gallian** |
| | First Name          Middle Name          Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name          Middle Name          Last Name |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA |
| Case number | |
| (if known) | |

☐ Check if this is an
amended filing

## Official Form 106H
## Schedule H: Your Codebtors
12/15

Codebtors are people or entities who are also liable for any debts you may have. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, and number the entries in the boxes on the left. Attach the Additional Page to this page. On the top of any Additional Pages, write your name and case number (if known). Answer every question.

**1. Do you have any codebtors?** (If you are filing a joint case, do not list either spouse as a codebtor.)

■ No
☐ Yes

**2. Within the last 8 years, have you lived in a community property state or territory?** (*Community property states and territories* include Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, and Wisconsin.)

☐ No. Go to line 3.
■ Yes. Did your spouse, former spouse, or legal equivalent live with you at the time?

    ■ No
    ☐ Yes.

      In which community state or territory did you live?    **-NONE-**  . Fill in the name and current address of that person.

      _____
      Name of your spouse, former spouse, or legal equivalent
      Number, Street, City, State & Zip Code

**3. In Column 1, list all of your codebtors. Do not include your spouse as a codebtor if your spouse is filing with you. List the person shown in line 2 again as a codebtor only if that person is a guarantor or cosigner. Make sure you have listed the creditor on Schedule D (Official Form 106D), Schedule E/F (Official Form 106E/F), or Schedule G (Official Form 106G). Use Schedule D, Schedule E/F, or Schedule G to fill out Column 2.**

| Column 1: **Your codebtor** | Column 2: **The creditor to whom you owe the debt** |
|---|---|
| Name, Number, Street, City, State and ZIP Code | Check all schedules that apply: |

**3.1**
Name _____

Number _____ Street _____
City _____ State _____ ZIP Code _____

☐ Schedule D, line _____
☐ Schedule E/F, line _____
☐ Schedule G, line _____

**3.2**
Name _____

Number _____ Street _____
City _____ State _____ ZIP Code _____

☐ Schedule D, line _____
☐ Schedule E/F, line _____
☐ Schedule G, line _____

Fill in this information to identify your case:

| | |
|---|---|
| Debtor 1 | **Jamie Lynn Gallian** |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA |
| Case number (If known) | |

Check if this is:

☐ An amended filing

☐ A supplement showing postpetition chapter 13 income as of the following date:

_____
MM / DD/ YYYY

## Official Form 106I
## Schedule I: Your Income
12/15

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:    Describe Employment

1. **Fill in your employment information.**

   If you have more than one job, attach a separate page with information about additional employers.

   Include part-time, seasonal, or self-employed work.

   Occupation may include student or homemaker, if it applies.

|  | | **Debtor 1** | **Debtor 2 or non-filing spouse** |
|---|---|---|---|
| **Employment status** | | ☐ Employed | ☐ Employed |
| | | ■ Not employed | ☐ Not employed |
| **Occupation** | | **Unemployed/Disabled;date of injury 8/5/2018, severe crushing injury left foot, with nerve impingment, protruding interior bone left interior portion foot.** | |
| **Employer's name** | | | |
| **Employer's address** | | | |
| | | **Flight Attendant-United Airlines** | |
| **How long employed there?** | | **22 years Last day; worked 10/26/2018** | |

### Part 2:    Give Details About Monthly Income

Estimate monthly income as of the date you file this form. If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

| | | | **For Debtor 1** | **For Debtor 2 or non-filing spouse** |
|---|---|---|---|---|
| 2. | **List monthly gross wages, salary, and commissions** (before all payroll deductions). If not paid monthly, calculate what the monthly wage would be. | 2. | $    **0.00** | $    **N/A** |
| 3. | **Estimate and list monthly overtime pay.** | 3. | +$    **0.00** | +$    **N/A** |
| 4. | **Calculate gross Income.** Add line 2 + line 3. | 4. | $    **0.00** | $    **N/A** |

Debtor 1    **Jamie Lynn Gallian**                                                    Case number *(if known)*

|  |  | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| | Copy line 4 here | 4. | $ 0.00 | $ N/A |
| 5. | List all payroll deductions: | | | |
| 5a. | Tax, Medicare, and Social Security deductions | 5a. | $ 0.00 | $ N/A |
| 5b. | Mandatory contributions for retirement plans | 5b. | $ 0.00 | $ N/A |
| 5c. | Voluntary contributions for retirement plans | 5c. | $ 0.00 | $ N/A |
| 5d. | Required repayments of retirement fund loans | 5d. | $ 0.00 | $ N/A |
| 5e. | Insurance | 5e. | $ 0.00 | $ N/A |
| 5f. | Domestic support obligations | 5f. | $ 0.00 | $ N/A |
| 5g. | Union dues | 5g. | $ 0.00 | $ N/A |
| 5h. | Other deductions. Specify: | 5h.+ | $ 0.00 + | $ N/A |
| 6. | Add the payroll deductions. Add lines 5a+5b+5c+5d+5e+5f+5g+5h. | 6. | $ 0.00 | $ N/A |
| 7. | Calculate total monthly take-home pay. Subtract line 6 from line 4. | 7. | $ 0.00 | $ N/A |
| 8. | List all other income regularly received: | | | |
| 8a. | Net income from rental property and from operating a business, profession, or farm<br>Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income. | 8a. | $ 1,000.00 | $ N/A |
| 8b. | Interest and dividends | 8b. | $ 0.00 | $ N/A |
| 8c. | Family support payments that you, a non-filing spouse, or a dependent regularly receive<br>Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement. | 8c. | $ 0.00 | $ N/A |
| 8d. | Unemployment compensation | 8d. | $ 0.00 | $ N/A |
| 8e. | Social Security | 8e. | $ 0.00 | $ N/A |
| 8f. | Other government assistance that you regularly receive<br>Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies.<br>Specify: | 8f. | $ 0.00 | $ N/A |
| 8g. | Pension or retirement income | 8g. | $ 0.00 | $ N/A |
| 8h. | Other monthly income. Specify: | 8h.+ | $ 0.00 + | $ N/A |
| 9. | Add all other income. Add lines 8a+8b+8c+8d+8e+8f+8g+8h. | 9. | $ 1,000.00 | $ N/A |
| 10. | Calculate monthly income. Add line 7 + line 9.<br>Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse. | 10. | $ 1,000.00 + $ N/A = | $ 1,000.00 |

11. **State all other regular contributions to the expenses that you list in** *Schedule J.*
Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives.
Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in *Schedule J.*
Specify:                                                                                           11. +$                0.00

12. **Add the amount in the last column of line 10 to the amount in line 11.** The result is the combined monthly income.
Write that amount on the *Summary of Schedules* and *Statistical Summary of Certain Liabilities* and Related *Data*, if it applies                                                         12. $          1,000.00

**Combined monthly income**

13. **Do you expect an increase or decrease within the year after you file this form?**
■ No.
☐ Yes. Explain:

Fill in this information to identify your case:

| | |
|---|---|
| Debtor 1 | Jamie Lynn Gallian |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA |
| Case number (If known) | |

Check if this is:

☐ An amended filing
☐ A supplement showing postpetition chapter 13 expenses as of the following date:

_____
MM / DD / YYYY

# Official Form 106J
# Schedule J: Your Expenses
12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

## Part 1:  Describe Your Household

1. **Is this a joint case?**

   ■ No. Go to line 2.
   ☐ Yes. **Does Debtor 2 live in a separate household?**

      ☐ No
      ☐ Yes. Debtor 2 must file Official Form 106J-2, *Expenses for Separate Household* of Debtor 2.

2. **Do you have dependents?**    ■ No

   Do not list Debtor 1 and Debtor 2.    ☐ Yes. Fill out this information for each dependent..............

   Do not state the dependents names.

   | | Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
   |---|---|---|---|
   | | _____ | _____ | ☐ No  ☐ Yes |
   | | _____ | _____ | ☐ No  ☐ Yes |
   | | _____ | _____ | ☐ No  ☐ Yes |
   | | _____ | _____ | ☐ No  ☐ Yes |

3. **Do your expenses include expenses of people other than yourself and your dependents?**    ■ No
   ☐ Yes

## Part 2:  Estimate Your Ongoing Monthly Expenses

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the applicable date.

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form 106I.)

| | | Your expenses |
|---|---|---|
| 4. | The rental or home ownership expenses for your residence. Include first mortgage payments and any rent for the ground or lot. | 4. $ 0.00 |
| | **If not included in line 4:** | |
| 4a. | Real estate taxes | 4a. $ 100.00 |
| 4b. | Property, homeowner's, or renter's insurance | 4b. $ 100.00 |
| 4c. | Home maintenance, repair, and upkeep expenses | 4c. $ 100.00 |
| 4d. | Homeowner's association or condominium dues | 4d. $ 0.00 |
| 5. | **Additional mortgage payments for your residence,** such as home equity loans | 5. $ 100.00 |

Debtor 1    **Jamie Lynn Gallian**                                    Case number (if known) _____

| | | | |
|---|---|---|---|
| 6. | **Utilities:** | | |
| | 6a.   Electricity, heat, natural gas | 6a. $ | 200.00 |
| | 6b.   Water, sewer, garbage collection | 6b. $ | 60.00 |
| | 6c.   Telephone, cell phone, Internet, satellite, and cable services | 6c. $ | 160.00 |
| | 6d.   Other. Specify:=  **Space #376 Rent** | 6d. $ | 1,086.00 |
| 7. | **Food and housekeeping supplies** | 7. $ | 500.00 |
| 8. | **Childcare and children's education costs** | 8. $ | 0.00 |
| 9. | **Clothing, laundry, and dry cleaning** | 9. $ | 0.00 |
| 10. | **Personal care products and services** | 10. $ | 30.00 |
| 11. | **Medical and dental expenses** | 11. $ | 125.00 |
| 12. | **Transportation.** Include gas, maintenance, bus or train fare.<br>Do not include car payments. | 12. $ | 100.00 |
| 13. | **Entertainment, clubs, recreation, newspapers, magazines, and books** | 13. $ | 0.00 |
| 14. | **Charitable contributions and religious donations** | 14. $ | 0.00 |
| 15. | **Insurance.**<br>Do not include insurance deducted from your pay or included in lines 4 or 20. | | |
| | 15a.   Life insurance | 15a. $ | 0.00 |
| | 15b.   Health insurance | 15b. $ | 0.00 |
| | 15c.   Vehicle insurance | 15c. $ | 175.00 |
| | 15d.   Other insurance. Specify: | 15d. $ | 0.00 |
| 16. | **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20.<br>Specify: | 16. $ | 0.00 |
| 17. | **Installment or lease payments:** | | |
| | 17a.   Car payments for Vehicle 1 | 17a. $ | 240.00 |
| | 17b.   Car payments for Vehicle 2 | 17b. $ | 0.00 |
| | 17c.   Other. Specify: | 17c. $ | 0.00 |
| | 17d.   Other. Specify: | 17d. $ | 0.00 |
| 18. | **Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5, *Schedule I, Your Income* (Official Form 106I).** | 18. $ | 0.00 |
| 19. | **Other payments you make to support others who do not live with you.**<br>Specify: | 19. | |
| 20. | **Other real property expenses not included in lines 4 or 5 of this form or on *Schedule I: Your Income.*** | | |
| | 20a.   Mortgages on other property | 20a. $ | 0.00 |
| | 20b.   Real estate taxes | 20b. $ | 0.00 |
| | 20c.   Property, homeowner's, or renter's insurance | 20c. $ | 0.00 |
| | 20d.   Maintenance, repair, and upkeep expenses | 20d. $ | 0.00 |
| | 20e.   Homeowner's association or condominium dues | 20e. $ | 0.00 |
| 21. | **Other:** Specify: | 21. +$ | 0.00 |

| | | | |
|---|---|---|---|
| 22. | **Calculate your monthly expenses** | | |
| | 22a. Add lines 4 through 21. | $ | 2,676.00 |
| | 22b. Copy line 22 (monthly expenses for Debtor 2), if any, from Official Form 106J-2= | $ | |
| | 22c. Add line 22a and 22b.  The result is your monthly expenses. | $ | 2.676.00 |

| | | | |
|---|---|---|---|
| 23. | **Calculate your monthly net income.** | | |
| | 23a.= Copy line 12 *(your combined monthly income)* from Schedule I. | 23a. $ | 1,000.00 |
| | 23b.= Copy your monthly expenses from line 22c above. | 23b. -$ | 2,676.00 |
| | 23c.   Subtract your monthly expenses from your monthly income.<br>The result is your *monthly net income.* | 23c. $ | -1,676.00 |

24. **Do you expect an increase or decrease in your expenses within the year after you file this form?**
For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

■ No.
☐ Yes.        | Explain here: |

Fill in this information to identify your case:

| | |
|---|---|
| Debtor 1 | **Jamie Lynn Gallian** |
| | First Name   Middle Name   Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name   Middle Name   Last Name |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA |
| Case number (if known) | |

☐ Check if this is an amended filing

Official Form 106Dec

# Declaration About an Individual Debtor's Schedules

12/15

If two married people are filing together, both are equally responsible for supplying correct information.

You must file this form whenever you file bankruptcy schedules or amended schedules. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

| | Sign Below |
|---|---|

**Did you pay or agree to pay someone who is NOT an attorney to help you fill out bankruptcy forms?**

■ No

☐ Yes. Name of person _____   Attach *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119)

Under penalty of perjury, I declare that I have read the summary and schedules filed with this declaration and that they are true and correct.

X _____   X _____
**Jamie Lynn Gallian**   Signature of Debtor 2
Signature of Debtor 1

Date ____ 7/9/2021 ____   Date _____

Official Form 106Dec   Declaration About an Individual Debtor's Schedules

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com

Best Case Bankruptcy

63

Fill in this information to identify your case:

| Debtor 1 | **Jamie Lynn Gallian** | | |
|---|---|---|---|
| | First Name | Middle Name | Last Name |
| Debtor 2 (Spouse if, filing) | | | |
| | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA | | |
| Case number (if known) | | | |

☐ Check if this is an amended filing

# Official Form 107
# Statement of Financial Affairs for Individuals Filing for Bankruptcy          4/19

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

## Part 1:    Give Details About Your Marital Status and Where You Lived Before

1.  **What is your current marital status?**

    ☐ Married
    ■ Not married

2.  **During the last 3 years, have you lived anywhere other than where you live now?**

    ■ No
    ☐ Yes. List all of the places you lived in the last 3 years. Do not include where you live now.

| Debtor 1 Prior Address: | Dates Debtor 1 lived there | Debtor 2 Prior Address: | Dates Debtor 2 lived there |
|---|---|---|---|

3.  **Within the last 8 years, did you ever live with a spouse or legal equivalent in a community property state or territory?** (*Community property states and territories* include Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington and Wisconsin.)

    ■ No
    ☐ Yes. Make sure you fill out *Schedule H: Your Codebtors* (Official Form 106H).

## Part 2    Explain the Sources of Your Income

4.  **Did you have any income from employment or from operating a business during this year or the two previous calendar years?**
    Fill in the total amount of income you received from all jobs and all businesses, including part-time activities.
    If you are filing a joint case and you have income that you receive together, list it only once under Debtor 1.

    ☐ No
    ■ Yes. Fill in the details.

| | Debtor 1 | | Debtor 2 | |
|---|---|---|---|---|
| | **Sources of income** Check all that apply. | **Gross income** (before deductions and exclusions) | **Sources of income** Check all that apply. | **Gross income** (before deductions and exclusions) |
| **For last calendar year: (January 1 to December 31, 2020 )** | ■ Wages, commissions, bonuses, tips | $1,408.00 | ☐ Wages, commissions, bonuses, tips | |
| | ☐ Operating a business | | ☐ Operating a business | |

---

Debtor 1    **Jamie Lynn Gallian** _____    Case number *(if known)* _____

| | Debtor 1 | | Debtor 2 | |
|---|---|---|---|---|
| | **Sources of income**<br>Check all that apply. | **Gross income**<br>(before deductions and<br>exclusions) | **Sources of income**<br>Check all that apply. | **Gross income**<br>(before deductions<br>and exclusions) |
| **For the calendar year before that:**<br>(January 1 to December 31, 2019 ) | ☑ Wages, commissions,<br>bonuses, tips | $3,375.00 | ☐ Wages, commissions,<br>bonuses, tips | |
| | ☐ Operating a business | | ☐ Operating a business | |

**5.   Did you receive any other income during this year or the two previous calendar years?**
Include income regardless of whether that income is taxable. Examples of *other income* are alimony; child support; Social Security, unemployment, and other public benefit payments; pensions; rental income; interest; dividends; money collected from lawsuits; royalties; and gambling and lottery winnings. If you are filing a joint case and you have income that you received together, list it only once under Debtor 1.

List each source and the gross income from each source separately. Do not include income that you listed in line 4.

☐   No
☑   Yes. Fill in the details.

| | Debtor 1 | | Debtor 2 | |
|---|---|---|---|---|
| | **Sources of income**<br>Describe below. | **Gross income from<br>each source**<br>(before deductions and<br>exclusions) | **Sources of income**<br>Describe below. | **Gross income**<br>(before deductions<br>and exclusions) |
| **From January 1 of current year until<br>the date you filed for bankruptcy:** | Unemployment | $0.00 | | |
| **For last calendar year:**<br>(January 1 to December 31, 2020 ) | Unemployment | $21,227.00 | | |
| | Retirement | $31,922.58 | | |

| Part 3: | **List Certain Payments You Made Before You Filed for Bankruptcy** |
|---|---|

**6.   Are either Debtor 1's or Debtor 2's debts primarily consumer debts?**

☐   No.   **Neither Debtor 1 nor Debtor 2 has primarily consumer debts.** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

During the 90 days before you filed for bankruptcy, did you pay any creditor a total of $6,825* or more?
☐   No.   Go to line 7.
☐   Yes   List below each creditor to whom you paid a total of $6,825* or more in one or more payments and the total amount you paid that creditor. Do not include payments for domestic support obligations, such as child support and alimony. Also, do not include payments to an attorney for this bankruptcy case.
* Subject to adjustment on 4/01/22 and every 3 years after that for cases filed on or after the date of adjustment.

☑   Yes.   **Debtor 1 or Debtor 2 or both have primarily consumer debts.**
During the 90 days before you filed for bankruptcy, did you pay any creditor a total of $600 or more?

☑   No.   Go to line 7.
☐   Yes   List below each creditor to whom you paid a total of $600 or more and the total amount you paid that creditor. Do not include payments for domestic support obligations, such as child support and alimony. Also, do not include payments to an attorney for this bankruptcy case.

| **Creditor's Name and Address** | **Dates of payment** | **Total amount<br>paid** | **Amount you<br>still owe** | **Was this payment for ...** |
|---|---|---|---|---|

Debtor 1    **Jamie Lynn Gallian**                                              Case number *(if known)*

---

7.  **Within 1 year before you filed for bankruptcy, did you make a payment on a debt you owed anyone who was an insider?**
    *Insiders* include your relatives; any general partners; relatives of any general partners; partnerships of which you are a general partner; corporations of which you are an officer, director, person in control, or owner of 20% or more of their voting securities; and any managing agent, including one for a business you operate as a sole proprietor. 11 U.S.C. § 101. Include payments for domestic support obligations, such as child support and alimony.

    ■ No
    ☐ Yes. List all payments to an insider.

| Insider's Name and Address | Dates of payment | Total amount paid | Amount you still owe | Reason for this payment |
|---|---|---|---|---|

8.  **Within 1 year before you filed for bankruptcy, did you make any payments or transfer any property on account of a debt that benefited an insider?**
    Include payments on debts guaranteed or cosigned by an insider.

    ■ No
    ☐ Yes. List all payments to an insider

| Insider's Name and Address | Dates of payment | Total amount paid | Amount you still owe | Reason for this payment Include creditor's name |
|---|---|---|---|---|

**Part 4:    Identify Legal Actions, Repossessions, and Foreclosures**

9.  **Within 1 year before you filed for bankruptcy, were you a party in any lawsuit, court action, or administrative proceeding?**
    List all such matters, including personal injury cases, small claims actions, divorces, collection suits, paternity actions, support or custody modifications, and contract disputes.

    ☐ No
    ■ Yes. Fill in the details.

| Case title Case number | Nature of the case | Court or agency | Status of the case |
|---|---|---|---|
| Filed 1/2/2019 Houser Bros Co v Jamie Gallian 30-2019-01041423-CI-UD-CJC | Unlawful Detainer | Orange County Superior Court 700 W Civic Center West Santa Ana, CA 92701 | ■ Pending ☐ On appeal ☐ Concluded |
| Filed 11/8/2020 Randall L Nickell v. The Huntington Beach Gabels HOA, etal 30-2020-01163055-CU-OR-CJC | Civil | Orange County Superior Court 700 Civic Center Drive West Santa Ana, CA 92701 | ■ Pending ☐ On appeal ☐ Concluded |
| Filed 4/11/2017 Huntington Beach Gables Homeowners Association vs. Sandra Bradley et al. 30-2017-00913985-CU-CO-CJC | Collections | Orange County Superior Court 700 Civic Center Drive West Santa Ana, CA 92701 | ☐ Pending ☐ On appeal ☐ Concluded |
| Filed 12/22/2017 Huntington Beach Gables Homeowners Association vs. Jamie  Lynn Gallian 30-2017-00962999-CU-HR-CJC | Collections | Orange County Superior Court 700 Civic Center Drive West Santa Ana, CA 92701 | ☐ Pending ☐ On appeal ☐ Concluded |
| | | | ☐ Pending ☐ On appeal ☐ Concluded |

---

Debtor 1    **Jamie Lynn Gallian**                                Case number *(if known)*_____

10. Within 1 year before you filed for bankruptcy, was any of your property repossessed, foreclosed, garnished, attached, seized, or levied?
Check all that apply and fill in the details below.

**A WRIT dated 11/19/18, in the name of LISA T. RYAN, Case No. 30-2018-01013582 was UNLAWFULLY executed by Park**
- ■ No. Go to line 11. **Mgr., Houser Bros Co GP on 3/4/2019, against the bona fide purchase of Ryan home LBM1081 on 11/1/2018.**
- ☐ Yes. Fill in the information below. • **Possession returned to bona fide buyer by Judicial Officer Judge Carmen Luege. on 3/6/19, OCJC.**

| Creditor Name and Address | Describe the Property **LBM 1081** | Date **3/6/2019** | Value of the property |
|---|---|---|---|
| **Houser Bros Co GP** | | | |
| **dba RDRMHE** | Explain what happened | **Resident Gallian was removed from her home by force on 3/4/19, Park Manager changed Locks unlawfully. Possession ret. to Gallian.** | |

11. Within 90 days before you filed for bankruptcy, did any creditor, including a bank or financial institution, set off any amounts from your accounts or refuse to make a payment because you owed a debt?
- ■ No
- ☐ Yes. Fill in the details.

| Creditor Name and Address | Describe the action the creditor took | Date action was taken | Amount |
|---|---|---|---|

12. Within 1 year before you filed for bankruptcy, was any of your property in the possession of an assignee for the benefit of creditors, a court-appointed receiver, a custodian, or another official?
- ■ No
- ☐ Yes

**Part 5:    List Certain Gifts and Contributions**

13. Within 2 years before you filed for bankruptcy, did you give any gifts with a total value of more than $600 per person?
- ■ No
- ☐ Yes. Fill in the details for each gift.

| Gifts with a total value of more than $600 per person | Describe the gifts | Dates you gave the gifts | Value |
|---|---|---|---|
| **Person to Whom You Gave the Gift and Address:** | | | |

14. Within 2 years before you filed for bankruptcy, did you give any gifts or contributions with a total value of more than $600 to any charity?
- ■ No
- ☐ Yes. Fill in the details for each gift or contribution.

| Gifts or contributions to charities that total more than $600 | Describe what you contributed | Dates you contributed | Value |
|---|---|---|---|
| **Charity's Name** | | | |
| **Address** (Number, Street, City, State and ZIP Code) | | | |

**Part 6:    List Certain Losses**

15. Within 1 year before you filed for bankruptcy or since you filed for bankruptcy, did you lose anything because of theft, fire, other disaster, or gambling? **Unemployment due to Covid 19 pandemic massive layoffs in airline industry and other industries; California Governors Stay at Home Orders. Unable to procure sustainable employment. Apply for Covid 19 Rent Relief State Programs.**
- No
- ☒ Yes. Fill in the details.

| Describe the property you lost and how the loss occurred | Describe any insurance coverage for the loss | Date of your loss | Value of property lost |
|---|---|---|---|
| | Include the amount that insurance has paid. List pending insurance claims on line 33 of *Schedule A/B: Property.* | | |

**Part 7:    List Certain Payments or Transfers**

16. Within 1 year before you filed for bankruptcy, did you or anyone else acting on your behalf pay or transfer any property to anyone you consulted about seeking bankruptcy or preparing a bankruptcy petition?
Include any attorneys, bankruptcy petition preparers, or credit counseling agencies for services required in your bankruptcy.

- ☐ No
- ■ Yes. Fill in the details.

| Person Who Was Paid Address Email or website address Person Who Made the Payment, If Not You | Description and value of any property transferred | Date payment or transfer was made | Amount of payment |
|---|---|---|---|

Debtor 1   **Jamie Lynn Gallian**                     Case number *(if known)*

| Person Who Was Paid; Address; Email address | | Description and value of any property transferred | Date payment or transfer was made | Amount of payment |
|---|---|---|---|---|
| James H. Casello Esq. | SBN 76021 | Client Trust Account for Atty Fees | 2019-2020 | $ 43,000.00 |
| Michael Chulak, Esq. SBN | 194744 (suspended) | Client Trust Account for Atty Fees | 2018-2019 | $ 8,700.00 |
| Michael S. Devereux, Esq. | SBN 225240 | Client Trust Account for Atty Fees | 2018-2019 | $ 5,000.00 |
| Steven A. Fink, Esq. | SBN 93762 | Client Trust Account for Atty Fees | 2019-2020 | $ 30,000.00 |
| David R. Flyer, Esq. | SBN 10069 | Client Trust Account for Atty Fees | 2018-2019 | $ 17,000.00 |
| Raquel Flyer-Dashner Esq. | SBN 282248 | Client Trust Account for Atty Fees | 2018 | $ 5,000.00 |
| Frank A. Satalino, Esq. | SBN 143444 | Client Trust Account for Atty Fees | 2018 | $ 5,000.00 |
| | | | **TOTAL** | **$ 113,700.00** |

17. **Within 1 year before you filed for bankruptcy, did you or anyone else acting on your behalf pay or transfer any property to anyone who promised to help you deal with your creditors or to make payments to your creditors?**
Do not include any payment or transfer that you listed on line 16.

■ No
☐ Yes. Fill in the details.

| Person Who Was Paid Address | Description and value of any property transferred | Date payment or transfer was made | Amount of payment |
|---|---|---|---|

18. **Within 2 years before you filed for bankruptcy, did you sell, trade, or otherwise transfer any property to anyone, other than property transferred in the ordinary course of your business or financial affairs?**
Include both outright transfers and transfers made as security (such as the granting of a security interest or mortgage on your property). Do not include gifts and transfers that you have already listed on this statement.

☐ No
■ Yes. Fill in the details.

| Person Who Received Transfer Address | Description and value of property transferred | Describe any property or payments received or debts paid in exchange | Date transfer was made |
|---|---|---|---|
| **Person's relationship to you** | | | |
| **Randall Nickell** <br> **4476 Alderport Dr. Unit 53** <br> **Huntington Beach, CA 92649** <br> **Bona fide purchaser for Value.** | **Primary residence sold** <br> **Leasehold on 10/31/2018** <br> **4476 Alderport Drive #53,** <br> **Huntington Beach, CA 92649** <br> **APN 937-63-053** | $379,000 | 10/31/2018 |

19. **Within 10 years before you filed for bankruptcy, did you transfer any property to a self-settled trust or similar device of which you are a beneficiary?** *(These are often called asset-protection devices.)*

■ No
☐ Yes. Fill in the details.

| Name of trust | Description and value of the property transferred | Date Transfer was made |
|---|---|---|

**Part 8:    List of Certain Financial Accounts, Instruments, Safe Deposit Boxes, and Storage Units**

20. **Within 1 year before you filed for bankruptcy, were any financial accounts or instruments held in your name, or for your benefit, closed, sold, moved, or transferred?**
Include checking, savings, money market, or other financial accounts; certificates of deposit; shares in banks, credit unions, brokerage houses, pension funds, cooperatives, associations, and other financial institutions.

■ No
☐ Yes. Fill in the details.

| Name of Financial Institution and Address (Number, Street, City, State and ZIP Code) | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|

Debtor 1    **Jamie Lynn Gallian**                                                    Case number *(if known)*

---

21. **Do you now have, or did you have within 1 year before you filed for bankruptcy, any safe deposit box or other depository for securities, cash, or other valuables?**

■ No
☐ Yes. Fill in the details.

| Name of Financial Institution<br>**Address** (Number, Street, City, State and ZIP Code) | Who else had access to it?<br>**Address** (Number, Street, City, State and ZIP Code) | Describe the contents | Do you still have it? |
|---|---|---|---|

22. **Have you stored property in a storage unit or place other than your home within 1 year before you filed for bankruptcy?**

■ No
☐ Yes. Fill in the details.

| Name of Storage Facility<br>**Address** (Number, Street, City, State and ZIP Code) | Who else has or had access to it?<br>**Address** (Number, Street, City, State and ZIP Code) | Describe the contents | Do you still have it? |
|---|---|---|---|

---

**Part 9:    Identify Property You Hold or Control for Someone Else**

23. **Do you hold or control any property that someone else owns? Include any property you borrowed from, are storing for, or hold in trust for someone.**

■ No
☐ Yes. Fill in the details.

| Owner's Name<br>**Address** (Number, Street, City, State and ZIP Code) | Where is the property?<br>(Number, Street, City, State and ZIP Code) | Describe the property | Value |
|---|---|---|---|

---

**Part 10:    Give Details About Environmental Information**

For the purpose of Part 10, the following definitions apply:

■ *Environmental law* means any federal, state, or local statute or regulation concerning pollution, contamination, releases of hazardous or toxic substances, wastes, or material into the air, land, soil, surface water, groundwater, or other medium, including statutes or regulations controlling the cleanup of these substances, wastes, or material.

■ *Site* means any location, facility, or property as defined under any environmental law, whether you now own, operate, or utilize it or used to own, operate, or utilize it, including disposal sites.

■ *Hazardous material* means anything an environmental law defines as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, contaminant, or similar term.

Report all notices, releases, and proceedings that you know about, regardless of when they occurred.

24. **Has any governmental unit notified you that you may be liable or potentially liable under or in violation of an environmental law?**

■ No
☐ Yes. Fill in the details.

| Name of site<br>**Address** (Number, Street, City, State and ZIP Code) | Governmental unit<br>**Address** (Number, Street, City, State and ZIP Code) | Environmental law, if you know it | Date of notice |
|---|---|---|---|

25. **Have you notified any governmental unit of any release of hazardous material?**

■ No
☐ Yes. Fill in the details.

| Name of site<br>**Address** (Number, Street, City, State and ZIP Code) | Governmental unit<br>**Address** (Number, Street, City, State and ZIP Code) | Environmental law, if you know it | Date of notice |
|---|---|---|---|

---

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

Debtor 1   **Jamie Lynn Gallian**                                    Case number *(if known)*

---

26. **Have you been a party in any judicial or administrative proceeding under any environmental law? Include settlements and orders.**

■ No
☐ Yes. Fill in the details.

| Case Title Case Number | Court or agency Name Address (Number, Street, City, State and ZIP Code) | Nature of the case | Status of the case |
|---|---|---|---|

---

**Give Details About Your Business or Connections to Any Business**

27. **Within 4 years before you filed for bankruptcy, did you own a business or have any of the following connections to any business?**

☐ A sole proprietor or self-employed in a trade, profession, or other activity, either full-time or part-time

■ A member of a limited liability company (LLC) or limited liability partnership (LLP)

☐ A partner in a partnership

☐ An officer, director, or managing executive of a corporation

☐ An owner of at least 5% of the voting or equity securities of a corporation

☐ No. None of the above applies. Go to Part 12.

■ Yes. Check all that apply above and fill in the details below for each business.

| Business Name Address (Number, Street, City, State and ZIP Code) | Describe the nature of the business Name of accountant or bookkeeper | Employer Identification number Do not include Social Security number or ITIN. Dates business existed |
|---|---|---|
| **J-Sandcastle Co., LLC** 16222 Monterey Lane #376 Huntington Beach, CA 92649 | **Residential Management** | EIN:  83-2453659 From-To  10/19/2018 - Present |
| **J-Pad, LLC** 16222 Monterey Lane #376 Huntington Beach, CA 92649 | **Residential Management** | EIN: From-To  02/09/2018 - Present |

28. **Within 2 years before you filed for bankruptcy, did you give a financial statement to anyone about your business? Include all financial institutions, creditors, or other parties.**

■ No
☐ Yes. Fill in the details below.

| Name Address (Number, Street, City, State and ZIP Code) | Date Issued |
|---|---|

---

**Sign Below**

I have read the answers on this *Statement of Financial Affairs* and any attachments, and I declare under penalty of perjury that the answers are true and correct. I understand that making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

X *(signature)*                                              _____

**Jamie Lynn Gallian**                                     Signature of Debtor 2
Signature of Debtor 1

Date  **7/9/2021**                                         Date  _____

**Did you attach additional pages to *Your Statement of Financial Affairs for Individuals Filing for Bankruptcy* (Official Form 107)?**

■ No
☐ Yes

**Did you pay or agree to pay someone who is not an attorney to help you fill out bankruptcy forms?**

■ No

---

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com

Debtor 1    **Jamie Lynn Gallian**    _____    Case number *(if known)*    _____

☐ Yes. Name of Person _____. Attach the *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119).

| Fill in this information to identify your case: | | |
|---|---|---|
| Debtor 1 | **Jamie Lynn Gallian** | |
| | First Name    Middle Name    Last Name | |
| Debtor 2 | | |
| (Spouse if, filing) | First Name    Middle Name    Last Name | |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA | |
| Case number (if known) | _____ | |

☐ Check if this is an amended filing

## Official Form 108
# Statement of Intention for Individuals Filing Under Chapter 7       12/15

If you are an individual filing under chapter 7, you must fill out this form if:
■ creditors have claims secured by your property, or
■ you have leased personal property and the lease has not expired.
You must file this form with the court within 30 days after you file your bankruptcy petition or by the date set for the meeting of creditors, whichever is earlier, unless the court extends the time for cause. You must also send copies to the creditors and lessors you list on the form

If two married people are filing together in a joint case, both are equally responsible for supplying correct information. Both debtors must sign and date the form.

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known).

| Part 1: | List Your Creditors Who Have Secured Claims |
|---|---|

1. For any creditors that you listed in Part 1 of Schedule D: Creditors Who Have Claims Secured by Property (Official Form 106D), fill in the information below.

| Identify the creditor and the property that is collateral | What do you intend to do with the property that secures a debt? | Did you claim the property as exempt on Schedule C? |
|---|---|---|
| Creditor's name: **Houser Bros. Co. dba Rancho Del Rey Mobile-home Estates Space #376, Unexpired Ground leasehold until 2059, located on APN 178-011-16; Parcel Map Book 108, Pg. 47 & 48, County of Orange property** | ☐ Surrender the property.<br>☐ Retain the property and redeem it.<br>☒ Retain the property and enter into a *Reaffirmation Agreement.*<br>■ Retain the property and [explain]: | ☐ No<br><br>■ Yes |
| Description of securing debt: **16222 Monterey Ln. Space #376 Huntington Beach, CA 92649 Orange County. APN 891-569-62 Decal No. LBM1081 Title held by Debtor's single member LLC J-Sandcastle Co, LLC** | **Debtor will retain collateral & continue to make Monthly Ground Space Payments #376, located on APN 178-011-16** | |
| Creditor's name: **J-Pad, LLC** | ☐ Surrender the property.<br>☐ Retain the property and redeem it.<br>☐ Retain the property and enter into a *Reaffirmation Agreement.*<br>■ Retain the property and [explain]: | ☐ No<br><br>■ Yes |
| Description of property securing debt: **16222 Monterey Ln. Space #376 Huntington Beach, CA 92649 Orange County. APN-891-569-62, Decal No. LBM1081 Title held by Debtor's single member LLC J-Sandcastle Co, LLC** | **Debtor will retain collateral & continue to make regular principal payments.** | |

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com        Best Case Bankruptcy

72

Debtor 1    **Jamie Lynn Gallian**                 Case number *(if known)*

| Creditor's name: | **Kia Motors Finance** | ☐ Retain the property and redeem it.<br>☑ Retain the property and enter into a<br>    *Reaffirmation Agreement.*<br>☐ Retain the property and [explain]: | No<br><br>☑ Yes |
| --- | --- | --- | --- |
| Description of property securing debt: | **2020 Kia Sportage**<br>**Location: 16222 Monterey Ln #376,**<br>**Huntington Beach CA 92649**<br>**(LEASE)** | | |

| Creditor's name: | **Orange County Tax Assessor** | ☐ Surrender the property.<br>☐ Retain the property and redeem it.<br>☐ Retain the property and enter into a<br>    *Reaffirmation Agreement.*<br>☑ Retain the property and [explain]:<br><br>**Debtor will retain collateral & continue to**<br>**make regular payments.** | ☐ No<br><br>☑ Yes |
| --- | --- | --- | --- |
| Description of property securing debt: | **16222 Monterey Ln #376**<br>**Huntington Beach, CA 92649**<br>**Orange County. APN 891-569-62**<br>**Decal No. LBM1081  Title held**<br>**by Debtor's single member LLC**<br>**J-Sandcastle Co, LLC** | | |

| Creditor's name: | **The Huntington Beach Gables**<br>**Homeowners Association** | ☐ Surrender the property.<br>☐ Retain the property and redeem it.<br>☐ Retain the property and enter into a<br>    *Reaffirmation Agreement.*<br>☑ Retain the property and [explain]:<br><br>**avoid lien using 11 U.S.C. § 522(f)** | ☐ No<br><br>☑ Yes |
| --- | --- | --- | --- |
| Description of property securing debt: | **16222 Monterey Ln #376**<br>**Huntington Beach, CA 92649**<br>**Orange County. APN 891-569-62**<br>**Decal No. LBM1081  Title held**<br>**by Debtor's single member LLC**<br>**J-Sandcastle Co, LLC** | | |

| Creditor's name: | **The Huntington Beach Gables**<br>**Homeowners Association** | ☐ Surrender the property.<br>☐ Retain the property and redeem it.<br>☐ Retain the property and enter into a<br>    *Reaffirmation Agreement.*<br>☑ Retain the property and [explain]:<br><br>**avoid lien using 11 U.S.C. § 522(f)** | ☐ No<br><br>☑ Yes |
| --- | --- | --- | --- |
| Description of property securing debt: | **16222 Monterey Ln #376**<br>**Huntington Beach, CA 92649**<br>**Orange County. APN 891-569-62**<br>**Decal No. LBM1081  Title held**<br>**by Debtor's single member LLC**<br>**J-Sandcastle Co, LLC** | | |

| Creditor's name: | **The Huntington Beach Gables**<br>**Homeowners Association** | ☐ Surrender the property.<br>☐ Retain the property and redeem it.<br>☐ Retain the property and enter into a<br>    *Reaffirmation Agreement.*<br>☑ Retain the property and [explain]:<br><br>**avoid lien using 11 U.S.C. § 522(f)** | ☐ No<br><br>☑ Yes |
| --- | --- | --- | --- |
| Description of property securing debt: | **16222 Monterey Ln #376**<br>**Huntington Beach, CA 92649**<br>**Orange County. APN 891-569-62**<br>**Decal No. LBM1081  Title held**<br>**by Debtor's single member LLC**<br>**J-Sandcastle Co, LLC** | | |

**Part 2:**    **List Your Unexpired Personal Property Leases**

For any unexpired personal property lease that you listed in Schedule G: Executory Contracts and Unexpired Leases (Official Form 106G), fill in the information below. Do not list real estate leases. Unexpired leases are leases that are still in effect; the lease period has not yet ended. You may assume an unexpired personal property lease if the trustee does not assume it. 11 U.S.C. § 365(p)(2).

**Describe your unexpired personal property leases**                            **Will the lease be assumed?**

Official Form 108         Statement of Intention for Individuals Filing Under Chapter 7         page 2

Debtor 1    __Jamie Lynn Gallian__                                    Case number *(if known)* _____

| | | |
|---|---|---|
| Lessor's name: Description of leased Property: | **Houser Bros Co, dba Rancho Del Rey Mobile Home Estates** Ground Leasehold until 2059, Space #376, located upon APN 178-011-01 2014 Skyline Villa - Manufactured Home installed on Space 376 July 2, 2014, LBM1081 | ☐ No ☒ Yes |
| Lessor's name: Description of leased Property: | **BS Investor, LP** Ground Leasehold until 2059, Space #376, located upon APN 178-011-01 2014 Skyline Villa - Manufactured Home installed on Space 376, July 2, 2014, LBM1081 | ☐ No ☒ Yes |
| Lessor's name: Description of leased Property: | **Kia Motors Finance** 2020 Kia Sportage | ☐ No ☒ Yes |
| Lessor's name: Description of leased Property: | | ☐ No ☐ Yes |
| Lessor's name: Description of leased Property: | | ☐ No ☐ Yes |
| Lessor's name: Description of leased Property: | | ☐ No ☐ Yes |
| Lessor's name: Description of leased Property: | | ☐ No ☐ Yes |

| Part 3: | Sign Below |
|---|---|

**Under penalty of perjury, I declare that I have indicated my intention about any property of my estate that secures a debt and any personal property that is subject to an unexpired lease.**

X _~~Jamie L Gallian~~_                                    X _____

**Jamie Lynn Gallian**
Signature of Debtor 1                                    Signature of Debtor 2

Date    __7/9/2021__                                    Date    _____

Official Form 108          **Statement of Intention for Individuals Filing Under Chapter 7**          page 3

Fill in this information to identify your case:

| | |
|---|---|
| Debtor 1 | **Jamie Lynn Gallian** |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | Central District of California |
| Case number (if known) | |

Check one box only as directed in this form and in Form 122A-1Supp:

- ☑ 1. There is no presumption of abuse
- ☐ 2. The calculation to determine if a presumption of abuse applies will be made under *Chapter 7 Means Test Calculation* (Official Form 122A-2).
- ☐ 3. The Means Test does not apply now because of qualified military service but it could apply later.

☐ Check if this is an amended filing

# Official Form 122A - 1
# Chapter 7 Statement of Your Current Monthly Income

04/20

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for being accurate. If more space is needed, attach a separate sheet to this form. Include the line number to which the additional information applies. On the top of any additional pages, write your name and case number (if known). If you believe that you are exempted from a presumption of abuse because you do not have primarily consumer debts or because of qualifying military service, complete and file *Statement of Exemption from Presumption of Abuse Under § 707(b)(2)* (Official Form 122A-1Supp) with this form.

**Part 1:     Calculate Your Current Monthly Income**

1. **What is your marital and filing status?** Check one only.

   ☑ **Not married.** Fill out Column A, lines 2-11.

   ☐ **Married and your spouse is filing with you.** Fill out both Columns A and B, lines 2-11.

   ☐ **Married and your spouse is NOT filing with you.** You and your spouse are:

      ☐ **Living in the same household and are not legally separated.** Fill out both Columns A and B, lines 2-11.

      ☐ **Living separately or are legally separated.** Fill out Column A, lines 2-11; do not fill out Column B. By checking this box, you declare under penalty of perjury that you and your spouse are legally separated under nonbankruptcy law that applies or that you and your spouse are living apart for reasons that do not include evading the Means Test requirements. 11 U.S.C § 707(b)(7)(B).

Fill in the average monthly income that you received from all sources, derived during the 6 full months before you file this bankruptcy case. 11 U.S.C. § 101(10A). For example, if you are filing on September 15, the 6-month period would be March 1 through August 31. If the amount of your monthly income varied during the 6 months, add the income for all 6 months and divide the total by 6. Fill in the result. Do not include any income amount more than once. For example, if both spouses own the same rental property, put the income from that property in one column only. If you have nothing to report for any line, write $0 in the space.

| | | Column A Debtor 1 | Column B Debtor 2 or non-filing spouse |
|---|---|---|---|
| 2. | **Your gross wages, salary, tips, bonuses, overtime, and commissions** (before all payroll deductions). | $          0.00 | $ |
| 3. | **Alimony and maintenance payments.** Do not include payments from a spouse if Column B is filled in. | $          0.00 | $ |
| 4. | **All amounts from any source which are regularly paid for household expenses of you or your dependents, including child support.** Include regular contributions from an unmarried partner, members of your household, your dependents, parents, and roommates. Include regular contributions from a spouse only if Column B is not filled in. Do not include payments you listed on line 3. | $          0.00 | $ |

5. **Net income from operating a business, profession, or farm**

| | | Debtor 1 | | |
|---|---|---|---|---|
| Gross receipts (before all deductions) | $ | 0.00 | | |
| Ordinary and necessary operating expenses | -$ | 0.00 | | |
| Net monthly income from a business, profession, or farm | $ | 0.00 | Copy here -> $          0.00 | $ |

6. **Net income from rental and other real property**

| | | Debtor 1 | | |
|---|---|---|---|---|
| Gross receipts (before all deductions) | $ | 1,000.00 | | |
| Ordinary and necessary operating expenses | -$ | 0.00 | | |
| Net monthly income from rental or other real property | $ | 1,000.00 | Copy here -> $       1,000.00 | $ |

| 7. | **Interest, dividends, and royalties** | | $          0.00 | $ |
|---|---|---|---|---|

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com                                        Best Case Bankruptcy

Debtor 1    **Jamie Lynn Gallian** _____    Case number (*if known*) _____

| | | Column A<br>Debtor 1 | Column B<br>Debtor 2 or<br>non-filing spouse |
|---|---|---|---|
| 8. | **Unemployment compensation** | $ 0.00 | $ |
| | Do not enter the amount if you contend that the amount received was a benefit under the Social Security Act. Instead, list it here: | | |
| | For you                                           $ 0.00 | | |
| | For your spouse                           $ | | |
| 9. | **Pension or retirement income.** Do not include any amount received that was a benefit under the Social Security Act. Also, except as stated in the next sentence, do not include any compensation, pension, pay, annuity, or allowance paid by the United States Government in connection with a disability, combat-related injury or disability, or death of a member of the uniformed services. If you received any retired pay paid under chapter 61 of title 10, then include that pay only to the extent that it does not exceed the amount of retired pay to which you would otherwise be entitled if retired under any provision of title 10 other than chapter 61 of that title. | $ 0.00 | $ |
| 10. | **Income from all other sources not listed above.** Specify the source and amount. Do not include any benefits received under the Social Security Act; payments made under the Federal law relating to the national emergency declared by the President under the National Emergencies Act (50 U.S.C. 1601 et seq.) with respect to the coronavirus disease 2019 (COVID-19); payments received as a victim of a war crime, a crime against humanity, or international or domestic terrorism; or compensation pension, pay, annuity, or allowance paid by the United States Government in connection with a disability, combat-related injury or disability, or death of a member of the uniformed services. If necessary, list other sources on a separate page and put the total below.. | | |
| | . _____ | $ 0.00 | $ |
| | _____ | $ 0.00 | $ |
| | Total amounts from separate pages, if any. | + $ 0.00 | $ |

11. **Calculate your total current monthly income.** Add lines 2 through 10 for each column. Then add the total for Column A to the total for Column B.

$ 1,000.00  + $ _____  = $ 1,000.00

**Total current monthly income**

12. **Calculate your current monthly income for the year.** Follow these steps:

12a. Copy your total current monthly income from line 11 _____   Copy line 11 here=>   $ 1,000.00

Multiply by 12 (the number of months in a year)   **x 12**

12b. The result is your annual income for this part of the form   12b. $ 12,000.00

13. **Calculate the median family income that applies to you.** Follow these steps:

Fill in the state in which you live.   **CA**

Fill in the number of people in your household.   **1**

Fill in the median family income for your state and size of household. _____   13. $ 62,938.00

To find a list of applicable median income amounts, go online using the link specified in the separate instructions for this form. This list may also be available at the bankruptcy clerk's office.

14. **How do the lines compare?**

14a.   ■   Line 12b is less than or equal to line 13. On the top of page 1, check box 1, *There is no presumption of abuse.*
Go to Part 3. Do NOT fill out or file Official Form 122A-2.

14b.   ☐   Line 12b is more than line 13. On the top of page 1, check box 2, *The presumption of abuse is determined by Form 122A-2.*
Go to Part 3 and fill out Form 122A–2.

By signing here, I declare under penalty of perjury that the information on this statement and in any attachments is true and correct.

X _~~Jamie L Gallian~~_    7/9/2021
**Jamie Lynn Gallian**

Debtor 1    **Jamie Lynn Gallian**                                    Case number (*if known*) _____

Signature of Debtor 1

Date _____
        MM / DD / YYYY

If you checked line 14a, do NOT fill out or file Form 122A-2.

If you checked line 14b, fill out Form 122A-2 and file it with this form.

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| **Jamie Lynn Gallian**<br>**16222 Monterey Ln. #376**<br>**Huntington Beach, CA 92649**<br>**714-321-3449**<br>**jamiegallian@gmail.com** | |

☒ *Debtor(s) appearing without an attorney*

*Attorney for Debtor*

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

| In re:<br><br>        **Jamie Lynn Gallian** | CASE NO.:<br><br>CHAPTER: **7** |
|---|---|
| | |
| Debtor(s). | **VERIFICATION OF MASTER<br>MAILING LIST OF CREDITORS**<br><br>**[LBR 1007-1(a)]** |

Pursuant to LBR 1007-1(a), the Debtor, or the Debtor's attorney if applicable, certifies under penalty of perjury that the master mailing list of creditors filed in this bankruptcy case, consisting of __4__ sheet(s) is complete, correct, and consistent with the Debtor's schedules and I/we assume all responsibility for errors and omissions.

Date: ____7/9/2021____

_____
Signature of Debtor 1

Date: _____

_____
Signature of Debtor 2 (joint debtor) ) (if applicable)

Date: _____

_____
Signature of Attorney for Debtor (if applicable)

---

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2015*                                                    **F 1007-1.MAILING.LIST.VERIFICATION**

Jamie Lynn Gallian
16222 Monterey Ln #376
Huntington Beach, CA 92649


David R. Flyer
4120 Birch St. Ste. 101,
Newport Beach, CA 92660


Feldsott & Lee
23161 Mill Creek Drive Ste 300
Laguna Hills, CA 92653


Frank Satalino
19 Velarde Ct.
Rancho Santa Margarita, CA
92688


Gordon Rees Scully & Mansukhani
5 Park Plaza Ste. 1100
Irvine, CA 92614


Gordon Rees Scully & Mansukhani
633 W 5th Street, 52nd Floor
Los Angeles, CA 90071


Houser Bros. Co.
DBA Rancho Del Rey Estates
16222 Monterey Ln
Huntington Beach, CA 92649


Houser Bros. Co.dba Rancho Del
Rey Mobile Home Estates
17610 Beach Blvd Ste. 32
Huntington Beach, CA 92647


Huntington Harbor Village
16400 Saybrook
Huntington Beach, CA 92649


Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346

J-Pad, LLC
2702 N Gaff Street
Orange, CA 92865


James H Cosello
Casello & Lincoln,
525 N Cabrillo Park Dr. Ste 104
Santa Ana, CA 92701


Janine Jasso
c/o Gordon Rees Scully &
Mansukhani
633 W 5th Street, 52nd Floor
Los Angeles, CA 90071

Janine Jasso
P.O. Box 370161
El Paso, TX 79937


Jennifer Ann Paulin
c/o Gordon Rees Scully &
Mansukhani
633 W 5th Street, 52nd Floor
Los Angeles, CA 90071


Kia Motors Finance
PO Box 20815
Fountain Valley, CA 92728


Lee S. Gragnano
c/o Gordon Rees Scully &
Mansukhani
633 W 5th Street, 52nd Floor
Los Angeles, CA 90071


Linda Jean "Lindy" Beck
c/o Gordon Rees Scully &
Mansukhani
633 W 5th Street, 52nd Floor
Los Angeles, CA 90071


Lisa T. Ryan
20949 Lassen St. Apt 208
Chattsworth, CA 91311


2

80

Lori Ann Burrett
c/o Gordon Rees Scully &
Mansukhani
633 W 5th Street, 52nd Floor
Los Angeles, CA 90071


Mark A.Mellor Mellor Law Firm
c/o Randall Nickell
6800 Indiana Ave.
Riverside, CA 92506-4267


Michael Chulak-(Unknown)
MChulak@MTCLaw.com


Michael S. Devereux
Wex Law
9171 Wilshire Blvd. Ste. 500
Beverly Hills, CA 90210-5536


Nationwide Reconveyance, LLC
c/o Feldsott & Lee
23161 Mill Creek Drive Ste 300
Laguna Hills, CA 92653


Orange County Tax Assessor
P.O. Box 149
Santa Ana, CA 92701


Patricia Ryan
20949 Lassen St. Apt 208
Chattsworth, CA 91311


Raquel Flyer-Dashner
4120 Birch St. Ste. 101,
Newport Beach, CA 92660


People of the St of CA
8141 13th Street
Westminster, CA 92683


Randall Nickel
11619 Inwood Drive,
Riverside, CA 92503

3

Superior Default Services Inc
c/o Feldsott & Lee
23161 Mill Creek Drive Ste 300
Laguna Hills, CA 92653


Stanley Feldsott, Esq
Feldsott & Lee
23161 Mill Creek Drive
Laguna Hills, CA 92653


Steven A. Fink
13 Corporate Plaza Ste. 150
Newport Beach, CA 92660


The Huntington Beach Gables
Homeowners Association
c/o Epsten Grinnell & Howell,
APC 10200 Willow Creek Road,
Ste 100
San Diego, CA 92131


The Huntington Beach Gables
Homeowners Association
c/o Epsten Grinnell & Howell APC
10200 Willow Creek Road, Ste 100
San Diego, CA 92131


Theodore R "Ted" Phillips
c/o Gordon Rees Scully &
Mansukhani
633 W 5th Street, 52nd Floor
Los Angeles, CA 90071


United Airlines
P.O. Box 0675
Carol Stream, IL 60132-0675


US Bank NA
PO Box 64799
Saint Paul, MN 55164


Vivienne J Alston
Alston, Alston & Diebold
27201 Puerta Real Ste 300
Mission Viejo, CA 92691


4

# EXHIBIT 2

## Secured Promissory Note (Fully Amortized)

$225000                                                              11/16/2018

Huntington Beach, California

On or before 12/16/2048, for value received, the undersigned J-SANDCASTLE CO LLC (the **"Borrower"**) promises to pay to the

order of J-PAD, LLC (the **"Holder"**), in the manner and at the place provided below, the principal sum of $225000.

**1. PAYMENT.**

All payments of principal and interest under this note will be made in lawful money of the United States, without offset, deduction, or

counterclaim, by wire transfer of immediately available funds to an account designated by the Holder in writing at least 10 days

after the effective date of this note or, if this designation is not made, by check mailed to the Holder at 5782 Pinon Drive,

Huntington Beach, California, 92649, or at such other place as the Holder may designate in writing.

**2. MONTHLY INSTALLMENT PAYMENTS.**

Principal and interest will be payable in 360 consecutive monthly installments of $1278.00, beginning on or before 12/15/2018 and

continuing on the 15th day of each month, until the principal and interest have been paid in full. Each payment will be credited first

to interest and then to principal, and interest will cease to accrue on any principal paid. Acceptance by the Holder of any payment

differing from the designated installment payment listed above does not relieve the Borrower of the obligation to honor the

requirements of this note.

**3. INTEREST.**

Interest on the unpaid principal balance of this note is payable from the date of this note until this note is paid in full, at the rate of

5.5% per year, or the maximum amount allowed by applicable law, whichever is less. Accrued interest will be computed on the

basis of a 365-day or 366-day year, as the case may be, based on the actual number of days elapsed in the period in which it

accrues.

EXHIBIT 40, PAGE 1220    84

**4. PREPAYMENT.**

The Borrower may prepay this note, in whole or in part, at any time before maturity without penalty or premium. Any partial

prepayment will be credited first to accrued interest, then to principal. No prepayment extends or postpones the maturity date of this

note.

**5. SECURITY FOR PAYMENT.**

This note is secured by certain assets of the Borrower in accordance with a separate security agreement dated 11/16/2018

between the Holder and the Borrower (the **"Security Agreement"**). If an Event of Default (defined below) occurs, the Holder will

have the rights set forth below and in the Security Agreement.

**6. EVENTS OF DEFAULT.**

Each of the following constitutes an **"Event of Default"** under this note:

**(a)** the Borrower's failure to make any payment when due under the terms of this note, including the final payment due under this

note when fully amortized;

**(b)** the filing of any voluntary or involuntary petition in bankruptcy by or regarding the Borrower or the initiation of any proceeding

under bankruptcy or insolvency laws against the Borrower;

**(c)** an assignment made by the Borrower for the benefit of creditors; or

**(d)** the appointment of a receiver, custodian, trustee, or similar party to take possession of the Borrower's assets or property.

**7. ACCELERATION; REMEDIES ON DEFAULT.**

If any Event of Default occurs, all principal and other amounts owed under this note will become immediately due without any

action by the Holder, the Borrower, or any other person. The Holder, in addition to any rights and remedies available to the Holder

under this note, may, in its sole discretion, pursue any legal or equitable remedies available to it under applicable law or in equity,

including taking any of the following actions:

EXHIBIT 40, PAGE 1221    85

(a) personally, or by agents or attorneys (in compliance with applicable law), take immediate possession of the collateral. To that end, the Holder may pursue the collateral where it may be found, and enter the Borrower's remises, with or without notice, demand, process of law, or legal procedure if this can be done without breach of the peace. If the premises on which any part of the collateral is located are not under the Borrower's direct control, the Borrower will exercise its best efforts to ensure that the Holder is promptly provided right of access to those premises. To the extent that the Borrower's consent would otherwise be required before a right of access could be granted, the Borrower hereby irrevocably grants that consent;

(b) require the Borrower to assemble the collateral and make it available to the Holder at a placeto be designated by the Holder that is reasonably convenient to both parties (it being acknowledged that the Borrower's premises are reasonably convenient to the Borrower);

(c) sell, lease, or dispose of the collateral or any part of it in any manner permitted by applicable law or by contract; and

(d) exercise all rights and remedies of a secured party under applicable law.

## 8. WAIVER OF PRESENTMENT; DEMAND.

The Borrower hereby waives presentment, demand, notice of dishonor, notice of default or delinquency, notice of protest and nonpayment, notice of costs, expenses or losses and interest on those, notice of interest on interest and late charges, and diligence in taking any action to collect any sums owing under this note, including (to the extent permitted by law) waiving the pleading of any statute of limitations as a defense to any demand against the undersigned. Acceptance by the Holder or any other holder of this note of any payment differing from the designated payments listed does not relieve the undersigned of the obligation to honor the requirements of this note.

## 9. GOVERNING LAW.

(a) **Choice of Law.** The laws of the state of California govern this note (without giving effect to its conflicts of law principles).

(b) **Choice of Forum.** Both parties consent to the personal jurisdiction of the state and federal courts in Orange, California.

## 10. COLLECTION COSTS AND ATTORNEYS' FEES.

EXHIBIT 40, PAGE 1222    86

The Borrower shall pay all expenses of the collection of indebtedness evidenced by this note, including reasonable attorneys' fees and court costs in addition to other amounts due.

**11. ASSIGNMENT AND DELEGATION.**

(a) **No Assignment.** The Borrower may not assign any of its rights under this note. All voluntary assignments of rights are limited by this subsection.

(b) **No Delegation.** The Borrower may not delegate any performance under this note.

(c) **Enforceability of an Assignment or Delegation.** If a purported assignment or purported delegation is made in violation of this section, it is void.

**12. SEVERABILITY.**

If any one or more of the provisions contained in this note is, for any reason, held to be invalid, illegal, or unenforceable in any respect, that invalidity, illegality, or unenforceability will not affect any other provisions of this note, but this note will be construed as if those invalid, illegal, or unenforceable provisions had never been contained in it, unless the deletion of those provisions would result in such a material change so as to cause completion of the transactions contemplated by this note to be unreasonable.

**13. NOTICES.**

(a) **Writing; Permitted Delivery Methods.** Each party giving or making any notice, request, demand, or other communication required or permitted by this note shall give that notice in writing and use one of the following types of delivery, each of which is a writing for purposes of this note: personal delivery, mail (registered or certified mail, postage prepaid, return-receipt requested), nationally recognized overnight courier (fees prepaid), facsimile, or email.

(b) **Addresses.** A party shall address notices under this section to a party at the following addresses:

If to the Borrower:

J-Sandcastle Co LLC

EXHIBIT 40, PAGE 1223    87

5782 Pinon Drive

Huntington Beach, California 92649

jamiegallian@gmail.com


If to the Holder:

J-Pad, LLC

5782 Pinon Drive

Huntington Beach, California 92649

jamiegallian@gmail.com

**(c) Effectiveness.** A notice is effective only if the party giving notice complies with subsections (a) and (b) and if the recipient receives the notice.

## 14. WAIVER.

No waiver of a breach, failure of any condition, or any right or remedy contained in or granted by the provisions of this note will be effective unless it is in writing and signed by the party waiving the breach, failure, right, or remedy. No waiver of any breach, failure, right, or remedy will be deemed a waiver of any other breach, failure, right, or remedy, whether or not similar, and no waiver will constitute a continuing waiver, unless the writing so specifies.

## 15. HEADINGS.

The descriptive headings of the sections and subsections of this note are for convenience only, and do not affect this note's construction or interpretation.

[SIGNATURE PAGE FOLLOWS]

EXHIBIT 40, PAGE 1224     88

## **ATTACHEMENT**

I, JAMIE L. GALLIAN, MEMBER of J-Sandcastle Co, LLC certify under

penalty of perjury that the contents of this Document are true.

I declare I am the person who executed this instrument in my capacity

as the sole Member of J-Sandcaslte Co, LLC which execution is my act

and deed.

Signed this 16th day of November, 2018, at Huntington Beach, CA 92649

Jamie L. Gallian

MEMBER, J-Sandcastle Co LLC

EXHIBIT 40, PAGE 1225    89

## ATTACHEMENT

I, JAMIE L. GALLIAN, MEMBER OF J-Pad, LLC certify under penalty perjury,

that the contents contained in this Document are true.

I declare, I am  AUTHORIZED Member of J-Pad, LLC to act and I

accept this instrument on behalf of  J-Pad, LLC, which is my act and deed.

Signed this 16th day of November, 2018, at Huntington Beach, CA 92649

J-PAD, LLC

Jamie L. Gallian, MEMBER

**ATTACHMENT**

¡¡. I certify under penalty of perjury that the contents of this Document are true.
I declare, I am the person who executed this instrument, which execution is my act and
deed.

Signature of Authorized Person:

Jamie L. Gallian

---

11.      I certify under penalty of perjury that the contents of this
Document are true.  I declare I am the person who executed this
instrument, which execution is my act and deed.

Signature of Authorized Person:

ANTHONY CALDERON, Manager of J-Pad, LLC

EXHIBIT 40, PAGE 1227    91

A notary public or other officer completing this certificate verifies only the identity of the individual(s) who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA
COUNTY OF ORANGE



Jamie L. Gallian

On before me, personally appeared Jamie L Gallian who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____ (Notary Seal)
Signature of Notary Public

TRI THE TANG
Commission # 2206619
Notary Public - California
Orange County
My Comm. Expires JULY 22, 2021

A notary public or other officer completing this certificate verifies only the identity of the individual(s) who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA
COUNTY OF ORANGE

Anthony Calderon

On before me, , personally appeared Anthony Calderon on behalf of who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____ (Notary Seal)
Signature of Notary Public

TRI THE TANG
Commission # 2206619
Notary Public - California
Orange County
My Comm. Expires JULY 22, 2021

EXHIBIT 40, PAGE 1228    92

# EXHIBIT 3

**UCC FINANCING STATEMENT**
FOLLOW INSTRUCTIONS

A. NAME & PHONE OF CONTACT AT FILER (optional)
Jamie Gallian
714-321-3449

B. E-MAIL CONTACT AT FILER (optional)

C. SEND ACKNOWLEDGMENT TO: (Name and Address)
Jamie Lynn Gallian
16222 Monterey Ln #376
Huntington Beach, CA 92649
USA

DOCUMENT NUMBER: 76027940003
FILING NUMBER: 19-7691916827
FILING DATE: 01/14/2019 09:10

IMAGE GENERATED ELECTRONICALLY FOR WEB FILING
THE ABOVE SPACE IS FOR CA FILING OFFICE USE ONLY

1. DEBTOR'S NAME: Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 1a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| J-SANDCASTLE CO LLC | | | | |
| 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 16222 MONTEREY LN #376 | HUNTINGTON BEACH | CA | 92649 | USA |

2. DEBTOR'S NAME: Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 2a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |

3. SECURED PARTY'S NAME (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| J-Pad, LLC - CA SOS Entity No. 201804010750 | | | | |
| 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 2702 N GAFF ST | ORANGE | CA | 92865 | USA |

4. COLLATERAL: This financing statement covers the following collateral:
LOCATED ON PROPERTY RECORDED IN ORANGE COUNTY CLERK RECORDERS OFFICE IN CALIFORNIA PARCEL MAP RECORDED IN BOOK 108, PG(S) 47-48.

ASSESSORS PARCEL NUMBER 891-569-62
SERIAL NUMBERS AC7V710394GB, AC7V710394GA; DECAL NUMBER LBM1081

5. Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and instructions) ☐ being administered by a Decedent's Personal Representative

6a. Check only if applicable and check only one box:
☐ Public-Finance Transaction ☑ Manufactured-Home Transaction ☐ A Debtor is a Transmitting Utility

6b. Check only if applicable and check only one box:
☐ Agricultural Lien ☐ Non-UCC Filing

7. ALTERNATIVE DESIGNATION (if applicable): ☐ Lessee/Lessor ☐ Consignee/Consignor ☐ Seller/Buyer ☐ Bailee/Bailor ☐ Licensee/Licensor

8. OPTIONAL FILER REFERENCE DATA:

FILING OFFICE COPY

# UCC FINANCING STATEMENT ADDENDUM

**FOLLOW INSTRUCTIONS**

9. NAME OF FIRST DEBTOR: Same as line 1a or 1b on Financing Statement; if line 1b was left blank because individual
Debtor name did not fit, check here ☐

| | |
|---|---|
| **9a. ORGANIZATION'S NAME** | |
| J-SANDCASTLE CO LLC | |
| **9b. INDIVIDUAL'S SURNAME** | |
| **FIRST PERSONAL NAME** | |
| **ADDITIONAL NAME(S)/INITIAL(S)** | **SUFFIX** |

**DOCUMENT NUMBER: 76027940003**

**IMAGE GENERATED ELECTRONICALLY FOR WEB FILING
THE ABOVE SPACE IS FOR CA FILING OFFICE USE ONLY**

10. DEBTOR'S NAME: Provide (10a or 10b) only <u>one</u> additional Debtor name or Debtor name that did not fit in line 1b or 2b of the Financing Statement (Form UCC1) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name) and enter the mailing address in line 10c

| | | | |
|---|---|---|---|
| **10a. ORGANIZATION'S NAME** | | | |
| **10b. INDIVIDUAL'S SURNAME** | | | |
| **INDIVIDUAL'S FIRST PERSONAL NAME** | | | |
| **INDIVIDUAL'S ADDITIONAL NAME(S)/INITIAL(S)** | | | **SUFFIX** |

| 10c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

11. ☐ ADDITIONAL SECURED PARTY'S NAME  or  ☑ ASSIGNOR SECURED PARTY'S NAME: Provide only <u>one</u> name (11a or 11b)

| | | | |
|---|---|---|---|
| **11a. ORGANIZATION'S NAME** | | | |
| **11b. INDIVIDUAL'S SURNAME** GALLIAN | **FIRST PERSONAL NAME** JAMIE | **ADDITIONAL NAME(S)/INITIAL(S)** LYNN | **SUFFIX** |

| 11c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 16222 MONTEREY LANE #376 | HUNTINGTON BEACH | CA | 92649 | USA |

12. ADDITIONAL SPACE FOR ITEM 4 (collateral):

13. ☐ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS (if applicable)

14. This FINANCING STATEMENT:
☐ covers timber to be cut    ☐ covers as-extracted collateral    ☐ is filed as a fixture filing.

15. Name and address of RECORD OWNER of real estate described in item 16 (if Debtor does not have a record interest):

16. Description of real estate:

17. MISCELLANEOUS:

**FILING OFFICE COPY**

# UCC FINANCING STATEMENT

FOLLOW INSTRUCTIONS

**A. NAME & PHONE OF CONTACT AT FILER (optional)**
Jamie Gallian
714-321-3449

**B. E-MAIL CONTACT AT FILER (optional)**

**C. SEND ACKNOWLEDGMENT TO: (Name and Address)**
Jamie Lynn Gallian
16222 Monterey Ln #376
Huntington Beach, CA 92649
USA

**DOCUMENT NUMBER: 76027940002**
**FILING NUMBER: 19-7691915674**
**FILING DATE: 01/14/2019 08:55**

IMAGE GENERATED ELECTRONICALLY FOR WEB FILING
THE ABOVE SPACE IS FOR CA FILING OFFICE USE ONLY

---

**1. DEBTOR'S NAME:** Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 1a. ORGANIZATION'S NAME | | | | | |
|---|---|---|---|---|---|
| J-SANDCASTLE CO LLC | | | | | |

| 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| | | | |

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 16222 MONTEREY LN #376 | HUNTINGTON BEACH | CA | 92649 | USA |

**2. DEBTOR'S NAME:** Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Individual Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 2a. ORGANIZATION'S NAME | | | | | |
|---|---|---|---|---|---|
| | | | | | |

| 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| GALLIAN | JAMIE | LYNN | |

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 16222 MONTEREY LANE #376 | HUNTINGTON BEACH | CA | 92649 | USA |

**3. SECURED PARTY'S NAME** (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | | |
|---|---|---|---|---|---|
| J-Pad, LLC - CA SOS Entity No. 201804010750 | | | | | |

| 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| | | | |

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 2702 N GAFF STREET | ORANGE | CA | 92865 | USA |

**4. COLLATERAL:** This financing statement covers the following collateral:

LOCATED ON CLERK RECORDER OFFICE OF ORANGE COUNTY CALIFORNIA FILED DECEMBER 20, 1977, PARCEL MAP BOOK NO. 108 PG(S) 47, 48, T.P.M. 77-7, R.S.T.8531

SERIAL NUMBER AC7V710394GB, AC7V710394GA; DECAL NUMBER LBM1081
ASSESSORS PARCEL NUMBER 891-569-62

---

**5.** Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and instructions) ☐ being administered by a Decedent's Personal Representative

**6a.** Check only if applicable and check only one box:
☐ Public-Finance Transaction ☐ Manufactured-Home Transaction ☐ A Debtor is a Transmitting Utility

**6b.** Check only if applicable and check only one box:
☐ Agricultural Lien ☐ Non-UCC Filing

**7. ALTERNATIVE DESIGNATION (if applicable):** ☐ Lessee/Lessor ☐ Consignee/Consignor ☐ Seller/Buyer ☐ Bailee/Bailor ☐ Licensee/Licensor

**8. OPTIONAL FILER REFERENCE DATA:**

**FILING OFFICE COPY**

# UCC FINANCING STATEMENT

FOLLOW INSTRUCTIONS

| A. NAME & PHONE OF CONTACT AT FILER (optional) |
|---|
| Jamie Gallian |
| 714-321-449 |

| B. E-MAIL CONTACT AT FILER (optional) |
|---|

| C. SEND ACKNOWLEDGMENT TO: (Name and Address) |
|---|
| J-Pad, LLC |
| 5782 Pinon Drive |
| Huntington Beach, CA 92649 |
| USA |

**DOCUMENT NUMBER:** 76027030002
**FILING NUMBER:** 19-7691905279
**FILING DATE:** 01/14/2019 08:16

IMAGE GENERATED ELECTRONICALLY FOR WEB FILING
THE ABOVE SPACE IS FOR CA FILING OFFICE USE ONLY

**1. DEBTOR'S NAME:** Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 1a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| J-Sandcastle Co LLC | | | | |
| 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 16222 Monterey Lane #376 | Huntington Beach | CA | 92649 | USA |

**2. DEBTOR'S NAME:** Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 2a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| Gallian | Jamie | | Lynn | |
| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 16222 Monterey Ln #376 | Huntington Beach | CA | 92649 | USA |

**3. SECURED PARTY'S NAME** (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| J-Pad, LLC - CA SOS Entity No. 201804010750 | | | | |
| 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 2702 N GAFF STREET | ORANGE | CA | 92865 | USA |

**4. COLLATERAL:** This financing statement covers the following collateral:
ORANGE COUNTY CALIFORNIA ASSESSOR'S PARCEL NUMBER 891-569-62
SERIAL NUMBERS AC7V710394GB, AC7V710394GA
DECAL NUMBER LBM1081

5. Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and instructions) ☐ being administered by a Decedent's Personal Representative

6a. Check only if applicable and check only one box:
☐ Public-Finance Transaction ☑ Manufactured-Home Transaction ☐ A Debtor is a Transmitting Utility

6b. Check only if applicable and check only one box:
☐ Agricultural Lien ☐ Non-UCC Filing

7. ALTERNATIVE DESIGNATION (if applicable): ☐ Lessee/Lessor ☐ Consignee/Consignor ☐ Seller/Buyer ☐ Bailee/Bailor ☐ Licensee/Licensor

8. OPTIONAL FILER REFERENCE DATA:

**FILING OFFICE COPY**

# EXHIBIT 4

DTN:            **12153896**

Decal:          **LBM1081**

Unit ID:        252606085

Trans Type:     L/O Assignment

Trans Date:     02/01/2021

Trade Name:     CUSTOM VILLA

Serial #:       AC7V710394GA, AC7V710394GB

Insignia #      PFS1130281, PFS1130282

Status Date:    02/23/2021     User Name:    SHAH, KIRAN

# STATE OF CALIFORNIA - DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT
## CERTIFICATE OF TITLE

### Manufactured Home

**Decal: LBM1081**

| Manufacturer ID/Name | Trade Name | Model | | DOM | DFS | RY |
|---|---|---|---|---|---|---|
| 90002    SKYLINE HOMES INC | CUSTOM VILLA | .. | | 05/29/2014 | 07/28/2014 | |

| Serial Number | Label/Insignia Number | Weight | Length | Width | Issued |
|---|---|---|---|---|---|
| AC7V710394GB | PFS1130281 | 22,383 | 56' | 15' 2" | Jan 19, 2019 |
| AC7V710394GA | PFS1130282 | 25,068 | 60' | 15' 2" | |

**Addressee**

J-SANDCASTLE CO LLC
16222 MONTEREY LANE ROOM 376
HUNTINGTON BEACH, CA 92649

**Registered Owner(s)**

J-SANDCASTLE CO LLC
16222 MONTEREY LANE ROOM 376
HUNTINGTON BEACH, CA 92649

**Situs Address**

16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA 92649

**IMPORTANT**
THE OWNER INFORMATION SHOWN ABOVE MAY NOT REFLECT ALL LIENS RECORDED WITH THE
DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT AGAINST THE DESCRIBED UNIT. THE
CURRENT TITLE STATUS OF THE UNIT MAY BE CONFIRMED THROUGH THE DEPARTMENT.

DTN: 10670236

01192019 - 2

## SECTION A - SMOKE DETECTOR AND WATER HEATER SEISMIC BRACING CERTIFICATION

California Health and Safety Code (HSC) Sections 18029.6 and 18031.7 require that on the date of transfer of title all used manufactured homes, used mobilehomes, and used multifamily manufactured homes: 1) be equipped with an operable smoke detector in each room designed for sleeping, and 2) all fuel-gas-burning water heater appliances be seismically braced, anchored, or strapped pursuant to existing codes. A declaration may be signed within 45 days prior to the date of transfer of title stating that these requirements have been met.

I/We further agree to indemnify and save harmless the Director of the State of California, Department of Housing and Community Development, and subsequent purchasers of said unit, for any loss they may suffer resulting from registration of the unit in California or from issuance of a California Certificate of Title covering the same. I/We certify under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on _____ _____, State _____

Signature

## SECTION B - RELEASING SIGNATURES

1a. _____
Signature of Registered Owner

1b. _____
Date of Release _____

2. _____     ___ Release    ☐ Retain    ☐ Assign Interest
Legal Owner of Record (If any) sign and check appropriate box     (* If Assign Interest is checked, Complete New Legal Owner Below)

## SECTION C - NEW OWNER INFORMATION

### NEW REGISTERED OWNER - Please Print or Type Clearly

3a. _____
New Registered Owners Name

3c. _____
New Registered Owners Name

3b. _____
New Registered Owners Name

3d. _____
New Registered Owners Name

If more than one New Owner going onto title, please check the appropriate Co-owner term box

☐ Joint Tenants with Right of Survivorship    ☐ Tenants In Common OR    *☐ Trust/Trustee(s)
(* If this box is checked-Complete HCD 476.6B)

☐ Tenants In Common AND    ☐ Community Property    ☐ Community Property with Right of Survivorship

4. _____
Mailing Address of New Registered Owner     City/State     Zip Code

5. _____
Actual Location Address of Unit     City/State     Zip Code

6. _____
Purchase Price or check box if Gift ☐     Purchase Date or Transfer Date

7a. _____
Signature of New Registered Owner

7c. _____
Signature of New Registered Owners

7b. _____
Signature of New Registered Owners

7d. _____
Signature of New Registered Owners

### NEW LEGAL OWNER - Please Print or Type Clearly

8a. *BRIAN J. GALLIAN*
New Legal Owners Name

8b. *Steven D. Gallian*
New Legal Owners Name

If more than one New Lender going onto title, please check the appropriate Co-owner term box below.

☒ Joint Tenants with Right of Survivorship    ☐ Tenants In Common OR    *☐ Trust/Trustee(s)
(* If this box is checked-Complete HCD 476.6B)

☐ Tenants In Common AND    ☐ Community Property    ☐ Community Property with Right of Survivorship

9. *16222 Monterey Ln #376*     *Huntington Beach, CA*     *92649*
Mailing Address of New Legal Owner     City/State     Zip Code

### NEW JUNIOR LIENHOLDER - Please Print or Type Clearly

10a. _____
New Junior Lienholder Name

10b. _____
New Junior Lienholder Name

11. _____
Mailing Address of New Junior Lienholder     City/State     Zip Code

## SECTION D - RELEASE OF DEALERS

12. _____
Signature of Selling Dealer     Print Dealers Name and Dealer Number

OSP 09 112819

103

# STATE OF CALIFORNIA - DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT
## REGISTRATION CARD

Manufactured Home

**Decal: LBM1081**

| Manufacturer ID/Name | Trade Name | Model | DOM | DFS | RY | Exp. Date |
|---|---|---|---|---|---|---|
| 90002    SKYLINE HOMES INC | CUSTOM VILLA | | 05/29/2014 | 07/28/2014 | | |

| Serial Number | Label/Insignia Number | Weight | Length | Width | Issued |
|---|---|---|---|---|---|
| AC7V710394GB | PFS1130281 | 22,383 | 56' | 15' 2" | Jan 19, 2019 |
| AC7V710394GA | PFS1130282 | 25,068 | 60' | 15' 2" | |

**Addressee**

J-SANDCASTLE CO LLC
16222 MONTEREY LANE ROOM 376
HUNTINGTON BEACH, CA  92649



**Registered Owner(s)**

J-SANDCASTLE CO LLC
16222 MONTEREY LANE ROOM 376
HUNTINGTON BEACH, CA 92649

**Situs Address**

16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA 92649

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
**ATTENTION OWNER:**

THIS IS THE REGISTRATION CARD FOR THE
UNIT DESCRIBED ABOVE.  PLEASE KEEP THIS
CARD IN A SAFE PLACE WITHIN THE UNIT.

**INSTRUCTIONS FOR RENEWAL:**

REGISTRATION FOR THIS UNIT EXPIRES ON THE
DATE INDICATED ABOVE IN THE BOX LABELED
"Exp. Date".  THERE ARE SUBSTANTIAL
PENALTIES FOR DELINQUENCY.  IF YOU DO NOT
RECEIVE A RENEWAL NOTICE WITHIN 10 DAYS
PRIOR TO THE EXPIRATION DATE, CONTACT
H.C.D. FOR RENEWAL INSTRUCTIONS.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**IMPORTANT**
**THE OWNER INFORMATION SHOWN ABOVE MAY NOT REFLECT ALL LIENS RECORDED WITH THE
DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT AGAINST THE DESCRIBED UNIT.  THE
CURRENT TITLE STATUS OF THE UNIT MAY BE CONFIRMED THROUGH THE DEPARTMENT.**

DTN:  10670236                                                    01192019 - 1

105

STATE OF CALIFORNIA
BUSINESS, CONSUMER SERVICES AND HOUSING AGENCY
DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT
DIVISION OF CODES AND STANDARDS
REGISTRATION AND TITLING PROGRAM



## STATEMENT OF FACTS

This unit is a: ☑ Manufactured Home / Mobilehome   ☐ Commercial Modular   ☐ Floating Home   ☐ Truck Camper

| Decal (License) No.(s): | Trade Name: | Serial No.(s): |
|---|---|---|
| LBM 1081 | | |

I/We, the undersigned, hereby state:

The original paperwork to add legal owner was lost in the mail. Customer sent photocopies of the application. Representative for J-Sandcastle Co LLC, Jamie Gallian states the Legal owner is Joint Ronald J. Pierpont and JPad LLC at the same address: 16222 Monterey Ln #376 Huntington Beach CA 92649

I/We further agree to indemnify and save harmless the Director of the Department of Housing and Community Development, State of California, and subsequent purchasers of said unit, for any loss they may suffer resulting from registration of the above-described unit in California, or from issuance of a California Certificate of Title covering the same.

I/We certify under penalty of perjury that the foregoing is true and correct.

Executed on ___02/22/2021___ at ___Sacramento___, ___CA___
                         Date                          City                   State

Signature(s):                          Printed name(s):
Rebecca O'Loughlin            Rebecca O'Loughlin, Program Tech III


Address _____

City _____   State _____

HCD RT 476.6 (Rev. 07/16)

**STATE OF CALIFORNIA**
**BUSINESS, CONSUMER SERVICES AND HOUSING AGENCY**
**DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT**
**DIVISION OF CODES AND STANDARDS**
**REGISTRATION AND TITLING PROGRAM**



## STATEMENT TO ENCUMBER

---

**SECTION I.      DESCRIPTION OF UNIT**

This unit is a (check one):

[X] Manufactured Home, Mobilehome, Multifamily Manufactured Home    [ ] Commercial Modular    [ ] Truck Camper    [ ] Floating Home

The Decal (License) Number(s) is: __LBM1081__

The Trade Name is: __SKYLINE HOMES CUSTOM VILLA__

The Serial Number(s) is: __AC7V710394GB/GA__

---

**SECTION II.      LEGAL OWNER INFORMATION**

I/We are releasing legal owner interest in the above-described unit to encumber the title (record a lien) in favor of:

__Ronald J. Pierpont, Member JPad LLC__
(Name of New Legal Owner)

*Address:*  __16222 MONTEREY LN. #376 HUNTINGTON BEACH, CA 92649__
Street Address or P.O. Box                    City                    State         Zip

---

**SECTION III.      CERTIFICATION**

I/We certify under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on __8/20/2020__    at    __HUNTINGTON  BEACH, CALIFORNIA__
         Date                              City                    State

Signature of each registered owner:          Printed name of each registered owner:

_Jmie R Gallian, Member_          J-SANDCASTLE CO LLC JAMIE L.GALLIAN, MEMBER

_____          _____

_____          _____

Address:  __16222 MONTEREY LN #376 HUNTINGTON BEACH, CA 92649__
Street Address or P. O. Box                    City                    State         Zip

HCD 484.7 (Rev. 11/14)

STATE OF CALIFORNIA
BUSINESS, CONSUMER SERVICES AND HOUSING AGENCY
DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT
DIVISION OF CODES AND STANDARDS
REGISTRATION AND TITLING PROGRAM



## STATEMENT OF FACTS

This unit is a: ☑ Manufactured Home / Mobilehome   ☐ Commercial Modular   ☐ Floating Home   ☐ Truck Camper

| Decal (License) No.(s): | Trade Name: | Serial No.(s): |
|---|---|---|
| LBM1081 | Custom Villa | AC7V710394GB AC7V710394GA |

I/We, the undersigned, hereby state:

*J-Sandcastle wishes to disregard former Statement to Encumber/Lien Assignment. for favor of NEW legal owner J-Pad LLC Ronald J. Pierpont. The New legal owner is J-Pad LLC, Ronalds Pierpont, Member.*

I/We further agree to indemnify and save harmless the Director of the Department of Housing and Community Development, State of California, and subsequent purchasers of said unit, for any loss they may suffer resulting from registration of the above-described unit in California, or from issuance of a California Certificate of Title covering the same.

I/We certify under penalty of perjury that the foregoing is true and correct.

Executed on _8/20/2020_ at _Huntington Beach_, _CA_
Date                     City                          State

| Signature(s): | Printed name(s): |
|---|---|
| *J Sandcastle Co LLC By Jamie L. Gillman JAMIE L. GILLIAN* | J-Sandcastle Co LLC |
| | |

Address _16222 Monterey Ln #376_

City _Huntington Beach_         State _CA_

HCD RT 476.6 (Rev. 07/16)

111

STATE OF CALIFORNIA
BUSINESS, CONSUMER SERVICES AND HOUSING AGENCY
DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT
DIVISION OF CODES AND STANDARDS
REGISTRATION AND TITLING PROGRAM



## STATEMENT OF FACTS

This unit is a: ☑ Manufactured Home / Mobilehome   ☐ Commercial Modular   ☐ Floating Home   ☐ Truck Camper

| Decal (License) No.(s): | Trade Name: | Serial No.(s): |
|---|---|---|
| LBM 1081 | SKYLINE HOMES | AC7V710394GB/GA |

I/We, the undersigned, hereby state: *J-Sandcaste Co LLC made errors on the Certificate of Title. The only change to the Certificate of Title is the addition of two names as Legal Owners as indicated on the Statement to Encumber dated 8/20/2020. The Legal owner's to be added to the Certificate of Title re Steven D. GALLIAN BIIAN J. GAllIAN*

I/We further agree to indemnify and save harmless the Director of the Department of Housing and Community Development, State of California, and subsequent purchasers of said unit, for any loss they may suffer resulting from registration of the above-described unit in California, or from issuance of a California Certificate of Title covering the same.

I/We certify under penalty of perjury that the foregoing is true and correct.

Executed on  __08/20/2020__  at  __HUNTINGTON BEACH__ , __CA__
                    Date                          City                              State

Signature(s):                              Printed name(s):

                                           J-SANDCASTLE CO LLC JAMIE GALLIAN MEMBER

Address  __16222 MONTEREY LN. #376__

City __HUNTINGTON BEACH__                      State __CA__

HCD.RT 476.6 (Rev. 07/16)

113

*Copy*

STATE OF CALIFORNIA
BUSINESS, CONSUMER SERVICES AND HOUSING AGENCY
DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT
DIVISION OF CODES AND STANDARDS
REGISTRATION AND TITLING PROGRAM



## STATEMENT TO ENCUMBER

### SECTION I.        DESCRIPTION OF UNIT

This unit is a (check one):

[X] Manufactured Home, Mobilehome, Multifamily Manufactured Home  [ ] Commercial Modular  [ ] Truck Camper  [ ] Floating Home

The Decal (License) Number(s) is: __LBM1081__

The Trade Name is: __SKYLINE HOMES CUSTOM VILLA__

The Serial Number(s) is: __AC7V710394GB/GA__

### SECTION II.        LEGAL OWNER INFORMATION

I/We are releasing legal owner interest in the above-described unit to encumber the title (record a lien) in favor of:

STEVEN D GALLIAN    AND    BRIAN J. GALLIAN   JOINT TENANTS Right of Survivorship

(Name of New Legal Owner)

*Address:* __16222 MONTEREY LN. #376 HUNTINGTON BEACH, CA 92649__

Street Address or P.O. Box  -                           City                    State          Zip

### SECTION III.        CERTIFICATION

I/We certify under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on __8/20/2020__       at    HUNTINGTON  BEACH, CALIFORNIA

Date                              City                    State

Signature of each registered owner:        Printed name of each registered owner:

*[signature]*          J-SANDCASTLE CO LLC JAMIE L.GALLIAN, MEMBER

Address: __16222 MONTEREY LN #376 HUNTINGTON BEACH, CA 92649__

Street Address or P. O. Box                     City                    State          Zip

HCD 484.7 (Rev. 11/14)

115

STATE OF CALIFORNIA
BUSINESS, CONSUMER SERVICES AND HOUSING AGENCY
DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT
DIVISION OF CODES AND STANDARDS
REGISTRATION AND TITLING PROGRAM

## LIEN ASSIGNMENT

**SECTION I.          DESCRIPTION OF UNIT**

This unit is a (check one):

☒ Manufactured Home, Mobilehome, Multifamily Manufactured Home   ☐ Commercial Modular   ☐ Truck Camper   ☐ Floating Home

The Decal (License) Number(s) is:  LBM 1081

The Trade Name is:  SKYLINE HOMES CUSTOM VILLA

The Serial Number(s) is:  AC7V710394GB/GA

**SECTION II.          NAME AND ADDRESS OF PARTY ASSIGNING LIEN (ASSIGNOR)**

Name of Assignor: J-SANDCASTLE CO LLC, JAMIE L. GALLIAN, MEMBER

Mailing Address of Assignor:  16222 Monterey Ln. #376 Huntington Beach CA 92649
                          _Street Address or P.O. Box_          _City_          _State_     _Zip_

**SECTION III.          DEBTOR(S) NAME AND ADDRESS**

Name of Debtor(s):  J-SANDCASTLE CO LLC , JAMIE L. GALLIAN, MEMBER

Mailing Address of Debtor(s):  16222 MONTEREY LN #376 HUNTINGTON BEACH, CA 92649
                          _Street Address or P.O. Box_          _City_          _State_     _Zip_

Location Address:  16222 MONTEREY LN. #376 HUNTINGTON BEACH, CA 92649
                  _Street Address_ _          _City_          _County_     _State_

**SECTION IV.          NAME AND ADDRESS OF PARTY TO WHICH LIEN HAS BEEN ASSIGNED (ASSIGNEE)**

Name of Assignee: STEVEN D. GALLIAN AND BRIAN J. GALLIAN, JOINT TENANTS Right of Survivorship

Mailing Address of Assignee:  16222 MONTEREY LN. #376 HUNTINGTON BEACH, CA 92649
                          _Street Address or P.O. Box_          _City_          _State_     _Zip_

**SECTION V.          ASSIGNOR'S CERTIFICATION**

I/We the assignor certify under penalty of perjury under the laws of the State of California that the foregoing is true and correct that my/our lien in the name of the debtor(s), for the described unit, has been transferred to the assignee on ___8/20/2020_____.
                                              _Date of Lien Assignment_

Executed on __8/20/2020_____   at   HUNTINGTON BEACH, CA
              _Date_                            _City_                    _State_

Signature of Authorized Agent: _Jamie L. Gallian_

HCD 485.1 (Rev. 12/14)

117

## ACKNOWLEDGMENT

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of _____ORANGE_____ )

On ___AUG,28,2020___ before me, ALEX MAJDPOUR NOTARY PUBLIC _____

(insert name and title of the officer)

personally appeared ___JAMIE LYNN GALLIAN_____,
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____ (Seal)

119

# EXHIBIT 5



DTN:                    **12313525**

Decal:                  **LBM1081**

Unit ID:                252606085

Trans Type:             R/O Transfer - No Sale

Trans Date:             07/14/2021

Trade Name:             CUSTOM VILLA

Serial #:               AC7V710394GA, AC7V710394GB

Insignia #              PFS1130281, PFS1130282

Status Date:    08/02/2021    User Name:    SHAH, KIRAN

Manufactured Home                                             **Decal:** LBM1081

| Manufacturer ID/Name | Trade Name | Model | DOM | DFS | RY |
|---|---|---|---|---|---|
| 90002    SKYLINE HOMES INC | CUSTOM VILLA | | 05/29/2014 | 07/28/2014 | |

| Serial Number | Label/Insignia Number | Weight | Length | Width | Issued |
|---|---|---|---|---|---|
| AC7V710394GB | PFS1130281 | 22,383 | 56' | 15' 2" | Feb 24, 2021 |
| AC7V710394GA | PFS1130282 | 25,068 | 60' | 15' 2" | |

**Addressee**

RONALD J PIERPONT
16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA  92649

JUL 14 2021

**Registered Owner(s)**

J-SANDCASTLE CO LLC
16222 MONTEREY LANE ROOM 376
HUNTINGTON BEACH, CA 92649

**Situs Address**

16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA 92649

**Legal Owner(s)**

RONALD J PIERPONT
JPAD LLC
Tenants in Common Or
16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA 92649

Lien Perfected On:        08/20/20 11:58:00

**IMPORTANT**
THE OWNER INFORMATION SHOWN ABOVE MAY NOT REFLECT ALL LIENS RECORDED WITH THE
DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT AGAINST THE DESCRIBED UNIT.  THE
CURRENT TITLE STATUS OF THE UNIT MAY BE CONFIRMED THROUGH THE DEPARTMENT.

## SECTION A – SMOKE DETECTOR AND WATER HEATER SEISMIC BRACING CERTIFICATION

California Health and Safety Code (HSC) Sections 18029.6 and 18031.7 require that on the date of transfer of title all used manufactured homes, used mobilehomes, and used multifamily manufactured homes: 1) be equipped with an operable smoke detector in each room designed for sleeping, and 2) all fuel-gas-burning water heater appliances be seismically braced, anchored, or strapped pursuant to existing codes. A declaration may be signed within 45 days prior to the date of transfer of title stating that these requirements have been met.

I/We further agree to indemnify and save harmless the Director of the State of California, Department of Housing and Community Development, and subsequent purchasers of said unit, for any loss they may suffer resulting from registration of the unit in California or from issuance of a California Certificate of Title covering the same. I/We certify under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on _2/25/2021_ at _Huntington Beach_   _California_
City                                  State

_Jamie L Gallian, its member_        _J.SANDCASTLE CO LLC_
Signature                             Printed Name

## SECTION B – RELEASING SIGNATURES

1a. _J.Sandcastle Co LLC  Jamie L Gallian, its member_     Date of Release _2/25/2021_
Releasing Signature of Registered Owner

1b. _____     Date of Release _____
Releasing Signature of Registered Owner

2. _____  ☒ Release   ☐ Retain   *☐ Assign Interest
Legal Owner of Record (if any) sign and check appropriate box        (* If Assign Interest is checked - Complete New Legal Owner Below)

## SECTION C – NEW OWNER INFORMATION

### NEW REGISTERED OWNER – Please Print or Type Clearly

3a. _JAMIE LYNN GALLIAN_                3c. _J SANDCASTLE CO LLC_
New Registered Owners Name                 New Registered Owners Name

3b. _J SANDCASTLE CO LLC_               3d. _____
New Registered Owners Name                 New Registered Owners Name

If more than one New Owner going onto title, please check the appropriate Co-owner term box.

☐ Joint Tenants with Right of Survivorship   ☐ Tenants In Common OR   *☐ Trust/Trustee(s)
                                                                    (* If this box is checked-Complete HCD 476.6B)

☒ Tenants In Common AND   ☐ Community Property   ☐ Community Property with Right of Survivorship

4. _16222 Monterey Ln #376_          _Huntington Beach, CA_      _92649_
Mailing Address of New Registered Owner    City/State            Zip Code

5. _16222 Monterey Ln #376_          _Huntington Beach, CA_      _92649_
Actual Location Address of Unit          City/State              Zip Code

6. _0_                            _2/25/2021_
Purchase Price or check box if Gift ☒     Purchase Date or Transfer Date

7a. _Jamie Lynn Gallian_            7c. _Jamie Lynn Gallian, its member_
Signature of New Registered Owners        _J.SANDCASTLE CO LLC_
                                          Signature of New Registered Owners

7b. _J SANDCASTLE CO LLC, Jamie L Gallian member_
Signature of New Registered Owners        Signature of New Registered Owners

### NEW LEGAL OWNER – Please Print or Type Clearly

8a. _J PAD, LLC_                     8b. _____
New Legal Owners Name                      New Legal Owners Name

If more than one New Lender going onto title, please check the appropriate Co-owner term box below.

☐ Joint Tenants with Right of Survivorship   ☐ Tenants In Common OR   *☐ Trust/Trustee(s)
                                                                    (* If this box is checked-Complete HCD 476.6B)

☐ Tenants In Common AND   ☐ Community Property   ☐ Community Property with Right of Survivorship

9. _16222 Monterey Ln #376_          _Huntington Beach, CA_      _92649_
Mailing Address of New Legal Owner        City/State             Zip Code

### NEW JUNIOR LIENHOLDER – Please Print or Type Clearly

10a. _____   10b. _____
New Junior Lienholder Name                 New Junior Lienholder Name

11. _____
Mailing Address of New Junior Lienholder   City/State            Zip Code

## SECTION D – RELEASE OF DEALERS

12. _____
Signature of Selling Dealer               Print Dealers Name and Dealer Number

OSP 20 149325

125

## ACKNOWLEDGMENT

A notary public or other officer completing this
certificate verifies only the identity of the individual
who signed the document to which this certificate is
attached, and not the truthfulness, accuracy, or
validity of that document.

State of California
County of _____ Orange _____ )

On 2/25/21 _____ before me, Greg Buysman, Notary Public _____
(insert name and title of the officer)

personally appeared Janice Lynn Gallian _____ ,
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are
subscribed to the within instrument and acknowledged to me that he/she/they executed the same in
his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the
person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing
paragraph is true and correct.

WITNESS my hand and official seal.

GREG BUYSMAN
COMM # 2341449
ORANGE County
California Notary Public
Comm Exp Feb. 5, 2025

Signature _____ (Seal)



# STATE OF CALIFORNIA - DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT
## REGISTRATION CARD

Manufactured Home

**Decal: LBM1081**

| Manufacturer ID/Name | Trade Name | Model | DOM | DFS | RY | Exp. Date |
|---|---|---|---|---|---|---|
| 90002    SKYLINE HOMES INC | CUSTOM VILLA | | 05/29/2014 | 07/28/2014 | | |

| Serial Number | Label/Insignia Number | Weight | Length | Width | Issued | |
|---|---|---|---|---|---|---|
| AC7V710394GB | PFS1130281 | 22,383 | 56' | 15' 2" | Feb 24, 2021 | |
| AC7V710394GA | PFS1130282 | 25,068 | 60' | 15' 2" | | |

**Addressee**

RONALD J PIERPONT
16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA  92649



**Registered Owner(s)**

J-SANDCASTLE CO LLC
16222 MONTEREY LANE ROOM 376
HUNTINGTON BEACH, CA 92649

**Situs Address**

16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA 92649

**Legal Owner(s)**

RONALD J PIERPONT
JPAD LLC
Tenants in Common Or
16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA 92649

**LEGAL OWNER COPY
INFORMATION ONLY**

Lien Perfected On:    08/20/20 11:58:00

**IMPORTANT**
**THE OWNER INFORMATION SHOWN ABOVE MAY NOT REFLECT ALL LIENS RECORDED WITH THE
DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT AGAINST THE DESCRIBED UNIT.  THE
CURRENT TITLE STATUS OF THE UNIT MAY BE CONFIRMED THROUGH THE DEPARTMENT.**

DTN:  12153896

02242021 - 1

**STATE OF CALIFORNIA - DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT**
**REGISTRATION CARD**

Manufactured Home                                    **Decal: LBM1081**

| Manufacturer ID/Name | Trade Name | Model | DOM | DFS | RY | Exp. Date |
|---|---|---|---|---|---|---|
| 90002   SKYLINE HOMES INC | CUSTOM VILLA | | 05/29/2014 | 07/28/2014 | | |

| Serial Number | Label/Insignia Number | Weight | Length | Width | Issued |
|---|---|---|---|---|---|
| AC7V710394GB | PFS1130281 | 22,383 | 56' | 15' 2" | Feb 24, 2021 |
| AC7V710394GA | PFS1130282 | 25,068 | 60' | 15' 2" | |

**Addressee**

J-SANDCASTLE CO LLC
16222 MONTEREY LANE ROOM 376
HUNTINGTON BEACH, CA 92649



**Registered Owner(s)**

J-SANDCASTLE CO LLC
16222 MONTEREY LANE ROOM 376
HUNTINGTON BEACH, CA 92649

**Situs Address**

16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA 92649

**Legal Owner(s)**

RONALD J PIERPONT
JPAD LLC
Tenants in Common Or
16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA 92649

Lien Perfected On:    08/20/20 11:58:00

```
*************************************************
              ATTENTION OWNER:

THIS IS THE REGISTRATION CARD FOR THE
UNIT DESCRIBED ABOVE.  PLEASE KEEP THIS
CARD IN A SAFE PLACE WITHIN THE UNIT.

        INSTRUCTIONS FOR RENEWAL:

REGISTRATION FOR THIS UNIT EXPIRES ON THE
DATE INDICATED ABOVE IN THE BOX LABELED
"Exp. Date".  THERE ARE SUBSTANTIAL
PENALTIES FOR DELINQUENCY.  IF YOU DO NOT
RECEIVE A RENEWAL NOTICE WITHIN 10 DAYS
PRIOR TO THE EXPIRATION DATE, CONTACT
H.C.D. FOR RENEWAL INSTRUCTIONS.
*************************************************
```

**IMPORTANT**
**THE OWNER INFORMATION SHOWN ABOVE MAY NOT REFLECT ALL LIENS RECORDED WITH THE
DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT AGAINST THE DESCRIBED UNIT.  THE
CURRENT TITLE STATUS OF THE UNIT MAY BE CONFIRMED THROUGH THE DEPARTMENT.**

DTN:  12153896                                                    02242021 - 1

STATE OF CALIFORNIA
BUSINESS, CONSUMER SERVICES AND HOUSING AGENCY
DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT
DIVISION OF CODES AND STANDARDS
REGISTRATION AND TITLING PROGRAM



## LIEN SATISFIED

---

**SECTION I.**       **DESCRIPTION OF UNIT**

This unit is a:

☑ Manufactured Home/Mobilehome   ☐ Commercial Modular   ☐ Floating Home   ☐ Truck Camper

The Decal (License) No.(s) of the unit is: LBM1081

The Trade Name of the unit is: CUSTOM VILLA

The Serial No.(s) of the unit is: AC7V710394GB/AC7V710394GA

---

**SECTION II.**       **DEBTOR(S) NAME(S)**

Name of Debtor(s): J-SANDCASTLE CO, LLC

---

**SECTION III.**       **LIENHOLDER'S CERTIFICATION**

This is to certify that our/my lien in the name(s) of the debtor(s) shown above against the described
unit has been fully satisfied and has not been assigned to any other party.

I/We certify under penalty of perjury that the foregoing is true and correct.

Print or Type Name of Legal Owner or Jr. Lienholder (Lender):

J-PAD LLC or RONALD J. PIERPONT

Signature of Legal Owner, Jr. Lienholder (Lender) or their Authorized Agent:

*Ronald J Pierpont*                                                Date  7/9/2021

| Address | 16222 MONTEREY LN. #376 | HUNTINGTON BEACH, | CA | 92649 |
|---------|------------------------|-------------------|-----|-------|
|         | Street Address or P.O. Box | City | State | Zip |

HCD RT 475.3 (Rev. 07/16)

132

STATE OF CALIFORNIA
BUSINESS, CONSUMER SERVICES AND HOUSING AGENCY
DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT
DIVISION OF CODES AND STANDARDS
REGISTRATION AND TITLING PROGRAM



# STATEMENT OF FACTS

This unit is a: ☑ Manufactured Home / Mobilehome   ☐ Commercial Modular   ☐ Floating Home   ☐ Truck Camper

| Decal (License) No.(s): | Trade Name: | Serial No.(s): |
|---|---|---|
| LBM 1081 | Skyline Custom Villa | AC7V710394GB/GA |

I/We, the undersigned, hereby state:

Jamie Lynn Gallian is the sole registered owner of 2014 home.  J-Pad LLC or Robert McLelland is the Legal Owner.

I/We further agree to indemnify and save harmless the Director of the Department of Housing and Community Development, State of California, and subsequent purchasers of said unit, for any loss they may suffer resulting from registration of the above-described unit in California, or from issuance of a California Certificate of Title covering the same.

I/We certify under penalty of perjury that the foregoing is true and correct.

Executed on ___25th of Feb. 2021___ at ___Huntington Beach,_____, ___CA 92649___
　　　　　　　　　　Date　　　　　　　　　　　City　　　　　　　　　　　　　　　State

Signature(s): _Jamie Lynn Gallian_____   Printed name(s):
Jamie Lynn Gallian

Address ___21742 Anza Avenue_____

City ___Torrance_____   State ___CA 90503_____

HCD RT 476.6 (Rev. 07/16)

# ACKNOWLEDGMENT

| A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document. |
|---|

State of California

County of _____Orange_____ )

On _2/25/21_ before me, _Greg Buysman notary Public_

(insert name and title of the officer)

personally appeared _Jamie Lynn Gallier_ _____,

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

**GREG BUYSMAN**
COMM # 2341449
ORANGE County
California Notary Public
Comm Exp Feb. 5, 2025

Signature _Greg Buysman_    **(Seal)**

136

STATE OF CALIFORNIA
BUSINESS, CONSUMER SERVICES AND HOUSING AGENCY
DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT
DIVISION OF CODES AND STANDARDS
REGISTRATION AND TITLING PROGRAM



## STATEMENT OF FACTS

This unit is a: ☑ Manufactured Home / Mobilehome ☐ Commercial Modular ☐ Floating Home ☐ Truck Camper

| Decal (License) No.(s): | Trade Name: | Serial No.(s): |
|---|---|---|
| LBM1081 | | |

I/We, the undersigned, hereby state:

I spoke with Jamie Gallian and she states the unit should be registered as Jamie Gallian as sole registered owner. The lien has been satisfied and there is no legal owner at this time. Jamie advised the county and was told there was no need to revise the Tax Clearance certificate.

I/We further agree to indemnify and save harmless the Director of the Department of Housing and Community Development, State of California, and subsequent purchasers of said unit, for any loss they may suffer resulting from registration of the above-described unit in California, or from issuance of a California Certificate of Title covering the same.

I/We certify under penalty of perjury that the foregoing is true and correct.

Executed on ___7/28/21___ at ___Sacramento___, __CA__
                 Date                    City                  State

Signature(s): _Rebecca M. O'Loughlin_    Printed name(s): _Rebecca M O'Loughlin, Program Tech II_

Address _____

City _____ State _____

HCD RT 476.6 (Rev. 07/16)

138

State of California
Department of Housing and Community Development
Division of Codes and Standards
Registration and Titling Program
P.O. Box 277820, Sacramento, CA 95827-7820
(800) 952-8356
www.hcd.ca.gov



## MULTI-PURPOSE TRANSFER FORM

## PLEASE COMPLETE ONLY THE SECTIONS THAT APPLY AND SIGN BOTTOM OF FORM

### UNIT DESCRIPTION

Decal (License) No.(s): LBM1081                    Serial No.(s): AC7V710394GA; AV7V710394GA

### SMOKE DETECTOR AND CARBON MONOXIDE CERTIFICATION

I/We, the undersigned, hereby state that the manufactured home, mobilehome, or multifamily manufactured home described above is equipped with a properly working, operable smoke detector in accordance with California Health and Safety Code Section 18029.6 and a carbon monoxide detector in accordance to California Residential Code Section R315.

☑ YES    ☐ NO

### PARK PURCHASE FEE EXEMPTION

The registered owner of the above-described manufactured home/mobilehome that is located on private property owned by the registered owner is exempt from payment of the $5 Park Purchase Fund (PPF) fee (Health and Safety Code Section 18114.1). If you feel you qualify for the exemption, complete the following questions:

- Do you (the registered owner) own your manufactured home/mobilehome?    ☑ YES    ☐ NO
- Do you (the registered owner) own the land your manufactured home/mobilehome is located on?    ☐ YES    ☑ NO

### DESIGNATION OF CO-OWNER TERM

We request the Department of Housing and Community Development to register our ownership interest in the unit described above with the following co-owner term:    **(READ CAREFULLY AND CHECK ONE BOX.)**

☐  **JTRS (Joint Tenants with Right of Survivorship):** Upon the death of a joint tenant, the interest of the deceased party passes to the surviving joint tenant. The signature of each joint tenant is required to transfer or encumber the title.

☑  **TENCOM AND (Tenants in Common with the names joined by the word AND):** Each tenant in common may transfer his or her individual interest without the signature of the other tenant(s) in common. The signature of each tenant in common is required to transfer full interest in the unit by a new registered owner or to encumber the title.

☐  **TENCOM OR (Tenants in Common with the names joined by the word OR):** Any one of the tenants in common may transfer full ownership interest in the unit to a new registered owner without the signature of the other tenant(s) in common. The signature of each tenant in common is required to encumber the title.

☐  **COMPRO (Community Property):** A unit may be registered as community property in the names of a husband and wife. The signature of each spouse is required to transfer full interest in the unit or encumber the title.

☐  **COMPRORS (Community Property with Right of Survivorship):** A unit may be registered as community property in the names of a husband and wife. At the death of one spouse, the decedent's community property interest passes to the surviving spouse without administration. The signature of each spouse is required to transfer full interest in the unit or encumber the title.

I/We further agree to indemnify and save harmless the Director of the State of California, Department of Housing and Community Development, and subsequent purchasers of said unit, for any loss they may suffer resulting from registration of the above described unit in California, or from, issuance of a California Certificate of Title covering the same.

I/We certify under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on 02/25/2021    at    HUNTINGTON BEACH,    CALIFORNIA    COUNTY OF ORANGE
            Date                    City                State

_Signature_    J-SANDCASTLE CO LLC, JAMIE LYNN GALLIAN,
                                        IT'S MEMBER
                    _Signature_

Signature                    Signature

PHONE #: (714) 321-3449        E-MAIL ADDRESS: jamiegalian@gmail.com

HCD RT 476.6G Side 1 (Rev. 08/20)

Decal (License) No.(s): LBM1081 _____    Serial No.(s): AC7V710394GA; AC7V710394GA

## DECLARATION OF INSTALLATION OF WATER HEATER SEISMIC BRACING

I/We the undersigned hereby state that all fuel gas-burning water heater appliances in the manufactured home, mobilehome, or multifamily manufactured housing described above are seismically braced, anchored, or strapped in accordance with Health and Safety Code Section 18031.7 and Part 5 of Title 24 of the California Code of Regulations.

☑ YES    ☐ NO    ☐ Electric water heater is installed per manufacturer's instructions.

### SIGNATURE ON FRONT SIDE IS CERTIFICATION FOR THIS SECTION

## REASON FOR USE TAX AND/OR MOBILEHOME RECOVERY FUND FEE EXEMPTION

Check appropriate box(es):

☑ The above-described unit was a gift.  All rights and interest of ownership were transferred without exchange or money or other valuable consideration.

☑ The above-described unit has been acquired from: _J-SANDCASTLE CO LLC, JAMIE LYNN GALLIAN, ITS MEMBER_

*parents, spouse, grandparent(s), grandchild, child, brother(s)\*, sister(s)\**

☑ The name of a _CO-OWNER_ _____ is being ☑ **ADDED** ☐ **DELETED** to the record.

*show relationship*

☐ The above-described unit was received as the result of an inheritance.

☐ Transfer of the above-described unit is being made pursuant to a court order.

☐ The transfer of the unit is being made to a revocable trust which (1) the seller has an unrestricted power to revoke the trust, (2) the transfer does not result in any change in the beneficial ownership of the property, (3) the trust provides that upon revocation of the trust the property will revert wholly to the seller, and (4) the only consideration for the transfer is the assumption by the trust of an existing loan for which the tangible personal property being transferred is the sole collateral for the assumed loan.

**\*NOTE:  A sale between brother(s) or sister(s) is subject to use tax unless both are minors.   If minors, check here:** ☐

### SIGNATURE ON FRONT SIDE IS CERTIFICATION FOR THIS SECTION

## DESIGNATION OF TRUST

I/We, the undersigned trustee(s), hereby state that the unit described above has been placed into a trust.  This Declaration of Trust is dated _____.

In compliance with Section 18080.1(b) of the California Health and Safety Code, I/we as trustee(s) hereby request the unit described above be registered as shown below.  I/We acknowledge that the Department's permanent title record and the titling documents for the unit will reflect the information as shown below.

_____
*Print Name of the Trust.  This is how the name of the Trust will appear on title.*

I/We as trustee(s) agree(s) to notify and make application with the Department of Housing and Community Development to appropriately amend the permanent registration and titling record immediately upon any change to the original trust agreement described herein by submitting this form along with all appropriate documents, fees or any other needed items to the Department.

I/We as trustee(s) further agree(s) to indemnify and save harmless the Director of the Department of Housing and Community Development, and subsequent purchasers of said unit, for any loss they may suffer resulting from registration of the above described unit in California and from issuance of a California Certificate of Title covering the same.

I/We certify under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on _____ at _____
          *Date*                              *City*                              *State*

_____
*Trustee Signature(s):*

_____    _____
*Street Address or P.O. Box*                    *City*                    *State*

HCD RT 476.6G Side 2 (Rev. 08/20)

142

# TAX CLEARANCE CERTIFICATE

☒ **Mobile Home**          ☐ **Floating Home**

### COUNTY OF ORANGE

| SERIAL NUMBER/HULL NUMBER | DECAL NUMBER/CF NUMBER |
|---|---|
| AC7V710394GA, AC7V710394GB | BM1081 |

| LOCATION OF HOME | ASSESSOR'S PARCEL NUMBER |
|---|---|
| 16222 MONTEREY LN 376 HUNTINGTON BEACH | 891-569-62 |

| CURRENT REGISTERED OWNER | APPLICANT |
|---|---|
| J-SANDCASTLE CO LLC<br>16222 MONTEREY LN<br>SPC 376<br>HUNTINGTON BEACH CA 92649 | J-SANDCASTLE CO LLC & JAMIE L. GALLIAN<br>16222 MONTEREY LN #376<br>HUNTINGTON BEACH CA 92649 |

I hereby certify that the following has been paid:

☐ Delinquent license fees

☐ Property taxes applicable to the home identified above through the fiscal year

☒ A security deposit for payment of the property taxes for the fiscal year 2021-2022

☒ No taxes due or payable at this time.

There may be a supplemental assessment not covered by this "Tax Clearance Certificate" which may create an additional bill.

**THIS CERTIFICATE IS VOID ON AND AFTER SEPTEMBER 7, 2021.**

Executed on July 9, 2021 at Santa Ana.
Treasurer-Tax Collector for Orange County, State of California.

Issued on July 9, 2021 _____
(Signature)

§2189.8, 5832 R & T Code

TDL 10-01 (7-87)

144

# EXHIBIT 6



| | |
|---|---|
| DTN: | **12339739** |
| Decal: | **LBM1081** |
| Unit ID: | 252606085 |
| Trans Type: | L/O Addition |
| Trans Date: | 08/10/2021 |
| Trade Name: | CUSTOM VILLA |
| Serial #: | AC7V710394GA, AC7V710394GB |
| Insignia # | PFS1130281, PFS1130282 |

| Status Date: | 08/11/2021 | User Name: | CRUZ, SYLVIA |
|---|---|---|---|

I hereby certify that this copy is a true and correct copy of
the original document on file with the Department of
Housing & Community Development.

_____
Signature

147

# STATE OF CALIFORNIA - DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT
## CERTIFICATE OF TITLE

Manufactured Home                                    Decal: **LBM1081**

| Manufacturer ID/Name | Trade Name | Model | | DOM 05/29/2014 | DFS 07/28/2014 | RY |
|---|---|---|---|---|---|---|
| 90002   SKYLINE HOMES INC | CUSTOM VILLA | | | | | |
| **Serial Number** | **Label/Insignia Number** | **Weight** | **Length** | **Width** | **Issued** | |
| AC7V710394GB | PFSI130281 | 22,383 | 56' | 15' 2" | Aug 03, 2021 | |
| AC7V710394GA | PFSI130282 | 25,068 | 60' | 15' 2" | | |

**Addressee**

JAMIE LYNN GALLIAN
16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA 92649

**Registered Owner(s)**

JAMIE LYNN GALLIAN
16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA 92649

**Situs Address**

16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA 92649

I hereby certify that this copy is a true and correct copy of
the original document on file with the Department of
Housing & Community Development.

_____ Signature

**IMPORTANT**
**THE OWNER INFORMATION SHOWN ABOVE MAY NOT REFLECT ALL LIENS RECORDED WITH THE
DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT AGAINST THE DESCRIBED UNIT. THE
CURRENT TITLE STATUS OF THE UNIT MAY BE CONFIRMED THROUGH THE DEPARTMENT.**

DTN: 12313525                                                08032021 - 2

AUG 1 0 2021

148

## SECTION A - SMOKE DETECTOR AND WATER HEATER SEISMIC BRACING CERTIFICATION

California Health and Safety Code (HSC) Sections 18029.6 and 18031.7 require that on the date of transfer of title all used manufactured homes, used mobilehomes, and used multifamily manufactured homes: 1) be equipped with an operable smoke detector in each room designed for sleeping, and 2) all fuel-gas-burning water heater appliances be seismically braced, anchored, or strapped pursuant to existing codes. A declaration may be signed within 45 days prior to the date of transfer of title stating that these requirements have been met.

I/We further agree to indemnify and save harmless the Director of the State of California, Department of Housing and Community Development, and subsequent purchasers of said unit, for any loss they may suffer resulting from registration of the unit in California or from issuance of a California Certificate of Title covering the same. I/We certify under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on _____ at _____

|  Date  |  City  |  State  |

| Signature | Printed Name |

## SECTION B - RELEASING SIGNATURES

1a. _____     Date of Release _____

Releasing Signature of Registered Owner

1b. _____     Date of Release _____

Releasing Signature of Registered Owner

2. _____     ☐ Release    ☐ Retain    *☐ Assign Interest

Legal Owner of Record (if any) sign and check appropriate box                 (* If Assign Interest is checked - Complete New Legal Owner Below)

## SECTION C - NEW OWNER INFORMATION

### NEW REGISTERED OWNER - Please Print or Type Clearly

3a. _____     3c. _____

New Registered Owners Name                New Registered Owners Name

3b. _____     3d. _____

New Registered Owners Name                New Registered Owners Name

If more than one New Owner going onto title, please check the appropriate Co-owner term box.

☐ Joint Tenants with Right of Survivorship    ☐ Tenants In Common OR    *☐ Trust/Trustee(s)
                                                                        (* If this box is checked-Complete HCD 476.6B)

☐ Tenants In Common AND    ☐ Community Property    ☐ Community Property with Right of Survivorship

4. _____

Mailing Address of New Registered Owner          City/State          Zip Code

5. _____

Actual Location Address of Unit          City/State

6. _____

Purchase Price or check box if Gift-☐          Purchase Date or Transfer Date

*I hereby certify that this copy is a true and correct copy of the original document on file with the Department of Housing & Community Development.*

_____
Signature

7a. _____     7c. _____

Signature of New Registered Owners          Signature of New Registered Owners

7b. _____     7d. _____

Signature of New Registered Owners          Signature of New Registered Owners

### NEW LEGAL OWNER - Please Print or Type Clearly

8a. _____     8b. _____

New Legal Owners Name                New Legal Owners Name

If more than one New Lender going onto title, please check the appropriate Co-owner term box below.

☐ Joint Tenants with Right of Survivorship    ☐ Tenants In Common OR    *☐ Trust/Trustee(s)
                                                                        (* If this box is checked-Complete HCD 476.6B)

☐ Tenants In Common AND    ☐ Community Property    ☐ Community Property with Right of Survivorship

9. _____

Mailing Address of New Legal Owner          City/State          Zip Code

### NEW JUNIOR LIENHOLDER - Please Print or Type Clearly

10a. _____     10b. _____

New Junior Lienholder Name                New Junior Lienholder Name

11. _____

Mailing Address of New Junior Lienholder          City/State          Zip Code

## SECTION D - RELEASE OF DEALERS

12. _____

Signature of Selling Dealer          Print Dealers Name and Dealer Number

OSP 20 149325

149

# STATE OF CALIFORNIA - DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT
## REGISTRATION CARD

Manufactured Home

**Decal: LBM1081**

| Manufacturer ID/Name | Trade Name | Model | DOM | DFS | RY | Exp. Date |
|---|---|---|---|---|---|---|
| 90002    SKYLINE HOMES INC | CUSTOM VILLA | | 05/29/2014 | 07/28/2014 | | |

| Serial Number | Label/Insignia Number | Weight | Length | Width | Issued | | |
|---|---|---|---|---|---|---|---|
| AC7V710394GB | PFS1130281 | 22,383 | 56' | 15'2" | Aug 03, 2021 | | |
| AC7V710394GA | PFS1130282 | 25,068 | 60' | 15'2" | | | |

**Addressee**

JAMIE LYNN GALLIAN
16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA  92649



**Registered Owner(s)**

JAMIE LYNN GALLIAN
16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA 92649

**Situs Address**

16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA 92649

********************************************
## ATTENTION OWNER:

THIS IS THE REGISTRATION CARD FOR THE
UNIT DESCRIBED ABOVE. PLEASE KEEP THIS
CARD IN A SAFE PLACE WITHIN THE UNIT.

### INSTRUCTIONS FOR RENEWAL:

REGISTRATION FOR THIS UNIT EXPIRES ON THE
DATE INDICATED ABOVE IN THE BOX LABELED
"Exp. Date". THERE ARE SUBSTANTIAL
PENALTIES FOR DELINQUENCY. IF YOU DO NOT
RECEIVE A RENEWAL NOTICE WITHIN 10 DAYS
PRIOR TO THE EXPIRATION DATE, CONTACT
H.C.D. FOR RENEWAL INSTRUCTIONS.
********************************************

I hereby certify that this copy is a true and correct copy of
the original document on file with the Department of
Housing & Community Development.

_____
Signature

## IMPORTANT
THE OWNER INFORMATION SHOWN ABOVE MAY NOT REFLECT ALL LIENS RECORDED WITH THE
DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT AGAINST THE DESCRIBED UNIT. THE
CURRENT TITLE STATUS OF THE UNIT MAY BE CONFIRMED THROUGH THE DEPARTMENT.

DTN: 12313525

08032021 - 1

150

STATE OF CALIFORNIA
BUSINESS, CONSUMER SERVICES AND HOUSING AGENCY
DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT
DIVISION OF CODES AND STANDARDS
REGISTRATION AND TITLING PROGRAM



# STATEMENT OF FACTS

This unit is a: ☑ Manufactured Home / Mobilehome    ☐ Commercial Modular    ☐ Floating Home    ☐ Truck Camper

| Decal (License) No.(s): | Trade Name: | Serial No.(s): |
|---|---|---|
| LBM1081 | CUSTOM VILLA | AC7V710394GB/GA |

I/We, the undersigned, hereby state:

Jamie L. Gallian, say that J-Pad, LLC is the Legal Owner and perfected their lien 1/14/2019.

*The correct Address for the Legal Owner - J-Pad LLC
21742 Anza Ave, Torrance, CA 90503*

I hereby certify that this copy is a true and correct copy of
the original document on file with the Department of
Housing & Community Development.

_____
Signature

I/We further agree to indemnify and save harmless the Director of the Department of Housing and Community Development, State of California, and subsequent purchasers of said unit, for any loss they may suffer resulting from registration of the above-described unit in California, or from issuance of a California Certificate of Title covering the same.

I/We certify under penalty of perjury that the foregoing is true and correct.

Executed on    8/6/2021    at    Huntington Beach                              ,    CA
                Date                    City                                            State

Signature(s):                                    Printed name(s):

_____            Jamie Lynn Gallian

_____

Address    16222 Monterey Ln #376

City    Huntington Beach                                    State    CA 92649

HCD RT 476.6 (Rev. 07/16)

151

STATE OF CALIFORNIA
BUSINESS, CONSUMER SERVICES AND HOUSING AGENCY
DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT
DIVISION OF CODES AND STANDARDS
REGISTRATION AND TITLING PROGRAM



## STATEMENT TO ENCUMBER

| SECTION I. | DESCRIPTION OF UNIT |
|---|---|

This unit is a (check one):

☒ Manufactured Home, Mobilehome, Multifamily Manufactured Home   ☐ Commercial Modular   ☐ Truck Camper   ☐ Floating Home

The Decal (License) Number(s) is: __LBM1081__

The Trade Name is: __SKYLINE HOMES-CUSTOM VILLA__

The Serial Number(s) is: __AC7V710394GB; AC7V710394GA__

| SECTION II. | LEGAL OWNER INFORMATION |
|---|---|

I/We are releasing legal owner interest in the above-described unit to encumber the title (record a lien) in favor of:

J-PAD, LLC - SOS ENTITY NO. 201804010750

*(Name of New Legal Owner)*

Address: __2702 N. GAFF STREET__   __ORANGE,__   __CA__   __92865__
Street Address or P.O. Box   City   State   Zip

| SECTION III. | CERTIFICATION |
|---|---|

I/We certify under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on __1/14/2019__   at   __HUNTINGTON BEACH,   CALIFORNIA, CO. OF ORANGE__
Date   City   State

Signature of each registered owner:   Printed name of each registered owner:

*Jane L. Dillon, its Member*   J-SANDCASTLE CO LLC

Address: __16222 MONTEREY LN  376   HUNTINGTON BEACH,__   __CA__   __92649__
Street Address or P. O. Box   City   State   Zip

I hereby certify that this copy is a true and correct copy of the original document on file with the Department of Housing & Community Development.

_____ Signature

HCD 484.7 (Rev. 11/14)

# EXHIBIT 7



U210084251426

B0428-8874 09/12/2021 10:11 AM Received by California Secretary of State



**STATE OF CALIFORNIA**
*Office of the Secretary of State*
**UCC FINANCING STATEMENT AMENDMENT (UCC 3)**

California Secretary of State
1500 11th Street
Sacramento, California 95814
(916) 653-3516

| For Office Use Only |
| --- |
| **-FILED-** |
| File #: U210084251426 |
| Date Filed: 9/12/2021 |

Submitter Information:

| | |
| --- | --- |
| Contact Name | Ron Pierpont; Bob McLelland, its Managers |
| Organization Name | J-Pad, LLC |
| Phone Number | (909) 202-3145 |
| Email Address | ronpierpont@gmail.com |
| Address | 4519 Ponderosa Way |
| | Yorba Linda, CA 92886 |

Amendment Action Information:

| | |
| --- | --- |
| Initial Financing Statement File Number | 197691916827 |
| Date Filed | 01/14/2019 |
| Amendment Action | Secured Party Amendment |
| Secured Party Action | Add Secured Party |

Add Secured Party:

| Secured Party Name | Mailing Address |
| --- | --- |
| Steven D. Gallian | 3334 E. COAST HWY. #126 CORONA DEL MAR, CA 92625 |
| Brian J. Gallian | 3334 E. COAST HWY. #126 CORONA DEL MAR, CA 92625 |
| Justin D. Barclay | 3334 E. COAST HWY. #126 CORONA DEL MAR, CA 92625 |
| Ronald J. Pierpont | 4519 PONDEROSA WAY YORBA LINDA, CA 92886 |
| Robert J. McLelland | 21742 ANZA AVENUE TORRANCE, CA 90503 |
| Jamie L. Gallian | 16222 MONTEREY LN. #376 HUNTINGTON BEACH, CA 92649 |
| EJ Gallian | BRIAN J. GALLIAN 3334 E. COAST HWY #126 CORONA DEL MAR, CA 92625 |

Name of Secured Party of Record Authorizing This Amendment:

☐ If this Amendment is authorized by a Debtor, check this box and select the name of the Authorizing Debtor below.

Authorizing Secured Party Name    J-PAD, LLC  -  CA SOS ENTITY NO. 201804010750

Optional Filer Reference Information:
J-Pad, LLC    Ronald J. Pierpont and Robert J. McLelland, It's Managers

Miscellaneous Information:

154
Page 1 of 2

This is a Secured Party Amendment to U197691916827 filed 1/14/2019, adding all Secured Parties, as individuals who have a defined percentage interest in the collateral known as LBM1081, A.P.N. 891-569-62, 2014 Skyline Custom Villa, Serial No. 7V710394GB/GA, located on APN 178-011-16, Lot 376, 16222 Monterey Lane Huntington Beach, CA 92649. to mirror the Secured Parties listed in U197691905279, filed 1/14/2019 and its Amendments therein. J-Pad, LLC will continue to be the Legal Owner listed on the COT and Note and entity who Manages the collateral for all Secured Parties.

B0428-8875 09/12/2021 10:11 AM Received by California Secretary of State


U210084255728



**STATE OF CALIFORNIA**
*Office of the Secretary of State*
**UCC FINANCING STATEMENT AMENDMENT (UCC 3)**

California Secretary of State
1500 11th Street
Sacramento, California 95814
(916) 653-3516



| For Office Use Only |
| :---: |
| **-FILED-** |
| File #: U210084255728 |
| Date Filed: 9/12/2021 |

Submitter Information:

| | |
| --- | --- |
| Contact Name | Ronald Pierpont or Robert Mclelland, its Managers |
| Organization Name | J--Pad, LLC |
| Phone Number | (714) 742-5999 |
| Email Address | bobwentflying@yahoo.com |
| Address | 4519 Ponderosa Way |
| | Yorba Linda, CA 92886 |

Amendment Action Information:

| | |
| --- | --- |
| Initial Financing Statement File Number | 197691905279 |
| Date Filed | 01/14/2019 |
| Amendment Action | Secured Party Amendment |
| Secured Party Action | Edit Secured Party |

Edit Secured Party:

| Secured Party Name | Mailing Address |
| --- | --- |
| *Changed From:* <br> JUSTIN D. BARCLAY <br> *Changed To:* <br> JUSTIN D. BARCLAY | *Changed From:* <br> 3334 E. COAST HWY. #126 <br> CORONA DEL MAR, CA 92625 <br> *Changed To:* <br> 3334 E. COAST HWY. #126 <br> CORONA DEL MAR, CA 92625 |
| *Changed From:* <br> BRIAN J GALLIAN <br> *Changed To:* <br> BRIAN J. GALLIAN | *Changed From:* <br> 3334 E. COAST HWY. #126 <br> HUNTINGTON BEACH, CA 92649 <br> *Changed To:* <br> 3334 E. COAST HWY. #126 <br> CORONA DEL MAR, CA 92625 |
| *Changed From:* <br> E. J. GALLIAN <br> *Changed To:* <br> E. J. GALLIAN | *Changed From:* <br> 3334 E. COAST HWY. #126 <br> HUNTINGTON BEACH, CA 92649 <br> *Changed To:* <br> BRIAN J. GALLIAN <br> 3334 E. COAST HWY. #126 <br> CORONA DEL MAR, CA 92625 |
| *Changed From:* <br> STEVEN D GALLIAN <br> *Changed To:* <br> STEVEN D. GALLIAN | *Changed From:* <br> 3334 E. COAST HWY #126 <br> CORONA DEL MAR, CA 92625 <br> *Changed To:* <br> 3334 E. COAST HWY #126 <br> CORONA DEL MAR, CA 92625 |
| *Changed From:* <br> J-PAD, LLC - CA SOS ENTITY NO. 201804010750 <br> *Changed To:* <br> J-PAD, LLC - CA SOS ENTITY NO. 201804010750 | *Changed From:* <br> 16222 MONTEREY LN #376 <br> HUNTINGTON BEACH, CA 92649 <br> *Changed To:* <br> 21742 ANZA AVENUE <br> TORRANCE, CA 92503 |

| Changed From:<br>ROBERT MCLELLAND<br><br>Changed To:<br>ROBERT MCLELLAND | Changed From:<br>21742 ANZA AVENUE<br>TORRANCE, CA 90503<br><br>Changed To:<br>21742 ANZA AVENUE<br>TORRANCE, CA 90503 |
| --- | --- |
| Changed From:<br>RONALD J. PIERPONT<br><br>Changed To:<br>RONALD J. PIERPONT | Changed From:<br>4519 PONDEROSA WAY<br>YORBA LINDA, CA 92886<br>HUTINGTON BEACH, CA 92649<br><br>Changed To:<br>4519 PONDEROSA WAY<br>YORBA LINDA, CA 92886 |

Name of Secured Party of Record Authorizing This Amendment:

☐ If this Amendment is authorized by a Debtor, check this box and select the name of the Authorizing Debtor below.

Authorizing Secured Party Name            J-PAD, LLC   -   CA SOS ENTITY NO. 201804010750

Optional Filer Reference Information:

Miscellaneous Information:
This is a Secured Party Amendment to U197691916827 and U197691905279, Filed on 1/14/2019. and Amendment filed 12/4/2020 U200034803831. This filing secures the personal property collateral to the Secured Parties herein, known as LBM1081, LPT APN 891-569-62, 2014 Skyline Custom Villa the primary residence of Jamie Lynn Gallian. Homestead Declaration filed 7/9/2021 @ 12:48 p.m. Clerk Recorder County of Orange. HCD Registration transferred from J-Sandcastle Co LLC perfected on 2/25/2021. J-Pad, LLC holder of Certificate of Title perfected with HCD 1/14/2019, a manager-managed LLC. entity no. 201804010750.

B0428-8951 09/12/2021 9:27 PM Received by California Secretary of State



U210084256326

B0428-8959 09/13/2021 12:00 AM Received by California Secretary of State

**STATE OF CALIFORNIA**
*Office of the Secretary of State*
**UCC FINANCING STATEMENT AMENDMENT (UCC 3)**

California Secretary of State
1500 11th Street
Sacramento, California 95814
(916) 653-3516



For Office Use Only

**-FILED-**

File #: U210084256326

Date Filed: 9/12/2021

---

Submitter Information:

| | |
|---|---|
| Contact Name | Ronald J. Pierpont; Robert McLelland, its Managers |
| Organization Name | J-Pad, LLC    CA SOS Entity No. 201804010750 |
| Phone Number | (714) 742-5999 |
| Email Address | ronpierpont@gmail.com |
| Address | 21742 Anza Avenue<br>Torrance, CA 90503 |

---

Amendment Action Information:

| | |
|---|---|
| Initial Financing Statement File Number | 197691905279 |
| Date Filed | 01/14/2019 |
| Amendment Action | Secured Party Amendment |
| Secured Party Action | Edit Secured Party |

---

Edit Secured Party:

| Secured Party Name | Mailing Address |
|---|---|
| *Changed From:*<br>JUSTIN D. BARCLAY<br>*Changed To:*<br>JUSTIN D. BARCLAY | *Changed From:*<br>3334 E. COAST HWY. #126<br>CORONA DEL MAR, CA 92625<br>*Changed To:*<br>3334 E. COAST HWY. #126<br>CORONA DEL MAR, CA 92625 |
| *Changed From:*<br>BRIAN J GALLIAN<br>*Changed To:*<br>BRIAN J GALLIAN | *Changed From:*<br>3334 E. COAST HWY. #126<br>HUNTINGTON BEACH, CA 92649<br>*Changed To:*<br>3334 E. COAST HWY. #126<br>CORONA DEL MAR, CA 92625 |
| *Changed From:*<br>E. J. GALLIAN<br>*Changed To:*<br>E. J. GALLIAN | *Changed From:*<br>3334 E. COAST HWY. #126<br>HUNTINGTON BEACH, CA 92649<br>*Changed To:*<br>3334 E. COAST HWY. #126<br>CORONA DEL MAR, CA 92625 |
| *Changed From:*<br>STEVEN D GALLIAN<br>*Changed To:*<br>STEVEN D GALLIAN | *Changed From:*<br>3334 E. COAST HWY #126<br>CORONA DEL MAR, CA 92625<br>*Changed To:*<br>3334 E. COAST HWY #126<br>CORONA DEL MAR, CA 92625 |
| *Changed From:*<br>J-PAD, LLC - CA SOS ENTITY NO. 201804010750<br>*Changed To:*<br>J-PAD, LLC - CA SOS ENTITY NO. 201804010750 | *Changed From:*<br>16222 MONTEREY LN #376<br>HUNTINGTON BEACH, CA 92649<br>*Changed To:*<br>21742 ANZA AVENUE<br>TORRANCE, CA 90503 |

| Changed From:<br>   ROBERT MCLELLAND<br>Changed To:<br>   ROBERT MCLELLAND | Changed From:<br>   21742 ANZA AVENUE<br>   TORRANCE, CA 90503<br>Changed To:<br>   21742 ANZA AVENUE<br>   TORRANCE, CA 90503 |
| --- | --- |
| Changed From:<br>   RONALD J. PIERPONT<br>Changed To:<br>   RONALD J. PIERPONT | Changed From:<br>   4519 PONDEROSA WAY<br>   YORBA LINDA, CA 92886<br>   HUTINGTON BEACH, CA 92649<br>Changed To:<br>   4519 PONDEROSA WAY<br>   YORBA LINDA, CA 92886 |

Name of Secured Party of Record Authorizing This Amendment:

☐ If this Amendment is authorized by a Debtor, check this box and select the name of the Authorizing Debtor below.

Authorizing Secured Party Name                    J-PAD, LLC    -    CA SOS ENTITY NO. 201804010750

Optional Filer Reference Information:

Miscellaneous Information:
   PERSONAL PROPERTY LBM 1081, APN 891-569-62, SERIAL NUMBER 7V710394GB/GA LOCATED ON APN 178-011-16
   16222 MONTEREY LN SPC 376 HUNTINGTON BEACH, CA 92649

B0428-8960  09/13/2021  12:00 AM Received by California Secretary of State



## STATE OF CALIFORNIA
*Office of the Secretary of State*
**UCC FINANCING STATEMENT AMENDMENT (UCC 3)**

California Secretary of State
1500 11th Street
Sacramento, California 95814
(916) 653-3516

| For Office Use Only |
| :---: |
| **-FILED-** |
| File #: U210088103629 |
| Date Filed: 9/24/2021 |

---

Submitter Information:

| | |
| --- | --- |
| Contact Name | Jamie Gallian |
| Organization Name | |
| Phone Number | (714) 321-3449 |
| Email Address | JAMIEGALLIAN@GMAIL.COM |
| Address | 16222 Monterey Ln. #376
Huntington Beach, CA 92649 |

---

Amendment Action Information:

| | |
| --- | --- |
| Initial Financing Statement File Number | 197691905279 |
| Date Filed | 01/14/2019 |
| Amendment Action | Secured Party Amendment |
| Secured Party Action | Add Secured Party |

---

Add Secured Party:

| Secured Party Name | Mailing Address |
| --- | --- |
| J-PAD, LLC | 21742 ANZA AVENUE
TORRANCE, CA 90503 |
| STEVEN D. GALLIAN | 3334 E. COAST HWY. #126
CORONA DEL MAR, CA 92625 |
| BRIAN J. GALLIAN | 3334 E. COAST HWY. #126
CORONA DEL MAR, CA 92625 |
| JUSTIN D. BARCLAY | 3334 E. COAST HWY. #126
CORONA DEL MAR, CA 92625 |
| RONALD J. PIERPONT | 4519 PONDEROSA WAY
YORBA LINDA, CA 92886 |
| ROBERT J. MCLELLAND | 21742 ANZA AVENUE
TORRANCE, CA 90503 |
| EJ GALLIAN | 3334 E. COAST HWY. #126
CORONA DEL MAR, CA 92625 |

---

Name of Secured Party of Record Authorizing This Amendment:

☒ If this Amendment is authorized by a Debtor, check this box and select the name of the Authorizing Debtor below.

| Authorizing Debtor Name | JAMIE LYNN GALLIAN |
| --- | --- |

---

Optional Filer Reference Information:

---

Miscellaneous Information:

This is a Debtor Amendment acknowledging reaffirming the Initial UCC Financing Statement 19-7691905279 filed 1/14/2019, and Amendment filed U20003480383 filed 12/4/2020. The individual secured parties listed have a defined percentage interest in the collateral known as LBM1081, APN 891-569-62, located on APN 178-011-01, Tract 10542 Unit 4, Lot 376. J-Pad, LLC a manager managed LLC will continue to be the Legal Owner listed on the COT and Holder.  J-Pad, LLC will continue to manage the collateral for all Secured Parties.

B0432-8877 09/24/2021 9:04 PM Received by California Secretary of State



U200034803831



## STATE OF CALIFORNIA
*Office of the Secretary of State, Alex Padilla*
## UCC FINANCING STATEMENT AMENDMENT (UCC 3)

California Secretary of State
1500 11th Street
Sacramento, California 95814
(916) 653-3516

| For Office Use Only |
| --- |
| **-FILED-** |
| File #: U200034803831 |
| Date Filed: 12/4/2020 |

Submitter Information:

| | |
| --- | --- |
| Contact Name | |
| Organization Name | |
| Phone Number | |
| Email Address | |
| Address | None |

Amendment Action Information:

| | |
| --- | --- |
| Initial Financing Statement File Number | 197691905279 |
| Date Filed | 01/14/2019 |
| Amendment Action | Secured Party Amendment |
| Secured Party Action | Add Secured Party |

Add Secured Party:

| Secured Party Name | Mailing Address |
| --- | --- |
| Steven D Gallian | 16222 MONTEREY LN #376<br>HUNTINGTON BEACH, CA 92649 |
| Brian J Gallian | 16222 MONTEREY LN #376<br>HUNTINGTON BEACH, CA 92649 |

Name of Secured Party of Record Authorizing This Amendment:

☐ If this Amendment is authorized by a Debtor, check this box and select the name of the Authorizing Debtor below.

Authorizing Secured Party Name          J-PAD, LLC   -   CA SOS ENTITY NO. 201804010750

Optional Filer Reference Information:

Miscellaneous Information:

B0349-4529 12/04/2020 2:14 PM Received by California Secretary of State

U210083394336



# STATE OF CALIFORNIA
*Office of the Secretary of State*
## UCC FINANCING STATEMENT AMENDMENT (UCC 3)

California Secretary of State
1500 11th Street
Sacramento, California 95814
(916) 653-3516




| For Office Use Only |
| --- |
| **-FILED-** |
| File #: U210083394336 |
| Date Filed: 9/8/2021 |

**Submitter Information:**

| | |
| --- | --- |
| Contact Name | |
| Organization Name | |
| Phone Number | |
| Email Address | |
| Address | None |

**Amendment Action Information:**

| | |
| --- | --- |
| Initial Financing Statement File Number | 197691905279 |
| Date Filed | 01/14/2019 |
| Amendment Action | Secured Party Amendment |
| Secured Party Action | Add Secured Party |

**Add Secured Party:**

| Secured Party Name | Mailing Address |
| --- | --- |
| RONALD J. PIERPONT | 4519 PONDEROSA WAY<br>YORBA LINDA, CA 92886<br>HUTINGTON BEACH, CA 92649 |
| ROBERT MCLELLAND | 21742 ANZA AVENUE<br>TORRANCE, CA 90503 |
| JUSTIN D. BARCLAY | 16222 MONTEREY LN #376<br>HUNTINGTON BEACH, CA 92649 |
| E. J. GALLIAN | 16222 MONTEREY LN #376<br>HUNTINGTON BEACH, CA 92649 |

**Name of Secured Party of Record Authorizing This Amendment:**

☐ If this Amendment is authorized by a Debtor, check this box and select the name of the Authorizing Debtor below.

Authorizing Secured Party Name          J-PAD, LLC    -    CA SOS ENTITY NO. 201804010750

**Optional Filer Reference Information:**

**Miscellaneous Information:**

B0428-3050  09/08/2021  3:22 PM Received by California Secretary of State



U210083400018



**STATE OF CALIFORNIA**
*Office of the Secretary of State*
**UCC FINANCING STATEMENT AMENDMENT (UCC 3)**

California Secretary of State
1500 11th Street
Sacramento, California 95814
(916) 653-3516

| For Office Use Only |
| :---: |
| **-FILED-** |
| File #: U210083400018 |
| Date Filed: 9/8/2021 |

Submitter Information:

| | |
| --- | --- |
| Contact Name | |
| Organization Name | |
| Phone Number | |
| Email Address | |
| Address | None |

Amendment Action Information:

| | |
| --- | --- |
| Initial Financing Statement File Number | 197691905279 |
| Date Filed | 01/14/2019 |
| Amendment Action | Secured Party Amendment |
| Secured Party Action | Edit Secured Party |

Edit Secured Party:

| Secured Party Name | Mailing Address |
| --- | --- |
| *Changed From:*<br>JUSTIN D. BARCLAY<br>*Changed To:*<br>JUSTIN D. BARCLAY | *Changed From:*<br>16222 MONTEREY LN #376<br>HUNTINGTON BEACH, CA 92649<br>*Changed To:*<br>3334 E. COAST HWY. #126<br>CORONA DEL MAR, CA 92625 |
| *Changed From:*<br>BRIAN J GALLIAN<br>*Changed To:*<br>BRIAN J GALLIAN | *Changed From:*<br>16222 MONTEREY LN #376<br>HUNTINGTON BEACH, CA 92649<br>*Changed To:*<br>3334 E. COAST HWY. #126<br>HUNTINGTON BEACH, CA 92649 |
| *Changed From:*<br>E. J. GALLIAN<br>*Changed To:*<br>E. J. GALLIAN | *Changed From:*<br>16222 MONTEREY LN #376<br>HUNTINGTON BEACH, CA 92649<br>*Changed To:*<br>3334 E. COAST HWY. #126<br>HUNTINGTON BEACH, CA 92649 |
| *Changed From:*<br>STEVEN D GALLIAN<br>*Changed To:*<br>STEVEN D GALLIAN | *Changed From:*<br>16222 MONTEREY LN #376<br>HUNTINGTON BEACH, CA 92649<br>*Changed To:*<br>3334 E. COAST HWY #126<br>CORONA DEL MAR, CA 92625 |
| *Changed From:*<br>J-PAD, LLC - CA SOS ENTITY NO. 201804010750<br>*Changed To:*<br>J-PAD, LLC - CA SOS ENTITY NO. 201804010750 | *Changed From:*<br>2702 N GAFF STREET<br>ORANGE, CA 92865<br>*Changed To:*<br>16222 MONTEREY LN #376<br>HUNTINGTON BEACH, CA 92649 |

Name of Secured Party of Record Authorizing This Amendment:

B0428-3116 09/08/2021 3:41 PM Received by California Secretary of State

☐ If this Amendment is authorized by a Debtor, check this box and select the name of the Authorizing Debtor below.

Authorizing Secured Party Name                    J-PAD, LLC    -    CA SOS ENTITY NO. 201804010750

Optional Filer Reference Information:

Miscellaneous Information:

B0428-3117 09/08/2021 3:41 PM Received by California Secretary of State

# EXHIBIT 8

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor 1 | JAMIE LYNN GALLIAN |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | Central District of California |
| Case number | 8:21-bk-11710-SC |

Official Form 410

# Proof of Claim

04/22

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.**

| Part 1: | Identify the Claim |
|---|---|

**1. Who is the current creditor?**

The Huntington Beach Gables Homeowners Association
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes.  From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**Where should notices to the creditor be sent?**

Robert P. Goe / Goe Forsythe & Hodges LLP
Name

17701 Cowan Ave, Suite 210
Number    Street

Irvine                CA            92614
City                State            ZIP Code

Contact phone 949-798-2460

Contact email rgoe@goeforlaw.com

**Where should payments to the creditor be sent?** (if different)

Huntington Beach Gables Homeowners Assn.
Name

c/o Goe Forsythe & Hodges, 17701 Cowan Ave
Number    Street

Suite 210, Irvine      CA          92610
City                State            ZIP Code

Contact phone 949-798-2460

Contact email rgoe@goeforlaw.com

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

__ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __

**4. Does this claim amend one already filed?**

☐ No
☑ Yes.  Claim number on court claims registry (if known) Claim 1

Filed on 07/05/2022
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☐ No
☐ Yes.  Who made the earlier filing? _____

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☐ No

☑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: _3_ _9_ _3_ _6_

**7. How much is the claim?**

At least $553,774.84 (not including additional interest, fees and other costs)

$_____553,774.84. **Does this amount include interest or other charges?**

☐ No

☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Judgments, delinquent assessments, other charges

**9. Is all or part of the claim secured?**

☐ No

☑ Yes. The claim is secured by a lien on property.

Nature of property:

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☑ Other. Describe: Abstracts of judgment, ORAP lien

Basis for perfection: _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property: $_Unknown_____

Amount of the claim that is secured: $_Unknown_____

Amount of the claim that is unsecured: $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition: $_____

Annual Interest Rate (when case was filed)_____%

☐ Fixed

☐ Variable

**10. Is this claim based on a lease?**

☑ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $_____

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: _____

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☑ No

☐ Yes. *Check one:*

| | Amount entitled to priority |
|---|---|
| ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| ☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| ☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | $_____ |

\* Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment.

---

## Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  10/25/2022
               MM / DD / YYYY

/s/ Robert P. Goe
_____
Signature

Print the name of the person who is completing and signing this claim:

Name        Robert P. Goe
            First name            Middle name            Last name

Title       Attorney

Company     Goe Forsythe & Hodges LLP
            Identify the corporate servicer as the company if the authorized agent is a servicer.

Address     17701 Cowan Avenue, Suite 210
            Number        Street

            Irvine                          CA        92614
            City                            State     ZIP Code

Contact phone   (949) 798-2460              Email  rgoe@goeforlaw.com

Creditor: Huntington Beach Gables Homeowners Association
Claim Itemization under FRBP 3001(c)(2)
October 25, 2022

Claim 1 - Table of Judgment in favor of The Huntington Beach Gables Homeowners Association against Debtor Jamie Lynn Gallian

| OCSC Case Number | Case Name | Date of Abstract | Dollar Amount | Number of Pages |
|---|---|---|---|---|
| 30-2017-00962999 | The Huntington Beach Gables HOA v. Gallian | 4/30/2019 | $9265; plus 10% per annum from 03/21/19, which is the date of court ordered judgment | 4 pages |
| Total Amount | | | $12,590.25 | |

Claim 2 - Table of Judgment in favor of The Huntington Beach Gables Homeowners Association against Debtor Jamie Lynn Gallian

| OCSC Case Number | Case Name | Date of Abstract | Dollar Amount | Number of Pages |
|---|---|---|---|---|
| 30-2017-00913985 | The Huntington Beach Gables HOA v. Bradley, Gallian, et al. | 5/14/2019 | $319,653.59; plus 10% per annum. Note, Item 8a of this abstract includes two judgments in one: first, the OC court's judgment order issued against Debtor for court's sanctions on 09/27/18 and the related abstract issued on 11/16/18 in the amount of $3070.00; second, the court's judgment amount of $316,583.59 issued on 5/6/2019 and related abstract issued on 5/14/19 | 12 pages |
| Total Amount | | | $430,535.95 | |

169

Claim 3 - Table of Debtor's Unpaid Legal Fees, Assessments and Fines Owed to The Huntington Beach Gables Homeowners Association by Debtor, Jamie Lynn Gallian

| Dates of Unpaid Legal Fees, Delinquent Assessments, and Fines | Account number | Dollar Amount including Interest from date of assessment | |
|---|---|---|---|
| 02/20/18 | HOA account #21776 | $6,785.22; $5300.50 unpaid special assessment plus 6% interest per annum | |
| 2018 OC Recorder's Office Fees | HOA account #21776 | $680.00 | |
| Fines for Violations of the CC&Rs | HOA account #21776 | $23,140 | |
| Unpaid monthly HOA dues | HOA account #21776 | $1,586.90 ($1292.00 for 4 months of unpaid monthly assessments plus 6% interest per annum ) | |
| The Huntington Beach Gables HOA v. Nickel, Gallian, et al., OCSC Case No. 30-2020-01163055 | State court UVTA case re transfer of Debtor's condo to Nickel | $78,456.52, legal fees and costs (ongoing UVTA state court litigation so additional legal fees and costs in the future) | |
| Total Amount | | $110,648.64 | |

**Grand Total: $553,774.84**

105

**RECORDING REQUESTED BY:**

THE HUNTINGTON BEACH GABLES
HOMEOWNERS ASSOCIATION

**WHEN RECORDED MAIL TO:**

THE HUNTINGTON BEACH GABLES
HOMEOWNERS ASSOCIATION
Epsten Grinnell & Howell, APC
10200 Willow Creek Road, Suite 100
San Diego, CA  92131-1138

Recorded in Official Records, Orange County
Hugh Nguyen, Clerk-Recorder

103.00

* $ R 0 0 1 0 8 1 1 4 2 8 $ *
2019000148568 4:19 pm 05/03/19
105 417 A03   4
0.00 0.00 0.00 0.00 9.00 10.00 0.00 0.0075.00 3.00

TT
AO
FF
ICI
SO
CF

**Title:**

ABSTRACT OF JUDGMENT

THE HUNTINGTON BEACH GABLES HOMEOWNERS ASSOCIATION

v.

JAMIE LYNN GALLIAN

**30-2017-00962999-CU-HR-CJC**

171

**EJ-001**

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, address, and State Bar number):*
After recording, return to:
Joyce J. Kapsal/Pejman D.    SBN: 091950/279260
EPSTEN GRINNELL & HOWELL, APC
10200 WILLOW CREEK ROAD, SUITE 100,
SAN DIEGO, CA 92131
TEL NO. 858-527-0111    FAX NO. *(optional):* 858-527-1531
E-MAIL ADDRESS *(Optional):* jkapsal@epsten.com

[X] ATTORNEY   [X] JUDGMENT   [ ] ASSIGNEE
    FOR            CREDITOR         OF RECORD

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
STREET ADDRESS: 700 Civic Center Drive W091950/est/
MAILING ADDRESS: 700 Civic Center Drive West
CITY AND ZIP CODE: Santa Ana, CA 92701-4045
BRANCH NAME: Central Justice Center

FOR RECORDER'S USE ONLY

PLAINTIFF: The Huntington Beach Gables Homeowners Association
DEFENDANT: Jamie Lynn Gallian

CASE NUMBER
30-2017-00962999-CU-HR-CJC

| ABSTRACT OF JUDGMENT—CIVIL AND SMALL CLAIMS | [ ] Amended |
|---|---|

FOR COURT USE ONLY

Pursuant to California Government Code § 68150(f), the Clerk of the Court hereby certifies this document accurately reflects the official court record. The electronic signature and seal on this document have the same validity and legal force and effect as an original clerk's signature and court seal. California Government Code § 68150(g).

1. The [X] judgment creditor  [ ] assignee of record
   applies for an abstract of judgment and represents the following:
   a. Judgment debtor's
      Name and last known address
      
      Jamie L. Gallian
      16222 Monterey Lane, #376
      Huntington Beach, CA 92649

   b. Driver's license no. [last 4 digits] and state: 0742/CA    [ ] Unknown
   c. Social security no. [last 4 digits]: xx-xx-3936            [ ] Unknown
   d. Summons or notice of entry of sister-state judgment was personally served or mailed to *(name and address).*
      Jamie L. Gallian, 16222 Monterey Lane, #376
      Huntington Beach, CA 92649

2. [ ] Information on additional judgment debtors is shown on page 2.

3. Judgment creditor *(name and address):*
   The Huntington Beach Gables Homeowners Association
   C/o Epsten Grinnell & Howell, 10200 Willow Creek
   Road, San Diego, CA 92131
   Date: April 3, 2019

   Joyce J. Kapsal
   _____
   (TYPE OR PRINT NAME)

4. [ ] Information on additional judgment creditors is shown on page 2.

5. [ ] Original abstract recorded in this county:
   a. Date:
   b. Instrument No.:

   ▶ _____
      (SIGNATURE OF APPLICANT OR ATTORNEY)

6. Total amount of judgment as entered or last renewed:
   $ 9265.00

7. All judgment creditors and debtors are listed on this abstract.

8. a. Judgment entered on *(date):* March 21, 2019
   b. Renewal entered on *(date):*

9. [ ] This judgment is an installment judgment.

   [SEAL]
   David H. Yamasaki, Clerk of the Court

   This abstract issued on *(date):*
   04/30/2019

10. [ ] An [ ] execution lien [ ] attachment lien
    is endorsed on the judgment as follows:
    a. Amount: $
    b. In favor of *(name and address):*

11. A stay of enforcement has
    a. [X] not been ordered by the court.
    b. [ ] been ordered by the court effective until *(date):*

12. a. [X] I certify that this is a true and correct abstract of the judgment entered in this action.
    b. [ ] A certified copy of the judgment is attached.

    S.Wilson
    Clerk, by _Sonya Herr Wil..._, Deputy

Form Adopted for Mandatory Use
Judicial Council of California
EJ-001 [Rev. July 1, 2014]

**ABSTRACT OF JUDGMENT—CIVIL AND SMALL CLAIMS**

Page 1 of 2
Code of Civil Procedure, §§ 488.480, 674, 700.190
Westlaw Doc & Form Builder®

| PLAINTIFF: The Huntington Beach Gables Homeowners Association | COURT CASE NO.: |
| DEFENDANT: Jamie Lynn Gallian | 30-2017-00962999-CU-HR-CJC |

**NAMES AND ADDRESSES OF ADDITIONAL JUDGMENT CREDITORS:**

13. Judgment creditor *(name and address)*:

14. Judgment creditor *(name and address)*:

15. ☐ Continued on Attachment 15.

**INFORMATION ON ADDITIONAL JUDGMENT DEBTORS:**

16.     Name and last known address

Driver's license no. [last 4 digits] and state:
    ☐ Unknown

Social security no. [last 4 digits]:
    ☐ Unknown

Summons was personally served at or mailed to *(address)*:

17.     Name and last known address

Driver's license no. [last 4 digits] and state:
    ☐ Unknown

Social security no. [last 4 digits]:
    ☐ Unknown

Summons was personally served at or mailed to *(address)*:

18.     Name and last known address

Driver's license no. [last 4 digits] and state:
    ☐ Unknown

Social security no. [last 4 digits]:
    ☐ Unknown

Summons was personally served at or mailed to *(address)*:

19.     Name and last known address

Driver's license no. [last 4 digits] and state:
    ☐ Unknown

Social security no. [last 4 digits]:
    ☐ Unknown

Summons was personally served at or mailed to *(address)*:

20. ☐ Continued on Attachment 20.

EJ-001 [Rev July 1, 2014]

**ABSTRACT OF JUDGMENT—CIVIL
AND SMALL CLAIMS**

Page 2 of 2

Document Number: 2019000148568 Page: 3 of 4

173

POS-050/EFS-050

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY: STATE BAR NO: 91950/ 279260<br>NAME: Joyce J. Kapsal / Pejman D. Kharrazian, Esq.<br>FIRM NAME: EPSTEN GRINNELL & HOWELL, APC<br>STREET ADDRESS: 10200 WILLOW CREEK ROAD, SUITE 100<br>CITY: SAN DIEGO STATE: CA ZIP CODE: 92131<br>TELEPHONE NO.: 858-527-0111 FAX NO: 858-527-1531<br>E-MAIL ADDRESS: jkapsal@epsten.com / pkharrazian@epsten.com<br>ATTORNEY FOR (name): Huntington Beach Gables Homeowners Association | FOR COURT USE ONLY |

| | |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE<br>STREET ADDRESS: 700 Civic Center Drive West<br>MAILING ADDRESS: 700 Civic Center Drive West<br>CITY AND ZIP CODE: Santa Ana, CA 92701<br>BRANCH NAME: Central Justice Center | |
| PLAINTIFF/PETITIONER: The Huntington Beach Gables Homeowners Association<br>DEFENDANT/RESPONDENT: Jamie L. Gallian | CASE NUMBER:<br>2017-00962999-CU-HR-CJC |
| | JUDICIAL OFFICER:<br>Hon. Sherri Honer |
| **PROOF OF ELECTRONIC SERVICE** | DEPARTMENT:<br>C-66 |

1. I am at least 18 years old.
   a. My residence or business address is (specify): 10200 Willow Creek Road, Suite 100, San Diego, CA 92131

   b. My electronic service address is (specify): shart@epsten.com

2. I electronically served the following documents (exact titles): Abstract of Judgment – Civil and Small Claims

   ☐ The documents served are listed in an attachment. (Form POS-050(D)/EFS-050(D) may be used for this purpose.)

3. I electronically served the documents listed in 2 as follows:
   a. Name of person served: Steven A. Fink
      On behalf of (name or names of parties represented, if person served is an attorney):
      Jamie L. Gallian
   b. Electronic service address of person served : sfink@stevefinklaw.com

   c. On (date): April 19, 2019
      ☐ The documents listed in item 2 were served electronically on the persons and in the manner described in an attachment.
      (Form POS-050(P)/EFS-050(P) may be used for this purpose.)

Date: April 19, 2019

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Stephanie Hart                                              ▶ _SHart_
_____                              _____
(TYPE OR PRINT NAME OF DECLARANT)                          (SIGNATURE OF DECLARANT)

Page 1 of 1

| | | |
|---|---|---|
| Form Approved for Optional Use<br>Judicial Council of California<br>POS-050/EFS-050 [Rev. February 1, 2017] | **PROOF OF ELECTRONIC SERVICE**<br>**(Proof of Service/Electronic Filing and Service)** | Cal. Rules of Court, rule 2.251<br>www.courts.ca.gov<br>Westlaw Doc & Form Builder |

EJ-001

Recording Requested by and When Recorded Mail to
Joyce J. Kapsal / Pejman D.    SBN: 091950 / 279260
EPSTEN GRINNELL & HOWELL, APC
10200 Willow Creek Road, Suite 100
San Diego, CA 92131
TEL NO: 858-527-0111   FAX NO. (optional): 858-527-1531
E-MAIL ADDRESS (Optional): jkapsal@epsten.com /
[X] ATTORNEY   [X] JUDGMENT   [ ] ASSIGNEE
     FOR            CREDITOR         OF RECORD

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
STREET ADDRESS: 700 Civic Center Drive West
MAILING ADDRESS: 700 Civic Center Drive West
CITY AND ZIP CODE: Santa Ana, CA 92701
BRANCH NAME: Central Justice Center

Recorded in Official Records, Orange County
Hugh Nguyen, Clerk-Recorder

90.00

* $ R 0 0 1 0 8 3 8 3 3 9 $ *
2019000165259 12:56 pm 05/16/19
48 401 A03   3
0.00 0.00 0.00 0.00 6.00 0.00 0.000.0075.00 3.00

FOR RECORDER'S USE ONLY

PLAINTIFF: The Huntington Beach Gables Homeowners Association
DEFENDANT: Sandra Bradley, et al.

CASE NUMBER:
30-2017-00913985-CU-CO-CJC

ABSTRACT OF JUDGMENT—CIVIL
AND SMALL CLAIMS   [X] Amended

FOR COURT USE ONLY

Pursuant to California Government Code § 68150(f), the Clerk of the Court hereby certifies this document accurately reflects the official court record. The electronic signature and seal on this document have the same validity and legal force and effect as an original clerk's signature and court seal. California Government Code § 68150(g).

1. The [X] judgment creditor   [ ] assignee of record
   applies for an abstract of judgment and represents the following:
   a.   Judgment debtor's
              Name and last known address
   
   Jamie L. Gallian
   4476 Alderport Drive #53
   Huntington Beach, CA 92649

   b.   Driver's license no. [last 4 digits] and state: 0742 / CA   [ ] Unknown
   c.   Social security no. [last 4 digits]: xxx-xx-3936   [ ] Unknown
   d.   Summons or notice of entry of sister-state judgment was personally served or mailed to (name and address):
        4476 Alderport Drive #53, Huntington Beach, CA 92649

2. [ ] Information on additional judgment debtors is shown on page 2.
3. Judgment creditor (name and address):
   The Huntington Beach Gables Homeowners Association
   c/o Epsten Grinnell & Howell, 10200 Willow
   Creek Rd, Ste 100, San Diego, CA 92131
   Date: May 8, 2019
   Joyce J. Kapsal
   (TYPE OR PRINT NAME)

4. [ ] Information on additional judgment creditors is shown on page 2.
5. [ ] Original abstract recorded in this county:
   a. Date:
   b. Instrument No.:
   
   (SIGNATURE OF APPLICANT OR ATTORNEY)

6.  Total amount of judgment as entered or last renewed:
    $ 319,653.59
7.  All judgment creditors and debtors are listed on this abstract.
8.  a.   Judgment entered on (date): 5/6/2019 [9/27/2018 sanctions]
    b.   Renewal entered on (date):

9. [ ] This judgment is an installment judgment.
[SEAL]

David H. Yamasaki, Clerk of the Court

This abstract issued on (date):
May 14, 2019

10. [ ] An [ ] execution lien   [ ] attachment lien
    is endorsed on the judgment as follows:
    a. Amount: $
    b. In favor of (name and address):

11. A stay of enforcement has
    a. [X] not been ordered by the court.
    b. [ ] been ordered by the court effective until (date):
12. a. [X] I certify that this is a true and correct abstract of the judgment entered in this action.
    b. [ ] A certified copy of the judgment is attached.
    Clerk, by   Mary Johnson   , Deputy
    Mary M Johnson

Form Adopted for Mandatory Use
Judicial Council of California
EJ-001 [Rev. July 1, 2014]

ABSTRACT OF JUDGMENT—CIVIL
AND SMALL CLAIMS

Page 1 of 2
Code of Civil Procedure, §§ 488.460, 674, 700.190
Westlaw Doc & Form Builder®

175

| PLAINTIFF: The Huntington Beach Gables Homeowners Association | COURT CASE NO.: |
| DEFENDANT: Sandra Bradley, et al. | 30-2017-00913985-CU-CO-CJC |

**NAMES AND ADDRESSES OF ADDITIONAL JUDGMENT CREDITORS:**

13. Judgment creditor *(name and address):*          14. Judgment creditor *(name and address):*

15. ☐ Continued on Attachment 15.

**INFORMATION ON ADDITIONAL JUDGMENT DEBTORS:**

16. _____        Name and last known address        17. _____        Name and last known address

Driver's license no. [last 4 digits] and state:          Driver's license no. [last 4 digits] and state:
                                        ☐ Unknown                                        ☐ Unknown
Social security no. [last 4 digits]:          ☐ Unknown     Social security no. [last 4 digits]:          ☐ Unknown

Summons was personally served at or mailed to *(address):*     Summons was personally served at or mailed to *(address):*

18. _____        Name and last known address        19. _____        Name and last known address

Driver's license no. [last 4 digits] and state:          Driver's license no. [last 4 digits] and state:
                                        ☐ Unknown                                        ☐ Unknown
Social security no. [last 4 digits]:          ☐ Unknown     Social security no. [last 4 digits]:          ☐ Unknown

Summons was personally served at or mailed to *(address):*     Summons was personally served at or mailed to *(address):*

20. ☐ Continued on Attachment 20.

POS-050/EFS-050

| | FOR COURT USE ONLY |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY: STATE BAR NO: 118830/ 091950<br>NAME: Rian W. Jones, Esq. / Joyce J. Kapsal, Esq.<br>FIRM NAME: EPSTEN GRINNELL & HOWELL, APC<br>STREET ADDRESS: 10200 WILLOW CREEK ROAD, SUITE 100<br>CITY: SAN DIEGO STATE: CA ZIP CODE: 92131<br>TELEPHONE NO: 858-527-0111 FAX NO: 858-527-1531<br>E-MAIL ADDRESS: rjones@epsten.com / jkapsal@epsten.com<br>ATTORNEY FOR (name): The Huntington Beach Gables Homeowners Association | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE | |
|---|---|
| STREET ADDRESS: 700 Civic Center Drive West | |
| MAILING ADDRESS: 700 Civic Center Drive West | |
| CITY AND ZIP CODE: Santa Ana, CA 92701 | |
| BRANCH NAME: Central Justice Center | |

| PLAINTIFF/PETITIONER: The Huntington Beach Gables Homeowners Association | CASE NUMBER:<br>30-2017-00913985-CU-CO-CJC |
|---|---|
| DEFENDANT/RESPONDENT: Sandra Bradley, et al. | JUDICIAL OFFICER:<br>Hon. James L. Crandall |
| **PROOF OF ELECTRONIC SERVICE** | DEPARTMENT:<br>C-33 |

1. I am at least 18 years old.
   a. My residence or business address is *(specify):* 10200 Willow Creek Road, Suite 100, San Diego, CA 92131

   b. My electronic service address is *(specify):* dmorrow@epsten.com

2. I electronically served the following documents *(exact titles):*
   ABSTRACT OF JUDGMENT

   ☐ The documents served are listed in an attachment. *(Form POS-050(D)/EFS-050(D) may be used for this purpose.)*

3. I electronically served the documents listed in 2 as follows:
   a. Name of person served: Steven A. Fink
      On behalf of *(name or names of parties represented, if person served is an attorney):*
      Jamie L. Gallian
   b. Electronic service address of person served : sfink@stevefinklaw.com

   c. On *(date):* May 8, 2019

      ☐ The documents listed in item 2 were served electronically on the persons and in the manner described in an attachment. *(Form POS-050(P)/EFS-050(P) may be used for this purpose.)*

Date: May 8, 2019

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dominique Morrow
(TYPE OR PRINT NAME OF DECLARANT)                    ► (SIGNATURE OF DECLARANT)

Page 1 of 1

| Form Approved for Optional Use<br>Judicial Council of California<br>POS-050/EFS-050 [Rev. February 1, 2017] | **PROOF OF ELECTRONIC SERVICE**<br>**(Proof of Service/Electronic Filing and Service)** | Cal. Rules of Court, rule 2.251<br>www.courts.ca.gov<br>Westlaw Doc & Form Builder™ |
|---|---|---|

177



THIS IS A CERTIFIED COPY OF THE
RECORD IF IT BEARS THE SEAL, AND
SIGNATURE OF THE ORANGE
COUNTY CLERK-RECORDER.

DATE: 05/20/2019

CERTIFICATION FEE: 4.00

COUNTY CLERK-RECORDER

*Hugh Nguyen*

ORANGE COUNTY
STATE OF CALIFORNIA

Certified Copy of document Number 20190001165259

178

7

**EJ-001**

Recorded in Official Records, Orange County
Hugh Nguyen, Clerk-Recorder

97.00

* $ R 0 0 1 0 4 8 0 4 9 1 $ *

2018000435011 2:30 pm 11/19/18

7 413 A03   2

0.00 0.00 0.00 3.00 10.00 0.000.005.00 3.00

Recording Requested by and When Recorded Mail to
Joyce J. Kapsal                    SBN: 091950
Epsten Grinnell & Howell, APC
10200 WILLOW CREEK ROAD, SUITE 100
SAN DIEGO, CA 92131
TEL NO.: 858-527-0111      FAX NO. (optional): 858-527-1531
E-MAIL ADDRESS (Optional):
[X] ATTORNEY   [X] JUDGMENT      [ ] ASSIGNEE
    FOR            CREDITOR           OF RECORD

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
STREET ADDRESS: 700 Civic Center Drive West
MAILING ADDRESS: 700 Civic Center Drive West
CITY AND ZIP CODE: Santa Ana, CA 92701
BRANCH NAME: Central Justice Center

FOR RECORDER'S USE ONLY

PLAINTIFF: The Huntington Beach Gables Homeowners Association
DEFENDANT: Jamie L. Gallian

CASE NUMBER
30-2017-00913985-CU-CO-CJC

ABSTRACT OF JUDGMENT—CIVIL
AND SMALL CLAIMS          [ ] Amended

FOR COURT USE ONLY

Pursuant to California Government
Code § 68150(f), the Clerk of the
Court hereby certifies this document
accurately reflects the official court
record. The electronic signature and
seal on this document have the
same validity and legal force and
effect as an original clerk's
signature and court seal. California
Government Code § 68150(g).

1. The [X] judgment creditor   [ ] assignee of record
   applies for an abstract of judgment and represents the following:
   a. Judgment debtor's
      Name and last known address
      Jamie L. Gallian
      4476 Alderport Drive #53
      Huntington Beach, CA 92649

   b. Driver's license no. [last 4 digits] and state: 0742 / CA   [ ] Unknown
   c. Social security no. [last 4 digits]: xxx-xx-3936          [ ] Unknown
   d. Summons or notice of entry of sister-state judgment was personally served or mailed to (name and address):
      Jamie L. Gallian, 4476 Alderport Drive #53, Huntington Beach, CA 92649

2. [ ] Information on additional judgment debtors is shown on page 2.
3. Judgment creditor (name and address):
   The Huntington Beach Gables Homeowners Association
   c/o Epsten Grinnell & Howell, 10200 Willow
   Creek Rd, Ste 100, San Diego, CA 92131
   Date: November 9, 2018
   Joyce J. Kapsal
   (TYPE OR PRINT NAME)

4. [ ] Information on additional judgment creditors is shown on page 2.
5. [ ] Original abstract recorded in this county:
   a. Date:
   b. Instrument No.:

   ▶ _____
     (SIGNATURE OF APPLICANT OR ATTORNEY)

6. Total amount of judgment as entered or last renewed:
   $ 3,070.00
7. All judgment creditors and debtors are listed on this abstract.
8. a. Judgment entered on (date): 9/27/2018 [sanctions]
   b. Renewal entered on (date):
9. [ ] This judgment is an installment judgment.

10. [ ] An [ ] execution lien [ ] attachment lien
    is endorsed on the judgment as follows:
    a. Amount: $
    b. In favor of (name and address):

11. A stay of enforcement has
    a. [X] not been ordered by the court.
    b. [ ] been ordered by the court effective until (date):

12. a. [X] I certify that this is a true and correct abstract of the judgment entered in this action.
    b. [ ] A certified copy of the judgment is attached.

David H Yamasaki, Clerk of the Court

This abstract issued on (date):
11/16/2018

Clerk, by _____ S.Wilson
                                      , Deputy

Form Adopted for Mandatory Use
Judicial Council of California
EJ-001 [Rev July 1, 2014]

ABSTRACT OF JUDGMENT—CIVIL
AND SMALL CLAIMS

Page 1 of 2
Code of Civil Procedure, §§ 488.480,
674 700.190
Westlaw Doc & Form Builder

| PLAINTIFF: The Huntington Beach Gables Homeowners Association<br>DEFENDANT: Jamie L. Gallian | COURT CASE NO.:<br>30-2017-00913985-CU-CO-CJC |
|---|---|

**NAMES AND ADDRESSES OF ADDITIONAL JUDGMENT CREDITORS:**

13. Judgment creditor (name and address):

14. Judgment creditor (name and address):

15. ☐ Continued on Attachment 15.

**INFORMATION ON ADDITIONAL JUDGMENT DEBTORS:**

16.     Name and last known address

Driver's license no. [last 4 digits] and state:     ☐ Unknown

Social security no. [last 4 digits]:     ☐ Unknown

Summons was personally served at or mailed to (address):

17.     Name and last known address

Driver's license no. [last 4 digits] and state:     ☐ Unknown

Social security no. [last 4 digits]:     ☐ Unknown

Summons was personally served at or mailed to (address):

18.     Name and last known address

Driver's license no. [last 4 digits] and state:     ☐ Unknown

Social security no. [last 4 digits]:     ☐ Unknown

Summons was personally served at or mailed to (address):

19.     Name and last known address

Driver's license no. [last 4 digits] and state:     ☐ Unknown

Social security no. [last 4 digits]:     ☐ Unknown

Summons was personally served at or mailed to (address):

20. ☐ Continued on Attachment 20.

**ABSTRACT OF JUDGMENT—CIVIL
AND SMALL CLAIMS**

EJ-001

Recording Requested by and When Recorded Mail to
Joyce J. Kapsal / Pejman D.    SBN:  091950 / 279260
EPSTEN GRINNELL & HOWELL, APC
10200 Willow Creek Road, Suite 100
San Diego, CA 92131
TEL NO. 858-527-0111    FAX NO. (optional): 858-527-1531
E-MAIL ADDRESS (Optional): jkapsal@epsten.com /
[X] ATTORNEY    [X] JUDGMENT    [ ] ASSIGNEE
    FOR          CREDITOR         OF RECORD

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
STREET ADDRESS: 700 Civic Center Drive West
MAILING ADDRESS: 700 Civic Center Drive West
CITY AND ZIP CODE: Santa Ana, CA 92701
BRANCH NAME: Central Justice Center

FOR RECORDER'S USE ONLY

PLAINTIFF: The Huntington Beach Gables Homeowners Association
DEFENDANT: Sandra Bradley, et al.

CASE NUMBER:
30-2017-00913985-CU-CO-CJC

ABSTRACT OF JUDGMENT—CIVIL
AND SMALL CLAIMS        [X] Amended

FOR COURT USE ONLY

Pursuant to California Government Code § 68150(f), the Clerk of the Court hereby certifies this document accurately reflects the official court record. The electronic signature and seal on this document have the same validity and legal force and effect as an original clerk's signature and court seal. California Government Code § 68150(g).

1. The [X] judgment creditor    [ ] assignee of record
   applies for an abstract of judgment and represents the following:
   a.  Judgment debtor's
       Name and last known address

       Jamie L. Gallian
       4476 Alderport Drive #53
       Huntington Beach, CA 92649

   b.  Driver's license no. [last 4 digits] and state: 0742 / CA    [ ] Unknown
   c.  Social security no. [last 4 digits]: xxx-xx-3936             [ ] Unknown
   d.  Summons or notice of entry of sister-state judgment was personally served or mailed to (name and address):
       4476 Alderport Drive #53, Huntington Beach, CA 92649

2. [ ]  Information on additional judgment debtors is    4. [ ] Information on additional judgment creditors is
        shown on page 2.                                        shown on page 2.
3. Judgment creditor (name and address):                   5. [ ] Original abstract recorded in this county:
   The Huntington Beach Gables Homeowners Association
   c/o Epsten Grinnell & Howell, 10200 Willow            a. Date:
   Creek Rd, Ste 100, San Diego, CA 92131               b. Instrument No.:
Date: May 8, 2019
Joyce J. Kapsal
        (TYPE OR PRINT NAME)                                     (SIGNATURE OF APPLICANT OR ATTORNEY)

6. Total amount of judgment as entered or last renewed:    10. [ ] An [ ] execution lien [ ] attachment lien
   $ 319,653.59                                                is endorsed on the judgment as follows:
7. All judgment creditors and debtors are listed on this abstract.    a. Amount: $
8. a.  Judgment entered on (date): 5/6/2019 [9/27/2018 sanctions]     b. In favor of (name and address):
   b.  Renewal entered on (date):
9. [ ] This judgment is an installment judgment.           11. A stay of enforcement has
                                                               a. [X] not been ordered by the court.
[SEAL]                                                          b. [ ] been ordered by the court effective until
                                                                      (date):
                                                           12. a. [X] I certify that this is a true and correct abstract of
       David H. Yamasaki, Clerk of the Court                          the judgment entered in this action.
                                                               b. [ ] A certified copy of the judgment is attached.
       This abstract issued on (date):
       May 14, 2019                                                                    Mary M Johnson
                                                               Clerk, by Mary Johnson            , Deputy

Form Adopted for Mandatory Use          ABSTRACT OF JUDGMENT—CIVIL          Page 1 of 2
Judicial Council of California          AND SMALL CLAIMS                    Code of Civil Procedure, §§ 488.480,
EJ-001 [Rev. July 1, 2014]                                                 674, 700.190
                                                                           Westlaw Doc & Form Builder®

| PLAINTIFF: The Huntington Beach Gables Homeowners Association | COURT CASE NO: |
|---|---|
| DEFENDANT: Sandra Bradley, et al. | 30-2017-00913985-CU-CO-CJC |

**NAMES AND ADDRESSES OF ADDITIONAL JUDGMENT CREDITORS:**

13. Judgment creditor *(name and address)*:

14. Judgment creditor *(name and address)*:

15. ☐ Continued on Attachment 15.

**INFORMATION ON ADDITIONAL JUDGMENT DEBTORS:**

16. ___ Name and last known address

17. ___ Name and last known address

Driver's license no. [last 4 digits] and state:
☐ Unknown
Social security no. [last 4 digits]:
☐ Unknown
Summons was personally served at or mailed to *(address)*:

Driver's license no. [last 4 digits] and state:
☐ Unknown
Social security no. [last 4 digits]:
☐ Unknown
Summons was personally served at or mailed to *(address)*:

18. ___ Name and last known address

19. ___ Name and last known address

Driver's license no. [last 4 digits] and state:
☐ Unknown
Social security no. [last 4 digits]:
☐ Unknown
Summons was personally served at or mailed to *(address)*:

Driver's license no. [last 4 digits] and state:
☐ Unknown
Social security no. [last 4 digits]:
☐ Unknown
Summons was personally served at or mailed to *(address)*:

20. ☐ Continued on Attachment 20.

EJ-001 [Rev. July 1, 2014]

**ABSTRACT OF JUDGMENT—CIVIL
AND SMALL CLAIMS**

Page 2 of 2

POS-050/EFS-050

| ATTORNEY OR PARTY WITHOUT ATTORNEY STATE BAR NO.: 118830/ 091950 | FOR COURT USE ONLY |
|---|---|
| NAME: Rian W. Jones, Esq. / Joyce J. Kapsal, Esq. | |
| FIRM NAME: EPSTEN GRINNELL & HOWELL, APC | |
| STREET ADDRESS: 10200 WILLOW CREEK ROAD, SUITE 100 | |
| CITY: SAN DIEGO STATE: CA ZIP CODE: 92131 | |
| TELEPHONE NO.: 858-527-0111 FAX NO.: 858-527-1531 | |
| E-MAIL ADDRESS: rjones@epsten.com / jkapsal@epsten.com | |
| ATTORNEY FOR (name): The Huntington Beach Gables Homeowners Association | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE | |
|---|---|
| STREET ADDRESS: 700 Civic Center Drive West | |
| MAILING ADDRESS: 700 Civic Center Drive West | |
| CITY AND ZIP CODE: Santa Ana, CA 92701 | |
| BRANCH NAME: Central Justice Center | |

| PLAINTIFF/PETITIONER: The Huntington Beach Gables Homeowners Association | CASE NUMBER: 30-2017-00913985-CU-CO-CJC |
|---|---|
| DEFENDANT/RESPONDENT: Sandra Bradley, et al. | JUDICIAL OFFICER: Hon. James L. Crandall |

| PROOF OF ELECTRONIC SERVICE | DEPARTMENT: C-33 |
|---|---|

1. I am at least 18 years old.
   a. My residence or business address is (specify): 10200 Willow Creek Road, Suite 100, San Diego, CA 92131

   b. My electronic service address is (specify): dmorrow@epsten.com

2. I electronically served the following documents (exact titles):
   ABSTRACT OF JUDGMENT

   ☐ The documents served are listed in an attachment. (Form POS-050(D)/EFS-050(D) may be used for this purpose.)

3. I electronically served the documents listed in 2 as follows:
   a. Name of person served: Steven A. Fink
      On behalf of (name or names of parties represented, if person served is an attorney):
      Jamie L. Gallian
   b. Electronic service address of person served : sfink@stevefinklaw.com

   c. On (date): May 8, 2019
      ☐ The documents listed in item 2 were served electronically on the persons and in the manner described in an attachment.
      (Form POS-050(P)/EFS-050(P) may be used for this purpose.)

Date: May 8, 2019

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dominique Morrow
_____
(TYPE OR PRINT NAME OF DECLARANT)

▶ _____
(SIGNATURE OF DECLARANT)

Page 1 of 1

| Form Approved for Optional Use Judicial Council of California POS-050/EFS-050 [Rev. February 1, 2017] | PROOF OF ELECTRONIC SERVICE (Proof of Service/Electronic Filing and Service) | Cal. Rules of Court, rule 2.251 www.courts.ca.gov Westlaw Doc & Form Builder |
|---|---|---|

ELECTRONICALLY RECEIVED
Superior Court of California,
County of Orange
04/02/2021 at 09:43:27 AM
Clerk of the Superior Court
By Natasha Durham, Deputy Clerk

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

MAY 06 2019

DAVID H. YAMASAKI, Clerk of the Court

BY:_____,DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ORANGE, CENTRAL JUSTICE CENTER

| | |
|---|---|
| THE HUNTINGTON BEACH GABLES HOMEOWNERS ASSOCIATION, a California Nonprofit Mutual Benefit Corporation,<br><br>Plaintiff,<br><br>v.<br><br>SANDRA L. BRADLEY, individually and as Trustee of the Sandra L. Bradley Trust; JAMIE L. GALLIAN, an individual; and DOES 1 through 25, inclusive,<br><br>Defendants. | CASE NO. 37-2017-00913985-CU-CO-CJC<br><br>Judge: James L. Crandall<br>Dept.: C33<br><br>[PROPOSED] JUDGMENT IN FAVOR OF PLAINTIFF THE HUNTINGTON BEACH GABLES HOMEOWNERS ASSOCIATION AND AGAINST DEFENDANT JAMIE L. GALLIAN<br><br>Complaint Filed: April 11, 2017<br>First Amended Complaint filed: May 16, 2017<br>Trial Date: September 9, 2019 |

In this action for Breach of Governing Documents (Architectural Violations) and

Nuisance Defendant Jamie L. Gallian was personally served with the Summons and Complaint

on May 24, 2017. Defendant Gallian filed an answer to the Complaint, and to the First

Amended Complaint. Subsequently, due to her failure to timely respond to discovery, on

February 13, 2019 the Court ordered that Defendant's Answer to the Plaintiff's First Amended

Complaint be stricken, and on February 13, 2019 entered the default against Defendant.

Pursuant to the Court's order of February 13, 2019, Plaintiff The Huntington Beach Gables

Homeowners Association has presented evidence of its costs for abating the nuisance caused by

Defendant Gallian, as alleged in the First Amended Complaint.

3600802v1

JUDGMENT IN FAVOR OF PLAINTIFF AND AGAINST DEFENDANT JAMIE L. GALLIAN

1       Upon the Application of Plaintiff, The Huntington Beach Gables Homeowners

2  Association for judgment against Defendant, and upon having reviewed the evidence and

3  declarations, and proof having been made to the satisfaction of this Court, the Court finds in

4  favor of Plaintiff, The Huntington Beach Gables Homeowners Association ("Association"), and

5  against Defendant, Jamie L. Gallian ("Defendant") on all causes of action in the First Amended

6  Complaint filed herein on May 16, 2017.

7       IT IS HEREBY ADJUDGED, ORDERED AND DECREED, as follows:

8       1.    As to the First Cause of Action for Breach of Contract, the Court finds that

9  Defendant breached the Association's Governing Documents, including the "Declaration of

10  Covenants, Conditions and Restrictions for Huntington Beach Gables" containing the covenants,

11  conditions and restrictions which governing the properties located within the Association,

12  which was recorded on May 28, 1980, as Document No. 1980-28926 ("CC&Rs");

13       2.    At all times mentioned herein, Defendant was the tenant of, resident of, and/or

14  claimed some interest in the condominium unit located within the Association commonly known

15  as 4476 Adelport Drive, Unit 53, Huntington Beach, CA 92649 ("Subject Property");

16       3.    As a result of Defendant's breach of contract, Plaintiff's damages include the cost

17  of repairing damage to the Common Area caused by Defendant's failing to adhere to the

18  architectural guidelines and specifications with respect to the construction of the patio cover and

19  by constructing a concrete pad and installing an air conditioning unit on the exterior of

20  Defendant's Subject Property which encroached upon the Association's common area and

21  destroying the Association's landscaping;

22       4.    As the Second Cause of Action for Nuisance, the Court finds that Defendant

23  created conditions on the Subject Property that are an annoyance and nuisance to the Association

24  and its residents, and as a result, the Association has incurred attorneys' fees and costs in

25  connection with abating the nuisance;

26       5.    Plaintiff is entitled to recover its reasonable attorneys' fees and costs from

27  Defendant pursuant to Civil Code section 5975(c) and Article XIV, Section 14, 7 of the

28  Association's CC&Rs;

2

3006902v1

JUDGMENT IN FAVOR OF PLAINTIFF AND AGAINST DEFENDANT JAMIE L. GALLIAN

185

6.   Plaintiff is further entitled to recover its costs to repair damage to the Common
Area caused by unauthorized installation of the concrete pad and air conditioning unit, causing
extensive damage to the landscaping pursuant to the CC&Rs, Article XIV, Section 14.8 as well
as costs for removal of the concrete pad and landscaping repairs;

7.   Association as Plaintiff, as the prevailing party in the action and pursuant to Civil
Code section 5975(c) and Article XIV, Section 14.7 of the Association's CC&Rs, shall recover
from Defendant its legal costs in the amount of $ *10,693.12* and attorneys' fees in the amount of
$ *178,362*. Plaintiff shall also recover concrete removal and landscaping repair costs in the
amount of $1,295.00;

8.   Association as Cross-Defendant, as the prevailing party in the action and
pursuant to Civil Code section 5975(c) and Article XIV, Section 14.7 of the Association's
CC&Rs, shall recover from Cross-Complainant its legal costs in the amount of $ *6,050.47*
and attorneys' fees in the amount of $ *120,183*

9.   Judgment is hereby entered in favor of Plaintiff The Huntington Beach Gables
Homeowners Association for recovery of its attorney's fees and costs, and costs for concrete
removal and landscaping repair costs, against Defendant Jamie L. Gallian, and Defendant is
ordered to pay said sums to Plaintiff;

10.   Plaintiff The Huntington Beach Gables Homeowners Association is awarded
judgment in the total amount of $ ~~375,738.48~~ *$316,583.59*, which will accrue interest at the rate of
ten (10%) per annum from the date judgment is entered herein, until paid in full; and

11.   Pursuant to Code of Civil Procedure §§ 685.040, 685.080, Defendant Jamie L.
Gallian shall pay to Plaintiff any and all sums reasonably incurred by Plaintiff in enforcing the
Judgment.

IT IS SO ORDERED.

Dated:  *5-6-*          , 2019

The Honorable James L. Crandall
Judge of the Superior Court

3

# EXHIBIT 9

**Fill in this information to identify the case:**

Debtor 1    Jamie Lynn Gallian

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the:   Central District of California

Case number   8:21-bk-11710-SC

Official Form 410

# Proof of Claim

04/22

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

| Part 1: | Identify the Claim |
| --- | --- |

**1. Who is the current creditor?**

Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom?

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**Where should notices to the creditor be sent?**

D. Edward Hays
Name

870 Roosevelt
Number    Street

Irvine      CA      92620
City      State      ZIP Code

Contact phone (949) 333-7777

Contact email ehays@marshackhays.com

**Where should payments to the creditor be sent?** (if different)

Houser Bros. Co. Attn: Chris Houser
Name

16222 Monterey Ln. OFC
Number    Street

Huntington Beach      CA      92649
City      State      ZIP Code

Contact phone (714) 846-1429

Contact email chouser@ranchodelreymhe.com

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

__ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __

**4. Does this claim amend one already filed?**

☑ No
☐ Yes. Claim number on court claims registry (if known) _____

Filed on _____
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing? _____

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☐ No

☑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: __6__ __2__ __0__ ____

**7. How much is the claim?** $_____280,927.63 **Does this amount include interest or other charges?**

☐ No

☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Damages for Trespass and Attorney's Fees. See Exs. A-E.

**9. Is all or part of the claim secured?**

☑ No

☐ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:** $_____

**Amount of the claim that is secured:** $_____

**Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $_____

**Annual Interest Rate** (when case was filed)_____%

☐ Fixed

☐ Variable

**10. Is this claim based on a lease?**

☑ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $_____

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: _____

189

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☑ No

☐ Yes. *Check one:*

| | Amount entitled to priority |
|---|---|
| ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $ _____ |
| ☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $ _____ |
| ☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $ _____ |
| ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ _____ |
| ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $ _____ |
| ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | $ _____ |

\* Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment.

---

### Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☒ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  10/25/2022
                 MM / DD / YYYY

/s/ D. Edward Hays
Signature

**Print the name of the person who is completing and signing this claim:**

| | | | |
|---|---|---|---|
| Name | D. EDWARD HAYS | | |
| | First name | Middle name | Last name |
| Title | Partner | | |
| Company | MARSHACK HAYS LLP | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | 870 Roosevelt | | |
| | Number          Street | | |
| | Irvine, CA 92620 | | |
| | City | State | ZIP Code |
| Contact phone | 949-333-7777 | Email | ehays@marshackhays.com |

# EXHIBIT A

Exhibit A - Houser Bros. Co. Proof of Claim Calculations

| Category of Charge | | Amount | Exhibit |
|---|---|---|---|
| Damages for lost use of lot | $ | 68,182.84 | B |
| Utility Charges | $ | 8,007.32 | B |
| Misc. Charges | $ | 30.00 | B |
| Attorney's Fees and Costs Owed to Vivienne Alston from Unlawful Detainer Action | $ | 69,384.58 | C |
| Sanctions Awarded by Orange County Superior Court in Unlawful Detainer Action | $ | 3,010.00 | D |
| Attorney's Fees Paid to Marshack Hays LLP from Bankruptcy Representation | $ | 132,312.89 | E |
| TOTAL | $ | 280,927.63 | |

**EXHIBIT B**

**Lot Charges**

| | |
|---|---|
| Storage Charge: | $68,182.84 |
| **Lot Charge Total:** | **$68,182.84** |

**Utility Charges**

| | |
|---|---|
| Electric Charge: | $3,494.17 |
| Gas Charge: | $1,747.39 |
| Water Charge: | $1,225.59 |
| Sewer: | $682.31 |
| Garbage Charge: | $857.86 |
| **Utility Charge Total** | **$8,007.32** |
| **MISC Charges** | **$30.00** |

| | |
|---|---|
| **Total Charges:** | **$76,220.16** |

# Storage (Lot) Charges

**Total:** **$68,182.84**

| Post Date | Charge Type | Comment | Amount |
| --- | --- | --- | --- |
| 11/20/18 | Storage Charge | Pro Rated Storage | $486.84 |
| 12/01/18 | Storage Charge | Home Storage 12/1-12/31 | $1,372.00 |
| 01/01/19 | Storage Charge | January Storage | $1,372.00 |
| 02/01/19 | Storage Charge | February Storage | $1,372.00 |
| 03/01/19 | Storage Charge | March Storage | $1,372.00 |
| 04/01/19 | Storage Charge | April Storage | $1,372.00 |
| 05/01/19 | Storage Charge | Home Storage 5/1-5/31 | $1,372.00 |
| 06/01/19 | Storage Charge | Home Storage 6/1-6/30 | $1,372.00 |
| 07/01/19 | Storage Charge | Home Storage 7/1-7/31 | $1,372.00 |
| 08/01/19 | Storage Charge | Home Storage 8/1-8/31 | $1,372.00 |
| 09/01/19 | Storage Charge | Home Storage 9/1-9/30 | $1,372.00 |
| 10/01/19 | Storage Charge | Home Storage 10/1-10/31 | $1,372.00 |
| 11/01/19 | Storage Charge | Home Storage 11/1-11/30 | $1,372.00 |
| 12/01/19 | Storage Charge | Home Storage 12/1-12/31 | $1,372.00 |
| 01/01/20 | Storage Charge | Home Storage 1/1-1/31 | $1,420.00 |
| 02/01/20 | Storage Charge | Home Storage 2/1-2/28 | $1,420.00 |
| 03/01/20 | Storage Charge | Home Storage 3/1-3/31 | $1,420.00 |
| 04/01/20 | Storage Charge | Home Storage 4/1-30 | $1,420.00 |
| 05/01/20 | Storage Charge | Home Storage 5/1 -5/31 | $1,420.00 |
| 06/01/20 | Storage Charge | Home Storage 6/1-6/30 | $1,420.00 |
| 07/01/20 | Storage Charge | Home Storage 7/1-7/31 | $1,420.00 |
| 08/01/20 | Storage Charge | Home Storage 8/1-8/31 | $1,420.00 |
| 09/01/20 | Storage Charge | Home Storage 9/1-9/30 | $1,420.00 |
| 10/01/20 | Storage Charge | Home Storage 10/1-10/31 | $1,420.00 |
| 11/01/20 | Storage Charge | Home Storage 11/1-11/30 | $1,420.00 |
| 12/01/20 | Storage Charge | Home Storage 12/1-12/31 | $1,420.00 |
| 01/01/21 | Storage Charge | Home Storage 1/1-1/31 | $1,460.00 |
| 02/01/21 | Storage Charge | Home Storage 2/1-2/28 | $1,460.00 |
| 03/01/21 | Storage Charge | Home Storage 3/1-3/31 | $1,460.00 |
| 04/01/21 | Storage Charge | Home Storage 4/1-4/30 | $1,460.00 |
| 05/01/21 | Storage Charge | Home Storage 5/1-5/31 | $1,460.00 |
| 06/01/21 | Storage Charge | Home Storage 6/1-6/30 | $1,460.00 |
| 07/01/21 | Storage Charge | Home Storage 7/1-7/31 | $1,460.00 |
| 08/01/21 | Storage Charge | Home Storage 8/1-8/31 | $1,460.00 |
| 09/01/21 | Storage Charge | Home Storage 9/1-9/30 | $1,460.00 |
| 10/01/21 | Storage Charge | Home Storage 10/1-10/31 | $1,460.00 |
| 11/01/21 | Storage Charge | Home Storage 11/1-11/30 | $1,460.00 |
| 12/01/21 | Storage Charge | Home Storage 12/1-12/31 | $1,460.00 |
| 01/01/22 | Storage Charge | Home Storage 1/1 -1/31 | $1,530.00 |
| 02/01/22 | Storage Charge | Home Storage 2/1-2/28 | $1,530.00 |
| 03/01/22 | Storage Charge | Home Storage 3/1 - 3/31 | $1,530.00 |
| 04/01/22 | Storage Charge | Home Storage 4/1 - 4/30 | $1,530.00 |
| 05/01/22 | Storage Charge | Home Storage 5/1-5/31 | $1,530.00 |

| 06/01/22 | Storage Charge | Home Storage 6/1-6/30 | $1,530.00 |
| 07/01/22 | Storage Charge | Home Storage 7/1-7/31 | $1,530.00 |
| 08/01/22 | Storage Charge | Home Storage 8/1-8/31 | $1,530.00 |
| 09/01/22 | Storage Charge | Home Storage 9/1-9/30 | $1,530.00 |
| 10/01/22 | Storage Charge | Home Storage 10/1-10/31 | $1,530.00 |

# Electric Charges

|  | | Total: | **$3,494.17** |
| --- | --- | --- | --- |
| **Posted Date** | **Charge Type** | **Comment** | **Amount** |
| 01/01/19 | Elec Charge | | $87.24 |
| 02/01/19 | Elec Charge | | $73.21 |
| 03/01/19 | Elec Charge | | $72.52 |
| 04/01/19 | Elec Charge | | $67.98 |
| 05/01/19 | Elec Charge | | $40.83 |
| 06/01/19 | Elec Charge | | $71.28 |
| 07/01/19 | Elec Charge | | $80.39 |
| 08/01/19 | Elec Charge | | $110.82 |
| 09/01/19 | Elec Charge | | $99.08 |
| 10/01/19 | Elec Charge | | $17.02 |
| 11/01/19 | Elec Charge | | $95.61 |
| 12/01/19 | Elec Charge | | $105.19 |
| 12/01/19 | Elec Charge | | $73.89 |
| 02/01/20 | Elec Charge | | $102.05 |
| 03/01/20 | Elec Charge | | $77.77 |
| 04/01/20 | Elec Charge | | $75.01 |
| 05/01/20 | Elec Charge | | $21.12 |
| 06/01/20 | Elec Charge | | $79.67 |
| 07/01/20 | Elec Charge | | $73.16 |
| 08/01/20 | Elec Charge | | $67.94 |
| 09/01/20 | Elec Charge | | $97.45 |
| 10/01/20 | Elec Charge | | $76.20 |
| 11/01/20 | Elec Charge | | $93.83 |
| 12/01/20 | Elec Charge | | $91.67 |
| 01/01/21 | Elec Charge | | $63.07 |
| 02/01/21 | Elec Charge | | $85.57 |
| 03/01/21 | Elec Charge | | $65.65 |
| 04/01/21 | Elec Charge | | $62.95 |
| 05/01/21 | Elec Charge | Corrected CARE | $29.88 |
| 06/01/21 | Elec Charge | Corrected CARE | $64.12 |
| 07/01/21 | Elec Charge | Corrected CARE | $54.22 |
| 08/01/21 | Elec Charge | Corrected CARE | $77.90 |
| 09/01/21 | Elec Charge | | $87.47 |
| 10/01/21 | Elec Charge | | $52.52 |
| 11/01/21 | Elec Charge | | $34.96 |
| 12/01/21 | Elec Charge | | $67.75 |
| 01/01/22 | Elec Charge | | $59.34 |
| 02/01/22 | Elec Charge | | $64.55 |
| 03/01/22 | Elec Charge | | $39.12 |
| 04/01/22 | Elec Charge | | $77.56 |
| 06/01/22 | Elec Charge | | $47.37 |
| 07/01/22 | Elec Charge | | $85.36 |
| 08/01/22 | Elec Charge | | $98.64 |
| 09/01/22 | Elec Charge | | $143.32 |

| | | |
|---|---|---|
| 10/01/22 | Elec Charge | $148.10 |
| 10/13/22 | Elec Charge | $133.82 |

# Gas Charges

**Total:** **$1,747.39**

| Post Date | Charge Type | Comment | Amount |
|-----------|-------------|---------|--------|
| 01/01/19 | Gas Charge | | $57.91 |
| 02/01/19 | Gas Charge | | $83.97 |
| 03/01/19 | Gas Charge | | $79.66 |
| 04/01/19 | Gas Charge | | $32.28 |
| 06/01/19 | Gas Charge | | $15.47 |
| 07/01/19 | Gas Charge | | $38.73 |
| 08/01/19 | Gas Charge | | $52.77 |
| 09/01/19 | Gas Charge | | $12.56 |
| 10/01/19 | Gas Charge | | $19.04 |
| 11/01/19 | Gas Charge | | $29.64 |
| 12/01/19 | Gas Charge | | $30.37 |
| 12/12/19 | Gas Charge | | $22.88 |
| 02/01/20 | Gas Charge | | $51.71 |
| 03/01/20 | Gas Charge | | $38.79 |
| 04/01/20 | Gas Charge | | $36.89 |
| 05/01/20 | Gas Charge | | $14.19 |
| 06/01/20 | Gas Charge | | $36.61 |
| 07/01/20 | Gas Charge | | $46.06 |
| 08/01/20 | Gas Charge | | $42.92 |
| 09/01/20 | Gas Charge | | $47.43 |
| 10/01/20 | Gas Charge | | $29.99 |
| 11/01/20 | Gas Charge | | $38.25 |
| 12/01/20 | Gas Charge | | $34.57 |
| 01/01/21 | Gas Charge | | $21.95 |
| 02/01/21 | Gas Charge | | $97.27 |
| 03/01/21 | Gas Charge | | $71.17 |
| 04/01/21 | Gas Charge | | $65.01 |
| 05/01/21 | Gas Charge | | $44.82 |
| 06/01/21 | Gas Charge | | $29.53 |
| 07/01/21 | Gas Charge | | $17.85 |
| 08/01/21 | Gas Charge | | $17.54 |
| 09/01/21 | Gas Charge | | $13.23 |
| 10/01/21 | Gas Charge | | $47.40 |
| 11/01/21 | Gas Charge | | $54.63 |
| 12/01/21 | Gas Charge | | $54.35 |
| 01/01/22 | Gas Charge | | $45.78 |
| 02/01/22 | Gas Charge | | $54.21 |
| 03/01/22 | Gas Charge | | $32.61 |
| 04/01/22 | Gas Charge | | $42.99 |
| 06/01/22 | Gas Charge | | $23.37 |
| 07/01/22 | Gas Charge | | $57.13 |
| 08/01/22 | Gas Charge | | $10.73 |
| 09/01/22 | Gas Charge | | $16.53 |

199

| 10/01/22 | Gas Charge | $17.23 |
| 10/13/22 | Gas Charge | $19.37 |

# Water Charges

**Total:** **$1,225.59**

| Post Date | Charge Type | Comment | Amount |
|-----------|-------------|---------|--------|
| 01/01/19 | Water Charge | | $28.40 |
| 02/01/19 | Water Charge | | $23.44 |
| 03/01/19 | Water Charge | | $26.20 |
| 04/01/19 | Water Charge | | $24.02 |
| 05/01/19 | Water Charge | | $25.12 |
| 06/01/19 | Water Charge | | $24.57 |
| 07/01/19 | Water Charge | | $26.20 |
| 08/01/19 | Water Charge | | $22.86 |
| 09/01/19 | Water Charge | | $8.87 |
| 10/01/19 | Water Charge | | $6.14 |
| 11/01/19 | Water Charge | | $9.10 |
| 12/01/19 | Water Charge | | $9.33 |
| 12/12/19 | Water Charge | | $8.58 |
| 02/01/20 | Water Charge | | $14.42 |
| 03/01/20 | Water Charge | | $11.37 |
| 04/01/20 | Water Charge | | $11.30 |
| 05/01/20 | Water Charge | | $11.60 |
| 06/01/20 | Water Charge | | $11.30 |
| 07/01/20 | Water Charge | | $20.63 |
| 08/01/20 | Water Charge | | $24.17 |
| 09/01/20 | Water Charge | | $23.86 |
| 10/01/20 | Water Charge | | $18.42 |
| 11/01/20 | Water Charge | | $20.73 |
| 12/01/20 | Water Charge | | $20.27 |
| 01/01/21 | Water Charge | | $16.10 |
| 02/01/21 | Water Charge | | $28.09 |
| 03/01/21 | Water Charge | | $20.73 |
| 04/01/21 | Water Charge | | $19.80 |
| 05/01/21 | Water Charge | | $11.09 |
| 06/01/21 | Water Charge | | $26.76 |
| 07/01/21 | Water Charge | | $46.88 |
| 08/01/21 | Water Charge | | $55.88 |
| 09/01/21 | Water Charge | | $41.38 |
| 10/01/21 | Water Charge | | $41.38 |
| 11/01/21 | Water Charge | | $48.82 |
| 12/01/21 | Water Charge | | $50.10 |
| 01/01/22 | Water Charge | | $42.66 |
| 02/01/22 | Water Charge | | $36.72 |
| 03/01/22 | Water Charge | | $20.87 |
| 04/01/22 | Water Charge | | $41.29 |
| 05/01/22 | Water Charge | | $37.13 |
| 06/01/22 | Water Charge | | $29.21 |
| 07/01/22 | Water Charge | | $42.97 |

| | | |
|---|---|---|
| 08/01/22 | Water Charge | $23.20 |
| 09/01/22 | Water Charge | $37.13 |
| 10/01/22 | Water Charge | $37.99 |
| 10/13/22 | Water Charge | $38.51 |

# Garbage Charges

|  |  | Total: | $857.86 |
|---|---|---|---|
| **Post Date** | **Charge Type** | **Comment** | **Amount** |
| 01/01/19 | Garbage Charge | Republic Services | $17.67 |
| 02/01/19 | Garbage Charge | Republic Services | $17.67 |
| 03/01/19 | Garbage Charge | Republic Services | $17.67 |
| 04/01/19 | Garbage Charge | Republic Services | $17.67 |
| 05/01/19 | Garbage Charge | Republic Services | $17.67 |
| 06/01/19 | Garbage Charge | Republic Services | $17.67 |
| 07/01/19 | Garbage Charge | Republic Services | $18.01 |
| 08/01/19 | Garbage Charge | Republic Services | $18.64 |
| 09/01/19 | Garbage Charge | Republic Services | $18.64 |
| 10/01/19 | Garbage Charge | Republic Services | $18.64 |
| 11/01/19 | Garbage Charge | Republic Services | $18.64 |
| 12/01/19 | Garbage Charge | Republic Services | $18.64 |
| 01/01/20 | Garbage Charge | Republic Services | $18.64 |
| 02/01/20 | Garbage Charge | Republic Services | $18.64 |
| 03/01/20 | Garbage Charge | Republic Services | $18.64 |
| 04/01/20 | Garbage Charge | Republic Services | $18.64 |
| 05/01/20 | Garbage Charge | Republic Services | $18.64 |
| 06/01/20 | Garbage Charge | Republic Services | $18.64 |
| 07/01/20 | Garbage Charge | Republic Services | $18.64 |
| 08/01/20 | Garbage Charge | Republic Services | $21.99 |
| 09/01/20 | Garbage Charge | Republic Services | $19.27 |
| 10/01/20 | Garbage Charge | Republic Services | $18.65 |
| 11/01/20 | Garbage Charge | Republic Services | $18.65 |
| 12/01/20 | Garbage Charge | Republic Services | $19.33 |
| 01/01/21 | Garbage Charge | Republic Services | $19.33 |
| 02/01/21 | Garbage Charge | Republic Services | $18.23 |
| 03/01/21 | Garbage Charge | Republic Services | $18.23 |
| 04/01/21 | Garbage Charge | Republic Services | $18.89 |
| 05/01/21 | Garbage Charge | Republic Services | $18.32 |
| 06/01/21 | Garbage Charge | Republic Services | $19.55 |
| 07/01/21 | Garbage Charge | Republic Services | $18.05 |
| 08/01/21 | Garbage Charge | Republic Services | $19.45 |
| 09/01/21 | Garbage Charge | Republic Services | $18.21 |
| 10/01/21 | Garbage Charge | Republic Services | $18.28 |
| 11/01/21 | Garbage Charge | Republic Services | $18.21 |
| 12/01/21 | Garbage Charge | Republic Services | $18.21 |
| 01/01/22 | Garbage Charge | Republic Services | $18.21 |
| 02/01/22 | Garbage Charge | Republic Services | $18.21 |
| 03/01/22 | Garbage Charge | Republic Services | $18.21 |
| 04/01/22 | Garbage Charge | Republic Services | $19.26 |
| 05/01/22 | Garbage Charge | Republic Services | $18.21 |
| 06/01/22 | Garbage Charge |  | $18.73 |
| 07/01/22 | Garbage Charge |  | $18.21 |

| | | | |
|---|---|---|---|
| 08/01/22 | Garbage Charge | Republic Services | $20.49 |
| 09/01/22 | Garbage Charge | Republic Services | $19.87 |
| 10/01/22 | Garbage Charge | Trash Service | $19.90 |

# Sewer Charges

**Total:** **$682.31**

| Post Date | Charge Type | Comment | Amount |
|-----------|-------------|---------|--------|
| 01/01/19 | Sewer Charges | HB Sewer Charge | $9.42 |
| 01/01/19 | Sewer Charges | OCSD Sewer Charge | $13.96 |
| 02/01/19 | Sewer Charges | HB Sewer Charge | $9.42 |
| 02/01/19 | Sewer Charges | OCSD Sewer Charge | $13.96 |
| 03/01/19 | Sewer Charges | HB Sewer Charge | $9.42 |
| 03/01/19 | Sewer Charges | OCSD Sewer Charge | $13.96 |
| 04/01/19 | Sewer Charges | HB Sewer Charge | $9.42 |
| 04/01/19 | Sewer Charges | OCSD Sewer Charge | $13.96 |
| 05/01/19 | Sewer Charges | HB Sewer Charge | $9.42 |
| 05/01/19 | Sewer Charges | OCSD Sewer Charge | $13.96 |
| 06/01/19 | Sewer Charges | HB Sewer Charge | $9.42 |
| 06/01/19 | Sewer Charges | OCSD Sewer Charge | $13.96 |
| 07/01/19 | Sewer Charges | HB Sewer Charge | $9.42 |
| 07/01/19 | Sewer Charges | OCSD Sewer Charge | $13.96 |
| 08/01/19 | Sewer Charges | HB Sewer | $8.59 |
| 08/01/19 | Sewer Charges | OCSD Sewer Charge | $13.96 |
| 09/01/19 | Sewer Charges | HB Sewer | $8.59 |
| 09/01/19 | Sewer Charges | OCSD Sewer Charge | $13.96 |
| 10/01/19 | Sewer Charges | HB Sewer | $8.59 |
| 10/01/19 | Sewer Charges | OCSD Sewer Charge | $13.96 |
| 11/01/19 | Sewer Charges | HB Sewer | $8.59 |
| 11/01/19 | Sewer Charges | OCSD Sewer Charge | $13.96 |
| 12/01/19 | Sewer Charges | HB Sewer | $8.59 |
| 12/01/19 | Sewer Charges | OCSD Sewer Charge | $13.96 |
| 01/01/20 | Sewer Charges | HB Sewer | $8.59 |
| 01/01/20 | Sewer Charges | OCSD Sewer Charge | $13.96 |
| 02/01/20 | Sewer Charges | HB Sewer | $8.59 |
| 02/01/20 | Sewer Charges | OCSD Sewer Charge | $13.96 |
| 03/01/20 | Sewer Charges | HB Sewer | $8.59 |
| 03/01/20 | Sewer Charges | OCSD Sewer Charge | $13.96 |
| 04/01/20 | Sewer Charges | HB Sewer | $8.59 |
| 04/01/20 | Sewer Charges | OCSD Sewer Charge | $13.96 |
| 05/01/20 | Sewer Charges | HB Sewer | $8.59 |
| 05/01/20 | Sewer Charges | OCSD Sewer Charge | $13.96 |
| 06/01/20 | Sewer Charges | HB Sewer | $8.59 |
| 06/01/20 | Sewer Charges | OCSD Sewer Charge | $13.96 |
| 07/01/20 | Sewer Charges | HB Sewer | $8.59 |
| 07/01/20 | Sewer Charges | OCSD Sewer Charge | $13.96 |
| 08/01/20 | Sewer Charges | HB Sewer | $8.59 |
| 08/01/20 | Sewer Charges | OCSD Sewer Charge | $13.96 |
| 09/01/20 | Sewer Charges | HB Sewer | $8.59 |
| 09/01/20 | Sewer Charges | OCSD Sewer Charge | $13.96 |
| 10/01/20 | Sewer Charges | HB Sewer | $8.59 |
| 10/01/20 | Sewer Charges | OCSD Sewer Charge | $13.96 |

| | | | |
|---|---|---|---|
| 11/01/20 | Sewer Charges | HB Sewer | $8.59 |
| 11/01/20 | Sewer Charges | OCSD Sewer Charge | $13.96 |
| 12/01/20 | Sewer Charges | HB Sewer | $8.59 |
| 12/01/20 | Sewer Charges | OCSD Sewer Charge | $13.96 |
| 01/01/21 | Sewer Charges | HB Sewer | $8.59 |
| 01/01/21 | Sewer Charges | OCSD Sewer Charge | $13.96 |
| 02/01/21 | Sewer Charges | HB Sewer | $8.59 |
| 02/01/21 | Sewer Charges | OCSD Sewer Charge | $13.96 |
| 03/01/21 | Sewer Charges | HB Sewer | $8.59 |
| 03/01/21 | Sewer Charges | OCSD Sewer Charge | $13.96 |
| 04/01/21 | Sewer Charges | HB Sewer | $8.59 |
| 04/01/21 | Sewer Charges | OCSD Sewer Charge | $13.96 |
| 05/01/21 | Sewer Charges | HB Sewer | $8.59 |
| 05/01/21 | Sewer Charges | OCSD Sewer Charge | $13.96 |
| 06/01/21 | Sewer Charges | HB Sewer | $8.59 |
| 06/01/21 | Sewer Charges | OCSD Sewer Charge | $13.96 |

## MISC Charges

Total: **$30.00**

| Post Date | Charge Type | Comment | Amount |
|-----------|-------------|---------|--------|
| 11/01/19 | HCD Fee | Mobilehome Protection Act Fee | $10.00 |
| 01/01/21 | HCD Fee | Mobilehome Protection Act Fee | $10.00 |
| 11/01/21 | HCD Fee | Mobilehome Protection Act Fee | $10.00 |

# Statement

**Rancho Del Rey**
**Rancho Del Rey**

16222 Monterey Ln. OFC
Huntington Beach, California 92649
714-846-1429

| Billing Period | Statement Date |
|---|---|
| 11/01/18 - 10/14/22 | 10/14/22 |

**TO:**

Gallian, Jamie
16222 Monterey Ln. SPC 376
Huntington Beach, CA 92649

| Property | Unit | Type | Acc # |
|---|---|---|---|
| RDR | SPC 376 | Lot | 620 |

| Previous Balance | Current Charges | Current Credits | Balance Due |
|---|---|---|---|
| 0.00 | 76,620.10 | 399.94 | 76,220.16 |

| Last Payment | Amount Enclosed |
|---|---|
| | |

PLEASE RETURN TOP PORTION WITH YOUR REMITTANCE

| Date | Reference | Description | | | Amount |
|---|---|---|---|---|---|
| | | Previous Balance | | | 0.00 |
| 11/20/18 | | Storage Charge | Pro Rated Storage | | 486.84 |
| 12/01/18 | | Storage Charge | Home Storage 12/1-12/31 | | 1,372.00 |
| 01/01/19 | | Electric Utility | | | 87.24 |
| | Readings: | Current: 12/18/18 - 9075 | Previous: 11/16/18 - 8651 | Usage: 424 | |
| 01/01/19 | | Water & Sewer | | | 28.40 |
| | Readings: | Current: 12/18/18 - 208464 | Previous: 11/16/18 - 207914 | Usage: 550 | |
| 01/01/19 | | Gas Utility | | | 57.91 |
| | Readings: | Current: 12/18/18 - 13030 | Previous: 11/16/18 - 12580 | Usage: 450 | |
| 01/01/19 | | Garbage Fee | Republic Services | | 17.67 |
| 01/01/19 | | OCSD Sewer | OCSD Sewer Charge | | 13.96 |
| 01/01/19 | | Sewer | HB Sewer Charge | | 9.42 |
| 01/01/19 | | Storage Charge | January Storage | | 1,372.00 |
| 02/01/19 | | Electric Utility | | | 73.21 |
| | Readings: | Current: 01/18/19 - 9441 | Previous: 12/18/18 - 9075 | Usage: 366 | |
| 02/01/19 | | Water & Sewer | | | 23.44 |
| | Readings: | Current: 01/18/19 - 208778 | Previous: 12/18/18 - 208464 | Usage: 314 | |
| 02/01/19 | | Gas Utility | | | 83.97 |
| | Readings: | Current: 01/18/19 - 13630 | Previous: 12/18/18 - 13030 | Usage: 600 | |
| 02/01/19 | | Garbage Fee | Republic Services | | 17.67 |
| 02/01/19 | | OCSD Sewer | OCSD Sewer Charge | | 13.96 |
| 02/01/19 | | Sewer | HB Sewer Charge | | 9.42 |
| 02/01/19 | | Storage Charge | February Storage | | 1,372.00 |
| 03/01/19 | | Electric Utility | | | 72.52 |
| | Readings: | Current: 02/19/19 - 9805 | Previous: 01/18/19 - 9441 | Usage: 364 | |
| 03/01/19 | | Water & Sewer | | | 26.20 |
| | Readings: | Current: 02/19/19 - 209148 | Previous: 01/18/19 - 208778 | Usage: 370 | |
| 03/01/19 | | Gas Utility | | | 79.66 |
| | Readings: | Current: 02/19/19 - 14220 | Previous: 01/18/19 - 13630 | Usage: 590 | |
| 03/01/19 | | Garbage Fee | Republic Services | | 17.67 |
| 03/01/19 | | OCSD Sewer | OCSD Sewer Charge | | 13.96 |

**Rancho Del Rey**
**Rancho Del Rey**
16222 Monterey Ln. OFC
Huntington Beach, California 92649
714-846-1429

# Statement

| Billing Period | Statement Date |
|---|---|
| 11/01/18 - 10/14/22 | 10/14/22 |

| Property | Unit | Type | Acc # |
|---|---|---|---|
| RDR | SPC 376 | Lot | 620 |

| Previous Balance | Current Charges | Current Credits | Balance Due |
|---|---|---|---|
| 0.00 | 76,620.10 | 399.94 | 76,220.16 |

| Date | Reference | Description | | Amount |
|---|---|---|---|---|
| 03/01/19 | | Sewer | HB Sewer Charge | 9.42 |
| 03/01/19 | | Storage Charge | March Storage | 1,372.00 |
| 04/01/19 | | Garbage Fee | Republic Services | 17.67 |
| 04/01/19 | | OCSD Sewer | OCSD Sewer Charge | 13.96 |
| 04/01/19 | | Sewer | HB Sewer Charge | 9.42 |
| 04/01/19 | | Storage Charge | April Storage | 1,372.00 |
| 04/01/19 | | Electric Utility | | 67.98 |
| | Readings: | Current: 03/19/19 - 136 | Previous: 02/19/19 - 9805 | Usage: 331 |
| 04/01/19 | | Gas Utility | | 32.28 |
| | Readings: | Current: 03/19/19 - 14440 | Previous: 02/19/19 - 14220 | Usage: 220 |
| 04/01/19 | | Water & Sewer | | 24.02 |
| | Readings: | Current: 03/19/19 - 209526 | Previous: 02/19/19 - 209148 | Usage: 378 |
| 05/01/19 | | Garbage Fee | Republic Services | 17.67 |
| 05/01/19 | | OCSD Sewer | OCSD Sewer Charge | 13.96 |
| 05/01/19 | | Sewer | HB Sewer Charge | 9.42 |
| 05/01/19 | | Storage Charge | Home Storage 5/1-5/31 | 1,372.00 |
| 05/01/19 | | Electric Utility | Edison Climate Credit | -33.00 |
| 05/01/19 | | Gas Utility | SoCal Gas Climate Credit | -50.23 |
| 05/01/19 | | Electric Utility | | 73.83 |
| | Readings: | Current: 04/18/19 - 491 | Previous: 03/19/19 - 136 | Usage: 355 |
| 05/01/19 | | Gas Utility | | 34.37 |
| | Readings: | Current: 04/18/19 - 14684 | Previous: 03/19/19 - 14440 | Usage: 244 |
| 05/01/19 | | Water & Sewer | | 25.12 |
| | Readings: | Current: 04/18/19 - 209931 | Previous: 03/19/19 - 209526 | Usage: 405 |
| 06/01/19 | | Garbage Fee | Republic Services | 17.67 |
| 06/01/19 | | OCSD Sewer | OCSD Sewer Charge | 13.96 |
| 06/01/19 | | Sewer | HB Sewer Charge | 9.42 |
| 06/01/19 | | Storage Charge | Home Storage 6/1-6/30 | 1,372.00 |
| 06/01/19 | | Electric Utility | | 71.28 |
| | Readings: | Current: 05/17/19 - 834 | Previous: 04/18/19 - 491 | Usage: 343 |
| 06/01/19 | | Gas Utility | | 31.33 |
| | Readings: | Current: 05/17/19 - 14911 | Previous: 04/18/19 - 14684 | Usage: 227 |

**Rancho Del Rey**
**Rancho Del Rey**

16222 Monterey Ln. OFC
Huntington Beach, California 92649
714-846-1429

# Statement

| Billing Period | Statement Date |
|---|---|
| 11/01/18 - 10/14/22 | 10/14/22 |

| Property | Unit | Type | Acc # |
|---|---|---|---|
| RDR | SPC 376 | Lot | 620 |

| Previous Balance | Current Charges | Current Credits | Balance Due |
|---|---|---|---|
| 0.00 | 76,620.10 | 399.94 | 76,220.16 |

| Date | Reference | Description | | | Amount |
|---|---|---|---|---|---|
| 06/01/19 | | Water & Sewer | | | 24.57 |
| | Readings: | Current: 05/17/19 - 210322 | Previous: 04/18/19 - 209931 | Usage: 391 | |
| 07/01/19 | | OCSD Sewer | OCSD Sewer Charge | | 13.96 |
| 07/01/19 | | Sewer | HB Sewer Charge | | 9.42 |
| 07/01/19 | | Garbage Fee | Republic Services | | 18.01 |
| 07/01/19 | | Storage Charge | Home Storage 7/1-7/31 | | 1,372.00 |
| 07/01/19 | | Electric Utility | | | 80.39 |
| | Readings: | Current: 06/18/19 - 1212 | Previous: 05/17/19 - 834 | Usage: 378 | |
| 07/01/19 | | Gas Utility | | | 38.73 |
| | Readings: | Current: 06/18/19 - 15172 | Previous: 05/17/19 - 14911 | Usage: 261 | |
| 07/01/19 | | Water & Sewer | | | 26.20 |
| | Readings: | Current: 06/18/19 - 210754 | Previous: 05/17/19 - 210322 | Usage: 432 | |
| 08/01/19 | | OCSD Sewer | OCSD Sewer Charge | | 13.96 |
| 08/01/19 | | Garbage Fee | Republic Services | | 18.64 |
| 08/01/19 | | Sewer | HB Sewer | | 8.59 |
| 08/01/19 | | Storage Charge | Home Storage 8/1-8/31 | | 1,372.00 |
| 08/01/19 | | Electric Utility | | | 110.82 |
| | Readings: | Current: 07/31/19 - 1722 | Previous: 06/18/19 - 1212 | Usage: 510 | |
| 08/01/19 | | Gas Utility | | | 52.77 |
| | Readings: | Current: 07/31/19 - 15520 | Previous: 06/18/19 - 15172 | Usage: 348 | |
| 08/01/19 | | Water & Sewer | | | 22.86 |
| | Readings: | Current: 07/31/19 - 211335 | Previous: 06/18/19 - 210754 | Usage: 581 | |
| 09/01/19 | | OCSD Sewer | OCSD Sewer Charge | | 13.96 |
| 09/01/19 | | Garbage Fee | Republic Services | | 18.64 |
| 09/01/19 | | Sewer | HB Sewer | | 8.59 |
| 09/01/19 | | Storage Charge | Home Storage 9/1-9/30 | | 1,372.00 |
| 09/01/19 | | Electric Utility | | | 99.08 |
| | Readings: | Current: 08/27/19 - 2180 | Previous: 07/31/19 - 1722 | Usage: 458 | |
| 09/01/19 | | Gas Utility | | | 12.56 |
| | Readings: | Current: 08/27/19 - 1559 | Previous: 07/31/19 - 1552 | Usage: 7 | |
| 09/01/19 | | Water & Sewer | | | 8.87 |
| | Readings: | Current: 08/27/19 - 2116 | Previous: 07/31/19 - 2113 | Usage: 3 | |

210

# Statement

**Rancho Del Rey**
**Rancho Del Rey**
16222 Monterey Ln. OFC
Huntington Beach, California 92649
714-846-1429

| Billing Period | Statement Date |
|---|---|
| 11/01/18 - 10/14/22 | 10/14/22 |

| Property | Unit | Type | Acc # |
|---|---|---|---|
| RDR | SPC 376 | Lot | 620 |

| Previous Balance | Current Charges | Current Credits | Balance Due |
|---|---|---|---|
| 0.00 | 76,620.10 | 399.94 | 76,220.16 |

| Date | Reference | Description | | | Amount |
|---|---|---|---|---|---|
| 10/01/19 | | OCSD Sewer | OCSD Sewer Charge | | 13.96 |
| 10/01/19 | | Garbage Fee | Republic Services | | 18.64 |
| 10/01/19 | | Sewer | HB Sewer | | 8.59 |
| 10/01/19 | | Storage Charge | Home Storage 10/1-10/31 | | 1,372.00 |
| 10/01/19 | | Electric Utility | SCE Climate Credit | | -33.00 |
| 10/01/19 | | Electric Utility | | | 50.02 |
| | *Readings:* | *Current: 09/17/19 - 2429* | *Previous: 08/27/19 - 2180* | *Usage: 249* | |
| 10/01/19 | | Water & Sewer | | | 6.14 |
| | *Readings:* | *Current: 09/17/19 - 2118* | *Previous: 08/27/19 - 2116* | *Usage: 2* | |
| 10/01/19 | | Gas Utility | | | 19.04 |
| | *Readings:* | *Current: 09/17/19 - 1572* | *Previous: 08/27/19 - 1559* | *Usage: 13* | |
| 11/01/19 | | OCSD Sewer | OCSD Sewer Charge | | 13.96 |
| 11/01/19 | | Garbage Fee | Republic Services | | 18.64 |
| 11/01/19 | | Sewer | HB Sewer | | 8.59 |
| 11/01/19 | | Mobilehome Protection Act Fee | MH Residency Law Protection Act Fee *see below* | | 10.00 |
| 11/01/19 | | Storage Charge | Home Storage 11/1-11/30 | | 1,372.00 |
| 11/01/19 | | Electric Utility | | | 95.61 |
| | *Readings:* | *Current: 10/17/19 - 2880* | *Previous: 09/17/19 - 2429* | *Usage: 451* | |
| 11/01/19 | | Water & Sewer | | | 9.10 |
| | *Readings:* | *Current: 10/17/19 - 2121* | *Previous: 09/17/19 - 2118* | *Usage: 3* | |
| 11/01/19 | | Gas Utility | | | 29.64 |
| | *Readings:* | *Current: 10/17/19 - 1591* | *Previous: 09/17/19 - 1572* | *Usage: 19* | |
| 12/01/19 | | OCSD Sewer | OCSD Sewer Charge | | 13.96 |
| 12/01/19 | | Garbage Fee | Republic Services | | 18.64 |
| 12/01/19 | | Sewer | HB Sewer | | 8.59 |
| 12/01/19 | | Storage Charge | Home Storage 12/1-12/31 | | 1,372.00 |
| 12/01/19 | | Electric Utility | | | 105.19 |
| | *Readings:* | *Current: 11/19/19 - 3376* | *Previous: 10/17/19 - 2880* | *Usage: 496* | |
| 12/01/19 | | Water & Sewer | | | 9.33 |
| | *Readings:* | *Current: 11/19/19 - 2124* | *Previous: 10/17/19 - 2121* | *Usage: 3* | |

**Rancho Del Rey**
**Rancho Del Rey**

16222 Monterey Ln. OFC
Huntington Beach, California 92649
714-846-1429

# Statement

| Billing Period | Statement Date |
|---|---|
| 11/01/18 - 10/14/22 | 10/14/22 |

| Property | Unit | Type | Acc # |
|---|---|---|---|
| RDR | SPC 376 | Lot | 620 |

| Previous Balance | Current Charges | Current Credits | Balance Due |
|---|---|---|---|
| 0.00 | 76,620.10 | 399.94 | 76,220.16 |

| Date | Reference | Description | | | Amount |
|---|---|---|---|---|---|
| 12/01/19 | | Gas Utility | | | 30.37 |
| | Readings: | Current: 11/19/19 - 1612 | Previous: 10/17/19 - 1591 | Usage: 21 | |
| 12/12/19 | | Electric Utility | | | 73.89 |
| | Readings: | Current: 12/12/19 - 3724 | Previous: 11/19/19 - 3376 | Usage: 348 | |
| 12/12/19 | | Water & Sewer | | | 8.58 |
| | Readings: | Current: 12/12/19 - 2127 | Previous: 11/19/19 - 2124 | Usage: 3 | |
| 12/12/19 | | Gas Utility | | | 22.88 |
| | Readings: | Current: 12/12/19 - 1628 | Previous: 11/19/19 - 1612 | Usage: 16 | |
| 01/01/20 | | OCSD Sewer | OCSD Sewer Charge | | 13.96 |
| 01/01/20 | | Garbage Fee | Republic Services | | 18.64 |
| 01/01/20 | | Sewer | HB Sewer | | 8.59 |
| 01/01/20 | | Storage Charge | Home Storage 1/1-1/31 | | 1,420.00 |
| 02/01/20 | | OCSD Sewer | OCSD Sewer Charge | | 13.96 |
| 02/01/20 | | Garbage Fee | Republic Services | | 18.64 |
| 02/01/20 | | Sewer | HB Sewer | | 8.59 |
| 02/01/20 | | Storage Charge | Home Storage 2/1-2/28 | | 1,420.00 |
| 02/01/20 | | Electric Utility | | | 102.05 |
| | Readings: | Current: 01/21/20 - 4218 | Previous: 12/12/19 - 3724 | Usage: 494 | |
| 02/01/20 | | Water & Sewer | | | 14.42 |
| | Readings: | Current: 01/21/20 - 2132 | Previous: 12/12/19 - 2127 | Usage: 5 | |
| 02/01/20 | | Gas Utility | | | 51.71 |
| | Readings: | Current: 01/21/20 - 1662 | Previous: 12/12/19 - 1628 | Usage: 34 | |
| 03/01/20 | | OCSD Sewer | OCSD Sewer Charge | | 13.96 |
| 03/01/20 | | Garbage Fee | Republic Services | | 18.64 |
| 03/01/20 | | Sewer | HB Sewer | | 8.59 |
| 03/01/20 | | Storage Charge | Home Storage 3/1-3/31 | | 1,420.00 |
| 03/01/20 | | Electric Utility | | | 77.77 |
| | Readings: | Current: 02/20/20 - 4589 | Previous: 01/21/20 - 4218 | Usage: 371 | |
| 03/01/20 | | Water & Sewer | | | 11.37 |
| | Readings: | Current: 02/20/20 - 2136 | Previous: 01/21/20 - 2132 | Usage: 4 | |
| 03/01/20 | | Gas Utility | | | 38.79 |
| | Readings: | Current: 02/20/20 - 1687 | Previous: 01/21/20 - 1662 | Usage: 25 | |

# Statement

**Rancho Del Rey**
**Rancho Del Rey**
16222 Monterey Ln. OFC
Huntington Beach, California 92649
714-846-1429

| Billing Period | Statement Date |
|---|---|
| 11/01/18 - 10/14/22 | 10/14/22 |

| Property | Unit | Type | Acc # |
|---|---|---|---|
| RDR | SPC 376 | Lot | 620 |

| Previous Balance | Current Charges | Current Credits | Balance Due |
|---|---|---|---|
| 0.00 | 76,620.10 | 399.94 | 76,220.16 |

| Date | Reference | Description | | | Amount |
|---|---|---|---|---|---|
| 04/01/20 | | OCSD Sewer | OCSD Sewer Charge | | 13.96 |
| 04/01/20 | | Garbage Fee | Republic Services | | 18.64 |
| 04/01/20 | | Sewer | HB Sewer | | 8.59 |
| 04/01/20 | | Storage Charge | Home Storage 4/1-30 | | 1,420.00 |
| 04/01/20 | | Gas Utility | | | 36.89 |
| | Readings: | Current: 03/20/20 - 1712 | Previous: 02/20/20 - 1687 | Usage: 25 | |
| 04/01/20 | | Electric Utility | | | 75.01 |
| | Readings: | Current: 03/20/20 - 4947 | Previous: 02/20/20 - 4589 | Usage: 358 | |
| 04/01/20 | | Water & Sewer | | | 11.30 |
| | Readings: | Current: 03/20/20 - 2140 | Previous: 02/20/20 - 2136 | Usage: 4 | |
| 05/01/20 | | OCSD Sewer | OCSD Sewer Charge | | 13.96 |
| 05/01/20 | | Garbage Fee | Republic Services | | 18.64 |
| 05/01/20 | | Sewer | HB Sewer | | 8.59 |
| 05/01/20 | | Storage Charge | Home Storage 5/1 -5/31 | | 1,420.00 |
| 05/01/20 | | Electric Utility | Climate Credit applies to electric charges only. Any unapplied amount will be applied next month. | | -37.00 |
| 05/01/20 | | Gas Utility | Climate Credit applies to gas charges only. Any unapplied amount will be applied next month. | | -26.15 |
| 05/01/20 | | Electric Utility | | | 87.12 |
| | Readings: | Current: 04/22/20 - 5355 | Previous: 03/20/20 - 4947 | Usage: 408 | |
| 05/01/20 | | Water & Sewer | | | 11.60 |
| | Readings: | Current: 04/22/20 - 2144 | Previous: 03/20/20 - 2140 | Usage: 4 | |
| 05/01/20 | | Gas Utility | | | 40.34 |
| | Readings: | Current: 04/22/20 - 1740 | Previous: 03/20/20 - 1712 | Usage: 28 | |
| 06/01/20 | | OCSD Sewer | OCSD Sewer Charge | | 13.96 |
| 06/01/20 | | Garbage Fee | Republic Services | | 18.64 |
| 06/01/20 | | Sewer | HB Sewer | | 8.59 |
| 06/01/20 | | Storage Charge | Home Storage 6/1-6/30 | | 1,420.00 |
| 06/01/20 | | Gas Utility | | | 36.61 |
| | Readings: | Current: 05/21/20 - 1765 | Previous: 04/22/20 - 1740 | Usage: 25 | |

213

**Rancho Del Rey**
**Rancho Del Rey**

16222 Monterey Ln. OFC
Huntington Beach, California 92649
714-846-1429

# Statement

| Billing Period | Statement Date |
|---|---|
| 11/01/18 - 10/14/22 | 10/14/22 |

| Property | Unit | Type | Acc # |
|---|---|---|---|
| RDR | SPC 376 | Lot | 620 |

| Previous Balance | Current Charges | Current Credits | Balance Due |
|---|---|---|---|
| 0.00 | 76,620.10 | 399.94 | 76,220.16 |

| Date | Reference | Description | | | Amount |
|---|---|---|---|---|---|
| 06/01/20 | | Electric Utility | | | 79.67 |
| | Readings: | Current: 05/21/20 - 5713 | Previous: 04/22/20 - 5355 | Usage: 358 | |
| 06/01/20 | | Water & Sewer | | | 11.30 |
| | Readings: | Current: 05/21/20 - 2148 | Previous: 04/22/20 - 2144 | Usage: 4 | |
| 07/01/20 | | OCSD Sewer | OCSD Sewer Charge | | 13.96 |
| 07/01/20 | | Garbage Fee | Republic Services | | 18.64 |
| 07/01/20 | | Sewer | HB Sewer | | 8.59 |
| 07/01/20 | | Storage Charge | Home Storage 7/1-7/31 | | 1,420.00 |
| 07/01/20 | | Electric Utility | SCE Climate Credit. Credit Only Applied to Electric Usage. | | -18.50 |
| 07/01/20 | | Gas Utility | | | 46.06 |
| | Readings: | Current: 06/23/20 - 1793 | Previous: 05/21/20 - 1765 | Usage: 28 | |
| 07/01/20 | | Water & Sewer | | | 20.63 |
| | Readings: | Current: 06/23/20 - 2152 | Previous: 05/21/20 - 2148 | Usage: 4 | |
| 07/01/20 | | Electric Utility | | | 91.66 |
| | Readings: | Current: 06/23/20 - 6121 | Previous: 05/21/20 - 5713 | Usage: 408 | |
| 08/01/20 | | OCSD Sewer | OCSD Sewer Charge | | 13.96 |
| 08/01/20 | | Sewer | HB Sewer | | 8.59 |
| 08/01/20 | | Garbage Fee | Republic Services | | 21.99 |
| 08/01/20 | | Storage Charge | Home Storage 8/1-8/31 | | 1,420.00 |
| 08/01/20 | | Electric Utility | SCE Climate Credit. Credit Only Applied to Electric Usage. | | -18.50 |
| 08/01/20 | | Gas Utility | | | 42.92 |
| | Readings: | Current: 07/24/20 - 1819 | Previous: 06/23/20 - 1793 | Usage: 26 | |
| 08/01/20 | | Water & Sewer | | | 24.17 |
| | Readings: | Current: 07/24/20 - 2156 | Previous: 06/23/20 - 2152 | Usage: 4 | |
| 08/01/20 | | Electric Utility | | | 86.44 |
| | Readings: | Current: 07/24/20 - 6504 | Previous: 06/23/20 - 6121 | Usage: 383 | |
| 09/01/20 | | OCSD Sewer | OCSD Sewer Charge | | 13.96 |
| 09/01/20 | | Sewer | HB Sewer | | 8.59 |
| 09/01/20 | | Garbage Fee | Republic Services | | 19.27 |
| 09/01/20 | | Storage Charge | Home Storage 9/1-9/30 | | 1,420.00 |

# Statement

**Rancho Del Rey**
**Rancho Del Rey**
16222 Monterey Ln. OFC
Huntington Beach, California 92649
714-846-1429

| Billing Period | Statement Date |
|---|---|
| 11/01/18 - 10/14/22 | 10/14/22 |

| Property | Unit | Type | Acc # |
|---|---|---|---|
| RDR | SPC 376 | Lot | 620 |

| Previous Balance | Current Charges | Current Credits | Balance Due |
|---|---|---|---|
| 0.00 | 76,620.10 | 399.94 | 76,220.16 |

| Date | Reference | Description | | Amount |
|---|---|---|---|---|
| 09/01/20 | | Gas Utility | | 47.43 |
| | Readings: | Current: 08/28/20 - 1848 | Previous: 07/24/20 - 1819    Usage: 29 | |
| 09/01/20 | | Electric Utility | | 97.45 |
| | Readings: | Current: 08/28/20 - 6936 | Previous: 07/24/20 - 6504    Usage: 432 | |
| 09/01/20 | | Water & Sewer | | 23.86 |
| | Readings: | Current: 08/28/20 - 2159 | Previous: 07/24/20 - 2156    Usage: 3 | |
| 10/01/20 | | OCSD Sewer | OCSD Sewer Charge | 13.96 |
| 10/01/20 | | Sewer | HB Sewer | 8.59 |
| 10/01/20 | | Garbage Fee | Republic Services | 18.65 |
| 10/01/20 | | Storage Charge | Home Storage 10/1-10/31 | 1,420.00 |
| 10/01/20 | | Electric Utility | | 76.20 |
| | Readings: | Current: 09/22/20 - 7268 | Previous: 08/28/20 - 6936    Usage: 332 | |
| 10/01/20 | | Gas Utility | | 29.99 |
| | Readings: | Current: 09/22/20 - 1867 | Previous: 08/28/20 - 1848    Usage: 19 | |
| 10/01/20 | | Water & Sewer | | 18.42 |
| | Readings: | Current: 09/22/20 - 2162 | Previous: 08/28/20 - 2159    Usage: 3 | |
| 11/01/20 | | OCSD Sewer | OCSD Sewer Charge | 13.96 |
| 11/01/20 | | Sewer | HB Sewer | 8.59 |
| 11/01/20 | | Garbage Fee | Republic Services | 18.65 |
| 11/01/20 | | Storage Charge | Home Storage 11/1-11/30 | 1,420.00 |
| 11/01/20 | | Electric Utility | | 93.83 |
| | Readings: | Current: 10/22/20 - 7666 | Previous: 09/22/20 - 7268    Usage: 398 | |
| 11/01/20 | | Gas Utility | | 38.25 |
| | Readings: | Current: 10/22/20 - 1890 | Previous: 09/22/20 - 1867    Usage: 23 | |
| 11/01/20 | | Water & Sewer | | 20.73 |
| | Readings: | Current: 10/22/20 - 2165 | Previous: 09/22/20 - 2162    Usage: 3 | |
| 12/01/20 | | OCSD Sewer | OCSD Sewer Charge | 13.96 |
| 12/01/20 | | Sewer | HB Sewer | 8.59 |
| 12/01/20 | | Garbage Fee | Republic Services | 19.33 |
| 12/01/20 | | Storage Charge | Home Storage 12/1-12/31 | 1,420.00 |
| 12/01/20 | | Electric Utility | | 91.67 |
| | Readings: | Current: 11/20/20 - 8051 | Previous: 10/22/20 - 7666    Usage: 385 | |

215

# Rancho Del Rey
**Rancho Del Rey**

16222 Monterey Ln. OFC
Huntington Beach, California 92649
714-846-1429

# Statement

| Billing Period | Statement Date |
|---|---|
| 11/01/18 - 10/14/22 | 10/14/22 |

| Property | Unit | Type | Acc # |
|---|---|---|---|
| RDR | SPC 376 | Lot | 620 |

| Previous Balance | Current Charges | Current Credits | Balance Due |
|---|---|---|---|
| 0.00 | 76,620.10 | 399.94 | 76,220.16 |

| Date | Reference | Description | | | Amount |
|---|---|---|---|---|---|
| 12/01/20 | | Water & Sewer | | | 20.27 |
| | *Readings:* | *Current: 11/20/20 - 2168* | *Previous: 10/22/20 - 2165* | *Usage: 3* | |
| 12/01/20 | | Gas Utility | | | 34.57 |
| | *Readings:* | *Current: 11/20/20 - 1912* | *Previous: 10/22/20 - 1890* | *Usage: 22* | |
| 01/01/21 | | Electric Utility | | | 63.07 |
| | *Readings:* | *Current: 12/10/20 - 8316* | *Previous: 11/20/20 - 8051* | *Usage: 265* | |
| 01/01/21 | | Water & Sewer | | | 16.10 |
| | *Readings:* | *Current: 12/10/20 - 2171* | *Previous: 11/20/20 - 2168* | *Usage: 3* | |
| 01/01/21 | | Gas Utility | | | 21.95 |
| | *Readings:* | *Current: 12/10/20 - 1926* | *Previous: 11/20/20 - 1912* | *Usage: 14* | |
| 01/01/21 | | OCSD Sewer | OCSD Sewer Charge | | 13.96 |
| 01/01/21 | | Sewer | HB Sewer | | 8.59 |
| 01/01/21 | | Garbage Fee | Republic Services | | 19.33 |
| 01/01/21 | | Mobilehome Protection Act Fee | MH Residency Law Protection Act Fee *see below* | | 10.00 |
| 01/01/21 | | Storage Charge | Home Storage 1/1-1/31 | | 1,460.00 |
| 02/01/21 | | OCSD Sewer | OCSD Sewer Charge | | 13.96 |
| 02/01/21 | | Sewer | HB Sewer | | 8.59 |
| 02/01/21 | | Garbage Fee | Republic Services | | 18.23 |
| 02/01/21 | | Storage Charge | Home Storage 2/1-2/28 | | 1,460.00 |
| 02/01/21 | | Electric Utility | | | 85.57 |
| | *Readings:* | *Current: 01/20/21 - 8689* | *Previous: 12/10/20 - 8316* | *Usage: 373* | |
| 02/01/21 | | Gas Utility | | | 97.27 |
| | *Readings:* | *Current: 01/20/21 - 1991* | *Previous: 12/10/20 - 1926* | *Usage: 65* | |
| 02/01/21 | | Water & Sewer | | | 28.09 |
| | *Readings:* | *Current: 01/20/21 - 2175* | *Previous: 12/10/20 - 2171* | *Usage: 4* | |
| 03/01/21 | | OCSD Sewer | OCSD Sewer Charge | | 13.96 |
| 03/01/21 | | Sewer | HB Sewer | | 8.59 |
| 03/01/21 | | Garbage Fee | Republic Services | | 18.23 |
| 03/01/21 | | Storage Charge | Home Storage 3/1-3/31 | | 1,460.00 |
| 03/01/21 | | Electric Utility | | | 65.65 |
| | *Readings:* | *Current: 02/19/21 - 8962* | *Previous: 01/20/21 - 8689* | *Usage: 273* | |

216

**Rancho Del Rey**
**Rancho Del Rey**

16222 Monterey Ln. OFC
Huntington Beach, California 92649
714-846-1429

# Statement

| Billing Period | Statement Date |
|---|---|
| 11/01/18 - 10/14/22 | 10/14/22 |

| Property | Unit | Type | Acc # |
|---|---|---|---|
| RDR | SPC 376 | Lot | 620 |

| Previous Balance | Current Charges | Current Credits | Balance Due |
|---|---|---|---|
| 0.00 | 76,620.10 | 399.94 | 76,220.16 |

| Date | Reference | Description | | | Amount |
|---|---|---|---|---|---|
| 03/01/21 | | Gas Utility | | | 71.17 |
| | *Readings:* | *Current: 02/19/21 - 2038* | *Previous: 01/20/21 - 1991* | *Usage: 47* | |
| 03/01/21 | | Water & Sewer | | | 20.73 |
| | *Readings:* | *Current: 02/19/21 - 2178* | *Previous: 01/20/21 - 2175* | *Usage: 3* | |
| 04/01/21 | | OCSD Sewer | OCSD Sewer Charge | | 13.96 |
| 04/01/21 | | Sewer | HB Sewer | | 8.59 |
| 04/01/21 | | Garbage Fee | Republic Services | | 18.89 |
| 04/01/21 | | Storage Charge | Home Storage 4/1-4/30 | | 1,460.00 |
| 04/01/21 | | Electric Utility | | | 62.95 |
| | *Readings:* | *Current: 03/19/21 - 9217* | *Previous: 02/19/21 - 8962* | *Usage: 255* | |
| 04/01/21 | | Gas Utility | | | 65.01 |
| | *Readings:* | *Current: 03/19/21 - 2082* | *Previous: 02/19/21 - 2038* | *Usage: 44* | |
| 04/01/21 | | Water & Sewer | | | 19.80 |
| | *Readings:* | *Current: 03/19/21 - 2181* | *Previous: 02/19/21 - 2178* | *Usage: 3* | |
| 05/01/21 | | Gas Utility | | | 44.82 |
| | *Readings:* | *Current: 04/07/21 - 2112* | *Previous: 03/19/21 - 2082* | *Usage: 30* | |
| 05/01/21 | | Water & Sewer | | | 11.09 |
| | *Readings:* | *Current: 04/07/21 - 2182* | *Previous: 03/19/21 - 2181* | *Usage: 1* | |
| 05/01/21 | | OCSD Sewer | OCSD Sewer Charge | | 13.96 |
| 05/01/21 | | Sewer | HB Sewer | | 8.59 |
| 05/01/21 | | Garbage Fee | Republic Services | | 18.32 |
| 05/01/21 | | Storage Charge | Home Storage 5/1-5/31 | | 1,460.00 |
| 05/01/21 | | Gas Utility | Gas Utility Climate Credit - Applied to Gas Charges. | | -22.39 |
| 05/01/21 | | Electric Utility | Electric Climate Credit - Applied to Electric Charges | | -29.00 |
| 05/01/21 | | Electric Utility | Corrected CARE | | 29.88 |
| | *Readings:* | *Current: 04/07/21 - 9390* | *Previous: 03/19/21 - 9217* | *Usage: 173* | |
| 06/01/21 | | OCSD Sewer | OCSD Sewer Charge | | 13.96 |
| 06/01/21 | | Sewer | HB Sewer | | 8.59 |
| 06/01/21 | | Garbage Fee | Republic Services | | 19.55 |
| 06/01/21 | | Storage Charge | Home Storage 6/1-6/30 | | 1,460.00 |

# Statement

**Rancho Del Rey**
**Rancho Del Rey**
16222 Monterey Ln. OFC
Huntington Beach, California 92649
714-846-1429

| Billing Period | Statement Date |
|---|---|
| 11/01/18 - 10/14/22 | 10/14/22 |

| Property | Unit | Type | Acc # |
|---|---|---|---|
| RDR | SPC 376 | Lot | 620 |

| Previous Balance | Current Charges | Current Credits | Balance Due |
|---|---|---|---|
| 0.00 | 76,620.10 | 399.94 | 76,220.16 |

| Date | Reference | Description | | Amount |
|---|---|---|---|---|
| 06/01/21 | | Gas Utility | | 29.53 |
| | Readings: | Current: 05/20/21 - 2128 | Previous: 04/07/21 - 2112    Usage: 16 | |
| 06/01/21 | | Water & Sewer | | 26.76 |
| | Readings: | Current: 05/20/21 - 2185 | Previous: 04/07/21 - 2182    Usage: 3 | |
| 06/01/21 | | Electric Utility | Corrected CARE | 64.12 |
| | Readings: | Current: 05/20/21 - 9761 | Previous: 04/07/21 - 9390    Usage: 371 | |
| 07/01/21 | | Garbage Fee | Republic Services | 18.05 |
| 07/01/21 | | Storage Charge | Home Storage 7/1-7/31 | 1,460.00 |
| 07/01/21 | | Gas Utility | | 17.85 |
| | Readings: | Current: 06/22/21 - 2137 | Previous: 05/20/21 - 2128    Usage: 9 | |
| 07/01/21 | | Water & Sewer | | 46.88 |
| | Readings: | Current: 06/22/21 - 2188 | Previous: 05/20/21 - 2185    Usage: 3 | |
| 07/01/21 | | Electric Utility | Corrected CARE | 54.22 |
| | Readings: | Current: 06/22/21 - 73 | Previous: 05/20/21 - 9761    Usage: 312 | |
| 08/01/21 | | Garbage Fee | Republic Services | 19.45 |
| 08/01/21 | | Storage Charge | Home Storage 8/1-8/31 | 1,460.00 |
| 08/01/21 | | Gas Utility | | 17.54 |
| | Readings: | Current: 07/29/21 - 2145 | Previous: 06/22/21 - 2137    Usage: 8 | |
| 08/01/21 | | Water & Sewer | | 55.88 |
| | Readings: | Current: 07/29/21 - 2192 | Previous: 06/22/21 - 2188    Usage: 4 | |
| 08/01/21 | | Electric Utility | Corrected CARE | 77.90 |
| | Readings: | Current: 07/29/21 - 515 | Previous: 06/22/21 - 73    Usage: 442 | |
| 09/01/21 | | Electric Utility | | 87.47 |
| | Readings: | Current: 08/25/21 - 975 | Previous: 07/29/21 - 515    Usage: 460 | |
| 09/01/21 | | Gas Utility | | 13.23 |
| | Readings: | Current: 08/25/21 - 2151 | Previous: 07/29/21 - 2145    Usage: 6 | |
| 09/01/21 | | Water & Sewer | | 41.38 |
| | Readings: | Current: 08/25/21 - 2195 | Previous: 07/29/21 - 2192    Usage: 3 | |
| 09/01/21 | | Garbage Fee | Republic Services | 18.21 |
| 09/01/21 | | Storage Charge | Home Storage 9/1-9/30 | 1,460.00 |
| 10/01/21 | | Garbage Fee | Republic Services | 18.28 |
| 10/01/21 | | Storage Charge | Home Storage 10/1-10/31 | 1,460.00 |

**Rancho Del Rey**
**Rancho Del Rey**

16222 Monterey Ln. OFC
Huntington Beach, California 92649
714-846-1429

# Statement

| Billing Period | Statement Date |
|---|---|
| 11/01/18 - 10/14/22 | 10/14/22 |

| Property | Unit | Type | Acc # |
|---|---|---|---|
| RDR | SPC 376 | Lot | 620 |

| Previous Balance | Current Charges | Current Credits | Balance Due |
|---|---|---|---|
| 0.00 | 76,620.10 | 399.94 | 76,220.16 |

| Date | Reference | Description | | | Amount |
|---|---|---|---|---|---|
| 10/01/21 | | Electric Utility | | | 52.52 |
| | Readings: | Current: 09/21/21 - 1274 | Previous: 08/25/21 - 975 | Usage: 299 | |
| 10/01/21 | | Gas Utility | | | 47.40 |
| | Readings: | Current: 09/21/21 - 2176 | Previous: 08/25/21 - 2151 | Usage: 25 | |
| 10/01/21 | | Water & Sewer | | | 41.38 |
| | Readings: | Current: 09/21/21 - 2198 | Previous: 08/25/21 - 2195 | Usage: 3 | |
| 11/01/21 | | Garbage Fee | Republic Services | | 18.21 |
| 11/01/21 | | Mobilehome Protection Act Fee | For information please visit: https://www.hcd.ca.gov/docs/ib2018-03.pdf | | 10.00 |
| 11/01/21 | | Storage Charge | Home Storage 11/1-11/30 | | 1,460.00 |
| 11/01/21 | | Electric Utility | Climate Credit - Applied to Electric Charges | | -29.00 |
| 11/01/21 | | Electric Utility | | | 63.96 |
| | Readings: | Current: 10/22/21 - 1618 | Previous: 09/21/21 - 1274 | Usage: 344 | |
| 11/01/21 | | Gas Utility | | | 54.63 |
| | Readings: | Current: 10/22/21 - 2204 | Previous: 09/21/21 - 2176 | Usage: 28 | |
| 11/01/21 | | Water & Sewer | | | 48.82 |
| | Readings: | Current: 10/22/21 - 2202 | Previous: 09/21/21 - 2198 | Usage: 4 | |
| 12/01/21 | | Garbage Fee | Republic Services | | 18.21 |
| 12/01/21 | | Storage Charge | Home Storage 12/1-12/31 | | 1,460.00 |
| 12/01/21 | | Electric Utility | | | 67.75 |
| | Readings: | Current: 11/23/21 - 1973 | Previous: 10/22/21 - 1618 | Usage: 355 | |
| 12/01/21 | | Gas Utility | | | 54.35 |
| | Readings: | Current: 11/23/21 - 2233 | Previous: 10/22/21 - 2204 | Usage: 29 | |
| 12/01/21 | | Water & Sewer | | | 50.10 |
| | Readings: | Current: 11/23/21 - 2206 | Previous: 10/22/21 - 2202 | Usage: 4 | |
| 01/01/22 | | Garbage Fee | Republic Services | | 18.21 |
| 01/01/22 | | Storage Charge | Home Storage 1/1 -1/31 | | 1,530.00 |
| 01/01/22 | | Electric Utility | | | 59.34 |
| | Readings: | Current: 12/21/21 - 2284 | Previous: 11/23/21 - 1973 | Usage: 311 | |
| 01/01/22 | | Gas Utility | | | 45.78 |
| | Readings: | Current: 12/21/21 - 2258 | Previous: 11/23/21 - 2233 | Usage: 25 | |

**Rancho Del Rey**
**Rancho Del Rey**

16222 Monterey Ln. OFC
Huntington Beach, California 92649
714-846-1429

# Statement

| Billing Period | Statement Date |
|---|---|
| 11/01/18 - 10/14/22 | 10/14/22 |

| Property | Unit | Type | Acc # |
|---|---|---|---|
| RDR | SPC 376 | Lot | 620 |

| Previous Balance | Current Charges | Current Credits | Balance Due |
|---|---|---|---|
| 0.00 | 76,620.10 | 399.94 | 76,220.16 |

| Date | Reference | Description | | | Amount |
|---|---|---|---|---|---|
| 01/01/22 | | Water & Sewer | | | 42.66 |
| | *Readings:* | *Current: 12/21/21 - 2209* | *Previous: 11/23/21 - 2206* | *Usage: 3* | |
| 02/01/22 | | Garbage Fee | Republic Services | | 18.21 |
| 02/01/22 | | Storage Charge | Home Storage 2/1-2/28 | | 1,530.00 |
| 02/01/22 | | Electric Utility | | | 64.55 |
| | *Readings:* | *Current: 01/20/22 - 2617* | *Previous: 12/21/21 - 2284* | *Usage: 333* | |
| 02/01/22 | | Gas Utility | | | 54.21 |
| | *Readings:* | *Current: 01/20/22 - 2285* | *Previous: 12/21/21 - 2258* | *Usage: 27* | |
| 02/01/22 | | Water & Sewer | | | 36.72 |
| | *Readings:* | *Current: 01/20/22 - 2213* | *Previous: 12/21/21 - 2209* | *Usage: 4* | |
| 03/01/22 | | Electric Utility | | | 39.12 |
| | *Readings:* | *Current: 02/07/22 - 2817* | *Previous: 01/20/22 - 2617* | *Usage: 200* | |
| 03/01/22 | | Gas Utility | | | 32.61 |
| | *Readings:* | *Current: 02/07/22 - 2301* | *Previous: 01/20/22 - 2285* | *Usage: 16* | |
| 03/01/22 | | Water & Sewer | | | 20.87 |
| | *Readings:* | *Current: 02/07/22 - 2215* | *Previous: 01/20/22 - 2213* | *Usage: 2* | |
| 03/01/22 | | Garbage Fee | Republic Services | | 18.21 |
| 03/01/22 | | Storage Charge | Home Storage 3/1 - 3/31 | | 1,530.00 |
| 04/01/22 | | Garbage Fee | Republic Services | | 19.26 |
| 04/01/22 | | Storage Charge | Home Storage 4/1 - 4/30 | | 1,530.00 |
| 04/01/22 | | Electric Utility | | | 77.56 |
| | *Readings:* | *Current: 03/18/22 - 3200* | *Previous: 02/07/22 - 2817* | *Usage: 383* | |
| 04/01/22 | | Gas Utility | | | 42.99 |
| | *Readings:* | *Current: 03/18/22 - 2323* | *Previous: 02/07/22 - 2301* | *Usage: 22* | |
| 04/01/22 | | Water & Sewer | | | 41.29 |
| | *Readings:* | *Current: 03/18/22 - 2218* | *Previous: 02/07/22 - 2215* | *Usage: 3* | |
| 05/01/22 | | Garbage Fee | Republic Services | | 18.21 |
| 05/01/22 | | Storage Charge | Home Storage 5/1-5/31 | | 1,530.00 |
| 05/01/22 | | Gas Utility | Climate Credit - Applied to Current and Future Gas | | -44.17 |
| 05/01/22 | | Electric Utility | Climate Credit - Applied to Current and Future Elec | | -59.00 |

**Rancho Del Rey**
**Rancho Del Rey**

16222 Monterey Ln. OFC
Huntington Beach, California 92649
714-846-1429

# Statement

| Billing Period | Statement Date |
|---|---|
| 11/01/18 - 10/14/22 | 10/14/22 |

| Property | Unit | Type | Acc # |
|---|---|---|---|
| RDR | SPC 376 | Lot | 620 |

| Previous Balance | Current Charges | Current Credits | Balance Due |
|---|---|---|---|
| 0.00 | 76,620.10 | 399.94 | 76,220.16 |

| Date | Reference | Description | | | Amount |
|---|---|---|---|---|---|
| 05/01/22 | | Electric Utility | | | 70.56 |
| | *Readings:* | *Current: 04/21/22 - 3534* | *Previous: 03/18/22 - 3200* | *Usage: 334* | |
| 05/01/22 | | Gas Utility | | | 35.63 |
| | *Readings:* | *Current: 04/21/22 - 2342* | *Previous: 03/18/22 - 2323* | *Usage: 19* | |
| 05/01/22 | | Water & Sewer | | | 37.13 |
| | *Readings:* | *Current: 04/21/22 - 2221* | *Previous: 03/18/22 - 2218* | *Usage: 3* | |
| 06/01/22 | | Garbage Fee | | | 18.73 |
| 06/01/22 | | Storage Charge | Home Storage 6/1-6/30 | | 1,530.00 |
| 06/01/22 | | Electric Utility | | | 58.20 |
| | *Readings:* | *Current: 05/19/22 - 3809* | *Previous: 04/21/22 - 3534* | *Usage: 275* | |
| 06/01/22 | | Gas Utility | | | 31.91 |
| | *Readings:* | *Current: 05/19/22 - 2358* | *Previous: 04/21/22 - 2342* | *Usage: 16* | |
| 06/01/22 | | Water & Sewer | | | 29.21 |
| | *Readings:* | *Current: 05/19/22 - 2223* | *Previous: 04/21/22 - 2221* | *Usage: 2* | |
| 07/01/22 | | Garbage Fee | | | 18.21 |
| 07/01/22 | | Storage Charge | Home Storage 7/1-7/31 | | 1,530.00 |
| 07/01/22 | | Electric Utility | | | 85.36 |
| | *Readings:* | *Current: 06/29/22 - 4211* | *Previous: 05/19/22 - 3809* | *Usage: 402* | |
| 07/01/22 | | Gas Utility | | | 57.13 |
| | *Readings:* | *Current: 06/29/22 - 2381* | *Previous: 05/19/22 - 2358* | *Usage: 23* | |
| 07/01/22 | | Water & Sewer | | | 42.97 |
| | *Readings:* | *Current: 06/29/22 - 2226* | *Previous: 05/19/22 - 2223* | *Usage: 3* | |
| 08/01/22 | | Garbage Fee | Republic Services | | 20.49 |
| 08/01/22 | | Storage Charge | Home Storage 8/1-8/31 | | 1,530.00 |
| 08/01/22 | | Electric Utility | | | 98.64 |
| | *Readings:* | *Current: 07/19/22 - 4624* | *Previous: 06/29/22 - 4211* | *Usage: 413* | |
| 08/01/22 | | Gas Utility | | | 10.73 |
| | *Readings:* | *Current: 07/19/22 - 2385* | *Previous: 06/29/22 - 2381* | *Usage: 4* | |
| 08/01/22 | | Water & Sewer | | | 23.20 |
| | *Readings:* | *Current: 07/19/22 - 2228* | *Previous: 06/29/22 - 2226* | *Usage: 2* | |
| 09/01/22 | | Garbage Fee | Republic Services | | 19.87 |
| 09/01/22 | | Storage Charge | Home Storage 9/1-9/30 | | 1,530.00 |

**Rancho Del Rey**
**Rancho Del Rey**
16222 Monterey Ln. OFC
Huntington Beach, California 92649
714-846-1429

# Statement

| Billing Period | Statement Date |
|---|---|
| 11/01/18 - 10/14/22 | 10/14/22 |

| Property | Unit | Type | Acc # |
|---|---|---|---|
| RDR | SPC 376 | Lot | 620 |

| Previous Balance | Current Charges | Current Credits | Balance Due |
|---|---|---|---|
| 0.00 | 76,620.10 | 399.94 | 76,220.16 |

| Date | Reference | Description | | | Amount |
|---|---|---|---|---|---|
| 09/01/22 | | Electric Utility | | | 143.32 |
| | *Readings:* | *Current: 08/17/22 - 5224* | *Previous: 07/19/22 - 4624* | *Usage: 600* | |
| 09/01/22 | | Gas Utility | | | 16.53 |
| | *Readings:* | *Current: 08/17/22 - 2391* | *Previous: 07/19/22 - 2385* | *Usage: 6* | |
| 09/01/22 | | Water & Sewer | | | 37.13 |
| | *Readings:* | *Current: 08/17/22 - 2232* | *Previous: 07/19/22 - 2228* | *Usage: 4* | |
| 10/01/22 | | Garbage Fee | Trash Service | | 19.90 |
| 10/01/22 | | Storage Charge | Home Storage 10/1-10/31 | | 1,530.00 |
| 10/01/22 | | Electric Utility | | | 148.10 |
| | *Readings:* | *Current: 09/16/22 - 5844* | *Previous: 08/17/22 - 5224* | *Usage: 620* | |
| 10/01/22 | | Gas Utility | | | 17.23 |
| | *Readings:* | *Current: 09/16/22 - 2397* | *Previous: 08/17/22 - 2391* | *Usage: 6* | |
| 10/01/22 | | Water & Sewer | | | 37.99 |
| | *Readings:* | *Current: 09/16/22 - 2236* | *Previous: 08/17/22 - 2232* | *Usage: 4* | |
| 10/13/22 | | Electric Utility | | | 133.82 |
| | *Readings:* | *Current: 10/13/22 - 6404* | *Previous: 09/16/22 - 5844* | *Usage: 560* | |
| 10/13/22 | | Gas Utility | Photos in Issue Note | | 19.37 |
| | *Readings:* | *Current: 10/13/22 - 2405* | *Previous: 09/16/22 - 2397* | *Usage: 8* | |
| 10/13/22 | | Water & Sewer | Photos in issue note | | 38.51 |
| | *Readings:* | *Current: 10/13/22 - 2241* | *Previous: 09/16/22 - 2236* | *Usage: 5* | |

| | |
|---|---|
| Sub Total | **76,220.16** |
| Unapplied Credits | **0.00** |
| Balance Due | **76,220.16** |

| Comments |
|---|
| |

222

**EXHIBIT C**

ELAINE B. ALSTON
VIVIENNE J. ALSTON
DONALD A. DIEBOLD

ALSTON, ALSTON & DIEBOLD
ATTORNEYS AT LAW

TELEPHONE (714) 556-9400
FACSIMILE (714) 556-9500

27201 PUERTA REAL
SUITE 300
MISSION VIEJO, CALIFORNIA 92691

OUR FILE NO:  1510

## STATEMENT OF ATTORNEY , VIVIENNE J. ALSTON

I am the attorney prosecuting the eviction of Debtor, JAMIE LYNN GALLIAN (GALLIAN), from the mobile home park known as RANCH DEL REY MOBILE ESTATES which is owned by HOUSER BROS.CO. (Orange County Superior Court Case Number 30-2019-01041423CL-UD-CJC).  The eviction arose from GALLIAN's unauthorized occupation of a mobilehome lot located at 16222 Monterey Lane, Space 376, Huntington Beach, California 92649.

GALLIAN's company, J-Sandcastle, LLC, purchased the mobilehome from another resident, Ms. Lisa Ryan.  Ms. Ryan was marketing the home for sale under a Stipulated Judgment reached in unlawful detainer action (Orange County Superior Court Case Number 3021801013582 CL-UD-CJC).  The Stipulated Judgment called for specific conditions for the sale of the mobilehome.  None of the terms of the Stipulated Judgment were followed and Ms. Ryan improperly transferred title to J-SANDCASTLE.  After moving into the mobilehome, GALLIAN submitted an application for residency which was rejected as GALLIAN's credit rating was extremely poor, GALLIAN had a significant history of violence towards other residents at her prior tenancy, she was evicted from her prior tenancy due to a failure to comply with reasonable rules governing the condominium complex, as well as, other material falsehoods contained in her application.

As a result of Debtor's occupation of the mobilehome lot, HOUSER BROS.CO. incurred attorney fees and costs from November 2018 through the date of filing of the Bankruptcy by GALLAIN on July 9, 2022.  During the pendency of the eviction action GALLAIN refused to comply with discovery requests resulting in multiple motions to compel discovery responses, and produced several false documents.  She also engaged in multiple instances of harassing conduct towards other residents in the mobilehome park.  All of these events required my office to

224

investigate and respond. Although GALLIAN and HOUSER BROS.CO. engaged in numerous settlement discussions, a voluntary settlement conference a mandatory settlement conference, a settlement was not reached. Debtor filed for bankruptcy protections shortly prior to a trial being set.

The attorney fees and costs incurred by HOUSER BROS.CO due to GALLIAN's occupation of the mobilehome lot resulted in attorney fees from November 18, 2018 through July 9, 2021, in the amount of $64,866.50 and costs in the amount of $4,518.08. An invoice reflecting these amounts is attached hereto.

Vivienne J Alston, Esq.

ALSTON, ALSTON & DIEBOLD
Attorneys at Law
27201 Puerta Real, Suite 300
Mission Viejo, CA 92691
714/556-9400
Invoice submitted to:

**Invoice**  **15507**

Invoice date  10/25/2022

File No.      1510.201BK
In reference to:

Rancho Del Rey
C/O Houser Brothers Co.
16222 Monterey Lane,
Park Office
Huntington Beach, CA 92647

**Rancho Del Rey v Jamie Gallian**
**Sp. 376 Re: 5 Day Complaint.**

Services Rendered Through:     10/25/2022

| | |
|---|---:|
| **Previous balance** | **$0.00** |
| Payments and other transactions | $0.00 |
| Total fees | $64,866.50 |
| Total expenses | $4,518.08 |
| Interest | $0.00 |
| Finance charge | $0.00 |
| Taxes | $0.00 |
| **Total new charges** | **$69,384.58** |
| Requested funds replenishment | $0.00 |
| **Balance Due** | **$69,384.58** |

Please detach this section and return it with your payment to ensure that your account is properly credited.

Rancho Del Rey

Client ID:      1510.201BK

In reference to:
**Rancho Del Rey v Jamie Gallian Sp. 376 Re: 5**
**Day Complaint.**

Invoice #          15507

Invoice date      10/25/2022

Check #          _____

ALSTON, ALSTON & DIEBOLD
Attorneys at Law
27201 Puerta Real, Suite 300
Mission Viejo, CA 92691

| | |
|---|---:|
| Previous balance | $0.00 |
| Transactions | $0.00 |
| New charges | $69,384.58 |
| Funds replenishment | $0.00 |
| Balance due | $69,384.58 |
| Payment amount | $ _____ |

ALSTON, ALSTON & DIEBOLD          Tax Payer ID: 71-0995735          714/556-9400

**EXHIBIT D**

## ASSIGNMENT OF CLAIM AGREEMENT

Alston, Alston & Diebold ("Assignor"), for good and valuable consideration, receipt of which is acknowledged by this present document, affirms the sale, transfer, and assignment from Assignor to Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates ("Assignee"), of all of Assignor's rights, title, and interest, if any, in that certain sanctions award in the amount of $3,010.00 awarded to Assignor on September 10, 2020, by the Orange County Superior Court, in Case No. 30-2019-01041423 CL-UD-CJC ("Assigned Claim"), including without limitation, the Assignor's right to receive interest, penalties and fees, if any, which may be paid with respect to the Assigned Claim. A copy of the "MINUTE ORDER" regarding the Assigned Claim is attached hereto as **Exhibit A**. This transfer is an absolute and unconditional assignment of the Assigned Claim and is not for security.

Assignor acknowledges that, except as set forth in this Agreement, neither Assignee nor any agent or representative of Assignee has made any representation whatsoever to Assignor regarding the status of the Bankruptcy Estate in the Chapter 7 case of Jamie Lynn Gallian ("Debtor"), U.S. Bankruptcy Court, Central District of California, Case No. 8:21-bk-11710-SC ("Bankruptcy Case"), or any other matters regarding the Bankruptcy Case, Debtor, or the Assigned Claim. Assignor represents that it has adequate information concerning the Assigned Claim, the status of the Bankruptcy Case, and the Debtor to make an informed decision and that Assignor has not relied on any statements, representations, or documents provided by Assignee or any of its agents. Assignor further acknowledges and agrees that upon execution of this Agreement, Assignee, and only Assignee, may file a proof of claim in the Bankruptcy Case for recovery of the Assigned Claim.

The terms and benefits of this Agreement shall be binding and inure to the benefit of the Assignee, the Assignor, and their respective successors and assigns.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

This Agreement is made and entered into under the laws of the State of California and Title 11 of the United States Code, and shall be interpreted, applied, and enforced under those laws. The Parties hereto agree that this Agreement shall be governed by the laws of the State of California and Title 11 of the United States Code, and any litigation concerning this Agreement shall be held in the jurisdiction of the United States Bankruptcy Court for the Central District of California, Santa Ana Division.

**IN WITNESS WHEREOF**, the undersigned have executed this Agreement on the date affixed by their signature.

**THE PARTIES**:

**ASSIGNOR**
**Alston, Alston & Diebold:**

By: _____
Name:  Vivienne J. Alston, Partner

Date: _10/19/2022_

**ASSIGNEE**
**Houser Bros. Co. DBA Rancho Del Rey**
**Mobile Home Estates**

By: _____
Name:  Chris Houser, Park Operations Manager

Date: _10/24/22_

229

SUPERIOR COURT OF CALIFORNIA,
COUNTY OF ORANGE

CENTRAL JUSTICE CENTER

### MINUTE ORDER

DATE: 09/10/2020                    TIME: 01:30:00 PM        DEPT: C62

JUDICIAL OFFICER PRESIDING: Kimberly A. Knill
CLERK: Brittany Gray
REPORTER/ERM: None
BAILIFF/COURT ATTENDANT: Ashlee  Wilson

CASE NO: **30-2019-01041423-CL-UD-CJC**  CASE INIT.DATE: 01/02/2019
CASE TITLE: **Houser Bros. Co. vs. Gallian**
CASE CATEGORY: Civil - Limited        CASE TYPE: Unlawful Detainer - Residential

---

EVENT ID/DOCUMENT ID: 73365076

**EVENT TYPE:** Motion for Termination of Sanctions
MOVING PARTY: Houser Bros. Co.
CAUSAL DOCUMENT/DATE FILED: Motion for Terminating Sanctions, 08/31/2020

---

**APPEARANCES**
Vivienne Alston, from Alston, Alston & Diebold Attorneys at Law, present for Plaintiff(s).
James Casello, from Casello & Lincoln, present for Defendant(s).

Remote hearing held.

Motion for Order of Terminating Sanctions and for Monetary Sanctions in the Amount of $3,010.00
Against Defendant Gallian and Her Counsel filed by Plaintiff is read and considered.

The Court having fully considered the arguments of all parties, both written and oral, as well as the
evidence presented, now rules as follows:

Motion for order terminating sanctions is denied.

Plaintiff's request for monetary Sanctions is granted in the amount of $3,010.00.

Sanctions to be paid by Defendant.

All dates to remain as set.

Court orders Clerk to give notice.

---

DATE: 09/10/2020                        MINUTE ORDER                        Page 1
DEPT: C62
Calendar No.

Case 8:23-ap-01064-SC    Doc 76    Filed 04/25/24    Entered 04/05/24 17:59:04    Desc
Case 8:21-bk-11710-SC    Claim 3-1    Main Document    Page 234 of 316
of 46    Page 234 of 316

| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE** |
| Central Justice Center |
| 700 W. Civic Center Drive |
| Santa Ana, CA 92702 |

| **SHORT TITLE:** Houser Bros. Co. vs. Gallian |

| **CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE** | **CASE NUMBER:** 30-2019-01041423-CL-UD-CJC |

I certify that I am not a party to this cause. I certify that the following document(s), Minute Order dated 09/10/20, have been transmitted electronically by Orange County Superior Court at Santa Ana, CA. The transmission originated from Orange County Superior Court email address on September 11, 2020, at 2:55:58 PM PDT. The electronically transmitted document(s) is in accordance with rule 2.251 of the California Rules of Court, addressed as shown above. The list of electronically served recipients are listed below:

ALSTON, ALSTON & DIEBOLD ATTORNEYS AT LAW
DDIEBOLD@AADLAWYERS.COM

CASELLO & LINCOLN
JHCTLEX@YAHOO.COM


Clerk of the Court, by: _____

_____, Deputy


**CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE**

**EXHIBIT E**

# Bill and Payment Report

Case 8:21-bk-11710-SC    Claim 3-1    Filed 10/25/22    Desc Main Document    Page 46
of 46

Houser Bros. Co. / Gallian, Jamie Lynn (1673-001)

Last Payment (10/17/2022): 20,594.18

| Invoice Matter | | Matter Description | Type | Date | Billed | Receipts | Adjustments | Late Charge | Total | Balance | Status | Check No. | Check Date | Payor |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 13042 | 001 | Gallian, Jamie Lynn | Invoice | 09/14/2021 | 1,079.00 | 0.00 | 0.00 | 0.00 | 1,079.00 | 1,079.00 | Paid | | | |
| 13042 | 001 | Gallian, Jamie Lynn | Payment | 09/21/2021 | 0.00 | -1,079.00 | 0.00 | 0.00 | 0.00 | 0.00 | | 7765 | 09/14/2021 | Houser Bros. Co. |
| 13125 | 001 | Gallian, Jamie Lynn | Invoice | 10/13/2021 | 767.00 | 0.00 | 0.00 | 0.00 | 767.00 | 767.00 | Paid | | | |
| 13125 | 001 | Gallian, Jamie Lynn | Payment | 10/22/2021 | 0.00 | -767.00 | 0.00 | 0.00 | 0.00 | 0.00 | | 7779 | 10/13/2021 | Houser Bros. Co. |
| 13210 | 001 | Gallian, Jamie Lynn | Invoice | 11/16/2021 | 9,213.46 | 0.00 | 0.00 | 0.00 | 9,213.46 | 9,213.46 | Paid | | | |
| 13210 | 001 | Gallian, Jamie Lynn | Payment | 12/01/2021 | 0.00 | -9,213.46 | 0.00 | 0.00 | 0.00 | 0.00 | | 7814 | 11/23/2021 | Houser Bros. Co. |
| 13356 | 001 | Gallian, Jamie Lynn | Invoice | 12/13/2021 | 7,539.20 | 0.00 | 0.00 | 0.00 | 7,539.20 | 7,539.20 | Paid | | | |
| 13356 | 001 | Gallian, Jamie Lynn | Payment | 12/20/2021 | 0.00 | -7,539.20 | 0.00 | 0.00 | 0.00 | 0.00 | | 7828 | 12/13/2021 | Houser Bros. Co. |
| 13673 | 001 | Gallian, Jamie Lynn | Invoice | 01/14/2022 | 6,898.43 | 0.00 | 0.00 | 0.00 | 6,898.43 | 6,898.43 | Paid | | | |
| 13673 | 001 | Gallian, Jamie Lynn | Payment | 01/24/2022 | 0.00 | -6,898.43 | 0.00 | 0.00 | 0.00 | 0.00 | | 7840 | 01/14/2022 | Houser Bros. Co. |
| 13757 | 001 | Gallian, Jamie Lynn | Invoice | 02/10/2022 | 5,373.99 | 0.00 | 0.00 | 0.00 | 5,373.99 | 5,373.99 | Paid | | | |
| 13757 | 001 | Gallian, Jamie Lynn | Payment | 02/23/2022 | 0.00 | -5,373.99 | 0.00 | 0.00 | 0.00 | 0.00 | | 7854 | 02/10/2022 | Houser Bros. Co. |
| 13839 | 001 | Gallian, Jamie Lynn | Invoice | 03/04/2022 | 2,219.85 | 0.00 | 0.00 | 0.00 | 2,219.85 | 2,219.85 | Paid | | | |
| 13839 | 001 | Gallian, Jamie Lynn | Payment | 03/23/2022 | 0.00 | -2,219.85 | 0.00 | 0.00 | 0.00 | 0.00 | | 7880 | 03/17/2022 | Houser Bros. Co. |
| 14140 | 001 | Gallian, Jamie Lynn | Invoice | 06/28/2022 | 32,644.49 | 0.00 | 0.00 | 0.00 | 32,644.49 | 32,644.49 | Paid | | | |
| 14140 | 001 | Gallian, Jamie Lynn | Payment | 07/05/2022 | 0.00 | -32,644.49 | 0.00 | 0.00 | 0.00 | 0.00 | | 7962 | 06/28/2022 | Houser Bros. Co. |
| 14209 | 001 | Gallian, Jamie Lynn | Invoice | 07/06/2022 | 24,758.33 | 0.00 | 0.00 | 0.00 | 24,758.33 | 24,758.33 | Paid | | | |
| 14209 | 001 | Gallian, Jamie Lynn | Payment | 08/08/2022 | 0.00 | -24,758.33 | 0.00 | 0.00 | 0.00 | 0.00 | | 7988 | 08/01/2022 | Houser Bros. Co. |
| 14273 | 001 | Gallian, Jamie Lynn | Invoice | 08/03/2022 | 21,224.96 | 0.00 | 0.00 | 0.00 | 21,224.96 | 21,224.96 | Paid | | | |
| 14273 | 001 | Gallian, Jamie Lynn | Payment | 08/17/2022 | 0.00 | -21,224.96 | 0.00 | 0.00 | 0.00 | 0.00 | | 7996 | 08/10/2022 | Houser Bros. Co. |
| 14351 | 001 | Gallian, Jamie Lynn | Invoice | 09/06/2022 | 20,594.18 | 0.00 | 0.00 | 0.00 | 20,594.18 | 20,594.18 | Paid | | | |
| 14351 | 001 | Gallian, Jamie Lynn | Payment | 10/17/2022 | 0.00 | -20,594.18 | 0.00 | 0.00 | 0.00 | 0.00 | | 8027 | 10/05/2022 | Houser Bros. Co. |

**Report Totals:** 132,312.89    -132,312.89    0.00    0.00

# EXHIBIT 10

**Fill in this information to identify the case:**

Debtor 1    JAMIE LYNN GALLIAN

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the:   Central District of California

Case number   8:21-bk-11710-SC

## Official Form 410

# Proof of Claim

04/22

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309)** that you received.

| Part 1: | Identify the Claim |
|---|---|

**1. Who is the current creditor?**

Janine Jasso, Jennifer Paulin, Lori Burrett, Lee Gragnano, Lindy Beck, and Ted Phillips
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
|---|---|
| Robert P. Goe / Goe Forsythe & Hodges LLP<br>Name | Janine Jasso, Jennifer Paulin, et. al<br>Name |
| 17701 Cowan Ave, Suite 210<br>Number   Street | c/o Goe Forsythe & Hodges, 17701 Cowan Ave<br>Number   Street |
| Irvine    CA    92614<br>City   State   ZIP Code | Suite 210, Irvine    CA    92614<br>City   State   ZIP Code |
| Contact phone 949-798-2460 | Contact phone 949-798-2460 |
| Contact email rgoe@goeforlaw.com | Contact email rgoe@goeforlaw.com |

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

__ __ __ __ — __ __ __ __ — __ __ __ __ — __ __ __ __

**4. Does this claim amend one already filed?**

☑ No
☐ Yes. Claim number on court claims registry (if known) _____    Filed on _____
   MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing? _____

---

**Part 2:** Give Information About the Claim as of the Date the Case Was Filed

| | |
|---|---|
| 6. **Do you have any number you use to identify the debtor?** | ☐ No<br>☑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: _3_ _9_ _3_ _6_ |

| | |
|---|---|
| 7. **How much is the claim?** | At least $64,049.66 (not including additional interest, fees and other costs)<br>$_____ 64,049.66 . **Does this amount include interest or other charges?**<br>☐ No<br>☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |

| | |
|---|---|
| 8. **What is the basis of the claim?** | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.<br><br>Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br><br>Limit disclosing information that is entitled to privacy, such as health care information.<br><br>Judgment |

| | |
|---|---|
| 9. **Is all or part of the claim secured?** | ☐ No<br>☑ Yes.  The claim is secured by a lien on property.<br><br>**Nature of property:**<br>☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.<br>☐ Motor vehicle<br>☑ Other. Describe:   Abstract of judgment<br><br>**Basis for perfection:** _____<br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>**Value of property:** $ Unknown<br>**Amount of the claim that is secured:** $ Unknown<br><br>**Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)<br><br>**Amount necessary to cure any default as of the date of the petition:** $_____<br><br>**Annual Interest Rate** (when case was filed)_____%<br>☐ Fixed<br>☐ Variable |

| | |
|---|---|
| 10. **Is this claim based on a lease?** | ☑ No<br><br>☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $_____ |

| | |
|---|---|
| 11. **Is this claim subject to a right of setoff?** | ☑ No<br><br>☐ Yes. Identify the property: _____ |

236

Official Form 410                    **Proof of Claim**                    page 2

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☑ No

☐ Yes. *Check one:*

| | Amount entitled to priority |
|---|---|
| ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| ☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| ☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | $_____ |

\* Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment.

---

## Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  10/25/2022
              MM / DD / YYYY

/s/ Robert P. Goe
_____
Signature

**Print the name of the person who is completing and signing this claim:**

| Name | Robert P. Goe | | |
|---|---|---|---|
| | First name | Middle name | Last name |

Title  Attorney

Company  Goe Forsythe & Hodges LLP
Identify the corporate servicer as the company if the authorized agent is a servicer.

Address  17701 Cowan Avenue, Suite 210
Number    Street

Irvine                                    CA            92614
City                                      State         ZIP Code

Contact phone  (949) 798-2460            Email  rgoe@goeforlaw.com

---

Creditors: Janine Jasso, Jennifer Paulin, Lori Burrett, Lee Gragnano, Lindy Beck, and Ted Phillips
(Individual Board Members of the Huntington Beach Gables Homeowners Association)
Claim Itemization under FRBP 3001(c)(2)
October 25, 2022

Table of Judgments in favor of the Individual Board Members of The Huntington Beach Gables
Homeowners Association against Debtor, Jamie Lynn Gallian

| OCSC Case Number | Case Name | Date of Abstract | Dollar Amount | Number of Pages |
|---|---|---|---|---|
| 30-2017-00913985 | The Huntington Beach Gables HOA v. Bradley, Gallian, et al.; Cross-Complaint Debtor filed against Individual Board Members | 12/13/2018 | $46,138; plus 10% per annum from 12/4/18 (date of judgment) | 6 pages |
| Total Amount | | | $64,049.66 | |

EJ-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, address, State Bar number, and telephone number)* | FOR RECORDER'S USE ONLY |

Recording requested by and return to:
James E. Hawley (SBN: 299723)
GORDON REES SCULLY & MANSUKHANI
633 W. 5th Street, 52nd Floor
Los Angeles, CA 90071
TEL NO.: (213) 576-5000     FAX NO. (Optional): (877) 306-0043
E-MAIL ADDRESS (Optional):

☒ ATTORNEY FOR   ☐ JUDGMENT CREDITOR   ☐ ASSIGNEE OF RECORD

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Orange
STREET ADDRESS: 700 W. Civic Center Dr.
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana, 92701
BRANCH NAME: Central Justice Center

PLAINTIFF: The Huntington Beach Gables Homeowners Association

DEFENDANT: Sandra L. Bradley; Jamie L. Gallian et al.

CASE NUMBER: 30-2017-00913985-CU-CO-CJC

| ABSTRACT OF JUDGMENT—CIVIL AND SMALL CLAIMS   ☐ Amended | FOR COURT USE ONLY |

1. The ☒ judgment creditor ☐ assignee of record applies for an abstract of judgment and represents the following:

   a. Judgment debtor's
   Name and last known address

   ┌ Jamie L. Gallian
   │ 5782 Pinon Drive
   │ Huntington Beach, CA 92649 ┘

   Pursuant to California Government Code § 68150(f), the Clerk of the Court hereby certifies this document accurately reflects the official court record. The electronic signature and seal on this document have the same validity and legal force and effect as an original clerk's signature and court seal. California Government Code § 68150(g).

   b. Driver's license no. [last 4 digits] and state: ☒ Unknown
   c. Social security no. [last 4 digits]: 3936   ☐ Unknown
   d. Summons or notice of entry of sister-state judgment was personally served or mailed to (name and address):

   Jamie L. Gallian, 5782 Pinon Drive, Huntington Beach, CA 92649

2. ☐ Information on additional judgment debtors is shown on page 2.
3. Judgment creditor (name and address):
   Janine Jasso
   4469 Chase Dr.
   Huntington Beach, CA 92649
   Date: December 7, 2018
   James E. Hawley
   (TYPE OR PRINT NAME)

4. ☒ Information on additional judgment creditors is shown on page 2.
5. ☐ Original abstract recorded in this county:
   a. Date:
   b. Instrument No.:

   ▶ (SIGNATURE OF APPLICANT OR ATTORNEY)

6. Total amount of judgment as entered or last renewed: $46,138.00
7. All judgment creditors and debtors are listed on this abstract.
8. a. Judgment entered on (date): December 4, 2018
   b. Renewal entered on (date):
9. ☐ This judgment is an installment judgment.

10. ☐ An ☐ execution lien ☐ attachment lien is endorsed on the judgment as follows:
    a. Amount: $
    b. In favor of (name and address):

11. A stay of enforcement has
    a. ☒ not been ordered by the court.
    b. ☐ been ordered by the court effective until (date):
12. a. ☒ I certify that this is a true and correct abstract of, the judgment entered in this action.
    b. ☐ A certified copy of the judgment is attached.

David H. Yamasaki, Clerk of the Court

This abstract issued on (date): 12/13/2018

Clerk, by _____ S.Wilson Deputy

Form Adopted for Mandatory Use
Judicial Council of California
EJ-001 [Rev July 1, 2014]

ABSTRACT OF JUDGMENT—CIVIL AND SMALL CLAIMS

Page 1 of 2
Code of Civil Procedure, §§ 488.480, 674, 700.190

| PLAINTIFF: The Huntington Beach Gables Homeowners Association | COURT CASE NO.: 30-2017-00913985-CU-CO-CJC |
|---|---|
| DEFENDANT: Sandra L. Bradley; Jamie L. Gallian et al. | |

**NAMES AND ADDRESSES OF ADDITIONAL JUDGMENT CREDITORS:**

13. Judgment creditor *(name and address):*

Jennifer Paulin
4446 Alderport Dr.
Huntington Beach, CA 92649

14. Judgment creditor *(name and address):*

Lori Burrett
16107 Warmington Lane
Huntington Beach, CA 92649

15. ☒ Continued on Attachment 15.

**INFORMATION ON ADDITIONAL JUDGMENT DEBTORS:**

16. Name and last known address

Driver's license no. [last 4 digits] and state: ☐ Unknown

Social security no. [last 4 digits]: ☐ Unknown

Summons was personally served at or mailed to *(address):*

17. Name and last known address

Driver's license no. [last 4 digits] and state: ☐ Unknown

Social security no. [last 4 digits]: ☐ Unknown

Summons was personally served at or mailed to *(address):*

18. Name and last known address

Driver's license no. [last 4 digits] and state: ☐ Unknown

Social security no. [last 4 digits]: ☐ Unknown

Summons was personally served at or mailed to *(address):*

19. Name and last known address

Driver's license no. [last 4 digits] and state: ☐ Unknown

Social security no. [last 4 digits]: ☐ Unknown

Summons was personally served at or mailed to *(address):*

20. ☐ Continued on Attachment 20.

---

EJ-001 [Rev. January 1, 2014]

**ABSTRACT OF JUDGMENT—CIVIL
AND SMALL CLAIMS**

Page 2 of 2


American LegalNet, Inc.
www.FormsWorkFlow.com

MC-025

| SHORT TITLE:<br>— The Huntington Beach Gables HOA v. Bradley; Gallian | CASE NUMBER:<br>30-2017-00913985-CU-CO-CJC |
|---|---|

ATTACHMENT *(Number):* <u>15</u>

*(This Attachment may be used with any Judicial Council form.)*

Additional Judgment Creditors

Lee Gragnano
16062 Warmington Ave.
Huntington Beach, CA 92649

Lindy Beck
4443 Chase Drive
Huntington Beach, CA 92649

Ted Phillips
4447 Chase Drive
Huntington Beach, CA 92649

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page __1__ of __1__

*(Add pages as required)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]

**ATTACHMENT**
to Judicial Council Form


www.ceb.com

www.courtinfo.ca.gov

3728619

ELECTRONICALLY RECEIVED
Superior Court of California,
County of Orange
11/09/2018 at 10:23:23 AM
Clerk of the Superior Court
By eClerk, Deputy Clerk

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

**DEC 0 4 2018**

DAVID H. YAMASAKI, Clerk of the Court

BY:_____,DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF ORANGE, CENTRAL JUSTICE CENTER

| | |
|---|---|
| THE HUNTINGTON BEACH GABLES HOMEOWNERS ASSOCIATION, a California Nonprofit Mutual Benefit Corporation,<br><br>Plaintiff,<br><br>v.<br><br>SANDRA L. BRADLEY, individually and as Trustee of the Sandra L. Bradley Trust; JAMIE L. GALLIAN, an individual; and DOES 1 through 25, inclusive,<br><br>Defendants.<br><br>_____<br><br>AND RELATED CROSS-ACTIONS. | Case No. 30-2017-00913985-CU-CO-CJC<br><br>*Honorable James L. Crandall*<br><br>[~~PROPOSED~~] JUDGMENT FOR ATTORNEYS' FEES<br><br>FAC Filed: May 16, 2017<br>Trial Date: December 10, 2018 |

-1-

[~~PROPOSED~~] JUDGMENT FOR ATTORNEYS' FEES

The above-captioned matter came on regularly for hearing on Cross-Defendants Lee Gragnano, Ted Phillips, Lindy Beck, Jennifer Paulin, Janine Jasso, and Lori Burrett's Motion for Attorneys' Fees and Costs on November 1, 2018 and November 8, 2018, in Department C33 of the Superior Court in and for the State of California, County of Orange, the Honorable James L. Crandall presiding.

Cross-Defendants Lee Gragnano, Ted Phillips, Lindy Beck, Jennifer Paulin, Janine Jasso, and Lori Burrett appeared by and through its attorneys, Brenda Radmacher of Gordon & Rees, LLP. Cross-Complainant Jamie L. Gallian, in pro per, appeared on behalf of herself. After hearing evidence and arguments, and good cause appearing;

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED** that Cross-Defendants Lee Gragnano, Ted Phillips, Lindy Beck, Jennifer Paulin, Janine Jasso, and Lori Burrett are awarded their attorneys' fees in the amount of $46,138.00 against Cross-Complainant Jamie L. Gallian. Post-judgment interest at a rate of ten (10) percent annum from the date hereof, till paid, shall accrue on the amount above.

**IT IS SO ORDERED, ADJUDGED AND DECREED.**

Dated: / 2 - 4 - , 2018

Honorable James L. Crandall
Judge of the Superior Court

-2-
[PROPOSED] JUDGMENT FOR ATTORNEYS' FEES

244

# EXHIBIT 11

1              UNITED STATES BANKRUPTCY COURT

2              CENTRAL DISTRICT OF CALIFORNIA

3                        --oOo--

4  In Re:                    )  Case No. 8:21-bk-11710-SC
                             )
5  JAMIE LYNN GALLIAN,       )  Chapter 7
                             )
6        Debtor.             )  Santa Ana, California
   _____)  Wednesday, April 26, 2023
7                            )  9:30 a.m.
                             )
8  HOUSER BROS. CO.,         )  Adv. No. 8:21-ap-01097-SC
                             )
9        Plaintiff,          )
                             )
10      vs.                  )
                             )
11 GALLIAN,                  )
                             )
12       Defendant.          )
   _____)

13

14                     CONT'D TRIAL RE: FIRST AMENDED
                       COMPLAINT TO (2) DENY
15                     DISCHARGE PURSUANT TO 11
                       U.S.C. SECTIONS 727(A)(2)(A),
16                     (A)(4), AND (A)(5) (COMPLAINT
                       FILED 10/22/2021) (FIRST
17                     AMENDED COMPLAINT FILED
                       10/22/2021) [CASE TRANSFERRED
18                     FROM ES ON 9/1/2022] (SET AT
                       SC HELD 1-6-22) (TRIAL SET AT
19                     HEARING HELD 9/27/2022) [TRIAL
                       ONLY AS TO 727 ACTION]
20                     [IN-PERSON HEARING]

21             TRANSCRIPT OF PROCEEDINGS
        BEFORE THE HONORABLE SCOTT C. CLARKSON
22            UNITED STATES BANKRUPTCY JUDGE

23

24
   Proceedings produced by electronic sound recording;
25 transcript produced by transcription service.

*Briggs Reporting Company, Inc.*

ii

1  APPEARANCES:

2  For the Plaintiff:              D. EDWARD HAYS, ESQ.
                                   BRADFORD N. BARNHARDT, ESQ.
3                                  Marshack Hays, LLP
                                   870 Roosevelt
4                                  Irvine, California 92620
                                   (949) 333-7777
5

6  For the Defendant:             JAMIE LYNN GALLIAN, IN PRO PER
                                   16222 Monterey Lane
7                                  Unit 376
                                   Huntington Beach, California
8                                    92649
                                   (714) 321-3449
9

10 Court Recorder:                James Le
                                   United States Bankruptcy Court
11                                 411 West Fourth Street
                                   Suite 2030
12                                 Santa Ana, California 92701

13 Transcriber:                   Briggs Reporting Company, Inc.
                                   9711 Cactus Street
14                                 Suite B
                                   Lakeside, California 92040
15                                 (310) 410-4151

16

17

18

19

20

21

22

23

24

25

iii

1                          I N D E X

| WITNESSES | DIRECT | CROSS | REDIRECT | RECROSS |
|---|---|---|---|---|
| Jamie L. Gallian | 9 135 | -- | -- | -- |
| Gregory J. Buysman | 240 | 243 | -- | -- |
| Christopher C. Houser | 278 | 287 | -- | -- |
| Jamie L. Gallian (recalled) | 303 | 384 | -- | -- |

| EXHIBITS | | IDENTIFIED | RECEIVED |
|---|---|---|---|
| Plaintiff's: | | | |
| 1 thru 3 | Documents | 50 | 51 |
| 4 | Ryan release form, certificate of title | 36 | 51 |
| 5 | Ryan notice of sale or transfer | 31 | 51 |
| 6 thru 9 | Documents | 50 | 51 |
| 10 | Security agreement w/promissory note | 50 | 51 |
| 11 thru 24 | Documents | 50 | 51 |
| 25 | Statement to encumber | 50 | 51 |
| 26 thru 27 | Documents | 50 | 51 |
| 28 | Original voluntary petition | 50 | 51 |

```
                                                                       iv

 1  EXHIBITS  (cont'd.)                        IDENTIFIED        RECEIVED

 2  Plaintiff's:

 3  29   Amended schedules and statements       50              51
    thru
 4  30

 5  31   Document                               50              51

 6  32   Amended schedules and statements       50              51
    thru
 7  34

 8  35   Documents                              50              51
    thru
 9  37

10  38   Amended schedules and statements       50              51

11  39   Document                               50              51

12  40   Debtor's opposition to objection       50              51
         to exemption
13
14  41   Document                               50              51

15  42   Declaration of Buysman                 50              51

16  43   Documents                              50              51
    thru
17  46

18  47   Claim 4-1, filed 10/5/22               52              52

19  48   Claim 1-2, filed 10/25/22              55              58

20  49   Deposition transcript                 338             338

21
22  Defendant's:

23  (None.)

24
25
```

*Briggs Reporting Company, Inc.*

1

1   SANTA ANA, CALIFORNIA  WEDNESDAY, APRIL 26, 2023  9:30 AM

2                          --oOo--

3       (Call to order of the Court.)

4           THE CLERK:  Good morning, everyone.  Please be

5   seated.

6           MR. HAYS:  Good morning, your Honor.

7           MS. GALLIAN:  Good morning, your Honor.

8           THE COURT:  Welcome to the April 26, 2023, 9:30

9   calendar, and today we have Item Number 1, Houser Brothers

10  Company versus Gillian.

11          May I have appearances, please.

12          MR. HAYS:  Yes.  Good morning, your Honor.  For

13  the Plaintiff, Houser Brothers, my name is Ed Hays,

14  accompanied by Bradford Barnhardt, of Marshack Hays LLP.

15          THE COURT:  Good morning.

16          MS. GALLIAN:  Good morning, Judge Clarkson.  My

17  name is Jamie Gallian.  I'm the defendant in this case.

18          THE COURT:  Good morning to you.

19          MS. GALLIAN:  Thank you.

20          THE COURT:  I have to find a yellow pad.  I don't

21  have a yellow pad.  I wouldn't mind having just any color

22  paper, but just something to make notes on.  Thank you.

23          Today we're having the bifurcated episode of this

24  trial on the first amended complaint deny discharge pursuant

25  to 727(a)(2)(A), (a)(4), and (a)(5).

33

1  placed over it, and on November 15th, J-Sandcastle Co was

2  added, and I asked Lisa Ryan to then sign again her name on

3  11/15, but she was whiting it out and putting

4  "J-Sandcastle."

5           THE COURT:  Excellent.

6           THE WITNESS:  My pleasure.

7           THE COURT:  No.  What you're doing is you're

8  helping me.  You're really giving me a guide on what this

9  document is.

10          THE WITNESS:  Thank you.

11          THE COURT:  So who put the whiteout on?

12          THE WITNESS:  Lisa Ryan.

13          THE COURT:  Did you see her do it?

14          THE WITNESS:  Yes.

15          THE COURT:  Did she do it because you asked her to

16  do it?

17          THE WITNESS:  No.  It was because of a writ of

18  execution.

19          THE COURT:  Well, I didn't ask you that.

20          THE WITNESS:  I thought you asked why.

21          THE COURT:  I asked you, did you ask her?

22          THE WITNESS:  No, I did not.

23          THE COURT:  Did you ask her to white it out?

24          THE WITNESS:  No, I did not.

25          THE COURT:  How did she know -- and who wrote,

35

1   name?

2           THE WITNESS:  You mean told her the name?  Yes.

3           THE COURT:  Yes.

4           THE WITNESS:  Yes, your Honor.

5           THE COURT:  Okay.

6           THE WITNESS:  Yes.

7           THE COURT:  So you told her to white out the name

8   of -- your name, and put in "J-Sandcastle Company LLC."  Is

9   that correct?

10          THE WITNESS:  I don't believe --

11          THE COURT:  Then who else would have?

12          THE WITNESS:  Well, and if we're going to -- I

13  have documents.

14          THE COURT:  Who else would have?

15          THE WITNESS:  (No response.)

16          THE COURT:  Were you the manager of J-Sandcastle

17  Company LLC?

18          THE WITNESS:  I'm the member, sir.

19          THE COURT:  Are you the manager?

20          THE WITNESS:  I'm the only member.

21          THE COURT:  Okay.  Are you the manager?

22          THE WITNESS:  I suppose so, sir, so yes, sir.

23          THE COURT:  Did you ask her to put "J-Sandcastle

24  Company LLC" as the name of "Purchaser," slash, "New Owner"?

25          THE WITNESS:  (No response.)

*Briggs Reporting Company, Inc.*

36

1          THE COURT:  How would she have known to do it if
2  you didn't ask her?

3          THE WITNESS:  I'm going to say yes, your Honor.

4          THE COURT:  Thank you.

5          Mr. Hays, let's proceed as quickly as we can.
6  We're getting bogged down.

7          MR. HAYS:  I agree, your Honor.  Thank you.

8  BY MR. HAYS:

9  Q    Ms. Gallian, can I have you turn to the previous
10  exhibit, which is Exhibit 4, and that document is a state of
11  California certificate of title, and is this the certificate
12  of title that Ms. Ryan signed releasing her interest in the
13  property?

14          THE COURT:  Excuse me.  Are you talking about
15  Exhibit 4?

16          MR. HAYS:  Yes, your Honor.

17          THE COURT:  Page 41?

18          MR. HAYS:  Yes, your Honor.  That's the front page
19  of the certificate of title, and the document continues to a
20  second page, and on the second page, there's releasing
21  signatures in Section B.

22  BY MR. HAYS:

23  Q    And, Ms. Gallian, is that the document that Ms. Ryan
24  signed releasing her interest in the property?

25  A    Yes, it is.

65

1          THE WITNESS:  Right.

2          THE COURT:  So all we need to do is -- it's not a

3   real objection.  What you say is you "Understand, Judge,

4   that this is just a partial."

5          THE WITNESS:  Okay.

6          THE COURT:  And now I know.  See, you've helped me

7   already.

8          THE WITNESS:  I believe it was 43.

9          THE COURT:  Well, we'll find it.

10         THE WITNESS:  Yes.

11         THE COURT:  But the point is that, when you raise

12  these objections, you help me --

13         THE WITNESS:  Thank you, your Honor.

14         THE COURT:  -- and I want that assistance from

15  you.

16         THE WITNESS:  Thank you.  I appreciate that.

17         THE COURT:  Thank you.

18  BY MR. HAYS:

19  Q    The collateral that was the subject of the security

20  agreement was the manufactured home in Space 376, correct?

21  A    That's correct.

22  Q    Okay.  And so J-Sandcastle, who was on title, pledged a

23  security interest in the mobile home to secure repayment of

24  this $225,000 we're talking about.  That's what these

25  documents were accomplishing, correct?

66

1  A    Yes.

2  Q    Okay.  Did J-Sandcastle ever pay $225,000 to J-Pad?

3  A    No, sir.

4  Q    Okay.  Was the money ever paid to you individually?

5  A    No, sir.

6  Q    Was there ever any lawsuit filed to enforce payment

7  under this note obligation?

8  A    No, sir.  It's not due yet.

9  Q    At the time that this was being done, were you the 100

10 percent owner of J-Sandcastle?

11 A    That's correct.

12 Q    And have you always been the 100 percent owner of

13 J-Sandcastle?

14 A    That's correct.

15 Q    At the time that these documents were being drafted,

16 who were the members of J-Pad?

17 A    In November of 2000 (sic), the only members of J-Pad

18 were Mr. Calderon, I believe is his name, and myself.

19 Q    I think you just said, "In November of 2000."  Do you

20 mean November of 2018?

21 A    I'm sorry.  2018, sir, yes.

22 Q    Okay.  And how much did Mr. Calderon own of J-Pad?

23 A    I believe at the time only $5,000 worth.

24 Q    Was that a percentage, or was it just the dollar

25 amount?

416

1  you for coming.

2         MR. HAYS:  Thank you, your Honor.

3         THE COURT:  Court is adjourned.

4      (Proceedings concluded.)

5

6         I certify that the foregoing is a correct

7  transcript from the electronic sound recording of the

8  proceedings in the above-entitled matter.

9  /s/ Holly Steinhauer          5-3-23
   Transcriber                   Date
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

# EXHIBIT 12



FILED & ENTERED

MAY 23 2023

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bolte      DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SANTA ANA DIVISION

| | |
|---|---|
| In re: | Case No.:  8:21-bk-11710-SC |
| Jamie Lynn Gallian, | CHAPTER 7 |
| | Adv No:   8:21-ap-01097-SC |
| Debtor(s). | **(1) ORDER DENYING MOTION TO AMEND AND VACATING HEARING;** |
| | **(2) MEMORANDUM DECISION AFTER TRIAL REGARDING §727 CLAIMS; AND** |
| | **(3) SETTING STATUS CONFERENCE ON REMAINING § 523 CLAIMS** |
| Houser Bros. Co., dba Rancho Del Rey Mobile Home Estates, | §727 Trial: |
| Plaintiff(s), | Date:      April 26, 2023 |
| v. | Time:      9:30 a.m. |
| Jamie Lynn Gallian, | Courtroom:  5C |
| Defendant(s). | |

On April 26, 2023, a trial was held in the above captioned adversary proceeding ("April 26 Trial"). D. Edward Hays, Esq. and Bradford Barnhardt, Esq. appeared on behalf of Plaintiff Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates ("Plaintiff"), as did Christopher Houser, who appeared and testified as Plaintiff's representative. Greg Buysman was also called as a witness by Plaintiff. Defendant Jamie Lynn Gallian ("Defendant" or "Debtor") appeared pro se and testified. All witnesses were cross-examined by the opposing party.

During trial, Plaintiff presented its case, seeking the denial of Defendant's discharge under 11 U.S.C. §§727(a)(2)(A), (a)(4), and (a)(5).[1] Plaintiff did not include a cause of action for §727(a)(2)(B)[2] in its complaint; however, after the parties had rested, and after the close of evidence, Plaintiff orally moved to amend the complaint to conform to the evidence presented at trial (i.e., Defendant's admissions of her attempts to perfect post-petition liens). While the Court permitted the parties to address §727(a)(2)(B) in their closing statements and post-trial briefs, it did so concurrently with the expressed requirement that Plaintiff file a written motion to amend, to be heard on regular notice, which would need to be granted before the Court would consider the inclusion of the new cause of action. Plaintiff filed its written motion to amend the complaint on May 10, 2023 [Dk. 76] ("Motion to Amend"), setting the matter for hearing on June 1, 2023. On May 18, 2023, Defendant filed her opposition [Dk. 79].[3]

Additionally, the Court granted Defendant the opportunity to file a supplemental

---

[1] The Court bifurcated Plaintiff's claims for relief under 11 U.S.C. § 523 and ordered that the trial would proceed only as it relates to Plaintiff's claims for relief under § 727. *See* Dk. 58.

[2] § 727(a)(2)(B) states: "The court shall grant the debtor a discharge, unless— (2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—(B) property of the estate, after the date of the filing of the petition."

[3] The Court notes that Defendant improperly raised the issue of standing by attaching what appears to be recycled from a prior pleading related to a motion for relief from stay filed earlier in the case. *See* Opposition to Motion to Amend filed May 17, 2023, Dk. 79, Pg. 9. The Court will address the issue of Plaintiff's standing herein, briefly, but not in connection with the motion to amend which is denied herein.

259

declaration accounting for her expenditures in greater detail, which Defendant provided

twice: on May 1, 2023 [Dk. 71] and May 8, 2023 [Dk. 73].[4] Moreover, the Court

requested post-trial briefs from both parties, which briefs were timely filed on May 10,

2023 [Dks. 74 and 77].

After considering the arguments of the parties, the pleadings filed prior to and

after trial, all evidence admitted during trial and based upon the discussion on the

record at trial, and for the reasons more fully explained below, the Court finds good

cause to enter the following order DENYING the Motion to Amend, VACATING the

hearing on the Motion to Amend, and rendering judgment in favor of Plaintiff and

against Defendant on each of its original § 727 causes of action (i.e., 11 U.S.C. §§

727(a)(2)(A), (a)(4) and (a)(5)).

## I.    Plaintiff's Standing

As a preliminary matter, the Court finds that, contrary to the repeated assertions

of Defendant, Plaintiff has proper standing to pursue this action.

Under Section 727(c)(1), a creditor has standing to object to the granting of a

discharge under Section 727(a). *See* 11 U.S.C. § 727(c)(1) ("The trustee, a creditor, or

the United States trustee may object to the granting of a discharge . . ."). A creditor is

defined under the Bankruptcy Code as an "entity that has a claim against the debtor that

arose at the time of or before the order for relief concerning the debtor." 11 U.S.C. §

101(10). A claim is a "right to a payment, whether or not such right is reduced to

judgment, liquidated, fixed, contingent, matured, unmatured, *disputed*, undisputed,

legal, equitable, secured or unsecured." 11 U.S.C. § 101(5) (emphasis added).

Plaintiff is a creditor of Debtor's estate, having filed a proof of claim (Claim #3) on

October 23, 2022. That the facts underlying Plaintiff's claim against Debtor are disputed

by Debtor is insufficient to deprive Plaintiff of standing to bring this action. *See* S*paich v.

Smith (In re Spaich)*, 2005 Bankr. LEXIS 3431, at *3 (B.A.P. 9th Cir. 2005) ("[T]here is

---

[4] The latter filing contained improperly authenticated documentary evidence, presumably intended to
corroborate certain of the expenditures. The Court has reviewed and considered both documents, despite
the fact that both declarations were filed outside of the timeframe ordered by the Court.

nothing in the Code or the Rules which suggest that only creditors with proven claims may file such an action, and case law suggests the contrary.") Moreover, "lack of injury to creditors is irrelevant for purposes of denying a discharge in bankruptcy." *Retz v. Samson (In re Retz)*, 606 F.3d 1189, 1200 (9th Cir. 2010). Accordingly, Defendant's objections with regard to Plaintiff's standing to bring this action against her are OVERRULED.

## II.    Plaintiff's Motion to Amend

Rule 15(b)(2) of the Federal Rules of Civil Procedure (FRCP) is made applicable to this adversary proceeding by Rule 7015 of the Federal Rules of Bankruptcy Procedure (FRBP), and permits a party to "move – at any time, even after judgment – to amend the pleadings to conform them to the evidence and to raise an unpleaded issue." Fed. R. Civ. P. 15(b)(2).

"To amend a pleading under rule 15(b)(2) a party must show that an issue was tried by the parties' express or implied consent… **and** that amendment would not cause substantial prejudice to the opposing party." *Phila. Indem. Ins. Co. v. Danco Builders*, 2017 U.S. Dist. LEXIS 136338, at *9 (N.D. Cal. 2017) (internal citations and quotations omitted) (emphasis added).

During Plaintiff's examination of Defendant at the April 26 Trial, Defendant admitted to gifting post-petition liens against her residence to her son, granddaughter, ex-husband, and roommate with the stated purpose of "getting her affairs in order." Plaintiff seeks to amend its complaint to include a § 727(a)(2)(B) cause of action because Defendant admitted certain facts at trial regarding post-petition liens. Plaintiff appears to argue that Defendant impliedly consented to try the issue because Defendant did not object to Plaintiff's counsel's questions regarding post-petition liens during her examination, and Defendant addressed Plaintiff's allegations with regard to the post-petition liens during the presentation of her defense. Plaintiff further argues that Defendant articulated no prejudice which would result from Plaintiff's proposed amendment, and that there would, in fact, be no prejudice to Defendant because *inter*

*alia*, the standard for denial of discharge is the same as § 727(a)(2)(A) (which cause of action was originally plead) except with respect to the timing of the disposition of estate property (i.e., before or after the petition date). In short, Plaintiff asserts that because § 727(a)(2)(B) is not "a wildly new legal theory", there is no prejudice to Defendant in addressing it herein. The Court disagrees.

The purpose of Rule 15(b) is to freely allow the pleadings to be amended "to reflect the actual issues upon which a case was tried." *Prieto v. Paul Revere Life Ins. Co.*, 354 F.3d 1005, 1012 (9th Cir. 2004). However, "[t]he rule does not permit amendments to include issues which may be inferentially suggested by incidental evidence in the record." *Consol. Data Terminals v. Applied Dig. Data Sys.*, 708 F.2d 385, 396 (9th Cir. 1983) (internal quotations omitted). [A] trial court may not base its decision upon an issue that was tried inadvertently." *Id*. at 397.

"An adverse party cannot be expected to object to the introduction of evidence that is only tangentially related to the issues actually pleaded prior to trial **unless** the party has notice that the evidence is being introduced as proof on some other unpleaded issue." *Id*. (emphasis added). Therefore, "to establish implied consent, the plaintiff must demonstrate that the defendant understood evidence had been introduced to prove the new issue and that the new issue had been directly addressed, not merely inferentially raised by incidental evidence." *Jaurigui v. Jaurugui (In re Swing House Rehearsal & Recording, Inc.)*, 2022 Bankr. LEXIS 702, at *4-5 (Bankr. C.D. Cal. 2022).

That Defendant did not object to questioning regarding the post-petition liens and that after her admissions regarding the post-petition liens, Defendant replied in her defense to Plaintiff's assertions raised in closing argument, is in this Court's view, insufficient to demonstrate that Defendant impliedly consented to try the §727(a)(2)(B) cause of action. It is Plaintiff's burden to demonstrate that Defendant understood at trial that the evidence was being introduced to prove §727(a)(2)(B) specifically, and that § 727(a)(2)(B) would be directly addressed. That was not the case here.

Plaintiff offers no explanation for why it did not seek to add this cause of action

1   until trial, except stating that "Debtor had not disclosed the post-petition transfers and

2   Houser Bros. only discovered them during the [adversary] case." Motion to Amend, Dk.

3   76, Pg. 3:8-12.[5] However, the Court notes that it was well-understood, before trial, that

4   the issue of Debtor's post-petition transfers would be raised. Plaintiff's trial brief

5   referenced such transfers as evidence supporting Plaintiff's §727(a)(2)**(A)** cause of

6   action. Plaintiff's Trial Brief filed February 9, 2023, Dk. 55, Pgs. 20:22-21:21 (emphasis

7   added). No mention of §727(a)(2)(B) was raised in that brief, despite Plaintiff's clear

8   knowledge of the transfers. Plaintiff and Defendant agreed to the admission of various

9   UCC Amendments (including Exhibit 14 evidencing the existence of post-petition liens

10  to Debtor's sons), in the pre-trial stipulation filed September 13, 2022 [Dk. 37, Pg. 18],

11  and Plaintiff's questioning at the April 26 Trial indicates that the pre-petition liens were

12  discussed in Defendant's pre-trial deposition, which Defendant testified occurred in

13  June of 2022. Trial transcript, Dk. 72, Pg. 88:2-25 and 74:22-24. While the

14  §§727(a)(2)_(A)_ and (a)(2)_(B)_ causes of action are similar, they are also distinct and

15  separate statutory grounds upon which to object to discharge. To allow Plaintiff to raise

16  the issue in connection with §727(a)(2)(A), and then merely summarize the facts

17  incidentally obtained therewith at the close of proceedings to pile on an additional, but

18  different, cause of action that had not been mentioned in the nearly 2 years leading up

19  to trial against Defendant is prejudicial, and not, in this Court's view, fitting with the

20  purpose of Rule 15(b).

21        For the foregoing reasons, Plaintiff has not met its burden. Accordingly, the

22  Motion to Amend is DENIED and the hearing VACATED.

23  **III.    April 26 Trial**

24        Trial on Plaintiff's operative complaint seeking the denial of Defendant's

25  discharge under 11 U.S.C. §§ 727(a)(2)(A), (a)(4) and (a)(5) was held on April 26, 2023.

26

27

28  _____
    [5] It is unclear precisely when Plaintiff became aware of the post-petition liens; however, the Court
    observes that the admitted post-petition liens were placed in September 2021 – well before the discovery
    deadline of March 31, 2022, and nearly two years before the April 26 Trial. *See* Order entered February
    15, 2022, Dk. 16.

"Those objecting to discharge bear the burden of proving by a preponderance of the evidence that [the debtor's] discharge should be denied." *Retz v. Samson (In re Retz)*, 606 F.3d 1189, 1196 (9th Cir. 2010) (citing *Khalil v. Developers Sur. & Indem. Co. (In re Khalil)*, 379 B.R. 163, 172 (B.A.P. 9th Cir. 2007), aff'd, 578 F.3d 1167, 1168 (9th Cir. 2009). "In keeping with the 'fresh start' purposes behind the Bankruptcy Code, courts should construe § 727 liberally in favor of debtors and strictly against parties objecting to discharge." *Id*. (citing *Bernard v. Sheaffer (In re Bernard), 96* F.3d 1279, 1281 (9th Cir. 1996)).

During the April 26 Trial, which lasted one day,[6] evidence was introduced and

[6] The Court recognizes that the April 26 Trial was a long affair, beginning at 9:30 a.m., and concluding around 8:00 p.m. (with breaks). Given the seriousness of the allegations, and the lack of credibility of Defendant's testimony, the Court determined that conducting the trial in a single day was of paramount importance. A court's litigation decisions are reviewed for abuse of discretion. *See Sekera v. Allstate Ins. Co.*, 763 Fed. Appx. 629, 630 (9th Cir. 2019) ("We review a district court's decision concerning the management of litigation for abuse of discretion. *Preminger v. Peake*, 552 F.3d 757, 769 n.11 (9th Cir. 2008) (citing *FTC v. Enforma Nat. Prods., Inc.*, 362 F.3d 1204, 1212 (9th Cir. 2004)"). *See also Coe v. Fanday (In re Fanday)*, 538 Fed. Appx. 748, 749 (9th Cir. 2013) ("… bankruptcy court's management of Coe's questioning was far from an abuse of discretion. [internal citations omitted]). Such discretion is broad, and as noted by the Third Circuit, such discretion may include imposition of time limits at trial:

> Notably, we have recognized that a district court may impose limits on the parties' presentation time at trial, so long as the court both "mak[es] an informed analysis based on a review of the parties' proposed witness lists and proffered testimony" and "allocates trial time evenhandedly." *Duquesne Light Co.*, 66 F.3d at 610. Other circuits have likewise concluded that a district court may, in its discretion, set reasonable trial time limits. S*ee, e.g., United States v. DeCologero*, 364 F.3d 12, 25 (1st Cir. 2004) ("[L]imits on witnesses and the time allowed to each side are permissible measures.") (citations omitted); *Deus v. Allstate Ins. Co.*, 15 F.3d 506, 520 (5th Cir. 1994) ("In the management of its docket, the court has an inherent right to place reasonable limitations on the time allotted to any given trial.") (citing *United States v. Reaves*, 636 F. Supp. 1575, 1577 (E.D. Ky. 1986)); *Sutkiewicz v. Monroe Cnty. Sheriff*, 110 F.3d 352, 361 (6th Cir. 1997) ("[A] district court has broad discretion to place limits on the presentation of evidence to prevent delay, waste of time, and needless presentation of cumulative evidence.") (citing *Duquesne Light Co.*, 66 F.3d at 609); *MCI Commc'ns Corp.*, 708 F.2d at 1172-73 (holding that reasonable trial time limits do not violate the right to a fair trial); *Johnson v. Ashby*, 808 F.2d 676, 678 (8th Cir. 1987) ("Trial courts have discretion to place reasonable limits on the presentation of evidence . . . .") (citations omitted); *Gen. Signal Corp. v. MCI Telecomms. Corp.*, 66 F.3d 1500, 1508 (9th Cir. 1995) ("Generally, a district court may impose reasonable time limits on a trial.") (citations omitted).

*In re Baldwin*, 700 F.3d 122, 129 (3rd Cir. 2012).

After the presentation of testimony at the April 26 Trial was complete, and in recognition of the parties' efforts throughout the day and in the interest of alleviating any perceptions of unfairness, the Court provided both parties the opportunity to file post-trial briefings containing argument summarizing the evidence proffered throughout the day. Moreover, Defendant was provided the opportunity to submit additional evidence, in the form of an accounting. As more fully noted herein, both parties took advantage

264

both sides were presented the opportunity to provide written closing statements to the Court. Moreover, witness testimony was taken, during which the Court engaged in a credibility analysis. A credible witness is a witness who comes across as competent and worthy of belief. This Court determines witness credibility on many factors. The substance of the testimony is tantamount, as well as the amount of detail and the accuracy of recall of past events, which affect the Court's credibility determination. Witness contradiction plays a part in the credibility determination. How the testimony is delivered also has an impact. Factors which include body language, eye contact, and whether the responses are direct or appear to be evasive, unresponsive, or incomplete are considered by this Court. In addition, when deciding cases, the Court is permitted to take into consideration its knowledge and impressions founded upon experiences in everyday walks of life.

Under this backdrop, the Court finds the testimony of Plaintiff's witnesses, Mr. Houser and Mr. Buysman, forthright and credible. On the other hand, the Court finds the testimony of Defendant not credible. In reaching these credibility determinations, the Court considered each witness's demeanor as they testified, including the way they held themselves, whether they made or did not make inconsistent statements, and their directness or evasiveness.

Now, having reviewed all pleadings, considering the arguments of counsels, and having weighed the evidence admitted during the trial, the Court concludes that Plaintiff has met its burden as to each of the § 727 causes of action asserted in Plaintiff's operative complaint, as set forth in greater detail below.

### a. 11 U.S.C. § 727(a)(2)(A)

Under § 727(a)(2)(A), a discharge shall be granted unless "the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed…

---

of the aforementioned opportunities.

property of the debtor, within one year before the date of the filing of the petition." 11

U.S.C. § 727(a)(2)(A).

"The term transfer 'means every mode, direct or indirect, absolute or conditional,

voluntary or involuntary, of disposing of or parting with property or with an interest in

property, including retention of title as a security interest and foreclosure of the debtor's

equity of redemption.' *Eckard Brandes, Inc. v. Riley (In re Riley)*, Nos. 01-4452, 02-

00013 (citing 11 U.S.C. § 101(54)). "Under this definition, any transfer of an interest in

property is a transfer, including a transfer of possession, custody, or control even if

there is no transfer of title, because possession, custody, and control are interests in

property." "The transfer to the corporation of assets in which the debtors had

partnership interests constitutes a 'transfer' of 'property of the debtor' for purposes of

section 727(a)." *Eckard Brandes, Inc. v. Riley (In re Riley)*, Nos. 01-4452, 02-00013,

2004 Bankr. LEXIS 1656, at *8-9 (Bankr. D. Haw. 2004) (internal quotations and

citations omitted).

To satisfy intent, "the court must find that the Debtors harbored actual intent to

hinder, delay, or defraud a creditor…The existence of this intent is a finding of fact

reviewable for clear error. We may infer the intent from the circumstances surrounding

the transaction." *In re Woodfield*, 978 F.2d 516, 518 (9th Cir. 1992). "A debtor's intent

need not be fraudulent to meet the requirements of § 727(a)(2). Because the language

of the statute is in the disjunctive it is sufficient if the debtor's intent is to hinder or delay

a creditor." *Retz v. Samson (In re Retz)*, 606 F.3d 1189, 1200 (9th Cir. 2010) (internal

quotations and citations omitted).

"In examining the circumstances of a transfer under § 727(a)(2), certain 'badges

of fraud' may support a finding of fraudulent intent. These factors, not all of which need

be present, include (1) a close relationship between the transferor and the transferee;

(2) that the transfer was in anticipation of a pending suit; (3) that the transferor Debtor

was insolvent or in poor financial condition at the time; (4) that all or substantially all of

the Debtor's property was transferred; (5) that the transfer so completely depleted the

1  Debtor's assets that the creditor has been hindered or delayed in recovering any part of

2  the judgment; and (6) that the Debtor received inadequate consideration for the

3  transfer." *Retz v. Samson (In re Retz)*, 606 F.3d 1189, 1200 (9th Cir. 2010) (internal

4  quotations and citations omitted).

5         Moreover, "[u]nder the 'continuing concealment' doctrine, a transfer made and

6  recorded more than one year prior to filing may serve as evidence of the requisite act of

7  concealment where the debtor retains a secret benefit of ownership in the transferred

8  property within the year prior to filing." *In re Lawson*, 122 F.3d 1237, 1240 (9th Cir.

9  1997).

10        The evidence presented at trial demonstrates that in late 2018 while Defendant

11 was engaged in state court lawsuits that could possibly result in money judgments

12 against her [Trial Transcript, Dk. 72, Pg. 43-51], she sold a residence held in her own

13 name and used the proceeds from that sale to purchase a mobile home.[7] Trial

14 Transcript, Dk. 72, Pg. 24- 27. Despite using proceeds that belonged to her individually,

15 she directed the seller to replace her name with the name of her solely owned and

16 managed company, J-Sandcastle Company, LLC. ("J-Sandcastle"), on the notice of sale

17 documentation.[8] Pre-trial stipulation, Dk. Paragraph 6; Trial Transcript, Dk. 72, Pg. 37-

18 40. She further testified that she directed the replacement of her name with J-

19 Sandcastle on November 15, 2018, days after a state court granted a motion for

20 attorney's fees against her. Trial Transcript, Dk. 72, Pg. 36-37 and 49-51. On the date of

21

22 _____

23 [7] As an example of Defendant's lack of credibility, she was unable to cogently describe the payments that
were made to purchase the mobile home from the seller; the payments did not add up to the

24 $185,000purchase price, which price Defendant further admitted was different from the $225,000 price
stated on the notice of sale. Trial Transcript, Dk. 72, Pg. 26-33. Defendant offered no explanation for the

25 discrepancy and her failure to accurately describe the payments.

26 [8] Defendant's testimony regarding this issue was likewise an example of her lack of credibility. After
initially testifying that she did not direct the seller to place title in the name of J-Sandcastle Company,

27 LLC., [Trial Transcript, Dk. 72, Pg. 37], she later admitted that her name was previously listed on the
document and that she did, in fact, later ask the seller to replace her own name with J-Sandcastle

28 Company, LLC. as the buyer. Trial Transcript, Dk. 72, Pg. 39-40. Moreover, later in the trial, when asked
by the Court to confirm that she purchased the property with her own money and put it in the name of J-
Sandcastle, she initially answered in the negative, conceding only after continued questioning and
reminders of that to which she had previously testified. Trial Transcript, Dk. 72, Pg. 323-325.

1    Debtor's petition, July 9, 2021, the property was still being held in the name of J-

2    Sandcastle, and not in Defendant's name.

3         The Court observes that this act alone (i.e., Defendant directing title to the

4    property she purchased to be placed in the name of her wholly owned entity) is rife with

5    multiple badges of fraud, including Defendant's close relationship to the entity she

6    directed title to, the timing of providing such direction in light of pending litigation, and

7    the lack of consideration involved. It is clear to the Court that Defendant placed her

8    asset into the name of J-Sandcastle for the purpose of protecting her asset,[9] effectively

9    hindering, delaying, and defrauding her potential creditors from reaching the property.

10   Moreover, Defendant's strategy of concealing this asset continued through the petition

11   date, satisfying the elements of § 727(a)(2)(A).

12        Additionally, facts were presented to the Court demonstrating that Defendant

13   further concealed her equity in the property through the granting of liens to her business

14   entities and family members, which liens existed during the relevant time period. For

15   example, in late 2018, Defendant also executed a promissory note and security

16   agreement on the mobile home by and between two entities that she managed, J-

17   Sandcastle and J-Pad, LLC. ("J-Pad"). J-Sandcastle was the borrower and J-Pad the

18   lender. The agreement required J-Sandcastle to pay J-Pad $225,000 for a purported

19   loan; however, J-Pad did not loan any money to J-Sandcastle. Trial Transcript, Dk. 72,

20   Pg. 66. Defendant herself made the loan to J-Sandcastle, though the loan was initially in

21   the amount of $175,000 Defendant did not fund the balance of the $225,000 loan until

22   approximately 6 months later. Trial Transcript, Dk. 72, Pg. 65-66.[10] None of the

23

24   _____
     [9] Defendant testified that she "didn't believe that putting a home in an LLC that I owned solely was doing
25   anything wrong" and that "[a]t the time when the home was transferred, or registered, to so speak, in the
     LLC's name, [her] potential exposure was…$46,138 and $3,070." Trial Transcript, Dk. 72, Pg. 328:5-13.
26   In short, Defendant testified that she thought that it was her money, and that she could do what she
     wanted with it. *Id.* The Court finds this testimony to be unpersuasive in light of the deflective and
27   incredible manner that Defendant answered questions related to the transfers, as well as the pending
     lawsuits and her general financial situation at the time of the transfers.

28   [10] The Court notes that Defendant's inability to account for the specific amounts paid and timing of said
     payments during her testimony further underscores her lack of credibility. Trial Transcript, Dk. 72, Pg. 65-
     66.

foregoing information regarding the timing of funding, or source of funding, was

reflected in the executed documents. In her petition, Defendant scheduled J-Pad as a

secured creditor, continuing the ongoing concealment of her true interest in the loan.

Additionally, within the year prior to the petition, liens in favor of Defendant's two adult

sons, Steven and Brian Gallian, were placed on the property, despite the fact that

neither had paid any consideration. Trial Transcript, Dk. 72, Pg. 72-73.

While Defendant attempted to provide explanations for the foregoing to the Court

*in camera* and on the record, the Court finds such explanations to be insufficient to

refute the overwhelming evidence demonstrating that Defendant had the requisite intent

to hinder, delay, or defraud her creditor, when she transferred and concealed her

interests in the property described above.

Accordingly, Plaintiff is entitled to judgment against Defendant on its §

727(a)(2)(A) cause of action.

### b. 11 U.S.C. § 727(a)(4)

Under § 727(a)(4), a debtor's discharge shall be granted unless "the debtor

knowingly and fraudulently, in or in connection with the case – (A) made a false oath or

account." To prevail on a § 727(a)(4)(A) claim, a plaintiff must show, by a

preponderance of the evidence, that: "(1) the debtor made a false oath in connection

with the case; (2) the oath related to a material fact; (3) the oath was made knowingly;

and (4) the oath was made fraudulently." *Retz v. Samson (In re Retz)*, 606 F.3d 1189,

1197 (9th Cir. 2010).

A false oath can be made in written submissions to the Court or under oath at a §

341 meeting, deposition, or trial:

> "A debtor's petition, schedules, statement of financial affairs, statements made at
> a 341 meeting, testimony given at a Federal Rule of Bankruptcy Procedure 2004
> examination, and answers to interrogatories all constitute statements under oath
> for purposes of § 727(a)(4)[(A)]. The same holds true for deposition testimony
> and testimony at other hearings during the course of the bankruptcy case. The
> false oath also need not be an affirmative misstatement; knowing and fraudulent
> omissions will also suffice."

1   *In re Jayme*, 2018 Bankr. LEXIS 1987, 2018 WL 3218104, at *9 (Bankr. D.N.M.)

2   (internal citations omitted).

3       Moreover, the standard for what constitutes a "material" fact is very broad. As

4   stated by the Ninth Circuit, "[a] fact is material if it bears a relationship to the debtor's

5   business transactions or estate, or concerns the discovery of assets, business dealings,

6   or the existence and disposition of the debtor's property. An omission or misstatement

7   that detrimentally affects administration of the estate is material." *Retz v. Samson (In re*

8   *Retz),* 606 F.3d 1189, 1198 (9th Cir. 2010) (internal quotations and citations omitted);

9   *See also Joudeh v. Truppa (In re Truppa)*, 2017 Bankr. LEXIS 1157, at *1 (B.A.P. 9th

10  Cir. 2017).

11      In the context of § 727(a)(4), a distinction is made between reckless disregard for

12  the truth, which is sufficient to form intent under the statute, and mere mistake or

13  inadvertence, which is not. *Retz v. Samson (In re Retz)*, 606 F.3d 1189, 1199 (9th Cir.

14  2010) ("Reckless indifference or disregard for the truth may be circumstantial evidence

15  of intent, but is not sufficient, alone, to constitute fraudulent intent."). Something more

16  must be presented in order to meet the standard.

17      "Neither sloppiness nor an absence of effort by the debtor supports, by itself, an
18      inference of fraud. Courts which hold otherwise are simply devising a court-made
        prophylactic rule that the debtor must make substantial effort to provide accurate
19      and complete schedules. Had the Congress intended to make such a rule, it
        could have done so easily, as it did with § 727(a)(3) (failure to keep adequate
20      books and records), and (a)(5) (failure to adequately explain the loss of assets),
        neither of which have an express element of fraudulent intent. [Citation omitted.]
21      But the Congress did not do so, and it is not for the courts to create new bars to
        discharge under § 727(a), or to so distort a requisite element as to make it no
22      element at all. The essential point is that there must be something about the
        adduced facts and circumstances which suggest that the debtor intended to
23      defraud creditors or the estate. **For instance, multiple omissions of material
        assets or information may well support an inference of fraud if the nature
24      of the assets or transactions suggests that the debtor was aware of them at
        the time of preparing the schedules and that there was something about
25      the assets or transactions which, because of their size or nature, a debtor
26      might want to conceal."**

27  *Khalil v. Developers Sur. & Indem. Co. (In re Khalil)*, 379 B.R. 163, 174-75 (B.A.P. 9th

28

Cir. 2007) (citing *Coombs*, 193 B.R. at 565-66) (emphasis added).

In keeping with the foregoing, a pattern of half-truths, inconsistencies, and omissions in filed schedules, even if the schedules are ultimately amended to reflect the true assets of the debtor, can be sufficient evidence of fraudulent intent under the statute. *See Joudeh v. Truppa (In re Truppa*), No. CC-16-1281-KuFL, 2017 Bankr. LEXIS 1157, at *1 (B.A.P. 9th Cir. 2017) ("the court may infer fraudulent intent based on a 'pattern of falsity.'"); *Trainor v. Evans (In re Evans*), No. CC-16-1356-KuFTa, 2017 Bankr. LEXIS 2232, at *1 (B.A.P. 9th Cir. 2017) (noting that "a pattern of falsity, a reckless indifference to the truth and a failure to amend bankruptcy commencement documents to correct known errors and omissions all can be probative of intent to deceive"); *Cummings v. UST- United States Trustee (In re Cummings*), 595 Fed. Appx. 707, 709-710 (9th Cir. 2015) ("Debtors' eventual disclosure of their interest … does not negate their initial fraud… To the contrary, the sequence of debtors' filings substantiates the presence of fraud: they elected, twice, to amend their [schedules], and disclosed [the omitted fact] only after the issuance of an order granting the Trustee additional time to investigate."); *ML Manager, LLC v. Pinsonneault (In re Pinsonneault*), 2017 Bankr. LEXIS 253, *38 (Bankr. S.D. Cal 2017) ("A false oath is complete when made. A debtor's eventual amendment of their schedules to disclose assets that they knowingly omitted does not negate their initial intent to defraud....The very nature and magnitude of the assets belies the too facile defense that they were simply overlooked or forgotten."). *See also Jin Min Lee v. Joo Yoon Yeom (In re Joo Yoon Yeom), 2017 U.S. Dist. LEXIS 177347, *10-11 (No. Mariana Isl. DC 2017) ("This repeated failure not only demonstrates a conscious decision to omit the information from the bankruptcy filing and therefore establishes the false oath was made knowingly, but it also demonstrates an intent to deceive. Defendant's interest in the business was significant—first as half-owner and later as full owner—and her recurring failure to disclose it, especially given that she agreed to become the full owner of the Poseidon Bar after she filed for bankruptcy, demonstrates that she intended to deceive her creditors.").

Since July 9, 2021, Debtor has filed 10 sets of schedules in this case. In the first five of the amended schedules, which were filed over a span of approximately 2 months, Debtor disclosed her interest in J-Pad as "33.33%" [First Amended Schedule filed September 7, 2021, Dk. 15], then "1/7 interest" [Second Amended Schedule filed September 22, 2021, Dk. 16-17], then "70%" [Third Amended Schedule filed October 14, 2021, Dk. 22], then "33-1/3%" [Fourth Amended Schedule filed November 16, 2021, Dk. 37], then "100%" [Fifth Amended Schedule filed November 22, 2021, Dk. 38].

Despite the foregoing, Defendant testified at trial that as of October 30, 2018, she owned 100% of J-Pad.[11] Trial Transcript, Dk. 72, Pg. 154. Her explanation for the varying amounts of interest scheduled over the short period of time was that she owed people money and made a mistake. Trial Transcript, Dk. 72, Pg. 153. The Court is unconvinced. Defendant owns and/or manages multiple companies, and has presented herself though the pendency of her case as a person that is not unsophisticated. It is

---

[11] The Court notes that Defendant was at first non-responsive to questioning about her ownership of J-Pad. It was not until the Court reminded Defendant that her credibility was on trial, and that she had earlier provided testimony of her ownership, that she answered the question regarding her ownership of J-Pad. Trial Transcript, Dk. 72, Pg. 153-154.

THE COURT: … Why were you making all of these random -- putting down all these random numbers?
THE WITNESS: Because I owed people money.
THE COURT: Why were you putting down all of those random numbers? We know you owed people money. Why were you saying they owned part of that membership?
THE WITNESS: I guess I made a mistake, and at the time –
THE COURT: So you just don't know? I'm really looking at your credibility. You've signed several documents, including your first petition, under oath, that it was true and correct, not to the best of your ability, but that it was true and correct, and yet you can't tell me today how much of that percentage you owe, although you've already testified several times today that you own 100 percent?
THE WITNESS: That's correct.
THE COURT: Okay. When do you think you started owning 100 percent?
THE WITNESS: And these aren't in the documents, I don't believe. I didn't see it.
THE COURT: I don't care if they are. When did you start believing you owned 100 percent of that LLC?
THE WITNESS: When I was the one that donated most of the money.
THE COURT: When did you do that?
THE WITNESS: It wasn't recorded, but the day before I –
THE COURT: When did you do that?
THE WITNESS: The 30th of October.
THE COURT: What year?
THE WITNESS: 2018.

wholly unbelievable to the Court that Defendant, with her ability and knowledge, somehow did not understand her ownership interest in J-Pad or her obligation to report accurate ownership interests in her schedules. As noted previously, J-Pad was the holder of a $22,000 promissory note. Defendant herself executed the promissory note on J-Pad's behalf, knowing full well of the asset. It is this Court's view that $225,000 is a significant amount of money, and Defendant's failure to properly schedule her interest in J-Pad, the note and lienholder of a significant asset, is a material, false oath made knowingly and fraudulently. So too was Defendant's failure to schedule a value for J-Pad, who held a significant asset in the form of the aforementioned note and lien on the mobile home.

The foregoing, coupled with the evidence presented by Plaintiff of Defendant's other glaring omissions and false oaths,[12] are sufficient to demonstrate that Plaintiff is entitled to judgment against Defendant on its § 727(a)(4) cause of action.

### c. 11 U.S.C. § 727(a)(5)

Under § 727(a)(5), a debtor's discharge may be denied if the debtor has failed to explain satisfactorily any loss of assets or deficiency of assets to meet the debtor's liabilities. 11 U.S.C. § 727(a)(5).

The plaintiff bears the burden to demonstrate that: "(1) debtor at one time, not too remote from the bankruptcy petition date, owned identifiable assets; (2) on the date the bankruptcy petition was filed or order of relief granted, the debtor no longer owned the assets; and (3) the bankruptcy pleadings or statement of affairs do not reflect an adequate explanation for the disposition of the assets." *In re Retz*, 606 F.3d 1189, 1205 (9th Cir. 2010). "Once the creditor has made a *prima facie* case, the debtor must offer credible evidence regarding the disposition of the missing assets." *Id*.

As previously noted, several years before her petition was filed, Defendant sold

---

[12] *See* Plaintiff's post-trial brief filed May 10, 2023, Dk. 74, which is incorporated herein. For example, Defendant testified that she did not pay rent to J-Sandcastle, despite having previously testified during her deposition that she did pay rent. Trial Transcript, Dk. 72, Pg. 129. After some hesitation and continued follow up questions from the Court, Defendant ultimately admitted that she lied at the deposition about whether she paid rent to J-Sandcastle. Trial Transcript, Dk. 72, Pg. 130-131.

273

property for $379,000. Trial Transcript, Dk. 72, Pg. 201. Thereafter, she spent a total of $165,000[13] of the sale proceeds to purchase a mobile home, with $214,000 remaining. At trial, when asked about the disposition of the remaining $214,000 in sale proceeds, Defendant testified that she loaned $175,000 of the $214,000 to J-Sandcastle. Trial Transcript, Dk. 72, Pg. 202. Defendant further testified that the remainder of the funds were converted to cashier's checks that were ultimately paid to attorneys. Trial Transcript, Dk. 72, Pg. 206. Defendant originally testified that she spent close to $150,000 on attorneys [Trial Transcript, Dk. 72, Pg. 206], despite scheduling only $113,700 on her bankruptcy schedules. Trial Transcript, Dk. 72, Pg. 207. At trial, Defendant was unable to account for the approximately $37,000 discrepancy. Trial Transcript, Dk. 72, Pg. 207-209.  When questioned about the discrepancy, Defendant began to list other expenses that she incurred, including cosmetic and medical procedures, which the Court perceived as being non-responsive to the question of which attorneys were paid the remaining $37,000. Trial Transcript, Dk. 72, Pg. 208. Eventually, Defendant clarified that she "just threw out a number and said about $150,000," [Trial Transcript, Dk. 72, Pg. 210], and that she misspoke, stating again that she spent the remaining funds on cosmetic and medical procedures.

Finding that Plaintiff had met its burden to demonstrate a *prima facie* case, and that the entirety of Defendant's testimony on this matter was confusing and entirely lacking in credibility, the Court provided the Debtor with the opportunity to file a complete accounting by April 28, 2023, at 5 p.m. in order to explain further the disposition of the pre-petition sale proceeds.

Defendant did not timely file a complete accounting by the deadline set by the Court; however, Defendant did file an untimely declaration on May 1, 2023 [Dk. 71] ("First Declaration"), and again on May 8, 2023 [Dk. 73] ("Second Declaration") (together, "Declarations"). In the interest of justice, and in recognition that Defendant is

---

[13] Defendant testified that a cashier's check for $20,000 (of the $185,000 purchase price) was returned to her, so the net cost of Defendant's purchase of the mobile home was $165,000. Trial Transcript, Dk. 72, Pg. 201.

a pro-se litigant without permissions to electronically file, the Court has considered the Declarations despite the fact that they were untimely filed. Regrettably, they are insufficient to adequately explain the disposition of Debtor's assets.

The Declarations contain a rudimentary and incomplete[14] accounting which is entirely unhelpful to the Court. The lists contained therein have no dates, partial descriptions, and appear to be summary values (all ending in -.00). Moreover, the Declarations are completely devoid of properly authenticated evidence.[15] Lastly, even if the foregoing issues were somehow resolved, the accounting provided is entirely inconsistent with the testimony provided by Defendant at trial and in the Declarations themselves.

For example, at trial, when asked about the disposition of the $379,000 in sale proceeds, Defendant testified that $165,000 was spent on the mobile home, [Trial Transcript, Dk. 72, Pg. 201], and $175,000 of the remaining $214,000 was paid to J-Sandcastle. Trial Transcript, Dk. 72, Pg. 202. The accounting attached to Pg. 3 of the First Declaration, which appears identical to the accounting attached to the Second Declaration as Pg. 12, amounts to approximately $190,000 in charges, but does not include either the $165,000 spent on the mobile home or the $175,000 paid to J-Sandcastle.[16] It is not mathematically possible that Defendant used sale proceeds totaling $395,000 on a $175,000 loan, a $165,000 mobile home, **and** the $190,000 contained in her accountings (all of which total $530,000).

As noted above, Defendant was required to offer "credible evidence regarding the disposition of the missing assets." *In re Retz*, 606 F.3d 1189, 1205 (9th Cir. 2010).

---

[14] Paragraph 5 of the Declarations state that: "THE LIST IS NOT AN EXHAUSTIVE LIST OF THE SALE PROCEEDS SPENT…" Declarations filed May 1, 2023, and May 8, 2023, Dks. 71 and 73 respectively.

[15] While Defendant attached various documents to the Second Declaration, the documents are cumbersome, lack any explanation as to relevance, and are not properly authenticated by Defendant's declaration. Pursuant to the Federal Rules of Evidence, in order "[t]o satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. Rules Evid. R 901. Defendant did not do so.

[16] $395,000 less approximately $190,000 = approximately $205,000.

She has not met her burden. Therefore, Plaintiff is entitled to judgment against

Defendant on its § 727(a)(5) cause of action.

### IV.    Conclusion

For the reasons more fully explained herein, the Court finds good cause to enter

the following order DENYING the Motion to Amend, VACATING the hearing on the

Motion to Amend, and finding in favor of Plaintiff and against Defendant pursuant to 11

U.S.C. §§727(a)(2)(A), (a)(4), and (a)(5). Judgment, however, cannot yet be issued as

there remain pending § 523 claims. Accordingly, the Court hereby sets a status

conference on June 27, 2023, at 1:30 p.m., with a status report due 14 days in advance.

The status report must advise the Court how the parties wish to proceed in light of the

issuance of this Memorandum Decision.

**IT IS SO ORDERED.**

Date: May 23, 2023

Scott C. Clarkson
United States Bankruptcy Judge

276

# EXHIBIT 13

277

1  ERIC P. ISRAEL (State Bar No. 132426)
   *eisrael@DanningGill.com*
2  AARON E. DE LEEST (State Bar No. 216832)
   *adeleest@DanningGill.com*
3  DANNING, GILL, ISRAEL & KRASNOFF, LLP
   1901 Avenue of the Stars, Suite 450
4  Los Angeles, California 90067-6006
   Telephone: (310) 277-0077
5  Facsimile: (310) 277-5735

6  Attorneys for Plaintiff Jeffrey I. Golden,
   Chapter 7 Trustee
7

8                    UNITED STATES BANKRUPTCY COURT
9                    CENTRAL DISTRICT OF CALIFORNIA
10                          SANTA ANA DIVISION
11

| | |
|---|---|
| In re | Case No. 8:21-bk-11710-SC |
| JAMIE LYNN GALLIAN, | Chapter 7 |
| Debtor. | Adv. No. |
| | CHAPTER 7 TRUSTEE'S COMPLAINT: (1) TO AVOID AND RECOVER FRAUDULENT TRANSFERS; (2) TO AVOID AND RECOVER POSTPETITION TRANSFERS; (3) FOR DECLARATORY RELIEF; (4) FOR BREACH OF CONTRACT; (5) FOR MONEY HAD AND RECEIVED; AND (6) UNJUST ENRICHMENT |
| JEFFREY I. GOLDEN, Chapter 7 Trustee, | |
| Plaintiff, | |
| vs. | |
| J-SANDCASTLE CO., LLC; J-PAD LLC; STEVEN D. GALLIAN; BRIAN J. GALLIAN; JUSTIN BARCLAY; RONALD J. PIERPONT; ROBERT J. MCLELLAND; AND E. J. GALLIAN, | Date:    [SEE SUMMONS] Time:    [SEE SUMMONS] Place:    [SEE SUMMONS] |
| Defendants. | |

23      Plaintiff alleges:

24                          **JURISDICTION**

25      1.    This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C.

26  §§ 157(b) and 1334(b).  This action is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A),

27  (E), (H), (K), and (O).  This adversary proceeding is brought pursuant to 11 U.S.C. §§ 542, 544,

28  548, 549, 550 and 551 and Rule 7001 of the Federal Rules of Bankruptcy Procedure.  This

1719769.2  27064                          1

1   adversary proceeding arises in and under and relates to the bankruptcy case under Chapter 7 of the

2   Bankruptcy Code (the "Code") entitled *In Jamie Lynn Gallian,* Case No. 8:21-bk-11710-SC (the

3   "Bankruptcy Case"), which is presently pending before the United States Bankruptcy Court for the

4   Central District of California, Santa Ana Division.  Plaintiff consents to and the Court can and

5   should enter a final judgment herein.  If and to the extent that the Court determines that it lacks

6   jurisdiction or authority to enter a final judgment, Plaintiff requests that the Court submit findings

7   of fact and conclusions of law for consideration by the District Court.

8

9                                                       **PARTIES**

10       2.      Plaintiff in this adversary proceeding is Jeffrey I. Golden, the Chapter 7 trustee

11  ("Plaintiff" or the "Trustee") of the bankruptcy estate of Jamie Lynn Gallian, the debtor in the

12  Bankruptcy Case (the "Debtor").  Plaintiff brings this adversary proceeding solely in his capacity

13  as the Chapter 7 Trustee of the Debtor's bankruptcy estate.

14       3.      Plaintiff is informed and believes, and based thereon alleges, that J-Sandcastle Co.,

15  LLC ("J-Sandcastle") was a California limited liability company, with its principal place of

16  business located in in the County of Orange, State of California.  The Debtor is the sole member

17  and manager of J-Sandcastle.

18       4.      Plaintiff is informed and believes, and based thereon alleges, that J-Pad LLC ("J-

19  Pad") was a California limited liability company, with its principal place of business located in in

20  the County of Orange, State of California.  The Debtor is the sole member and manager of J-Pad.

21       5.      Plaintiff is informed and believes, and based thereon alleges, that Steven D. Gallian

22  is an individual residing in the County of Orange, State of California.  Plaintiff is further informed

23  and believes that Steven D. Gallian is the Debtor's son.

24       6.      Plaintiff is informed and believes, and based thereon alleges, that Brian J. Gallian is

25  an individual residing in the County of Orange, State of California.  Plaintiff is further informed

26  and believes that Brian J. Gallian is the Debtor's son.

27

28

7.     Plaintiff is informed and believes, and based thereon alleges, that E. J. Gallian is an individual residing in the County of Orange, State of California.  Plaintiff is further informed and believes that E. J. Gallian is the Debtor's granddaughter.

8.     Plaintiff is informed and believes, and based thereon alleges, that Justin Barclay is an individual residing in the County of Orange, State of California.  Plaintiff is further informed and believes that Justin Barclay is the Debtor's son.

9.     Plaintiff is informed and believes, and based thereon alleges, that Ronald J. Pierpont is an individual residing in the County of Orange, State of California.  Plaintiff is further informed and believes that Ronald J. Pierpont is the Debtor's ex-husband.

10.     Plaintiff is informed and believes, and based thereon alleges, that Robert J. McLelland is an individual residing in the County of Orange, State of California.  Plaintiff is further informed and believes that Robert J. McLelland is the Debtor's roommate.

11.     Plaintiff is further informed and believes, and based thereon alleges, that J-Sandcastle, J-Pad, Steven Gallian, Brian Gallian, Justin Barclay, and Ronald Pierpont are all "insiders" of the Debtor pursuant to § 101(31) of the Code.

### GENERAL ALLEGATIONS

12.     On or about July 9, 2021 (the "Petition Date"), the Debtor commenced this case by filing a voluntary petition for relief under Chapter 7 of the Code.

13.     Jeffrey I. Golden thereafter accepted appointment as the Chapter 7 trustee for the Debtor's bankruptcy estate and continues to serve in that capacity for the benefit of creditors.

The J-Sandcastle Transfer

14.     Up to and until about October 31, 2018, the Debtor lived at 4476 Alderport Drive, Unit 53, Huntington Beach, CA 92649 ("Alderport Property"), which she received as a gift in 2017 from her stepmother, Sandra Bradley ("Ms. Bradley").  The Debtor always held title to the Alderport Property in her own name.

15.     On or about October 31, 2018, the Debtor sold the Alderport Property to Randall Nickell for $379,000, which he paid for in two cashier's checks payable to the Debtor, individually.

16.     The Debtor deposited the funds from Mr. Nickell for the Alderport Property into a Chase Bank account in her name.

17.     Thereafter, the Debtor used $185,000 of the proceeds from the sale of the Alderport Property to purchase a manufactured home located at 16222 Monterey Lane, Space #376, Huntington Beach, CA 92649 (the "Property") from Lisa Ryan.

18.     The Debtor paid Ms. Ryan the first $10,000 on November 1, 2018, and the $175,000 balance of the purchase price for the Property on November 17, 2018.

19.     Even though the Debtor paid for the Property with proceeds of her Alderport Property deposited into a bank account in her own name, the Debtor transferred title to, and the beneficial interest in, the Property to J-Sandcastle.

20.     At the time Debtor transferred the Property to J-Sandcastle, she was being sued in multiple actions and judgments were later entered against her as follows:

a.     On November 8, 2018, in Case No. 30-2017-00913985, the Orange County Superior Court ("OCSC") granted a motion by the Huntington Beach Gables Homeowners Association ("HOA") for attorney's fees against the Debtor, and on December 4, 2018, the OCSC entered an order on the motion, which reflected that the HOA had been awarded $46,138 of attorney's fees against the Debtor, plus interest.

b.     On May 6, 2019, in Case No. 30-2017-00913985, the HOA obtained judgment against the Debtor in excess of $315,000.

c.     On September 27, 2018, in Case No. 30-2017-00962999, the OCSC imposed $3,070 of sanctions against the Debtor.

d.     On March 21, 2019, in Case No. 30-2017-00962999, the HOA obtained a money judgment against the Debtor for $9,265.

e.     To date, the Debtor has paid approximately $1,295 on account of all these judgments and orders.

21.     On November 1, 2018, Ms. Ryan executed a "Notice of Sale or Transfer" for the Property with the Debtor, "Jamie Lynn Gallian," identified as the "Purchaser/New Owner."

22.     On November 15, 2018, however, Ms. Ryan whited-out the Debtor's name and

1    replaced it with "J-Sandcastle Co, LLC Its Manager Jamie L. Gallian," pursuant to a discussion the

2    Debtor and Ms. Ryan had on that day (the "First J-Sandcastle Transfer").

3           23.     The fully executed "Notice of Sale or Transfer" of the Property reflecting that J-

4    Sandcastle was the owner of the Property was transmitted to the California Department of Housing

5    and Community Development (the "HCD"), which handles the registering and titling of

6    manufactured and mobilehomes, on or about November 20, 2018 (the "Second J-Sandcastle

7    Transfer").  The First J-Sandcastle Transfer and Second J-Sandcastle Transfer are, collectively, the

8    "J-Sandcastle Transfers".

9           24.     J-Sandcastle paid no consideration to the Debtor for the J-Sandcastle Transfers or in

10    connection with receiving title to and the beneficial interest in the Property. J-Sandcastle did not

11    have any business other than its ownership of the Property.

12           25.     On the Petition Date, title to the Property remained with J-Sandcastle, and not the

13    Debtor.

14           26.     On or about July 28, 2021 (postpetition), however, the Debtor caused J-Sandcastle

15    to transfer title to herself personally.  Accordingly, as of August 10, 2021, the HCD records were

16    changed to reflect that the Property's registered owner was "Jamie Lynn Gallian".  By receiving

17    this transfer from J-Sandcastle, the Debtor is a subsequent transferee that did not take for value, in

18    good faith, and without knowledge of the voidability of the initial fraudulent transfer to J-

19    Sandcastle.

20        <u>The J-Pad Transfers</u>

21           27.     At about the time that the Debtor purchased the Property, she sought to conceal the

22    equity in the Property by granting a lien for $225,000 on the Property in favor of J-Pad.

23           28.     Accordingly, on November 16, 2018, the Debtor, as the sole member of J-

24    Sandcastle the "borrower", executed a secured promissory note in the amount of $225,000 in favor

25    of J-Pad.  The secured promissory note is secured by a separate security agreement dated

26    November 16, 2018, reflecting a security interest in the Property between J-Sandcastle and J-Pad

27    (the "First J-Pad Transfer").

28           29.     In addition, on November 16, 2018, the Debtor, individually as the "borrower", also

1  executed a secured promissory note in the amount of $225,000 in favor of J-Pad.  The secured

2  promissory note with the Debtor also purports to be secured by a separate security agreement dated

3  November 16, 2018, between the Debtor and J-Pad (the "Second J-Pad Transfer").  It is unknown if

4  the separate security agreement exists.

5       30.    Notwithstanding that the secured promissory notes were for $225,000, J-Sandcastle

6  did not advance or loan any money to J-Pad at any point in time.  The Debtor, however, advanced

7  $175,000 to J-Pad at about the time of the First J-Pad Transfer, with the balance of $50,000 coming

8  from the Debtor later (collectively, the "Third J-Pad Transfer").

9       31.    Despite the two secured promissory notes, the $225,000 was not owed to J-Pad.

10  Rather, the $225,000 was owed by J-Pad to the Debtor (who had in fact advanced the funds from

11  her personal accounts).

12       32.    On January 14, 2019, the Debtor individually and through J-Pad filed not less than

13  three UCC-1 Financing Statements with the California Secretary of State listing J-Pad as the

14  secured party and the collateral as the Property (collectively, the "Fourth J-Pad Transfer"). A UCC

15  filing failed to perfect liens against the Property.

16       33.    Thereafter, on August 20, 2020, the Debtor signed a "Statement to Encumber" that

17  was submitted to the HCD to add the Debtor's ex-husband, Ronald J. Pierpont, and J-Pad as

18  lienholders on the certificate of title for the Property (the "Fifth J-Pad Transfer").

19       34.    Thereafter, as of February 24, 2021, the certificate of title to the Property reflected

20  that Mr. Pierpont and J-Pad were the "legal owners" (i.e., the lienholders) on the Property.

21       35.    On or about July 9, 2021, however, Mr. Pierpont submitted a signed "Lien

22  Satisfied" form to the HCD removing Mr. Pierpont and J-Pad as the lienholders on the Property.

23       36.    Thereafter, as of August 3, 2021, the certificate of title to the Property did not reflect

24  any "legal owners" (i.e., lienholders) on the Property.

25       37.    On or about August 6, 2021 (postpetition), the Debtor, individually, signed and

26  submitted a "Statement of Facts" to the HCD stating that the legal owner of the Property was J-Pad

27  and that J-Pad perfected its lien on January 14, 2019 (the "Sixth J-Pad Transfer").

28       38.    The Debtor also submitted with the August 6, 2021, Statement of Facts a "Statement

1  to Encumber" purportedly signed on January 14, 2019, reflecting that the "legal owner" of the

2  Property was only J-Pad (the "Seventh J-Pad Transfer").

3      39.     The First, Second, Third, Fourth, Fifth, Sixth, and Seventh J-Pad Transfers are

4  collectively referred to as the "J-Pad Transfers".

5      40.     J-Pad paid no consideration for the J-Pad Transfers.

6      <u>The Steven and Brian Gallian Transfers</u>

7      41.     On August 20, 2020, the Debtor, as the member of J-Sandcastle, signed a

8  "Statement to Encumber" that was submitted to the HCD to add her sons Steven Gallian and Brian

9  Gallian as legal owners (i.e., lienholders) on the certificate of title for the Property (the "First

10  Steven and Brian Transfer").

11      42.     In addition, on December 4, 2020, the Debtor, as the member of J-Pad, filed a UCC

12  Financing Statement Amendment (UCC3) with the California Secretary of State listing Steven and

13  Brian Gallian as additional secured parties with respect to the Property (the "Second Steven and

14  Brian Transfer").  The UCC filings failed to perfect liens against the Property. The First Steven and

15  Brian Transfer and the Second Steven and Brian Transfer are collectively, the "Steven and Brian

16  Transfers".

17      43.     Steven and Brian Gallian paid no consideration for the Steven and Brian Transfers.

18      <u>Additional Postpetition Liens</u>

19      44.     In addition to the UCC Financing Statement Amendment (UCC3) filed on

20  December 4, 2020, with respect to Steven and Brian Gallian, on September 8, 2021, September 12,

21  2021, and September 24, 2021, the Debtor, individually and/or through J-Pad or J-Sandcastle,

22  purported to perfect or create additional liens on the Property in favor of J-Pad, Steven Gallian,

23  Brian Gallian, Justin Barclay, Ronald J. Pierpont, Robert J. McLelland, and E. J. Gallian by filing

24  multiple UCC Financing Statement Amendments (UCC3) with the California Secretary of State

25  listing J-Pad, Steven Gallian, Brian Gallian, Justin Barclay, Mr. Pierpont, Robert J. Mclelland, and

26  E. J. Gallian as additional secured parties (collectively, the "Postpetition Transfers"). The UCC

27  filings failed to perfect liens against the Property.

28      45.     J-Pad, Steven Gallian, Brian Gallian, Justin Barclay, Mr. Pierpont, Robert J.

1  McLelland, and E. J. Gallian paid no consideration for Postpetition Transfers or to be added as

2  additional secured parties with respect to the Property.

3       46.    The J-Sandcastle Transfers, J-Pad Transfers, Steven and Brian Transfers, and the

4  Postpetition Transfers are collectively referred to as the "Transfers".

5       47.    The Trustee is informed and believes, and based thereon alleges, that on the Petition

6  Date, there existed in this case one or more creditors holding unsecured claims allowable under

7  § 502 of the Code or that are not allowable only under § 502(e), that could have avoided the

8  Transfers under applicable law.

9

10  **FIRST CLAIM FOR RELIEF**

11  **(To Avoid and Recover Fraudulent Transfers under 11 U.S.C. §§ 544(b) and/or 548 and 550,**

12  **and California Civil Code §§ 3439.04, 3439.07 and 3439.08)**

13  **(Against All Defendants)**

14       48.    Plaintiff refers to and incorporates herein by reference each and every allegation

15  contained in paragraphs 1 through 47, inclusive, of this Complaint as though fully set forth herein.

16       49.    Plaintiff is informed and believes, and based thereon alleges, that the Debtor made

17  the Transfers with the actual intent to hinder, delay, or defraud one or more of her creditors.

18       50.    Pursuant to 11 U.S.C. §§ 544 and/or 548, California Civil Code § 3439.04(a), and

19  other applicable law, Plaintiff is entitled to avoid the Transfers as not being perfected or as

20  fraudulent.

21       51.    Pursuant to Section 550(a) of the Bankruptcy Code, Plaintiff may recover the

22  Transfers from the initial transferees and any subsequent transferees.

23       52.    Specifically, Plaintiff may recover the Property from J-Sandcastle, or the value

24  thereof, plus interest thereon at the maximum legal rate.

25       53.    Additionally, Plaintiff may recover the Third J-Pad Transfer (i.e., $225,000) from J-

26  Pad, plus interest thereon at the maximum legal rate.

27       54.    Pursuant to the provisions of § 550 and § 551 of the Bankruptcy Code, all avoided

28  Transfers, including title to and liens against the Property, are preserved for the benefit of the

1  Debtor's estate.

2

3                              **SECOND CLAIM FOR RELIEF**

4  **(To Avoid and Recover Fraudulent Transfers under 11 U.S.C. §§ 544(b) and/or 548 and 550,**

5                  **and California Civil Code §§ 3439.05, 3439.07 and 3439.08)**

6                              **(Against All Defendants)**

7        55.    Plaintiff refers to and incorporates herein by reference each and every allegation

8  contained in paragraphs 1 through 47, inclusive, of this Complaint as though fully set forth herein.

9        56.    Plaintiff is informed and believes, and based thereon alleges, that the Debtor

10  received less than a reasonably equivalent value in exchange for the Transfers.

11        57.    Plaintiff is informed and believes, and based thereon alleges, that at the time the

12  Transfers were made, the Debtor was either insolvent or became insolvent as a result of the

13  Transfers.

14        58.    Pursuant to Sections 544(b) and/or 548 of the Bankruptcy Code, California Civil

15  Code California Civil Code §§ 3439.05 and 3439.07, and other applicable law, Plaintiff is entitled

16  to avoid the Transfers as not being properly perfected or as fraudulent.

17        59.    Pursuant to Section 550(a) of the Bankruptcy Code, Plaintiff may recover the

18  Transfers from the initial transferees and any subsequent transferees.

19        60.    Specifically, Plaintiff may recover the Property from J-Sandcastle, or the value

20  thereof, plus interest thereon at the maximum legal rate.

21        61.    Additionally, Plaintiff may recover the Third J-Pad Transfer (i.e., $225,000) from J-

22  Pad, plus interest thereon at the maximum legal rate.

23        62.    Pursuant to the provisions of § 550 and § 551 of the Bankruptcy Code, all avoided

24  Transfers, including title to and liens against the Property, are preserved for the benefit of the

25  Debtor's estate.

26

27

28

## THIRD CLAIM FOR RELIEF

**(To Avoid and Recover Fraudulent Transfers under 11 U.S.C. §§ 544(b) and/or 548 and 550, and California Civil Code §§ 3439.04(a), 3439.07, and 3439.08)**

**(Against all Defendants)**

63.     Plaintiff refers to and incorporates herein by reference each and every allegation contained in paragraphs 1 through 47, inclusive, and paragraph 56, of this Complaint as though fully set forth herein.

64.     Plaintiff alleges that at the time of the Transfers, the Debtor was engaged, or was about to engage, in business or a transaction or transactions for which her remaining assets were unreasonably small in relation to the business or transaction.

65.     Pursuant to Sections 544(b) and/or 548 of the Bankruptcy Code, California Civil Code California Civil Code §§ 3439.05 and 3439.07, and other applicable law, Plaintiff is entitled to avoid the Transfers as either not being properly perfected or as fraudulent.

66.     Pursuant to Section 550(a) of the Bankruptcy Code, Plaintiff may recover the Transfers from the initial transferees and any subsequent transferees.

67.     Specifically, Plaintiff may recover the Property from J-Sandcastle, or the value thereof, plus interest thereon at the maximum legal rate.

68.     Additionally, Plaintiff may recover the Third J-Pad Transfer (i.e., $225,000) from J-Pad, plus interest thereon at the maximum legal rate.

69.     Pursuant to the provisions of § 550 and § 551 of the Bankruptcy Code, all avoided Transfers, including title to and liens against the Property, are preserved for the benefit of the Debtor's estate.

## FOURTH CLAIM FOR RELIEF

**(To Avoid and Recover Fraudulent Transfers under 11 U.S.C. §§ 544(b) and/or 548 and 550, and California Civil Code §§ 3439.04(a), 3439.07, and 3439.08)**

**(Against all Defendants)**

70.     Plaintiff refers to and incorporates herein by reference each and every allegation

1    contained in paragraphs 1 through 47, inclusive, and paragraph 56, of this Complaint as though

2    fully set forth herein.

3        71.    Plaintiff alleges that the Debtor intended to incur, or believed or reasonably should

4    have believed that she would incur, debts that would be beyond her ability to pay as such debts

5    became due.

6        72.    Pursuant to Sections 544(b) and/or 548 of the Bankruptcy Code, California Civil

7    Code California Civil Code §§ 3439.04(a) and 3439.07, and other applicable law, Plaintiff is

8    entitled to avoid the Transfers as either not being properly perfected or as fraudulent.

9        73.    Pursuant to Section 550(a) of the Bankruptcy Code, Plaintiff may recover the

10   Transfers from the initial transferees and any subsequent transferees.

11       74.    Specifically, Plaintiff may recover the Property from J-Sandcastle, or the value

12   thereof, plus interest thereon at the maximum legal rate.

13       75.    Additionally, Plaintiff may recover the Third J-Pad Transfer (i.e., $225,000) from J-

14   Pad, plus interest thereon at the maximum legal rate.

15       76.    Pursuant to the provisions of § 550 and § 551 of the Bankruptcy Code, all avoided

16   Transfers, including title to and liens against the Property, are preserved for the benefit of the

17   Debtor's estate.

18

19   **FIFTH CLAIM FOR RELIEF**

20   **(To Avoid and Recover Postpetition Transfers under 11 U.S.C. § 549(a))**

21   **(Against All Defendants)**

22       77.    Plaintiff hereby incorporates by this reference all of his allegations in Paragraphs

23   1 through 76, inclusive, of this Complaint as though fully set forth herein.

24       78.    The Sixth J-Pad Transfer, Seventh J-Pad Transfer, and the Postpetition Transfers

25   were not authorized under the Bankruptcy Code or by the Court.

26       79.    Pursuant to § 549 of the Code, the Trustee is entitled to avoid the Sixth J-Pad

27   Transfer, Seventh J-Pad Transfer, and the Postpetition Transfers.

28       80.    Pursuant to the provisions of § 550 and § 551 of the Bankruptcy Code, any liens

1    relating to Sixth J-Pad Transfer, Seventh J-Pad Transfer, and the Postpetition Transfers are

2    preserved for the benefit of the Debtor's estate.

3

4                                    **SIXTH CLAIM FOR RELIEF**

5                                        **(For Declaratory Relief)**

6                                      **(Against All Defendants)**

7          81.    Plaintiff hereby incorporates by this reference all of his allegations in Paragraphs

8    1 through 80, inclusive, of this Complaint as though fully set forth herein.

9          82.    An actual controversy exists in that Plaintiff contends that the Defendants do not

10   have valid, perfected, and unavoidable liens on the Property.

11         83.    Pursuant to 11 U.S.C. § 544(a)(2) and other applicable law, the Trustee is entitled to

12   a judgment determining that the Defendants do not have valid, perfected, and unavoidable liens on

13   the Property.

14

15                                 **SEVENTH CLAIM FOR RELIEF**

16                                   **(For Turnover – 11 U.S.C. § 542)**

17                                      **(Against all Defendants)**

18         84.    Plaintiff refers to and incorporates herein by reference each and every allegation

19   contained in paragraphs 1 through 83, inclusive, of this Complaint as though fully set forth herein.

20         85.    Upon avoidance, recovery, and preservation, the Property will be property of the

21   Debtor's bankruptcy estate.

22         86.    The Trustee may use, sell, or lease the Property under 11 U.S.C. § 363.

23         87.    Pursuant to 11 U.S.C. § 542, the Trustee is entitled to the turnover by the

24   Defendants of the Property.

25

26

27

28

1719769.2  27064                              12

## EIGHTH CLAIM FOR RELIEF

### (For Breach of Contract)

### (Against J-Pad)

88.     Plaintiff refers to and incorporates herein by reference each and every allegation contained in paragraphs 1 through 87, inclusive, of this Complaint as though fully set forth herein.

89.     Plaintiff alleges that the Debtor loaned $225,000 to J-Pad.

90.     Plaintiff alleges that the Debtor performed all of the terms and obligations on her part to be performed with respect to the terms of such loan.

91.     Plaintiff alleges that J-Pad has defaulted under the terms of the loan including, without limitation, its failure to repay all amounts owed.

92.     As of the date hereof, the outstanding principal balance owed to the Debtor by J-Pad is $225,000, plus interest.

## NINTH CLAIM FOR RELIEF

### (To Avoid Unjust Enrichment)

### (Against J-Pad)

93.     Plaintiff refers to and incorporates herein by reference each and every allegation contained in paragraphs 1 through 92, inclusive, of this Complaint as though fully set forth herein.

94.     Plaintiff alleges that as a result of the J-Pad Transfers, J-Pad has been unjustly enriched, so that Plaintiff is entitled to recover from J-Pad money, in a sum of not less than $225,000, plus interest.

## TENTH CLAIM FOR RELIEF

### (To Avoid Unjust Enrichment)

### (Against J-Pad)

95.     Plaintiff refers to and incorporates herein by reference each and every allegation contained in paragraphs 1 through 94, inclusive, of this Complaint as though fully set forth herein

96.     J-Pad owes the Debtor the principal sum of $225,000 for money had and received

by J-Pad from the Debtor.

97.     The Trustee is entitled to recover damages from J-Pad in the sum of not less than $225,000, plus interest.

WHEREFORE, the Plaintiff prays for judgment against the Defendants as follows:

ON THE FIRST THROUGH FOURTH CLAIMS FOR RELIEF:

1.     For judgment in favor of the Plaintiff and against the Defendants avoiding the Transfers;

2.     For a judgment in favor of the Plaintiff and against all transferees for the Trustee to recover the transferred property;

3.     For a judgment in favor of the Plaintiff and against J-Sandcastle for the Trustee to recover the Property from J-Sandcastle;

4.     For a judgment in favor of the Plaintiff and against J-Pad for the Trustee to recover the Third J-Pad Transfer (i.e., $225,000) from J-Pad;

5.     For a judgment in favor of the Plaintiff and against the Defendants preserving any avoided Transfers, including title to and liens against the Property, for the benefit of the Debtor's estate.

6.     For an award of interest at the legal rate on all sums awarded to Plaintiff from and after the date of the Transfers.

ON THE FIFTH CLAIM FOR RELIEF:

7.     For judgment in favor of the Plaintiff and against the Defendants avoiding and recovering the Sixth J-Pad Transfer, Seventh J-Pad Transfer, and the Postpetition Transfers;

8.     For a judgment in favor of the Plaintiff and against the Defendants preserving any liens relating to the J-J-Pad Transfers, Steven and Brian Transfers, and the Postpetition Transfers for the benefit of the Debtor's estate.

ON THE SIXTH CLAIM FOR RELIEF:

9.     For a judgment determining that the Defendants do not have valid liens on the Property.

1719769.2  27064

14

1  ON THE SEVENTH CLAIM FOR RELIEF:

2       10.    For a judgment for turnover of the Property to the Trustee.

3  ON THE EIGHTH, NINTH, AND TENTH CLAIMS FOR RELIEF:

4       11.    For the sum of $225,000, together with interest thereon as allowed by contract and

5  law.

6  ON ALL CLAIMS FOR RELIEF:

7       12.    For costs of suit incurred herein; and

8       13.    For all other and further relief as the Court deems just and proper.

9

10  DATED:  June 30, 2023           DANNING, GILL, ISRAEL & KRASNOFF, LLP

11

12

              By:        /s/ Aaron E. de Leest

13                          AARON E. DE LEEST
                        Attorneys for Plaintiff Jeffrey I. Golden, Chapter 7

14                          Trustee

15

16

17

18

19

20

21

22

23

24

25

26

27

28

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br>JEFFREY I. GOLDEN, Chapter 7 Trustee | DEFENDANTS J-SANDCASTLE CO., LLC; J-PAD LLC;<br>STEVEN D. GALLIAN; BRIAN J. GALLIAN; JUSTIN<br>BARCLAY; RONALD J. PIERPONT; ROBERT J.<br>MCLELLAND; AND E. J. GALLIAN |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>DANNING, GILL, ISRAEL & KRASNOFF, LLP<br>1901 AVENUE OF THE STARS, SUITE 450<br>LOS ANGELES, CA 90067-6006     310-277-0077 | ATTORNEYS (If Known) |
| PARTY (Check One Box Only)<br>☐ Debtor          ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor        ☐ Other<br>☒ Trustee | PARTY (Check One Box Only)<br>☐ Debtor          ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor        ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

(1)TO AVOID AND RECOVER FRAUDULENT TRANSFERS; (2) TO AVOID AND RECOVER POSTPETITION TRANSFERS; (3) FOR DECLARATORY RELIEF; (4) FOR BREACH OF CONTRACT; (5) FOR MONEY HAD AND RECEIVED; AND (6) UNJUST ENRICHMENT

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☒ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☒ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation
    (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☒ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☒ 02-Other (e.g. other actions that would have been brought in state court
    if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 225,000 |

Other Relief Sought

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>JAMIE LYNN GALLIAN | BANKRUPTCY CASE NO.<br>8:21-bk-11710-SC | |
| DISTRICT IN WHICH CASE IS PENDING<br>CENTRAL | DIVISION OFFICE<br>SANTA ANA | NAME OF JUDGE<br>SCOTT C. CLARKSON |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY<br>PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>/s/ Aaron E. de Leest | | |
| DATE<br><br>JUNE 30, 2023 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br><br>Aaron E. de Leest | |

### INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

# EXHIBIT 14

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Aaron E. DE Leest<br>Danning, Gill, Israel & Krasnoff, LLP<br>1901 Avenue of the Stars Ste 450<br>Los Angeles, CA 90067−6006<br><br>(310) 277−0077<br><br><br>_Plaintiff or Attorney for Plaintiff_ | |

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA − SANTA ANA

| In re:<br><br>Jamie Lynn Gallian<br><br><br>Debtor(s). | CASE NO.: 8:21−bk−11710−SC<br><br>CHAPTER: 7<br><br><br>ADVERSARY NUMBER: 8:23−ap−01064−SC |
|---|---|
| Jeffrey I. Golden<br><br>Plaintiff(s)<br>Versus<br><br>J−Sandcastle Co LLC<br><br>**(See Attachment A for names of additional defendants)**<br>Defendant(s) | **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004−1]** |

TO THE DEFENDANT(S): A Complaint has been filed by the Plaintiff against you. If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint. You must also serve a copy of your written response on the party shown in the upper left−hand corner of this page. The deadline to file and serve a written response is **08/02/2023.** If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

A status conference in the adversary proceeding commenced by the Complaint has been set for:

| | |
|---|---|
| **Date:** | **September 26, 2023** |
| **Time:** | **01:30 PM** |
| **Hearing Judge:** | **Scott C Clarkson** |
| **Location:** | **411 W Fourth St., Crtrm 5C, Santa Ana, CA 92701** |

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

_December 2016_                 Page 1                 **F 7004−1.SUMMONS.ADV.PROC**

You must comply with LBR 7016−1, which requires you to file a joint status report and to appear at a status conference. All parties must read and comply with the rule, even if you are representing yourself. You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference. A court−approved joint status report form is available on the court's website (LBR form F 7016−1.STATUS.REPORT) with an attachment for additional parties if necessary (LBR form F 7016−1.STATUS.REPORT.ATTACH). If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference. **The court may fine you or impose other sanctions if you do not file a status report. The court may also fine you or impose other sanctions if you fail to appear at a status conference.**

**KATHLEEN J. CAMPBELL**
**CLERK OF COURT**

Date of Issuance of Summons and Notice of Status Conference in Adversary Proceeding: <u>July 3, 2023</u>

By: _____<u>"s/" Nickie Bolte</u>_____

Deputy Clerk



This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                     Page 2                **F 7004−1.SUMMONS.ADV.PROC**

297

## ATTACHMENT A
Names of plaintiffs and defendants

| Plaintiff(s): | Defendant(s): |
|---|---|
| Jeffrey I. Golden | J−Sandcastle Co LLC<br>J−Pad LLC<br>Justin Barclay<br>Steven D Gallian<br>Ronald J. Pierpont<br>Ronald J. McClelland<br>E. J. Gallian<br>Brian J. Gallian |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

## ATTACHMENT A

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

1901 Avenue of the Stars, Suite 450, Los Angeles, California 90067.

A true and correct copy of the foregoing document entitled: **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004−1]** and (2) the accompanying pleading(s) entitled:  ORDER RE: RULE 26(f) MEETING, INITIAL DISCLOSURES, AND SCHEDULING CONFERENCE; and CHAPTER 7 TRUSTEE'S COMPLAINT: (1) TO AVOID AND RECOVER FRAUDULENT TRANSFERS; (2) TO AVOID AND RECOVER POSTPETITION TRANSFERS; (3) FOR DECLARATORY RELIEF; (4) FOR BREACH OF CONTRACT; (5) FOR MONEY HAD AND RECEIVED; **

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005−2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) July 6, 2023_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒  Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On (*date*) _July 6, 2023_____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒  Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**\*\*AND (6) UNJUST ENRICHMENT**          ☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| July 6, 2023 | Beverly Lew | /s/ Beverly Lew |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                                          **F 7004−1.SUMMONS.ADV.PROC**

**ADDITIONAL SERVICE INFORMATION** (if needed):

## 1. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")

Aaron E. DE Leest on behalf of Plaintiff Jeffrey I. Golden
adeleest@DanningGill.com, danninggill@gmail.com;adeleest@ecf.inforuptcy.com

Robert P Goe on behalf of Interested Party The Huntington Beach Gables Homeowners
Association
kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com

Jeffrey I Golden (TR)
lwerner@go2.law, jig@trustesolutions.net;kadele@go2.law;C205@ecfcbis.com

United States Trustee (SA)
ustpregion16.sa.ecf@usdoj.gov

## 2. SERVED BY U.S. MAIL

| | | |
|---|---|---|
| J-Sandcastle Co., LLC | J-Pad LLC | Steven Gallian |
| Jamie Lynn Gallian, Managing Member | Jamie Lynn Gallian, Managing Member | 2633 Luminous Lane |
| 16222 Monterey Ln Unit 376 | 16222 Monterey Ln Unit 376 | Costa Mesa, CA 92626 |
| Huntington Beach, CA 92649 | Huntington Beach, CA 92649 | |
| | | |
| Brian Gallian | Justin Barclay | Ronald J. Pierpont |
| 924 Junipero Drive | 2407 N Driftwood Avenue | 4519 Ponderosa Way |
| Costa Mesa, CA 92626 | Rialto, CA 92377 | Yorba Linda, CA 92886 |
| | | |
| Robert J. McLelland | E. J. Gallian and Brian Gallian | The Honorable Scott C. Clarkson |
| 16222 Monterey Ln Unit 376 | 924 Junipero Drive | U.S. Bankruptcy Court |
| Huntington Beach, CA 92649 | Costa Mesa, CA 92626 | 411 W. Fourth Street, Suite 5130 |
| | | Santa Ana, CA  92701 |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                 F 9013-3.1.PROOF.SERVICE

# EXHIBIT 15

D. EDWARD HAYS, #162507
ehays@marshackhays.com
LAILA MASUD, #311731
lmasud@marshackhays.com
BRADFORD N. BARNHARDT, #328705
bbarnhardt@marshackhays.com
MARSHACK HAYS LLP
870 Roosevelt
Irvine, CA 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

Attorneys for Plaintiff,
HOUSER BROS. CO. dba RANCHO DEL
REY MOBILE HOME ESTATES

FILED & ENTERED

JUL 07 2023

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bolte        DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>JAMIE LYNN GALLIAN,<br><br>       Debtor. | Case No. 8:21-bk-11710-SC<br><br>Chapter 7<br><br>Adv. No. 8:21-ap-01097-SC |
| HOUSER BROS. CO. dba RANCHO DEL REY MOBILE HOME ESTATES,<br><br>       Plaintiff,<br><br>v.<br><br>JAMIE LYNN GALLIAN,<br><br>       Defendant. | JUDGMENT DENYING DEBTOR'S DISCHARGE PURSUANT TO 11 U.S.C. §§ 727(a)(2)(A), (a)(4), AND (a)(5)<br><br><u>Trial</u>:<br>Date: April 26, 2023<br>Time: 9:30 a.m.<br>Courtroom: 5C |

On April 26, 2023, a trial was held in the above captioned adversary proceeding ("April 26 Trial") on Plaintiff's three claims pursuant to 11 U.S.C. § 727. D. Edward Hays, Esq. and Bradford N. Barnhardt, Esq. appeared on behalf of Plaintiff Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates ("Plaintiff"), as did Chris Houser, who appeared and testified as Plaintiff's representative. Greg Buysman was also called as a witness by Plaintiff. Defendant, Jamie Lynn Gallian ("Defendant" or "Debtor"), appeared pro se and testified. All parties were afforded an opportunity to cross-examine witnesses. Plaintiff and Defendant were permitted the opportunity to

present evidence in support of their case and defense. Witnesses were sworn and testimony and documentary evidence was received and admitted into evidence.

The Court having heard the testimony and oral argument, having examined the evidence offered by the parties and admitted into evidence, and having reviewed the parties' briefs, as well as Defendant's post-trial declaration filed on May 1, 2023, as Dk. No. 71, and based upon all the evidence, and for the reasons set forth in the Court's Memorandum Decision After Trial Regarding § 727 Claims, entered on May 23, 2023, as Dk. No. 81, the Court has determined that cause exists for Defendant's discharge to be denied. Pursuant to a separate order entered by the Court after a status conference held on June 27, 2023, the Court found that good cause exists and that there is no just reason for delay in entering a final judgment denying Debtor's discharge under 11 U.S.C. § 727 pursuant to Rule 54(b) of the Federal Rules of Civil Procedure applicable here pursuant to Rule 7054(a) of the Federal Rules of Bankruptcy Procedure. Accordingly, the Court enters final Judgment in favor of Plaintiff as follows:

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Judgment is entered in favor of Plaintiff and against Defendant on the Third Claim for Relief and that Debtor's discharge is denied pursuant to 11 U.S.C. § 727(a)(2)(A);

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Judgment is entered in favor of Plaintiff and against Defendant on the Fourth Claim for Relief and that Debtor's discharge is denied pursuant to 11 U.S.C. § 727(a)(4); and

///

///

2

303

1    IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Judgment is entered in

2 favor of Plaintiff and against Defendant on the Fifth Claim for Relief and that Debtor's discharge is

3 denied pursuant to 11 U.S.C. § 727(a)(5).

4                                    # # #

Date: July 7, 2023

Scott C. Clarkson
United States Bankruptcy Judge

# EXHIBIT 16

<table>
<tr><td colspan="2" align="center">

**United States Bankruptcy Court**
**Central District of California**

**411 West Fourth Street, Suite 2030, Santa Ana, CA 92701-4593**

</td></tr>
</table>

| In re:<br>Jamie Lynn Gallian<br><br>Debtor(s). | BANKRUPTCY CASE NO.:  8:21-bk-11710-SC<br><br>CHAPTER NO.:  7 |
|---|---|
| Jeffrey I. Golden<br><br><br>Plaintiff(s)<br><br>Versus<br><br>J-Sandcastle Co LLC<br><br>**(See Attachment A for names of additional defendants)**<br>Defendant(s) | ADVERSARY NO.:  8:23-ap-01064-SC |

# NOTICE THAT CLERK HAS ENTERED DEFAULT AGAINST DEFENDANT(S) UNDER LOCAL BANKRUPTCY RULE 7055-1(a)

On <u>August 21, 2023</u>, a request was filed for the clerk to enter default against defendant(s) **J-Pad, LLC**.

Having reviewed the request, the clerk hereby enters default as requested.

For the Court,

**KATHLEEN J. CAMPBELL, CLERK OF COURT**

Dated: August 22, 2023

**By: <u>Nickie Bolte</u>**
 **Deputy Clerk**

(Form van192-nched VAN-192) Rev. 12/2014                    **31 - 27 / NB8**

306

# ATTACHMENT A
## Names of plaintiffs and defendants

| Plaintiff(s): | Defendant(s): |
|---|---|
| Jeffrey I. Golden | J−Sandcastle Co LLC<br>J−Pad LLC<br>Justin Barclay<br>Steven D Gallian<br>Ronald J. Pierpont<br>Robert J. McLelland<br>E. J. Gallian<br>Brian J. Gallian |

(Form van192−nched VAN−192) Rev. 12/2014

# ATTACHMENT A

# EXHIBIT A

1   ERIC P. ISRAEL (State Bar No. 132426)
    *eisrael@DanningGill.com*
2   AARON E. DE LEEST (State Bar No. 216832)
    *adeleest@DanningGill.com*
3   SHANTAL MALMED (State Bar No. 351496)
    *smalmed@DanningGill.com*
4   DANNING, GILL, ISRAEL & KRASNOFF, LLP
    1901 Avenue of the Stars, Suite 450
5   Los Angeles, California 90067-6006
    Telephone: (310) 277-0077
6   Facsimile: (310) 277-5735

7   Attorneys for Plaintiff Jeffrey I. Golden,
    Chapter 7 Trustee

8

9                  **UNITED STATES BANKRUPTCY COURT**

10                 **CENTRAL DISTRICT OF CALIFORNIA**

11                     **SANTA ANA DIVISION**

12

13  In re                                  Case No. 8:21-bk-11710-SC

14  JAMIE LYNN GALLIAN,                     Chapter 7

15       Debtor.

16

17  JEFFREY I. GOLDEN, Chapter 7 Trustee,   Adv. No. 8:23-ap-01064-SC

18       Plaintiff,                         **[PROPOSED] DEFAULT JUDGMENT
                                            AGAINST J-PAD LLC**
19       vs.
                                            Date: May 7, 2024
20  J-SANDCASTLE CO., LLC; J-PAD LLC;       Time: 1:30 p.m.
    STEVEN D. GALLIAN; BRIAN J.             Place: Courtroom 5C
21  GALLIAN; JUSTIN BARCLAY; RONALD                411 W. Fourth Street
    J. PIERPONT; ROBERT J. MCLELLAND;              Santa Ana, California 92701
22  AND E.J. GALLIAN,

23       Defendants.

24          On May 7, 2024, the Court heard and considered the Plaintiff's Motion for Default

25  Judgment under LBR 7055-1 against Defendant J-Pad LLC (the "Motion") filed by Plaintiff

26  Jeffrey I. Golden, as the Chapter 7 Trustee (the "Trustee" or "Plaintiff") for the bankruptcy estate

27  of Jamie Lynn Gallian (the "Debtor").

28

1768731.1  27064                            1

1    The Court having read and considered the Motion, having found that notice of the Motion

2  was adequate and proper, having noted the lack of any response and that the Clerk of the Court

3  entered the default of Defendant J-Pad LLC ("Defendant") on August 22, 2023, and good cause

4  appearing:

5    IT IS ORDERED, ADJUDGED AND DECREED THAT:

6    1.    The Motion is granted.

7    2.    Default judgment is entered in favor of the Plaintiff and against the Defendant on

8  the Plaintiff's first and fifth claims for relief in the Complaint.

9    3.    The transfer to the Defendant of a lien on and security interest in the manufactured

10  home located at 16222 Monterey Lane, Space #376, Huntington Beach, CA 92649, Decal #

11  LBM1081, Serial # AC7V710394GA, AC7V710394GB (the "Property") reflected by the note and

12  security agreement between J-Sandcastle Co., LLC and the Defendant dated November 16, 2018

13  and any liens on the Property in favor of the Defendant, are avoided and preserved for the benefit

14  of the Debtor's estate.

15    4.    The transfers to the Defendant, including the following UCC Financing Statements

16  (UCC-1) and UCC Financing Statement Amendments (UCC-3) and any liens on the Property in

17  favor of the Defendant, are avoided and preserved for the benefit of the Debtor's estate.

| UCC Filing Date | UCC Type | Filing No. |
|---|---|---|
| 1/14/2019 | UCC-1 Financing Statement | 197691916827 |
| 1/14/2019 | UCC-1 Financing Statement | 197691915674 |
| 1/14/2019 | UCC-1 Financing Statement | 197691905279 |
| 12/4/2020 | UCC-3 Amendment | U200034803831 |
| 9/8/2021 | UCC-3 Amendment | U210083394336 |
| 9/8/2021 | UCC-3 Amendment | U210083400018 |
| 9/12/2021 | UCC-3 Amendment | U210084251426 |
| 9/12/2021 | UCC-3 Amendment | U210084255728 |
| 9/12/2021 | UCC-3 Amendment | U210084256326 |
| 9/24/2021 | UCC-3 Amendment | U210088103629 |

1    5.    The Debtor's transfers to the Defendant reflected by the "Statement of Facts"

2 submitted to the California Department of Housing and Community Development on or about

3 August 6, 2021, stating that the legal owner of the Property was the Defendant and that the

4 Defendant perfected its lien on January 14, 2019, and the "Statement to Encumber" purportedly

5 signed on January 14, 2019, reflecting that the "legal owner" of the Property was the Defendant

6 and any liens on the Property in favor of the Defendant, are avoided and preserved for the benefit

7 of the Debtor's estate.

8                                           ###

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 1901 Avenue of the Stars, Suite 450, Los Angeles, CA 90067-6006.

A true and correct copy of the foregoing document entitled (*specify*):  PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT UNDER LBR 7055-1  (J-PAD LLC) will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)  April 5, 2024  I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

⊠ Service information continued on attached page.

**2. SERVED BY UNITED STATES MAIL**:
On (*date*)  April 5, 2024 , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

The Honorable Scott C. Clarkson
U.S. Bankruptcy Court
Ronald Reagan Federal Building
411 W. Fourth Street, Suite 5130
Santa Ana, CA 92701

⊠ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| April 5, 2024 | Gloria Ramos | /s/ Gloria Ramos |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*
1768088.1  27064

**F 9013-3.1.PROOF.SERVICE**

**ADDITIONAL SERVICE INFORMATION (if needed):**

1. **SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

- **Bradford Barnhardt**    bbarnhardt@marshackhays.com,
  bbarnhardt@ecf.courtdrive.com,alinares@ecf.courtdrive.com
- **Aaron E. DE Leest**    adeleest@DanningGill.com,
  danninggill@gmail.com;adeleest@ecf.inforuptcy.com
- **Robert P Goe**    kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com
- **Jeffrey I Golden (TR)**    lwerner@go2.law,
  jig@trustesolutions.net;kadele@go2.law;C205@ecfcbis.com
- **D Edward Hays**    ehays@marshackhays.com,
  ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com
- **Eric P Israel**    eisrael@danninggill.com,
  danninggill@gmail.com;eisrael@ecf.inforuptcy.com
- **Shantal Malmed**    smalmed@danninggill.com
- **Laila Masud**    lmasud@marshackhays.com,
  lmasud@ecf.courtdrive.com;lbuchanan@marshackhays.com;alinares@ecf.courtdrive.com
- **United States Trustee (SA)**    ustpregion16.sa.ecf@usdoj.gov

2. **SERVED BY U.S. MAIL**

J-Pad LLC
Jamie Lynn Gallian, Managing Member
16222 Monterey Ln Unit 376
Huntington Beach, CA 92649

Office of the U.S. Trustee
411 West Fourth Street, Suite 7160
Santa Ana, CA 92701-4593

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*
1768088.1  27064

**F 9013-3.1.PROOF.SERVICE**